IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, a non-profit corporation; <br> DR. ED LITTON, Individually, and as agent and/or employee of SOUTHERN BAPTIST CONVENTION; <br> LIFE WAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION, a non-profit corporation; <br> JENNIFER LYELL, Individually and as agent and/or employee of LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION and SOUTHERN BAPTIST CONVENTION; <br> ERIC GEIGER, Individually and as agent and/or employee of LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION and SOUTHERN BAPTIST CONVENTION; <br> EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, a non-profit corporation; <br> BART BARBER, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION; <br> WILLIE MCLAURIN, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION; <br> ROLLAND SLADE, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION; | Case No. 3:23-cv-00478 <br><br> Judge Campbell <br> Magistrate Judge Frensley <br><br><br> **DECLARATION OF ANTHONY M. COLLURA IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT** |

THE SOUTHERN BAPTIST
THEOLOGICAL SEMINARY, a non-profit
corporation;
DR. R. ALBERT MOHLER, Individually and
as agent and/or employee of THE
SOUTHERN BAPTIST THEOLOGICAL
SEMINARY and SOUTHERN BAPTIST
CONVENTION;
SOLUTIONPOINT INTERNATIONAL,
INC., a corporation, individually and d/b/a
GUIDEPOST SOLUTIONS; and
GUIDEPOST SOLUTIONS, LLC, a limited
liability corporation and agent of the Southern
Baptist Convention,

                Defendants.

**ANTHONY M. COLLURA** declares under penalty of perjury under 28 U.S.C. § 1746 that the following is true and correct:

I, Anthony M. Collura, submit this Declaration in support of the motion by Defendants Guidepost Solutions LLC ("Guidepost") and SolutionPoint International, Inc. ("SPI," and together with Guidepost, the "Guidepost Defendants"), to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction (as to SPI), or, in the alternative, to dismiss for failure to state a claim and hereby state, aver, and declare the following:

1. I am the Chief Operating Officer and Chief Legal Officer of Guidepost, and I also serve as Chief Legal Officer and Corporate Secretary of SPI. I am familiar with the relevant corporate relationships and operational status of each of Guidepost and SPI.

2. SPI is a Delaware corporation. Its principal place of business is located in New York, New York.

3. SPI owns Guidepost.

4.      Guidepost, not SPI, conducted the investigation and prepared the report described in the Complaint in this action. SPI was not a party to the contract between Guidepost and the Southern Baptist Convention.

5.      SPI did not have any contact with the other Defendants or perform any act in connection with preparation of the Report. SPI's sole relationship to the events described in the Complaint is that it owns Guidepost.

6.      SPI is purely a holding company which does not engage in any independent business activities. It has no paid employees and does not have any operations.

7.      SPI maintains a mailing address in New York at Guidepost's offices.

8.      Guidepost's day-to-day activities, including all of its investigative work, are managed by Guidepost's executive officers and employees. SPI takes no part in this whatsoever. Guidepost has its own Board of Directors separate and apart from SPI's.

9.      SPI has absolutely no connection whatsoever to Tennessee.

10.      SPI does not have an office, real estate, personal property, assets or operations in Tennessee.

11.      SPI does not possess computer servers, other electronic equipment, or records in the State of Tennessee.

12.      SPI does not maintain any bank accounts in the State of Tennessee. SPI's bank accounts and financial records are separate from Guidepost.

13.      SPI has not borrowed money in the State of Tennessee.

14.      SPI has not received any financial benefits, privileges, subsidies, incentives, compensation, or protection from the State of Tennessee.

15.      SPI has not paid taxes in the State of Tennessee.

3

16. SPI has not registered with the Secretary of State to do business in Tennessee.

17. SPI does not have a registered agent in the State of Tennessee.

18. SPI does not itself engage in any business in Tennessee. Any investigative work or other business in Tennessee is conducted by Guidepost.

19. I am fully familiar with the facts and circumstances of Guidepost's engagement by the Southern Baptist Convention (the "SBC") to conduct an investigation on behalf of the SBC's Sexual Abuse Task Force (the "SBC Task Force").

20. The scope of the investigation was defined by an engagement letter entered into between the SBC and Guidepost, dated October 5, 2021, and executed by Dr. Bruce Frank, Task Force Chair of the SBC; Rolland Slade, on behalf of the Executive Committee ("EC") of the SBC; and Julie Myers Wood, Chief Executive Officer of Guidepost (the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached to this Declaration as Exhibit A.

21. Specifically, as revealed in Paragraph 3.1 of the Engagement Letter, Guidepost was hired to investigate and report on the following topics: (i) allegations of abuse by EC members; (ii) mishandling of abuse allegations by EC members between January 1, 2000 and June 14, 2021; (iii) allegations of mistreatment of sexual abuse victims by EC members from January 1, 2000, to June 14, 2021; (iv) patterns of intimidation of sexual abuse victims or advocates from January 1, 2000, to June 14, 2021; and (v) resistance to sexual abuse reform initiatives from January 1, 2000, to June 14, 2021.

22. The Engagement Letter does not refer to Plaintiffs.

23. I also am informed and understand that Dr. Sills was not a member of the EC. Accordingly, Guidepost's Engagement Letter with the SBC did not direct Guidepost to

4

investigate the allegations of abuse against him by Ms. Lyell but merely to investigate and report on how the EC responded to her claims.

24. Guidepost simply conducted its investigation based on the terms of the Engagement Letter. At the end of the investigation, Guidepost prepared and submitted a written report to the SBC Task Force (the "Report").

25. I am informed and understand that Plaintiffs David Sills and Mary Sills have suggested that Guidepost published the Report to the general public. This is not accurate.

26. At the conclusion of its investigation, pursuant to the Engagement Letter Guidepost provided the Report to the SBC Task Force on or about May 16, 2022. The SBC Task Force (not Guidepost) then published the Report on the SBC Task Force website on or about May 22, 2022. The hyperlink to the website where the SBC Task Force published the Report is https://www.sataskforce.net/updates/guidepost-solutions-report-of-the-independent-investigation.

27. I am also informed and understand that at paragraph 63 of their Complaint the Sillses have made the following assertion: "Outrageously, Defendants published on page 169 of their "List of Abusers" a photo of Plaintiff Sills, styled as a "mug shot" alongside which Defendants labeled Plaintiff Sills as an abuser, despite no criminal investigation, no criminal charges and no due process."

28. As Guidepost explained in the prior action brought by the Sillses against Defendants in Alabama, while the Sillses attribute the publication of the "List of Abusers" to "Defendants," it was not compiled, prepared, or published by Guidepost. The list to which the Sillses refer in their Complaint was not prepared by the Guidepost but was a record internally compiled within the EC. The list was kept internally by an SBC EC staff member and was

5

provided to Guidepost as part of the document discovery from the SBC. The list was never appended to the Report and it was never published by Guidepost in any forum. Rather, as stated by the SBC on its website, the list was made public by the SBC after the SBC Task Force had already released the Report on the SBC Task Force website. Guidepost was not involved in this decision. Guidepost attested to this fact previously in the Alabama action, as set forth in my Affidavit filed in opposition to the Sillses' motion for jurisdictional discovery, which is attached as Exhibit B to this Declaration.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 12th day of July, 2023 at New York, New York.

Anthony M. Collura