| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) )  ) |
| *Plaintiffs*, | ) Case No. 3:23-cv-00478 |
| v. | ) JUDGE WILLIAM L. CAMPBELL, JR. ) Magistrate Judge Jeffrey Frensley |
| SOUTHERN BAPTIST CONVENTION, *et al.*, | ) ) ) |
| *Defendants* | ) |

## MEMORANDUM OF LAW IN SUPPORT OF SEMINARY DEFENDANTS' MOTION TO DISMISS

Defendants, The Southern Baptist Theological Seminary ("the Seminary") and Dr. R. Albert Mohler, Jr. ("Dr. Mohler") (collectively, the "Seminary Defendants"), state as follows for their Memorandum of Law in support of their Motion to Dismiss the claims filed against them by Plaintiffs, Michael David Sills ("Sills") and Mary Sills ("Mrs. Sills") (collectively, the "Plaintiffs"):

## FACTUAL BACKGROUND[1]

Prior to 2018, Sills was a "Southern Baptist missiologist, professor, and author in the Southern Baptist Convention ("SBC")," and employed as a professor by the Seminary in Louisville, Kentucky. (DE #1, Compl. at ¶¶ 14, 15, 32). In 2018, Defendant, Jennifer Lyell ("Lyell") disclosed to Dr. Mohler, the Seminary's President, and other Defendants that she had been subject to a years-long sexually abusive relationship with Sills—a married man. (*Id.* at ¶¶ 33,

---

[1] The Seminary Defendants assume the truth of the allegations in Plaintiffs' Complaint solely for purposes of this Motion. The Seminary Defendants reserve the right to challenge the truth of those allegations in any later pleading, motion, hearing, or trial of this matter.

35). Dr. Mohler confronted Sills about Lyell's allegations shortly thereafter and Sills immediately resigned from his "positions within the Southern Baptist Convention." (*Id.* at ¶¶ 9, 40).

In the following years, Lyell made a number of public statements chronicling her abuse. (*Id.* at ¶¶ 32, 42, 43, 44, 45, 55, 65, 66, 67, 69, 70). While Lyell originally reported that Sills had sexually abused her, a single Baptist Press publication in 2019 framed her allegations—incorrectly, it would turn out—to imply that her relationship with Sills was consensual (if also obviously inappropriate). Around this same time, the SBC fielded a number of claims of sexual abuse against SBC pastors and denominational leaders. (*Id.* at ¶ 49). As a result, the SBC and Defendant, Executive Committee of the Southern Baptist Convention (the "Executive Committee"), established a task force to investigate these claims, which included Lyell's claims against Sills. (*Id.*). Thus, in 2021, the SBC and the Executive Committee hired Defendants SolutionPoint International, Inc. ("SolutionPoint") and Guidepost Solutions, LLC ("Guidepost") to "investigate the Southern Baptist Convention's sexual crisis." (*Id.* at ¶ 50). The Seminary Defendants cooperated with this investigation and reported their knowledge of the events to SolutionPoint and Guidepost.

On May 22, 2022, SolutionPoint and Guidepost completed their investigation and issued their Report (the "Guidepost Report"). (*Id.* at ¶ 57). Particular to Sills, the Guidepost Report stated that "any sexual contact she [Lyell] had with her abuser [Sills] was nonconsensual and involved violence, threats of violence against her and others, and coercion." (*Id.* at ¶ 60). Addressing the 2019 Baptist Press publication that had alleged a consensual relationship, the Guidepost Report found that Lyell's "account was changed [by Baptist Press] to read as if Ms. Lyell was consensually involved with her alleged abuser." (*Id.* at ¶ 58). The Guidepost Report further included a photo of Sills and identified him in the Report's "List of Abusers." (*Id.* at ¶ 63).

Shockingly, at the conclusion of the SBC's investigation, Sills has criticized the Report and convinced himself that he is *the victim* in this ordeal—despite admitting to, *at minimum*, an inappropriate and adulterous sexual relationship with Lyell that indisputably was outside the realm of Southern Baptist sexual morality. Essentially, Sills now claims he was involved in "only" an adulterous and inappropriate relationship with a subordinate (which itself renders him ill-suited for any leadership position within the Seminary or the SBC), but claims his career and reputation have been ruined by Lyell's allegations of abuse, which he contends were exaggerated by the entire denomination in furtherance of a broader conspiracy to protect the SBC's public image. Sills (and his wife) accordingly filed this shotgun-spray lawsuit against anyone and everyone in the SBC community, including the Seminary Defendants, asserting claims for: (1) defamation; (2) civil conspiracy; (3) negligence, gross negligence, and wantonness; and (4) intentional infliction of emotional distress. These claims all fail as a matter of law and should be dismissed.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed where it does not sufficiently "state a claim [for] relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2008); *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629-30 (6th Cir. 2009). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). This requires "more than a sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

Under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the

3

plaintiff." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). While well-pleaded facts must be accepted as true for purposes of Rule 12, a "formulaic recitation of the elements of a cause of action will not do." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 246-47 (6th Cir. 2012). The Court "need not accept as true legal conclusions or unwarranted factual inferences," and "conclusory allegations or legal conclusions masquerading as factual allegations." *Travel Agent Comm'n*, 583 F.3d at 903. Here, because Plaintiffs fail to state any claim against the Seminary Defendants that is plausible on its face, their claims against the Seminary Defendants should be dismissed with prejudice.

## ARGUMENT[2]

### I. All of Plaintiffs' Claims Are Barred By the Ecclesiastical Abstention Doctrine.

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. CONST. amend. 1; *see also* Tenn. Const. art. 1, § 3. The Ecclesiastical Abstention Doctrine, which is recognized by both the United States and Tennessee Supreme Courts, "reflects the principle that secular courts in the United States should normally 'abstain' from adjudicating issues involving theological or spiritual judgment or the internal governance of religious bodies." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 448 (Tenn. 2012); *Watson v. Jones*, 80 U.S. 679 (1871). Instead, courts should "leave these matters to appropriate religious tribunals." *Id.* More precisely, the Supreme Court held that the First Amendment limits the power of courts to adjudicate matters involving ecclesiastical governance, including intra-church discipline. *See Watson*, 80 U.S. at 728-29 ("the ecclesiastical government of all the individual members,

---

[2] The Seminary Defendants fully adopt and incorporate by reference the Motion to Dismiss filed by Defendants, Jennifer Lyell, SolutionPoint, and Guidepost to the extent the arguments stated therein apply to the Seminary Defendants.

4

congregations, and officers within the general association is unquestioned"); *see also Our Lady of Guadalupe Sch. v. Morrisey-Berru*, 140 S.Ct. 2049, 2055 (2020) ("The First Amendment protects the right of religious institutions to decide for themselves, free from state interference, matters of church government as well as those of faith and doctrine").

Sure enough, Ecclesiastical Abstention precludes a court's consideration of otherwise ordinary tort claims. In *In re Diocese of Lubbock*, 624 S.W.3d 506 (Tex. 2021), the Texas Supreme Court dismissed a Catholic deacon's *defamation* claim as a result of the Diocese's investigation into claims of sexual abuse after the deacon was included in a list of "clergy against whom credible allegations of sexual abuse" had been made, not unlike this case. *Id.* at 510. That is because "under the First Amendment, courts must abstain from exercising civil jurisdiction over claims that require them to 'resolve a religious question' or "impede the church's authority to manage its own affairs." *Id.* at 509. The takeaway is straightforward: if the "substance and nature" of a plaintiff's claims are "inextricably intertwined with matters of church doctrine *or church governance*, then the case must be dismissed." *Id.* (emphasis added).

Here, as Plaintiffs themselves acknowledge, the SBC has been responding to and investigating several allegations of sexual abuse within the denomination. Each and every alleged allegation of defamation or negligence against the Seminary Defendant relates entirely to their speech associated with their participation in that investigation and involving matters of church discipline. Like *Lubbock*, judicial review in this case would "impermissibly interfere with a church's ability to regulate the character and conduct of its leaders." *Id.* at 516. All of Plaintiffs' claims essentially relate to the SBC's internal investigation against Sills, with Plaintiffs attempting to punish the Seminary Defendants for their cooperation with the investigation and their comments following the release of the Guidepost Report. Put differently, Plaintiffs seek monetary damages

5

from the SBC (and its other affiliated individuals and entities) for statements made in the course and scope of its own internal investigation into matters of faith and church leadership.

These claims closely mirror those in *Lubbock*, in which the Texas Supreme Court abstained because when claims "directly call into question" a church's "investigation and conclusions that led to the creation of the list of sex offenders, they necessarily reach behind the ecclesiastical curtain." *Id.* at 515. The special nature of defamation claims into the ecclesiastical investigatory process presents even more dire consequences—such tort claims would require church leaders to submit to deposition to delve into the details of church doctrine that not only threatens to chill religious speech, but also unavoidably entangles the Court into resolving internecine disputes. *EEOC v. Catholic Univ. of America*, 83 F.3d 455, 465-67 (D.C. Cir. 1996); *Alicea-Hernandez v. Catholic Bishop of Chicago*, 32 F.3d 698, 703 (7th Cir. 2003); *Rayburn v. General Conf. of 7th Day Adventists*, 772 F.2d 1164 (4th Cir. 1985) (concerning use of subpoena power over internal records).

The entirety of Plaintiffs' legal claims relate to the statements associated with the SBC's investigation into a national scandal that was commenced and carried out within the SBC and according to the SBC's rules. The Seminary Defendants' role in this process was simply to be interviewed when requested by Guidepost, and to report their knowledge of Lyell's allegations. As a result, all of the alleged defamatory statements attributable to the Seminary Defendants are inextricably intertwined with church doctrine and the church's authority to manage its own affairs (and to speak out on its interpretation of matters within the SBC). Because the Ecclesiastical Abstention Doctrine applies to the entirety of Plaintiffs' claims, this Court lacks subject-matter jurisdiction and fails to state a claim. This Court should dismiss Plaintiffs' claims with prejudice.

**II.     Plaintiffs Fail to State a Claim for Civil Conspiracy.**

Plaintiffs' claims for civil conspiracy must also be dismissed because they fail to state a plausible claim for relief beyond mere conclusory recitations of the elements. *See Iqbal*, 556 U.S. at 678. To state a claim for civil conspiracy under Tennessee law, Plaintiffs must show (1) a common design between two or more persons, (2) to accomplish by concerted action an unlawful purpose, or a lawful purpose by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) resulting injury. *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 38 (Tenn. Ct. App. 2006). Tennessee also imposes a heightened pleading standard for conspiracy claims. *See Lane v. Becker*, 334 S.W.3d 756, 763 (Tenn. Ct. App. 2010) ("conspiracy claims must be pled with some degree of specificity … conclusory allegations unsupported by material facts will not be sufficient to state such a claim"); *Gann v. Kolfage*, 2016 WL 6127722 (M.D. Tenn. Sept. 30, 2016), *report and recommendation adopted*, 2016 WL 6125420 (M.D. Tenn. Oct. 20, 2016). It is insufficient for a complaint to merely allege defendants "acted in concert" without pleading any actual facts to remotely suggest they did so to obtain an improper purpose. *Hinman v. Valleycrest Landscape Dev., Inc.*, 2020 WL 434161, at *13 (M.D. Tenn. Jan. 28, 2020).

Here, Plaintiffs broadly allege that the Seminary Defendants operated in unison with nearly a dozen other defendants to spend five years colluding to collectively defame Plaintiffs to improve their own public image. (*See* Compl. at ¶¶ 40, 56, 87, 92, 114). But there is no plausible allegation in their Complaint to support the existence of a conspiracy beyond the allegation that the Seminary Defendants simply supported Lyell when she revealed Sills's sexual abuse. Sills equally fails to appreciate that the Guidepost Report was not specifically written about him—it was the result of a comprehensive internal investigation into numerous sex abuse allegations within the SBC. Plaintiffs' Complaint offers no factual support whatsoever for the belief in a conspiracy to injure

7

them individually other than their own conclusory and self-serving speculation. This does not meet their burden under *Iqbal* and thus, their civil conspiracy claim must be dismissed a matter of law.

### III. Mrs. Sills Does Not Have Standing to Assert Any Claim Against the Seminary Defendants.

Finally, to the extent Mrs. Sills individually asserts a claim against the Seminary Defendants, those claims should likewise be dismissed because there are no acts or omissions in Plaintiffs' Complaint connecting the Seminary Defendants to Mrs. Sills in any way. There are no allegations that the Seminary Defendants made any public statement concerning Mrs. Sills, the Seminary Defendants did not owe Mrs. Sills any legal duty, and there are no allegations specifically connecting the Seminary Defendants to any injury to Mrs. Sills whatsoever. Mrs. Sills does not plead any claim against the Seminary Defendants that is "plausible on its face." *Iqbal*, 556 U.S. at 678. Thus, all of her claims should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, the Seminary Defendants respectfully request that this Court dismiss each of Plaintiffs' claims against them with prejudice.

Respectfully submitted,

*/s/ James C. Bradshaw III*
James C. Bradshaw III, BPR #13170
WYATT, TARRANT & COMBS, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
(615) 251-6747
jbradshaw@wyattfirm.com

Byron E. Leet, *(Admitted Pro Hac Vice)*
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
(502) 562-7354
bleet@wyattfirm.com

Thomas E. Travis, *(Admitted Pro Hac Vice)*
WYATT, TARRANT & COMBS, LLP
250 West Main Street
Suite 1600
Lexington, Kentucky 40507
(859) 233-2012
ttravis@wyattfirm.com

*Counsel for the Seminary Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the following Memorandum of Law In Support of Seminary Defendants Motion to Dismiss was emailed to counsel via the Court's Electronic Filing System (ECF) on this the 12th day of July, 2023:

Gary E. Brewer
BREWER & TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
P.O. Box 2046
Morristown, TN 37816

*Counsel for Plaintiffs*

John. W. ("Don") Barrett (admitted *pro hac vice*)
Katherine Barrett Riley (TN BPR#: 021155)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

*Counsel for Plaintiffs*

George H. Cate III
Kimberly Michelle Ingram-Hogan
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, TN 37203-0025
gcate@bradley.com
kingram@bradley.com

Richard C. Mangelsdorf, Jr.
MCANGUS GOUDELOCK & COURIE, LLC
120 Brentwood Commons Way, Suite 625
Brentwood, TN 37027
chuck.mangelsdorf@mcglaw.com

*Counsel for Defendant, Lifeway Christian Resources of the Southern Baptist Convention*

Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, IL 60602
smm@cliffordlaw.com

*Counsel for Plaintiff*

L. Gino Marchetti, Jr.
Matthew C. Pietsch
TAYLOR, PIGUE, MARCHETTI & BLAIR
2908 Poston Avenue
Nashville, TN 37203
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Counsel for Defendants, Southern Baptist Convention, Dr. Ed Litton, and Bart Barber*

Olivia Rose Arboneaux
Philip N. Elbert
Ronald G. Harris
NEAL & HARWELL, PLCC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
oarboneaux@nealharwell.com
pelbert@nealharwell.com
rharris@nealharwell.com

*Counsel for Defendant, Jennifer Lyell*

10

| | |
|---|---|
| Catherine M. Newman<br>R. Bruce Barze, Jr.<br>J. Graham Gilmore<br>BARZE TAYLOR NOLES LOWTHER LLC<br>2204 Lakeshore Drive, Suite 425<br>Birmingham, AL 35209<br>cnewman@btnllaw.com<br>bbarze@btnllaw.com<br>ggilmore@btnllaw.com<br><br>*Counsel for Defendant, Eric Geiger* | Brigid M. Carpenter<br>Ryan P. Loofbourrow<br>BAKER, DONELSON, BEARMAN, CALDWELL &<br>BERKOWITZ, P.C.<br>1600 West End Avenue, Suite 2000<br>Nashville, TN 37203<br>bcarpenter@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br><br>*Counsel for Defendants, Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade* |
| Terence William McCormick<br>Steven G. Mintz<br>MINTZ & GOLD LLP<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>mccormick@mintzandgold.com<br>mintz@mintzandgold.com<br><br>*Counsel for Defendant, SolutionPoint International, Inc.* | John R. Jacobson<br>Katherine R. Klein<br>RILEY & JACOBSON, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>*Counsel for Defendants Guidepost Solutions, LLC and Solutionpoint International, Inc.* |

*/s/ James C. Bradshaw III*

101170854.2