# EXHIBIT 1



AlaFile E-Notice

02-CV-2022-902045.00

To: SOUTHERN BAPTIST CONVENTION
C/O J. RANDALL FROST
200 MAIN STREET, STE. 600
GAINESVILLE, GA, 30503

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

MICHAEL DAVID SILLS ET AL V. SOUTHERN BAPTIST CONVENTION ET AL
02-CV-2022-902045.00

The following complaint was FILED on 11/21/2022 12:12:47 PM

Notice Date:     11/21/2022 12:12:47 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2022-902045.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## MICHAEL DAVID SILLS ET AL V. SOUTHERN BAPTIST CONVENTION ET AL

**NOTICE TO:** SOUTHERN BAPTIST CONVENTION, C/O J. RANDALL FROST 200 MAIN STREET, STE. 600, GAINESVILLE, GA 30503

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), TIFFANY N. RAY

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 455 ST. LOUIS ST., SUITE 2100, MOBILE, AL 36602

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                    *(Name(s))*

| 11/21/2022 | /s/ JOJO SCHWARZAUER | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.                    _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____ .

*(Date)*

_____        _____        _____

*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____        _____

*(Server's Printed Name)*        *(Phone Number of Server)*

ELECTRONICALLY FILED
11/21/2022 12:12 PM
02-CV-2022-902045.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>02 |
|---|---|---|

Date of Filing:   Judge Code:
11/21/2022

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**MICHAEL DAVID SILLS ET AL v. SOUTHERN BAPTIST CONVENTION ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS  (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**    A ☐ **APPEAL FROM**    O ☐ **OTHER**
                                          **DISTRICT COURT**

            R ☐ **REMANDED**    T ☐ **TRANSFERRED FROM**
                                       **OTHER CIRCUIT COURT**

**HAS JURY TRIAL BEEN DEMANDED?**  ☑ YES  ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ **MONETARY AWARD REQUESTED**  ☐ **NO MONETARY AWARD REQUESTED**

**ATTORNEY CODE:**
RAY037      11/21/2022 12:12:42 PM      /s/ TIFFANY N. RAY
_____      _____      _____
             Date                      Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES  ☑ NO



ELECTRONICALLY FILED
11/21/2022 12:12 PM
02-CV-2022-902045.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**MICHAEL DAVID SILLS and MARY SILLS,**

    **Plaintiffs,**

**v.**

**SOUTHERN BAPTIST CONVENTION, a non-profit corporation;**
**DR. ED LITTON, Individually, and as agent and/or employee of SOUTHERN BAPTIST CONVENTION; LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION, a non-profit corporation;**
**JENNIFER LYELL, Individually and as agent and/or employee of LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION and SOUTHERN BAPTIST CONVENTION;**
**ERIC GEIGER, Individually and as agent and/or employee of LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION and SOUTHERN BAPTIST CONVENTION;**
**EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, a non-profit corporation;**
**BART BARBER, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION;**
**WILLIE MCLAURIN, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION;**
**ROLLAND SLADE, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION;**
**THE SOUTHERN BAPTIST THEOLOGICAL SEMINARY, a non-profit**

**Case No: CV-2022-_____**

**COMPLAINT**
**JURY TRIAL DEMANDED**

1

**corporation;**
**DR. R. ALBERT MOHLER, Individually**
**and as agent and/or employee of THE**
**SOUTHERN BAPTIST THEOLOGICAL**
**SEMINARY and SOUTHERN BAPTIST**
**CONVENTION; SOLUTIONPOINT**
**INTERNATIONAL, INC., a corporation,**
**individually and d/b/a GUIDEPOST**
**SOLUTIONS;**
**GUIDEPOST SOLUTIONS, LLC, a limited**
**liability corp.,**

      **Defendants.**

## COMPLAINT

Plaintiffs Michael David Sills ("Dr. Sills") and Mary Sills (collectively, "Plaintiffs"), through their attorneys, bring this action against Defendants, Southern Baptist Convention, a non-profit corporation; Dr. Ed Litton, Individually and as agent or employee of Southern Baptist Convention; Bart Barber, Individually and as agent or employee of Southern Baptist Convention; LifeWay Christian Resources of the Southern Baptist Convention, a non-profit corporation; Jennifer Lyell, Individually and as agent and/or employee of Southern Baptist Convention and Lifeway Christian Resources; Eric Geiger, Individually and as agent or employee of Southern Baptist Convention and LifeWay Christian Resources; Executive Committee of the Southern Baptist Convention, a non-profit corporation; Willie McLaurin, Individually and as agent or employee of Southern Baptist Convention and Executive Committee of the Southern Baptist Convention; Rolland Slade, Individually and as agent or employee of Southern Baptist Convention and Executive Committee of the Southern Baptist Convention; The Southern Baptist Theological Seminary, a non-profit corporation; Dr. R. Albert Mohler, Individually and as agent or employee of The Southern Baptist Theological Seminary and Southern Baptist Convention; SolutionPoint

International, Inc., a corporation, individually and d/b/a Guidepost Solutions; and, Guidepost Solutions LLC, a limited liability corporation and agent of the Southern Baptist Convention (collectively referred to as "Defendants"), and allege as follows:

## INTRODUCTION

1. Plaintiffs David Sills and Mary Sills file this complaint against Defendants, alleging defamation, conspiracy, intentional infliction of emotional distress, negligence, and wantonness concerning untrue claims of sexual abuse initiated by Defendant, Jennifer Lyell, and thereafter repeated and published by the Defendants, and each of them, as well as untrue claims that Mrs. Mary Sills aided, abetted, facilitated, or otherwise enabled the said sexual abuse.

2. Dr. Sills did not, at any time, sexually abuse Defendant Lyell.

3. Dr. Sills did not ever force himself upon Defendant Lyell.

4. Dr. Sills never used violence against Defendant Lyell, and never threatened to use violence against Defendant Lyell, or anyone else.

5. Dr. Sills did not engage in sexual intercourse with Defendant Lyell, at any time whatsoever.

6. At all relevant times, Ms. Lyell was well above the age of consent (i.e., 26 years of age) when she met Dr. Sills and did initiate and affirmatively cultivate and maintain a personal and emotionally intimate relationship with Plaintiff Dr. Sills.

7. As an acquisitions editor for Moody Publishers, and then as senior publishing executive for LifeWay, Ms. Lyell lived several hundred miles and many hours away from Dr. Sills, in the states of Illinois and Tennessee, and she would drive several hundred miles to see him.

8. Plaintiff Sills ended the relationship with Defendant Lyell who nevertheless persisted her pursuit of Sills and undertook efforts to reach Dr. Sills through his family.

9.     Dr. Sills never denied that an inappropriate relationship took place and, as a consequence, rightly resigned from positions within the SBC. On May 28, 2018, Dr. Sills was asked by Defendants if he had a morally inappropriate relationship and he confirmed that he had. Nevertheless, Defendant Lyell did not accept the reproach from SBC members when the relationship was revealed as consensual, despite its truth. Instead, Ms. Lyell, relying on her expertise as an accomplished writer and executive in the fields of advertising and publishing within the SBC, a lucrative and powerful position, constructed a false narrative against Dr. Sills and Mrs. Sills, at the height of awareness of SBC scandals.

10.    Thereafter, Ms. Lyell engaged in an effort to restore her reputation and preserve her powerful position of doling out lucrative book deals, while affirmatively and skillfully dismantling the reputations, careers, and family life of David Sills and Mary Sills.

11.    For their part, the Defendants, and each of them, were at the same time confronted with a decades-old scandal within the SBC concerning legitimate predators and hapless victims, many of whom were children. Rather than seek the truth, Defendants repeated and circulated false statements about Dr. Sills, causing him to be cast as a toxic pariah.     After various mischaracterizations, misstatements, and a contrived "investigation" by Defendants, the Plaintiffs, David Sills and Mary Sills, have been wrongfully and untruthfully labelled as criminals and shunned by the SBC.

12.    As a result of the Defendants' acts and omissions, the Sills Plaintiffs have suffered enormous reputational harm, emotional distress, physical pain, and financial loss.

## PARTIES

13.    Plaintiff, Dr. Michael David Sills (hereinafter "David Sills" or "Dr. Sills"), was a Southern Baptist missiologist, professor, and author in the Southern Baptist Convention before

resigning his professional positions as a consequence of having a morally inappropriate consensual intimate relationship with Defendant, Jennifer Lyell. Dr. Sills is a citizen of the state of Mississippi.

14.     Plaintiff Mary Sills is the wife of David Sills.  Married for forty-five years, Mary Sills (with her husband) raised two children on the mission field in Ecuador and in churches where Dr. Sills was either a pastor or a seminary professor.  Mrs. Sills is a citizen of the state of Mississippi.

15.     Defendant Southern Baptist Convention (hereinafter "SBC") is a non-profit corporation "created for the purpose of eliciting, combining, and directing the energies of the Baptist denomination of Christians, for the propagation of the gospel, any law, usage, or custom to the contrary notwithstanding."[1]  SBC is a citizen of the state of Georgia.

16.     Defendant Dr. Ed Litton (hereinafter "Litton") is named in his individual capacity, and as the former president and/or agent of the SBC. He is a citizen of the state of Alabama, who resides in Mobile County, Alabama.

17.     Defendant Bart Barber (hereinafter "Barber") is named in his individual capacity and as the president and/or agent of the SBC. He is a citizen of the state of Texas.

18.     Defendant Executive Committee of the Southern Baptist Convention (hereinafter "Executive Committee) is a non-profit corporation that serves as "the fiduciary, the fiscal, and executive entity of the Convention."[2] Executive Committee is a citizen of Tennessee.

19.     Defendant Willie McLaurin (hereinafter "McLaurin") is named in his individual capacity and as the Interim President/CEO of the SBC Executive Committee and/or agent of the SBC. He is a citizen of the state of Tennessee.

---

[1] https://www.sbc.net/about/what-we-do/legal-documentation/charter/
[2] https://www.sbc.net/about/what-we-do/sbc-entities/

20.     Defendant Rolland Slade (hereinafter "Slade") is named in his individual capacity and as the Chairman of the SBC Executive Committee and/or agent of the SBC. He is a citizen of the state of California.

21.     Defendant Southern Baptist Theological Seminary (hereinafter "Seminary) is a non-profit corporation that trains, educates and prepares ministers, persons, churches, and denominational entities of all levels of competency. Seminary is a citizen of the state of Kentucky.

22.     Defendant Dr. R. Albert Mohler (hereinafter "Mohler") is named in his individual capacity, as the president of Seminary and/or as an agent of the SBC and Seminary. He is a citizen of the state of Kentucky.

23.     Defendant, LifeWay Christian Resources of the Southern Baptist Convention (hereinafter "LifeWay") is a non-profit corporation and one of the world's largest suppliers of Christian resources, including bibles, bible studies, research, events, church music, church supplies and digital services. LifeWay is a citizen of the state of Tennessee.

24.     Defendant Jennifer Lyell (hereinafter "Lyell") is named in her individual capacity and as an agent and/or employee of SBC and LifeWay. At all relevant times, Lyell was an author and senior executive in the fields of advertising and publishing. At all relevant times, she was a publisher within the SBC, including at LifeWay. At age 26, Ms. Lyell was initially a co-worker of Dr. Sills and then a seminarian, eventually moving to Chicago to work for Moody Publishers. Thereafter, Lyell moved to Tennessee to work as an editor and publisher in her senior executive position at LifeWay. Defendant Lyell is a citizen of the state of Tennessee.

25.     Defendant Eric Geiger is named in his individual capacity and as a former senior vice-president and/or agent for LifeWay.  Geiger is presently a Senior Pastor of Mariners Church in Irvine, California. Mr. Geiger is a citizen of the state of California.

26.     SolutionPoint International, Inc. (hereinafter "SPI"), a corporation in name, individually and d/b/a Guidepost Solutions. SPI provides global business intelligence, security and compliance, identity assurance and situational awareness services. SPI owns Guidepost Solutions, LLC, and is a citizen of the state of New York.

27.     Guidepost Solutions, LLC, a limited liability corporation (hereinafter "Guidepost"), is wholly owned by SPI. Guidepost provides "solutions that help companies, government agencies, individuals, and their counsel solve problems, mitigate risks, and resolve disputes, and protect lives, assets, and reputations."[3] Guidepost is a citizen of the states of New York, Texas and California where, upon information and belief, its executive committee members are citizens.

## JURISDICTION & VENUE

28.     This Court has personal jurisdiction over the Defendants. First, the Defendants widely circulated their herein-described defamatory lies about Dr. and Mrs. Sills throughout Mobile County and the State of Alabama. Secondly, on information and belief, Defendants SBC, the Executive Committee, and Lifeway own and maintain property, employees and/or agents in Alabama, including Mobile County, Alabama.

29.     Venue is appropriate in this Court because Defendant Ed Litton is a resident citizen of Mobile County, Alabama.

## COMMON FACTUAL ALLEGATIONS

30.     At all relevant times, Plaintiffs David Sills and Mary Sills were private figures of good repute. Plaintiff Dr. David Sills was a Southern Baptist missiologist, professor, and author in

---

[3] https://guidepostsolutions.com/about-us/

the Southern Baptist Convention. Mary Sills was the wife of Dr. Sills and similarly devoted to missionary work and their family life.

31.     This case arises out of accusations initially made by Defendant Jennifer Lyell, including the false claim that Plaintiff David Sills was sexually abusive, physically abusive, a criminal, and otherwise violent toward her. Ms. Lyell's statements were made in interviews, including in June 2021, May 22, 2022, May 28, 2022, June 14, 2022, and June 18, 2022, and have been used to excoriate and cause injury to Dr. David Sills and his wife, Mary Sills.

32.     Ms. Lyell, a seasoned writer and publishing executive, including at one time for Defendants SBC and LifeWay, coordinated and implemented a devastating attack against David Sills after he ended their consensual adult relationship.  She did not act alone.

33.     In Spring 2018, Ms. Lyell confessed to Defendants Geiger, Lifeway, SBC, Executive Committee, Seminary, and Mohler, about her affair with Dr. Sills. Lyell had not anticipated the significant amount of negative reaction she would receive within the SBC community. The negative opinions threatened her powerful vice president position at LifeWay, a subsidiary of SBC.

34.     Shortly after initiating the disclosure and reporting by Lyell, Defendant Geiger was promoted to the position of Senior Pastor at an SBC megachurch in Orange County, California.

35.     In this same period, Defendant Mohler was presented an opportunity. Mohler was reeling from public scorn for having publicly supported his friend, C.J. Mahaney, the former leader of Sovereign Grace Ministries, after Mahaney allegedly covered up incidents of child sex abuse.[4] Mohler was looking for, and found in Lyell's story, an opportunity to restore his own reputation in the SBC, particularly on the subject of concealed sex abuse. Notably, in a subsequent statement

---

[4] Mohler withstood heavy criticism for his support of Mahaney.

made in February 2019, in an effort to distance himself from Mahaney, Mohler said that when he signed a statement in 2013 supporting Mahaney, he thought an independent investigation of the allegations of sexual and domestic abuse had been initiated. He said at the time that he didn't learn until the prior year that Mahaney and other Sovereign Grace Ministry leaders had not participated in that investigation. Mahaney presently maintains his position as a senior pastor in Louisville, where Mohler lives.[5]

36.     The SBC had also not anticipated the public reaction and sought to control it. Unable to withstand the backlash, in March 2019 Ms. Lyell rebranded what she had first reported about the affair.  In furtherance of that effort, and directly reporting to Defendants Geiger, Lifeway, SBC, Executive Committee, Seminary, and Mohler, Defendant Lyell offered to write about the affair. Specifically, Ms. Lyell, the highest-ranking woman in the SBC at the time, offered to write for the public relations arm of Defendant Executive Committee, namely, Baptist Press. Defendants Mohler and Seminary urged Lyell to write the public relations piece.

37.     This offer was meaningful for the SBC and Executive Committee, as Defendants SBC and Executive Committee were experiencing extensive criticism for their alleged mishandling of significant sexual abuse cases. Upon information and belief, the proposed article by Ms. Lyell was expected to demonstrate the SBC's reformative efforts in addressing sexual abuse cases, including against many tender-aged victims. At that time, Ms. Lyell allegedly promoted the piece as a way to document online Dr. Sills' purported record of abuse, so as to prevent him from obtaining employment.[6]

---

[5] Mahaney and his church purportedly each donated at least $100,000 to Mohler's Seminary.
[6] *See* Knox, Mary. "*SBC report shows how five words turn abuse victim from 'survivor' to 'whore'*." <u>Baptist News Global</u>, May 23, 2022.

38.     Defendants SBC, LifeWay, Lyell, Geiger, Executive Committee, Litton, McLaurin, Slade, Seminary, and Mohler, and each of them, understood the value of making an example out of SBC member and employee David Sills who, without controversy, had admitted to an affair with Lyell and willingly accepted the SBC requirement that he depart from his position at the Seminary. In essence, Defendants saw an opportunity to improve the appearance and reputation of SBC's handling of abuse cases, long under fire, even though there had not been any legitimate and proper investigation into the allegations, nor was Dr. Sills adequately informed of the specific nature and extent of accusations made by Lyell.

39.     Nonetheless, David Sills was repentant and obedient to the rules of the SBC. Defendants saw him as an easy target; a *bona fide* scapegoat.[7]

40.     On June 6, 2021, Ms. Lyell made untrue remarks about Dr. Sills and Mary Sills in a recorded interview.  In that interview with Ron Henzel and Midwest Christian Outreach, Ms. Lyell stated that Dr. Sills had threatened her and was potentially breaking into her home or even tracking her phone. She described the police allegedly waiting for Dr. Sills. She remarked that Dr. Sills was "a cult leader." She reported that Dr. Sills threatened that "he would destroy [her]" and that he had a gun. She stated that her relationship with Dr. Sills "was never consensual" and "was always forced" and confirmed that she "always resisted." She attributed physical injury to Dr. Sills, stating that she had "bruises on [her] arms."  She purported that a church official said "I've never had someone who's been beaten show up and ask for church discipline like what are you trying." These statements were, and remain, false and malicious.

41.     Ms. Lyell further stated that Dr. Sills "sexually abused me beginning with two occasions on a mission trip in 2004, the second was on the plane on the way back and I was in a

---

[7] See *Leviticus* 16:21–22

middle seat, you mentioned it, yeah, then continuing and escalating for more than a decade" and "including the fact that I had verbally and physically resisted Dr. Sills both in the initial encounter and throughout all subsequent encounters." She stated that Mary Sills knew of the purported abuse.

42.     Ms. Lyell further described in the interview that she "could very easily picture of some 24-year-old Trinidadian young woman who would come up to him after hearing him preach being spiritually moved by something he said thanking him and then knowing him as I did being able to equally imagine how he would turn that into access to force himself upon her I wondered who would be there to help that Trinidadian young woman when he flew off to the next place. . ." Those statements were untrue, malicious and intended to inflict harm on Plaintiffs.

43.     Defendant Lyell went on to explain that, in relation to making the allegations public, "[her] case had been handled so well by SBC leaders and I am an SBC employee so I felt Baptist Press was the only appropriate outlet." Defendant Lyell praised the SBC at every opportunity.

44.     Plaintiffs allege this was a strategic public relations strategy in a concerted effort amongst the Defendants to improve the public image of SBC at the expense of one of its ministers. The scapegoat was Dr. Sills. This claim of abuse was made by the SBC's highest-level female senior executive, for which the SBC, through its subsidiaries, agents and employees, could control a response in coordination with Ms. Lyell. The SBC would improve its reputation, which was significantly tarnished after many years of reported cover-ups, and Ms. Lyell would be (and was in fact) paid a confidential amount of money.

45.     Eventually, the absence of any credible investigation into abuse allegations was obvious. Defendants SBC, LifeWay, Lyell, Geiger, Executive Committee, Litton, McLaurin, Slade, Seminary, and Mohler coordinated and decided to retain an investigator.

46.     At the 2021 SBC Annual Meeting in Anaheim, California, a conflict of interest was observed amongst various factions within the SBC. Essentially, it was observed that Defendant Executive Committee was overseeing the hiring of an investigator, namely Defendant Guidepost, to investigate itself. Observers noted that such an arrangement provided the Executive Committee with control over the investigation's outcome.

47.     A motion was made and approved to transfer oversight from Defendant Executive Committee investigating itself, to a new committee with members hand-picked by Defendant Litton. On July 9, 2021, SBC President Ed Litton chose his seven-member committee to purportedly oversee the sex abuse investigation concerning the Executive Committee. There was also formed a Committee on Cooperation which served as the exclusive go-between amongst the Executive Committee, the seven-member "task force," and Guidepost.   The Committee on Cooperation was composed of none other than five Executive Committee members, including Defendant Litton. Upon information and belief, Ed Litton directed and approved the narrative against the Sills Plaintiffs, when as SBC President he knew or should have known that the phony "investigation" he designed would not, and could not, yield the truth concerning Dr. Sills.

48.     In September 2021, nearly three months after Lyell's bombastic interview, and more than three years after Defendant Lyell revealed the affair, Defendants hired SPI and Guidepost to conduct an investigation into the SBC's sexual abuse crisis, with particular focus on and disproportionate page space dedicated to Lyell's statements against Sills.

49.     SPI or Guidepost never sought statements from or interviews with Dr. Sills and Mrs. Sills, or their pastor. Neither of the Sills Plaintiffs were interviewed by Defendants SPI or Guidepost. The Sills Plaintiffs were never contacted by any police department or investigator.   The

Report (as it related to Dr. Sills) primarily relied on statements from Defendants Mohler and Lyell, as well as purported SBC documents.

50. On February 22, 2022, in anticipation of the Report, Defendants SBC, Executive Committee, McLaurin, and Slade published a public statement that offered an apology to Defendant Lyell. At that time, Defendants SBC, Executive Committee, McLaurin, and Slade paid Lyell an undisclosed amount, purportedly in lieu of Lyell filing a defamation and libel suit.

51. In that statement issued by Executive Committee, McLaurin and Slade, Defendants characterized Baptist Press' reporting as "inaccurate," meaning, the reportedly consensual affair was now not consensual, and the relationship between the SBC Senior Executive Jennifer Lyell and the SBC minister, Dr. Sills, was deemed abusive and forced. Defendants Executive Committee, McLaurin, and Slade stated that Lyell's allegations of "nonconsensual sexual abuse were investigated and unequivocally corroborated by the SBC entities with authority over (Lyell) and her abuser." The Sills were deliberately omitted from the Defendants' investigatory process.

52. Defendants also "tweeted" their misleading statements to the detriment of the Sills Plaintiffs, as follows:

**Tweet**
See new Tweets
**Conversation**



**SBC Executive Committee**

@SBCExecComm

The @SBCExecComm acknowledges its failures to Ms. Lyell, including the unintentional harm created by its failure to report her allegations of nonconsensual

sexual abuse were investigated and unequivocally
corroborated by the SBC entities with authority over
her and her abuser.



A statement from SBC Executive Committee Chairman Rolland
Slade on a resolution being reached with Jennifer Lyell

February 22, 2022

"The SBC Executive Committee acknowledges its failure to
adequately listen, protect, and care for Jennifer Lyell when she came
forward to share her story of abuse by a seminary professor. Baptist
Press failed to accurately report the sexual abuse Jennifer Lyell
reported to two SBC entities and local Southern Baptist churches.

The SBC Executive Committee acknowledges its failures to Ms. Lyell,
including the unintentional harm created by its failure to report Ms.
Lyell's allegations of nonconsensual sexual abuse were investigated
and unequivocally corroborated by the SBC entities with authority
over Ms. Lyell and her abuser.

The SBC Executive Committee apologizes for all the hurt it has
caused, is grateful for Ms. Lyell's perseverance and engagement,
and prays for her complete healing from the trauma she has
endured."

- 30 -

Good News *for the* Whole World

53.     Re-introducing and reinforcing information about Dr. Sills that she knew to be

false, Defendant Lyell promptly responded, as follows:



54.     Defendants' suggestion of unequivocal corroboration was untrue and reinforced the unchecked false narrative that had been repeatedly reported since 2021. The Defendants' statement promoted that Dr. Sills was a violent sexual abuser who engaged Defendant Lyell without her consent. Defendants knew, or should have known, that was not truthful.

55.     On May 22, 2022, Defendants SPI and Guidepost published their report ("the Report"), stating:

> [Lyell] told Dr. Mohler and her boss at Lifeway that any sexual contact she had with Professor Sills had been nonconsensual and involved violence, threats of violence against her and others, and coercion. Dr. Mohler clearly understood not only the nature of Ms. Lyell's disclosure but expressly stated that he believed Ms. Lyell and stated that that it was his opinion that she had been abused by Professor Sills.

The passage included footnotes (210, 211) to make it appear legitimately supported by evidence, however, the footnotes did not send a reader to any source of evidence. Instead, the cited authority merely sent a reader to the Guidepost's website, where only credentialed employees could log in.

56.     Defendants SPI and Guidepost further stated: "Rather than publishing Ms. Lyell's corroborated account as BP staff had originally drafted it, the account was changed to read as if Ms. Lyell was consensually involved with her alleged abuser. The article as published reported that Ms. Lyell alleged that she had a "morally inappropriate relationship" with her former seminary professor, making it appear that she engaged in a consensual sexual relationship with him." The statement was intended to mislead and the Defendants, and each of them, knew it was false.

57.     On May 22, 2022, Defendant Mohler stated: "From the beginning we were prepared and determined to assist the investigators in any way possible and to support their work. What happened to Jennifer was sexual abuse, unquestionably."

58.     Defendants SPI and Guidepost, in concert with SBC, Litton, Lyell, Geiger, Executive Committee, LifeWay, Barber, McLaurin, Slade, Seminary, and Mohler, deliberately published the unsubstantiated and malicious claim that "any sexual contact she had with her abuser was nonconsensual and involved violence, threats of violence against her and others, and coercion." Defendants published links and redirected readers to the links for various articles in which Lyell publicly made untrue statements and/or published the false narrative and statements identified through this complaint. The Report published statements that were not true and were not substantiated with any meaningful evidence or due process associated with reputable investigatory processes.

59.     Defendants did not apply and, in fact, abandoned the well-established principals of independent investigation, excluding notice to the Sills Plaintiffs, forbidding the Sills Plaintiffs an

opportunity to be heard, and avoiding an impartial tribunal, instead merely relying on the original unchecked misinformation propagated by Defendants Lyell, Mohler, SBC, LifeWay, Geiger, Executive Committee, Litton, Barber, McLaurin, Slade, and Seminary.

60.     Defendants SPI and Guidepost perpetuated a false narrative in a Report, in exchange for payment and in concert with Defendants SBC, LifeWay, Lyell, Geiger, Executive Committee, Litton, Barber, McLaurin, Slade, Seminary, and Mohler. The Report, published in May 2022, redirected its several hundred thousand readers to prior false statements and reported conclusions that were not true.

61.     Outrageously, Defendants published on page 169 of their "List of Abusers" a photo of Dr. Sills, styled as a "mug shot" alongside which Defendants labelled Dr. Sills as an abuser, despite no criminal investigation, no criminal charges, and no due process. Notably, very few of the individuals listed in the 200+ page listing have a photo entry. Indeed, the few "mug shot" style photos primarily accompany the listings for individuals lawfully convicted of heinous crimes. Defendants nevertheless included a photo and listing for Dr. Sills, a man who was never charged, never convicted, and never even interviewed. Defendants nevertheless published that Dr. Sills was fired for sexually abusing Lyell (whose name is redacted) for 12 years. The published information is false.

62.     Defendants SPI and Guidepost understood their complicit role in the Defendants' public relations plan and at all relevant times acted as agents of Defendants SBC, Executive Committee, and Lyell. Notably, Defendants included language in their agreement that Defendants SBC and Executive Committee would indemnify Guidepost under a variety of circumstances, and under no circumstance would Guidepost be liable to SBC or Executive Committee for its work in

relation to the investigation.[8] In other words, the risk to SPI and Guidepost for failing to implement the well-established principals of independent investigation was eliminated. SPI and Guidepost were not independent and were merely an extension of Defendants SBC, Executive Committee, Lyell, and Mohler.

63.    On June 14, 2022, Defendant Lyell published a statement asserting that she has "told the truth through this entire ordeal." As set forth herein, the statements Ms. Lyell has broadcast and published about Dr. Sills and Mary Sills are not truthful.

64.    On June 14, 2022, Defendant Lyell resurrected her prior false statements concerning the purported police investigation when she wrote and published the following:

> I first contacted the Louisville Police Department, through their Sex Victims Unit, in May 2018, after I had disclosed to the seminary. I told Ms. Basham what I had told Baptist Press in 2019, that I had gotten their voicemail, so hung up initially, but then later called back and left a message. However, I never received a return call from the unit.

65.    On June 18, 2022, Defendant Lyell wrote to Religion News Services (RNS) and Reporter Bob Smietana, the following:

> My thinking was I could just verbally work through your article and clarify/add the information you didn't have or was inaccurate as well as answer the broader questions you asked when the information you had didn't reconcile for you. I'm also fine to answer any questions you or the other gentleman has to ensure you have clarity and believe me. I have never been unwilling to be questioned when making allegations that aren't only moral, but are also criminal…

66.    The implication of Ms. Lyell's statement was that Dr. Sills had acted criminally. That was untrue. A reasonable inference is also that Defendant Lyell intended to advance her false narrative by taking a hand in the actual writing of an article by RNS and Smietana, each of whom

---

[8] Report of the Independent Investigation Appendices Volume 1, sections 5.1, 7.2 and 8.1.

had previously served as a resource to Defendant Lyell for the purpose of publishing her malicious allegations against the Sills Plaintiffs.

67. On June 14, 2022, Ms. Lyell also wrote that "the Guidepost report is equally clear that while their conjecture was not rooted in any material information provided to them, all the material provided to the SBC's news reporting agency on the matter was from individuals in positions of denominational and professional authority over the matter who had been directly involved in questioning both me and the professor." That was not accurate and was intended to mislead.

68. In that same published statement, Ms. Lyell wrote that "Guidepost did not need to interview the professor's pastor or my former boss to assert in the report that those individuals had corroborated the abuse allegations to the EC because the EC's own records—and public statements—reveal it." Pointedly, Ms. Lyell affirmatively defended her co-conspirators in furtherance of the defamation of Dr. Sills and Mary Sills, two casualties of a public relations campaign.

69. On or about July 8, 2022, Defendants Seminary and Mohler published the following statement:

> President
> The Southern Baptist Theological Seminary
>
> July 8, 2022
>
> In 2018, Jennifer Lyell came to me with an accusation of sexual abuse by David Sills. We followed appropriate processes and the accusation of abuse was confirmed, as we indicated publicly and have subsequently confirmed. Statements directly made by Sills in the course of our confrontation clearly confirmed the allegations of abuse.

The statement falsely accuses Dr. Sills of criminal conduct, while at the same time denying

him due process. Significantly, Seminary and Mohler purport to have taken statements from Dr.

Sills as a basis for the accusations made during the time between 2018 and 2022.

70. On or about July 8, 2022, Defendants SBC and Barber published a sequence of

statements concerning the Report and its findings concerning Dr. Sills, including in pertinent part:

> Jennifer Lyell's claims have been investigated and corroborated. They have
> been investigated by people close to the situation who have first-hand
> knowledge of the people and context involved. Those people, including
> people I know at SBTS with whom I have spoken directly, have said that
> they believe Jennifer and that what she has said about the abuse she
> experienced is true. Her claims have been investigated by
> @GuidepostGlobal, and whatever you think of their political positions or
> positions on social issues of the day, they are experts in this subject matter:
> investigation of sexual abuse claims. This is what they do.

71. The self-serving statements by SBC, Barber, Seminary, and Mohler were an effort

to add authenticity and legitimacy to the Report that leveled unsubstantiated accusations and

conclusions against Dr. Sills.

72. The long history of Defendants' defamatory statements has created extensive

mental anguish for the Sills Plaintiffs. Defendants' May, June, and July 2022 statements are but

the latest in a series of false and harmful statements about the Plaintiffs.

73. At no time have Defendants, or any of them, taken a break from persistent spoken

and published statements made against Dr. and Mrs. Sills. The Report, published on May 22, 2022,

intensified the controversy surrounding the allegations and the flimsy investigation, while also

resurrecting and placing into circulation, anew, the malicious statements made by the Defendants

against the Sills Plaintiffs (and previously set forth herein).

74. The comments and statements made by Defendants as recently as May, June, and

July 2022 (and as previously set forth herein) did not occur in isolation. Rather, the statements

were a continuation and elaboration of a yearslong campaign to falsely attack the honesty and the character of David Sills and Mary Sills, casting them as violent criminals.

75.     By making renewed accusations about the Plaintiffs in 2022, Defendants breathed new life into this conspiracy and caused intense emotional anguish and despair to Plaintiffs. For these reasons, Plaintiffs bring this suit against Defendants.

## CAUSES OF ACTION

### I.     Defamation and Defamation *Per Se*

76.     All previous allegations are incorporated by reference.

77.     Plaintiffs are private individuals and are neither public officials nor public figures.

78.     Defendants' broadcasts and publications described above were false, both in their particular facts and in the main point, essence, or gist in the context in which they were made.

79.     The statements and publications of May 22, 2022; June 14, 2022; June 18, 2022; and July 8, 2022, while defamatory in their own right, were also continuations and elaborations of an underlying defamatory assertion which Defendants have continued to advance, namely that the Plaintiffs have participated in a pattern and history of aggressive and violent criminal activity.

80.     In viewing the aforesaid broadcasts and publications, a reasonable member of the public would be justified in inferring that the statements implicated the Plaintiffs.

81.     In viewing the aforesaid broadcasts and publications, individuals who know and were acquainted with the Plaintiffs would understand from viewing the broadcasts that the allegedly defamatory matter implicated the Plaintiffs.

82.     Defendants' statements in 2022 were also defamatory because they are reasonably susceptible to a defamatory meaning by innuendo. A reasonable person, reviewing the statements in question, could conclude the Plaintiffs were being accused of engaging in criminal or illegal

activity. In context, the gist of the statements could be construed as defamatory to the Plaintiffs by an average member of general public.

83.     The Plaintiffs demanded a full and fair retraction of Defendants' defamatory statements at least five (5) days prior to commencing this action, and Defendants failed or refused to comply.

84.     Defendants' defamatory broadcasts and publications were designed to harm the Plaintiffs' reputations and subject the Plaintiffs to public contempt, disgrace, ridicule, or attack.

85.     Defendants acted with malice. Defendants' defamatory statements were knowingly false or made with reckless and grossly negligent disregard for the truth or falsity of the statements at the time the statements were made.

86.     Defendants' defamatory publications were not privileged.

87.     Defendants' defamatory statements constitute defamation *per se*. The harmful nature of the defamatory statements is self-evident. The defamatory statements implicate the Plaintiffs in heinous criminal conduct. False implications of criminal conduct are the classic example of defamation *per se*.

88.     Defendants publicly disseminated the defamatory publications to an enormous audience causing significant damages to the Plaintiffs.

89.     Defendants' defamatory publications have injured the Plaintiffs' reputation and image, and they have exposed the Plaintiffs to public and private hatred, contempt, and ridicule.

90.     In light of their prior experience with these kind of reckless statements, Defendants knew that their publication could cause the Plaintiffs to suffer harassment and potential violence.

91.     Defendants' defamatory publications have and will continue to cause harm to the Plaintiffs. Due to Defendants' conduct, the Plaintiffs have suffered and continue to suffer substantial damages in an amount to be proven at trial.

92.     WHEREFORE, Plaintiff demands general compensatory and punitive damages in excess of the jurisdictional limits, plus interest and costs, against Defendants.

## II.     Conspiracy

93.     All previous allegations are incorporated by reference.

94.     At all relevant times, including at and during the time of engaging SPI and Guidepost, Defendants acted together, as a cabal, to accomplish their campaign of defamation. Defendants had a meeting of the minds on the object or course of action underlying their pattern of recklessly defamatory broadcasts.

95.     As a result of this meeting of the minds, Defendants collectively committed the unlawful overt acts detailed above.

96.     Defendants are jointly and severally liable for the injuries Plaintiffs suffered due to Defendants' wrongful actions.

97.     WHEREFORE, Plaintiff demands general compensatory damages in excess of the jurisdictional limits, plus interest and costs, against the Defendants.

## III.    Negligence

96.     All previous allegations are incorporated by reference as if fully set forth herein.

97.     When employees of SBC, Executive Committee, LifeWay, and Seminary acted in the manner described in this Petition, they did so as agents of Defendants and within the scope of their authority from the SBC.

98.     When employees of Guidepost acted in the manner described in this Petition, they did so as agents of Defendants and within the scope of their authority from the SBC, SPI, and Guidepost.

99.     Defendants are liable for the damages proximately caused by the conduct of employees and agents pursuant to the doctrine of *respondeat superior*.

100.     At all relevant times, the Sills Plaintiffs were owed a duty of care by their church and employer, namely, Defendants SBC, Executive Committee, LifeWay, and Seminary. Defendants were obligated to refrain from treating unfairly or maliciously David Sills and Mary Sills, and to refrain from making false statements about either Plaintiff.

101.     At all relevant times the Sills Plaintiffs were owed a duty of care by Defendants SPI and Guidepost, individually as agents of Defendants SBC and Executive Committee.

102.     Defendants breached their duties owed, including in their use of unorthodox and non-independent investigation methods, circumvention of due process concerning the allegations, statements, and final conclusions in the Report, and the repeated and persistent restatement of untrue statements about the Sills Plaintiffs.

103.     WHEREFORE, Plaintiffs demand general compensatory damages in excess of the jurisdictional limits, plus interest and costs, against the Defendant(s).

## IV.     **Wantonness**

104.     All previous allegations are incorporated by reference as if fully set forth herein.

105.     When employees of SBC, Executive Committee, LifeWay, and Seminary acted in the manner described in this Petition, they did so as agents of Defendants and within the scope of their authority from the SBC.

106.     When employees of Guidepost acted in the manner described in this Petition, they did so as agents of Defendants and within the scope of their authority from the SBC, SPI, and Guidepost.

107.     Defendants are liable for the damages proximately caused by the conduct of employees and agents pursuant to the doctrine of *respondeat superior*.

108.     At all relevant times, the Plaintiffs were owed a duty of care by their church and employer, namely, Defendants SBC, Executive Committee, LifeWay, and Seminary. Defendants

were obligated to refrain from treating unfairly or maliciously David Sills and Mary Sills, and to refrain from making false statements about either Plaintiff.

109. At all relevant times the Plaintiffs were owed a duty of care by Defendants SPI and Guidepost, individually as agents of Defendants SBC and Executive Committee.

110. Defendants breached their duties owed, including in their use of unorthodox and non-independent investigation methods, circumvention of due process concerning the allegations, statements and final conclusions in the Report, and the repeated and persistent restatement of untrue statements about the Plaintiffs.

111. At all relevant times, Defendants acted with a reckless or conscious disregard for the rights or safety of the Plaintiffs. Defendants consciously and deliberately engaged in oppression, fraud, wantonness, or malice with regard to the Plaintiffs.

112. At all relevant times, Defendants were aware that harm would likely or probably result.

113. WHEREFORE, the Plaintiffs demand general compensatory and punitive damages in excess of the jurisdictional limits, plus interest and costs, against Defendants.

**V.**     **Intentional Infliction of Emotional Distress**

114. All previous allegations are incorporated by reference as if fully set forth herein.

115. Defendants acted with malice. Defendants' defamatory statements were knowingly false or made with reckless disregard for the truth or falsity of the statements at the time the statements were made.

116. The accusations made by Defendants and the manner in which Defendants coordinated and persistently repeated unsubstantiated claims of criminal activity, violent behavior, and sexual abuse, thereby destabilizing legitimate reporting and investigatory mechanisms, was so outrageous that it is not (and cannot be) tolerated by civilized society.

117.    Defendants' acts and omissions resulted in serious mental injury to the Plaintiffs.

118.    WHEREFORE, the Plaintiffs demand general compensatory and punitive damages in excess of the jurisdictional limits, plus interest and costs, against the Defendant(s).

## DAMAGES

103.    Plaintiffs have suffered general and special damages, including a severe degree of mental stress and anguish which have disrupted their daily routine and caused a high degree of psychological pain.

104.    Plaintiffs have also suffered damage to their reputation and image, both up to the present and into the future.

105.    Plaintiffs have suffered lost income.

106.    Plaintiffs have been shunned from their church and denied access to their lifelong religion.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, David Sills and Mary Sills, respectfully request that this Court:

(a)    Award all actual, compensatory, general, special, incidental, statutory, punitive, and consequential damages and/or restitution to which Plaintiffs are entitled;

(b)    Award all nominal damages and a judgment clearing their names;

(c)    Award exemplary/punitive damages because the Defendants acted with malice;

(d)    Award pre-judgment and post-judgment interest as provided by law;

(e)    Grant appropriate equitable relief, including, without limitation, an order requiring Defendants to: (1) issue public retractions and public apologies; and (2) removal of the Sills from the Guidepost SBC Sex Abuser Database and Report;

(f)    Award reasonable attorneys' fees and costs as permitted by law; and

(g)    Grant such other and further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial for all claims so triable.

Dated: November 21, 2022

Respectfully Submitted,

By:    /s/ Tiffany N. Ray
Tiffany N. Ray (RAY037)
Steven A. Martino (MAR057)
**TAYLOR MARTINO, P.C.**
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Fax: (251) 405-5080
tiffany@taylormartino.com
stevemartino@taylormartino.com

John W. ("Don") Barrett
Katherine Barrett Riley
**BARRETT LAW GROUP, P.A.**
P.O. Box 927
404 Court Square North
Lexington, Mississippi 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

Shannon M. McNulty
**CLIFFORD LAW OFFICES, P.C.**
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
Phone: (312) 899-9090
Fax: (312)251-1160
SMM@cliffordlaw.com

*Attorneys for Plaintiffs*

## VERIFICATION

I verify under penalty of perjury under the laws of the State of Alabama that the factual statements in this complaint are true and correct to the best of my knowledge.

_Mary Sills_

Mary Sills

## VERIFICATION

I verify under penalty of perjury under the laws of the State of Alabama that the factual statements in this complaint are true and correct to the best of my knowledge.

_____

Michael David Sills

**DEFENDANTS ARE TO BE SERVED BY PROCESS SERVER AS FOLLOWS:**

Southern Baptist Convention
c/o J. Randall Frost
200 Main Street, Ste. 600
Gainesville, GA 30503

Dr. Ed Litton
1627 Silver Creek Drive
Saraland, Alabama 36571

Lifeway Christian Resources of the Southern Baptist Convention
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

Jennifer Lyell
4316 Morriswood Drive
Nashville, TN 37204

Eric Geiger
1601 Castle Circle
Corona del Mar, CA 92625

Executive Committee of the Southern Baptist Convention
901 Commerce Street
Nashville, TN 37203

Willie McLaurin
300 Harkins Court
Nolensville, TN 37135

Rolland Slade
9127 La Larga Vis
Spring Valley, CA 91977

Bart Barber
First Baptist Church of Farmersville
124 South Washington St.
Farmerville, TX 75442

The Southern Baptist Theological Seminary
c/o Al Jackson
1600 East Glenn Avenue
Auburn, AL 36830

Dr. R. Albert Mohler, Jr.
The Southern Baptist Theological Seminary
2825 Lexington Road
Louisville, KY 40206-2997

SolutionPoint International, Inc. d/b/a Guidepost Solutions
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

Guidepost Solutions LLC
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### MICHAEL DAVID SILLS ET AL V. SOUTHERN BAPTIST CONVENTION ET AL

**NOTICE TO:** SOUTHERN BAPTIST CONVENTION, C/O J. RANDALL FROST 200 MAIN STREET, STE. 600, GAINESVILLE, GA 30503

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), TIFFANY N. RAY

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 455 ST. LOUIS ST., SUITE 2100, MOBILE, AL 36602

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                    *(Name(s))*

| 11/21/2022 | /s/ JOJO SCHWARZAUER | By: _____ |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.    _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____

*(Address of Server)*

_____          _____

*(Type of Process Server)*     *(Server's Signature)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

**02-CV-2022-902045.00**

MICHAEL DAVID SILLS ET AL V. SOUTHERN BAPTIST CONVENTION ET AL

| C001 - MICHAEL DAVID SILLS | **v.** | D001 - SOUTHERN BAPTIST CONVENTION |
| *(Plaintiff)* | | *(Defendant)* |



# SERVICE RETURN COPY