# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, et al., <br><br> Defendants. | CIVIL ACTION NO. 2022-902045 <br> JUDGE WILLIAM L. CAMPBELL, JR. <br> MAGISTRATE JUDGE CHIP FRENSLEY |

## DECLARATION OF ERIC GEIGER

1. My name is Eric Geiger. I am over nineteen (19) years of age and make this declaration based upon my personal knowledge.

2. I have reviewed the complaint filed by Plaintiffs Michael David and Mary Sills in this case.

3. I am a resident and citizen of the State of California. Since September 2018, I have been employed as Senior Pastor at Mariners Church in Irvine, California, and I have resided in California since that time.

4. Mariners Church is not a Southern Baptist Convention ("SBC") church and is not associated with any other named defendant in this lawsuit.

5. I was previously employed by Defendant Lifeway Christian Resources of the Southern Baptist Convention ("Lifeway") until September 2018. At that time, I lived in Tennessee.

6. In May 2018, while serving as Lifeway Senior Vice President, Jennifer Lyell reported to me the nature of her relationship with Dr. Michael Sills, who was then a professor at

1

Southern Baptist Theological Seminary ("Southern Seminary"). After asking her a number of questions to understand and confirm what she was communicating, I felt obligated to report the information. Within a few hours, Ms. Lyell and I had a telephone conference with Dr. R. Albert Mohler, president of Southern Seminary in Louisville, Kentucky. That conversation took place while Jennifer Lyell and I were in Nashville, Tennessee, and Dr. Mohler was in Kentucky.

7. An investigation was initiated by Dr. Mohler on behalf of Southern Seminary, but I did not participate in that investigation.

8. Since moving to California, my contacts with Tennessee have not been continuous and systematic. Rather, my contacts with Tennessee have been sporadic and insubstantial. Since September 2018, I have only been to Tennessee three times. I spoke at a conference at Longhollow Baptist in Hendersonville in November 2018, and I have visited my parents two times in Knoxville.

9. I do not regularly appear in Tennessee in relation to my work. I have not attended a SBC meeting since I left employment at Lifeway in September 2018. I have no real estate, bank accounts, or other interest in property in Tennessee. I do not pay any taxes in Tennessee. I do not have any employees, agents, or sales representatives who reside in Tennessee. I do not engage in any direct solicitation of business in Tennessee. I do not operate, conduct, engage in, or carry on a business or business venture in Tennessee. I do not carry-on regular business in Tennessee nor engage in any other persistent course of conduct in Tennessee. I do not engage in direct advertisement of any goods or services in Tennessee.

10. When I moved from Tennessee and left my employment with Lifeway, I entered into a three-year, non-compete agreement with Lifeway. During that time, I committed not to hire away staff, but I did not have any interaction with Lifeway, meetings with Lifeway, or any

2

Case 3:23-cv-00478    Document 92-1    Filed 07/17/23    Page 2 of 4 PageID #: 564

visits to Lifeway in Tennessee. With the exception of visiting my parents' home (in Knoxville) twice since September 2018, I do not have any ongoing contacts with the State of Tennessee.

11. I have not had any contact with Tennessee that relates to Plaintiffs' defamation claims in the Complaint. My only involvement was reporting Jennifer Lyell's claims up the chain of command in 2018, as described in Paragraph 6.

12. I did not communicate or engage with Defendants on a plan or effort to tarnish Plaintiffs' reputation. Moreover, I have no knowledge of any conspiracy between the other defendants or knowledge of an intent to defame Plaintiffs.

13. In Paragraph 38 of their Complaint Plaintiffs claim Jennifer Lyell reported directly to me in March 2019. However, this is not true, because I left my employment with Lifeway in September 2018.

14. I was not involved in any way with the decision by Ms. Lyell to write her article in March 2019.

15. Since September 2018, when I moved from Tennessee to California to work at Mariners Church, I have not worked for or represented Lifeway, SBC, or any other defendant, at any time.

16. I did not have any involvement with coordinating or deciding to retain an investigator in 2021 as Plaintiffs claim. During their investigation, neither Guidepost Solutions, LLC nor Solutionpoint International, Inc. contacted me to ask that I provide any statements or evidence. I have not had any communication with Guidepost or Solutionpoint in any way, at any time.

17. I did not assist anyone in the publication or propagation of the Guidepost report.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of July, 2023.

_____
ERIC GEIGER