| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) |
| Plaintiffs, | ) Case No. 3:23-cv-00478 ) |
| v. | ) JUDGE WILLIAM L. CAMPBELL, JR. ) Magistrate Judge Frensley ) |
| SOUTHERN BAPTIST CONVENTION, a non-profit corporation; DR. ED LITTON, Individually, and as agent and/or employee of SOUTHERN BAPTIST CONVENTION; LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION, a non-profit corporation; JENNIFER LYELL, Individually and as agent and/or employee of LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION and SOUTHERN BAPTIST CONVENTION; ERIC GEIGER, Individually and as agent and/or employee of LIFEWAY CHRISTIAN RESOURCES OF THE SOUTHERN BAPTIST CONVENTION and SOUTHERN BAPTIST CONVENTION; EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, a non-profit corporation; BART BARBER, Individually and as agent and/or Employee of SOUTHERN BAPTIST CONVENTION; WILLIE MCLAURIN, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION and EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION; ROLLAND SLADE, Individually and as agent and/or employee of SOUTHERN BAPTIST CONVENTION and EXECUTIVE COMMITTEE OF THE SOUTHERN | ) **JURY TRIAL DEMANDED** |

1

| BAPTIST CONVENTION; THE | ) |
| SOUTHERN BAPTIST | ) |
| THEOLOGICAL SEMINARY, a | ) |
| non-profit corporation; DR. R. ALBERT | ) |
| MOHLER, Individually and as agent | ) |
| and/or employee of THE SOUTHERN | ) |
| BAPTIST THEOLOGICAL SEMINARY | ) |
| and SOUTHERN BAPTIST | ) |
| CONVENTION; SOLUTIONPOINT | ) |
| INTERNATIONAL, INC., a corporation, | ) |
| individually and d/b/a GUIDEPOST | ) |
| SOLUTIONS; and GUIDEPOST | ) |
| SOLUTIONS , LLC a limited liability | ) |
| corporation and agent of the Southern | ) |
| Baptist Convention. | ) |
|  | ) |
| Defendants. | ) |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

Counsel for the parties met and conferred as to a discovery and case management plan on July 20, 2023, and respectfully submit this proposed Initial Case Management Order.

A. JURISDICTION: The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Certain Defendants have moved to dismiss, in part, on the grounds that the court lacks subject matter jurisdiction. (*See* Doc. Nos. 75, 77, 84, 87, 88, and 91). Defendants Ed Litton, Bart Barber, SolutionPoint International, Inc. ("SPI") and Eric Geiger ("Geiger") have moved to dismiss on the grounds that the court lacks personal jurisdiction over them. (*See* Doc. No. 77, 88, and 91).

B. BRIEF THEORIES OF THE PARTIES:

**Plaintiff's Position:** This cause of action arises out of the Defendants' false and malicious claims that Plaintiff David Sills groomed and sexually abused Jennifer Lyell beginning around the time she was 26 years of age. Defendants further falsely and maliciously accuse his wife, Plaintiff Mary Sills, of enabling the purported abuse. Defendants conspired to create a false narrative concerning allegations of abuse by Plaintiff and jointly undertook a purported investigation of the Lyell claims. Defendants did not undertake any credible investigation and instead promoted a false narrative portraying Plaintiff as a child sex abuser. Defendants published these false and defamatory claims. As a result, Plaintiffs have suffered reputational harm, emotional distress, physical pain, and financial loss. Plaintiffs bring claims of defamation, conspiracy, intentional

infliction of emotional distress, and negligence against Defendants. Plaintiffs seek damages, a public retraction and apology, and removal from the Defendants' sex abuser database.

**Defendants' Position:** The Defendants each have moved to dismiss on grounds specific to each Defendant. Lifeway moved to dismiss on the grounds that any claims against Lifeway are time-barred, that the claims against Lifeway are not specified in enough detail to state a claim, and that each of Sills' claims fails against Lifeway as a matter of law. *See* Doc. No. 73, 74. Defendants Southern Baptist Convention, Ed Litton, Bart Barber, the Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade moved to dismissed on the grounds that the Court lacks subject matter jurisdiction over Plaintiffs' claims based on application of the ecclesiastical abstention doctrine, and Plaintiffs' claims fail to state a claim as a matter of law. In addition, Defendants Ed Litton and Bart Barber have sought dismissal for lack of personal jurisdiction.

Defendants Guidepost Solutions, LLC and SPI have moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) on the grounds that the ecclesiastical abstention doctrine bars Plaintiffs' tort claims. SPI has moved to dismiss the Complaint as to itself on the alternative ground that the Court lacks personal jurisdiction over SPI. In the alternative, the Guidepost Defendants have moved to dismiss the Complaint on the grounds that Plaintiff David Sills is a limited purpose public figure and has failed plausibly to allege that Guidepost published the Report with actual malice and that, even if he were a private figure, the Complaint fails plausibly to allege negligence on Guidepost's part. Moreover, Guidepost communicated the statement only to its client, the SBC, within the scope of their common interest, and that communication is therefore not a publication for purposes of an action for libel. Finally, apart from constitutional defenses and the defense of privilege, the Complaint otherwise fails plausibly to allege viable tort claims on the merits.

Defendants, The Southern Baptist Theological Seminary and Dr. R. Albert Mohler, Jr., moved to dismiss for lack of subject-matter jurisdiction under the ecclesiastical abstention doctrine and, in the alternative, that Plaintiffs failed to state a claim for civil conspiracy and that Mrs. Sills has failed to state a claim that is plausible on its face.

Defendant Geiger moved to dismiss on the grounds that the Court lacks subject matter jurisdiction over this matter due to the application of the ecclesiastical abstention doctrine. Even if it did, Geiger should be dismissed because he is not subject to personal jurisdiction in this Court—he is not domiciled in Tennessee, does not have continuous and systematic contacts with Tennessee, and Plaintiffs' claims do not arise out of Geiger's contacts with Tennessee. *See* Doc. No. 90, 91.

Defendant Lyell has moved to dismiss this case on the grounds that this Court lacks subject matter jurisdiction, and on the grounds that the Complaint fails to state a claim upon which relief can be granted. Plaintiffs' claims against her are not sufficiently pled, are time-barred and should be dismissed for the reasons stated in Defendant's motion.

Defendant Lyell is a victim of Plaintiff David Sills' sexual abuse. She has not published any false statements concerning Plaintiffs David and Mary Sills. Ms. Lyell's reports of Mr. Sills'

abuse to her employer, to representatives of the Defendant Southern Baptist Convention and to the entities investigating the Defendant Executive Committee's handling of sexual abuse claims within the denomination were truthful and privileged. Any damage to Plaintiff Sills' reputation is a result of his own improper actions.

Defendant Lyell has not entered into any conspiracy with any of the other defendants to defame plaintiffs. She denies that Plaintiff's negligence or intentional infliction of emotional harm claims have any merit.

C. ISSUES RESOLVED: N/A

D. ISSUES STILL IN DISPUTE: Subject matter jurisdiction, personal jurisdiction, choice of law, liability, and damages. Defendants have separately moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and/or for failure to state claims for relief. (*See* Docs. 75, 77, 84, 87, 88, and 91).

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before **September 25, 2023**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. By **July 15, 2024**, the parties shall submit a joint report confirming that the parties made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **July 1, 2024**. Written discovery should proceed promptly (unless otherwise provided for herein) and shall be served by no later than **May 17, 2024**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

No discovery dispute may be brought to the Court for resolution before lead counsel for that party has held an in-person discussion with lead counsel for every one of the parties adverse. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference. It will be within that judge's discretion whether to allow for the filing of discovery-related motions. All discovery disputes shall be brought to the Court's attention no later than **July 31, 2024**. In connection with any discovery conference or discovery motion, the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

H. MOTIONS TO AMEND OR TO ADD PARTIES: Any motions to amend or to add parties shall be filed by no later than **November 30, 2023.** Any motion to amend must be accompanied by the proposed amended pleading, which shall be appended as an exhibit to the motion. Prior to filing the motion to amend, counsel for the moving party shall discuss the proposed

amendment with all other counsel and shall state in the motion to amend whether or not the motion is opposed.

I.     DISCLOSURE AND DEPOSITIONS OF EXPERTS: Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **August 2, 2024**. Defendants shall identify and disclose all expert witnesses and reports on or before **September 6, 2024**. Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **November 1, 2024**.

J.     SUBSEQUENT CASE MANAGEMENT CONFERENCE. A status conference shall be held telephonically on **March 1, 2024**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. Plaintiff's counsel shall initiate the call.

K.     DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **November 29, 2024**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall

economy of time and expense for the parties, counsel, and the Court. Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d (M.D. Tenn. 2021), regarding what should (or should not) be included in the movant's "statement of undisputed material facts."

L. ELECTRONIC DISCOVERY. The parties agree to abide by Administrative Order No.174-1. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and, within fourteen days of the initial case management conference, either: (1) be filed as a stipulation of agreed-upon electronic discovery procedures; or, (2) if the parties request court approval, submitted as proposed agreed order with an accompanying motion for approval.

M. MODIFICATION OF CASE MANAGEMENT ORDER. Any motion to modify the case management order or any case management deadline shall be filed at least seven (7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4).

N. REQUESTS TO SEAL DOCUMENTS OR PORTIONS OF DOCUMENTS. Any party requesting that documents or portions of documents be sealed, including without limitation for use as exhibits at trial, must file a motion to seal in accordance with Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing) and Local Rules 5.03 and 7.01, which demonstrates compelling reasons to seal the documents and that the sealing is narrowly tailored to those reasons. The motion to seal, even if unopposed, must specifically analyze in detail, document by document, the propriety of secrecy, providing factual support and legal citations. Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access. Failure to comply with these procedures or to provide sufficiently compelling reasons may result in denial of the request to seal documents or portions of documents. Protective orders should not provide that documents produced in discovery and designated as "confidential" will be automatically sealed upon filing or if used at trial. Any such language in proposed protective orders will be stricken and may result in denial of the motion for entry of the proposed protective order.

O. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The JURY trial of this action is expected to last approximately 10 days. A trial date no earlier than **May 5, 2025** is respectfully requested.[1]

It is so **ORDERED**.

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.

                                                United States Magistrate Judge Jeffery S. Frensley

APPROVED FOR ENTRY:

*Attorneys for Plaintiffs*

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com

*Attorneys for Defendants (with permission)*

/s/ *Matthew C. Pietsch*
L. Gino Marchetti, Jr. (BPR #005562)
Matthew C. Pietsch (BPR #024659)
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

/s/ *George H. Cate, III*
George H. Cate, III (BPR #12595)
Kimberly M. Ingram-Hogan (BPR #35191)
Virginia N. Adamson (BPR #39285)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street
Suite 700
Nashville, TN 37203
Telephone: (615) 244-2582
Facsimile: (615) 252-6380
gcate@bradley.com
kingram@bradley.com
jadamson@bradley.com

-and-

9

Case 3:23-cv-00478    Document 96    Filed 07/24/23    Page 9 of 14 PageID #: 587

Chuck Mangelsdorf
Terri Bernal
MCANGUS GOUDELOCK & COURIE LLC
120 Brentwood Commons Way, Suite 625
Brentwood, TN 37027
Telephone: (615) 499-7177
Facsimile: (615) 523-1496
chuck.mangelsdorf@mgclaw.com
terri.bernal@mgclaw.com

*Counsel for Defendant Lifeway Christian Resources of the Southern Baptist Convention*

*/s/ Ronald G. Harris*
Ronald G. Harris (BPR #009054)
Olivia Rose Arboneaux (BPR #040225)
Philip N. Elbert (BPR #009430)
Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Rharris@nealharwell.Com
Oarboneaux@nealharwell.Com
Pelbert@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

*/s/ R. Bruce Barze, Jr.*
R. Bruce Barze, Jr. (admitted *pro hac vice*)
Catherine M. Newman (BPR #039181)
J. Graham Gilmore (admitted *pro hac vice*)
BARZE TAYLOR NOLES LOWTHER, LLC
2204 Lakeshore Dr., Ste. 425
Birmingham, AL 35209
205-872-1032
Fax: 205-872-0339
Bbarze@btnllaw.com
Cnewman@btnllaw.com
Ggilmore@btnllaw.com

*Counsel for Defendant Eric Geiger*

*/s/ Brigid M. Carpenter*
Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.com
Rloofbourrow@bakerdonelson.com

*Counsel for Defendants Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade*

*/s/ James C. Bradshaw III*
James C. Bradshaw (BPR #13170)
WYATT, TARRANT & COMBS, LLP
333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.com

Byron E. Leet (admitted *pro hac vice*)
WYATT, TARRANT & COMBS, LLP
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.com

Thomas E. Travis (admitted *pro hac vice*)
WYATT, TARRANT & COMBS, LLP
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.com

*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

*/s/ Katharine R. Klein*
Katharine R. Klein (BPR #019336)
John R. Jacobson (BPR #014365)
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
615-320-3700
Jjacobson@rjfirm.com
Kklein@rjfirm.com

-and-

Steven G. Mintz (admitted *pro hac vice*)
Terence William McCormick (admitted *pro hac vice*)
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
(212) 696-4848
Mintz@mintzandgold.com
Mccormick@mintzandgold.com

*Counsel for Defendants SolutionPoint International, Inc. d/b/a Guidepost Solutions and Guidepost Solutions, LLC*

# CERTIFICATE OF SERVICE

I, Katherine B. Riley, an attorney, hereby certify that on July 24, 2023, I served the above and foregoing Proposed Initial Case Management Order, by causing a true and accurate copy of such papers to be filed and served on the below listed counsel of record via the Court's CM/ECF electronic filing system.

Louis Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

George H. Cate, III, Esq.
Kimberly Michelle Ingram-Hogan, Esq.
Virginia Adamson, Esq.
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
P.O Box 340025
Nashville, TN 37203-0025
(615) 252-2347
Fax: (615) 252-6347
Gcate@bradley.Com
Kingram@bradley.Com
Jadamson@bradley.Com

Richard C. Mangelsdorf, Jr., Esq.
McAngus Goudelock & Courie, LLC
120 Brentwood Commons Way, Suite 625
Brentwood, TN 37027
(615) 499-7281
Fax: (615) 523-1496
Chuck.Mangelsdorf@mgclaw.Com

*Counsel for Defendant Lifeway Christian Resources of the Southern Baptist Convention*

Olivia Rose Arboneaux, Esq.
Philip N. Elbert, Esq.
Ronald G. Harris, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Oarboneaux@nealharwell.Com
Pelbert@nealharwell.Com
Rharris@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

Catherine M. Newman, Esq.
J. Graham Gilmore, Esq.
R. Bruce Barze, Esq.
Barze Taylor Noles Lowther, LLC
2204 Lakeshore Dr., Ste. 425
Birmingham, AL 35209
205-872-1032
Fax: 205-872-0339
Cnewman@btnllaw.Com
Ggilmore@btnllaw.Com
Bbarze@btnllaw.Com

*Counsel for Defendant Eric Geiger*

Brigid M. Carpenter, Esq.
Ryan P. Loofbourrow, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC

1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.Com
Rloofbourrow@bakerdonelson.Com

*Counsel for Defendants Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade*

Byron E. Leet, Esq.
Wyatt, Tarrant & Combs
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.Com

James C. Bradshaw, III, Esq.
Wyatt, Tarrant & Combs
333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.Com

Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.Com

*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
615-320-3700
Jjacobson@rjfirm.Com
Kklein@rjfirm.Com

Steven G. Mintz, Esq.
Terence William McCormick, Esq.
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
(212) 696-4848
Mintz@mintzandgold.Com
Mccormick@mintzandgold.Com

*Counsel for Defendants SolutionPoint International, Inc. d/b/a Guidepost Solutions and Guidepost Solutions, LLC*

/s/ *Katherine B. Riley*
Katherine B. Riley