# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 3:23-cv-00478<br>) |
| v. | ) JUDGE WILLIAM L. CAMPBELL, JR.<br>) Magistrate Judge Frensley<br>) |
| SOUTHERN BAPTIST CONVENTION, et al. | ) JURY TRIAL DEMANDED<br>)<br>) |
| Defendants | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT JENNIFER LYELL'S OBJECTION TO ORDER DENYING DEFENDANTS' MOTION TO STAY DISCOVERY, MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER**

# INTRODUCTION

Defendant Lyell objects to Magistrate Judge Frensley's Order denying various Defendants' motions to stay discovery. Dkt. No. 125 (the "Objection"). However, Lyell's Objection provides no basis for this Court to reverse Judge Frensley's Order. Instead, Lyell rehashes arguments from her prior motions in order to delay discovery which she previously agreed should proceed. *See* Dkt. No. 99 at ¶ G.

Further (and more egregiously), Defendant Lyell's Objection improperly refers to Plaintiff David Sills as "an abuser." Dkt. No. 125 at 2. David Sills has never "abused" anyone. Irrefutably, David Sills has never been charged with or convicted of any crime. Indeed, Lyell's false allegations against Plaintiffs, like the one made in her Objection, are the genesis of this lawsuit. Lyell's malicious and unfounded statements continue to defame, libel, and prejudice Plaintiffs, causing them undue embarrassment, oppression, and harm. Now, Lyell irreverently misuses the litigation to further propagate the false statements. The hostile mischaracterization is harmful to Plaintiffs and should not be placed in the docket. Indeed, the Rules prevent such conduct. *See* Fed. R. Civ. P. 12(f). As such, Plaintiffs respectfully request that the Court strike the false and gratuitous phrase "an abuser" from Lyell's Objection and enter a protective order prohibiting her (or any Defendant) from using that pejorative term or other derogatory comments against Plaintiffs in this litigation.

# STANDARD OF REVIEW

**A.     Objections to Orders from the Magistrate Judge**

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a magistrate judge to hear and determine nondispositive pretrial matters pending before the court. Upon designation to the magistrate judge, the magistrate judge must "promptly conduct the required proceedings, and when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). "The district

1

judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

"A finding [of fact] is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Techmatic, Inc. v. Plating Specialists, Inc.*, No. 3:20-cv-01078, 2022 U.S. Dist. LEXIS 196554, at *4 (M.D. Tenn. Oct. 28, 2022) (cleaned up). "A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.*, at *4-5 (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)).

"In light of this 'limited standard of review,' the district court is not empowered to reverse the magistrate judge's finding simply because it would have decided the issue differently." *Id.*, at *4 (quoting *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993)).

**B.     Motion to Strike**

Rule 12(f) provides that the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). The word "scandalous" in Rule 12(f) "refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court. 2 MOORE'S FEDERAL PRACTICE § 12.37[3] at 12-97; *see also In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person")). "The striking of impertinent material and scandalous allegations is applicable when the allegation is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally." *EEOC v. Green Lantern Inn, Inc.*, No. 19-CV-6704-FPG-MJP, 2021 U.S. Dist. LEXIS 157379, at *9 (W.D.N.Y. Aug. 19, 2021).

2

C.  **Motion for Protective Order**

"The grant or denial of motions for protective orders falls within the 'broad discretion of the district court managing the case.'" *Karl v. Bizar*, No. 2:09-CV-34, 2009 U.S. Dist. LEXIS 102904, at *5 (S.D. Ohio Oct. 19, 2009). "[A] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result from the absence of a protective order.'" *Elvis Presley Enters. v. City of Memphis*, 2020 U.S. Dist. LEXIS 133559, at 12 (W.D. Tenn. Apr. 6, 2020).

## ARGUMENT

A.  **Lyell identifies no mistake or error of law warranting reversal of the Magistrate's order.**

Presumably dissatisfied with Magistrate Judge Frensley's order denying her (and other Defendants') motion to stay, Defendant Lyell uses this Objection as an opportunity to reargue her motion to stay hoping for a different result. Essentially, Lyell improperly seeks reconsideration, without identifying any case law or mistake to support her argument that Judge Frensley's ruling was erroneous or contrary to law. Lyell's improper pleading misses the mark and should be stricken.

As set out in Plaintiffs' opposition to Defendants' to motion to dismiss, the ecclesiastical abstention doctrine (or ministerial exception) does not apply here. *See* Dkt. No. 104 at 9-13.[1] Plaintiffs will not rehash all those points here, but it is worth reiterating that this case is more akin to the factual scenario in *Ogle v. Hocker*, 279 F. App'x 391 (6th Cir. 2008), where the court declined to invoke the ecclesiastical abstention doctrine. The *Ogle* Court noted:

> Most importantly, however, [the defendant] does not claim that defamation is a practice of his church or is otherwise rooted in religious belief. Were he to do so,

---
[1] Plaintiffs expressly incorporate these arguments herein.

3

Case 3:23-cv-00478   Document 126   Filed 12/19/23   Page 4 of 13 PageID #: 856

our power to adjudicate his claims would be doubtful. *See Sanders*, 134 F.3d at 337-38. The only issue is whether Hocker's purported factual statements, made both during a sermon and in multiple other contexts, were falsehoods that harmed Ogle. Thus, despite our compunction about reviewing statements made by a pastor, some of which were from the pulpit, we believe that civil court jurisdiction is justified in these limited circumstances because the disputed issues can be resolved through application of secular standards without any impingement upon church doctrine or practice.

*Id.* at 396. The same reasoning applies here. Defendants do not claim that defamation is a practice within the Southern Baptist church, and as a result this Court is justified in exercising jurisdiction over this dispute. As noted by Judge Frensley the jurisdictional issue is "fairly debatable," and discovery should proceed. Dkt. No. 124 at 5.

Lyell relies on *Our Lady of Guadalupe School v. Morrisey-Berru*, 140 S. Ct. 2049, 2055 (2020) to support her argument that the Court should not allow discovery to proceed pending a decision on the motions to dismiss, but that case is inapposite here. There, teachers brought employment discrimination claims against Catholic schools that involved the selection and supervision of teachers whose responsibility included religious education "at the core of [the church's] mission." *Id.* The core mission of the Southern Baptist church is not at issue in this case. What is at issue are the defamatory statements made against Plaintiffs and the phony investigations used to buttress those false statements. Importantly, the so-called investigation at the center of this dispute was outsourced to, and handled by, a secular third-party firm. Lyell does not, and cannot, identify any other case law to suggest that Judge Frensley committed a mistake or error of law. No justification exists for sustaining Lyell's objection based on the ecclesiastical abstention doctrine.

Lyell next seeks to have Judge Frensley's order reversed due to alleged deficiencies in Plaintiffs' complaint. Lyell's motion to dismiss is due to be denied for the reasons set out in Plaintiffs' response. Regardless, however, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *United States ex rel. Cutler v. Cigna*

4

*Corp.*, No. 3:21-cv-00748, 2023 U.S. Dist. LEXIS 47051, at *3 (M.D. Tenn. Mar. 3, 2023) (citation omitted).[2] Indeed, "[ha]d the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, at *4 (S.D. Ohio Sept. 7, 2010). Thus, "a stay of discovery is the exception, not the rule, even when a dispositive motion is pending." *Cigna Corp.*, 2023 U.S. Dist. LEXIS 47051, at *6. Judge Frensley appropriately followed this rule.

Lyell fails to provide any authority to support her claim that Plaintiffs' initial disclosures demonstrate a lack of evidence to support their conspiracy claim (which itself is an improper accusation), nor does she explain how this argument, even if it were supported, could demand reversal of Magistrate Judge Frensley's ruling permitting discovery to proceed.

Finally, Lyell makes an emotional appeal to the Court—by likening herself to sexual abuse survivors who have come forward to report legitimate abuse. Of course, Lyell does not include any of the relevant facts that demonstrate she was not an abuse victim, but rather an adult who consented to an extra marital affair. Lyell persists in side-stepping responsibility for her choices, suggesting that she should not be forced to defend Plaintiffs' claims against her. The gravamen of this lawsuit is that Lyell was never sexually abused by David Sills. Rather, Lyell misrepresented

---

[2] *See also L. Heating & Cooling LLC v. Int'l Ass'n of Sheet Metal, Air, Rail, & Transp. Workers Local Union No. 33*, No. 2:23-cv-981, 2023 U.S. Dist. LEXIS 211205, at *4 (S.D. Ohio Nov. 28, 2023); *Collabera, Inc. v. Ligget*, No. 3:21-cv-00123, 2021 U.S. Dist. LEXIS 250832, at *2 (M.D. Tenn. June 21, 2021); *Am. Addiction Ctrs., Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, No. 3:19-cv-376, 2019 U.S. Dist. LEXIS 241348, at *2 (M.D. Tenn. Nov. 7, 2019); *Rhea Drugstore v. Smith & Nephew*, No. 2:15-cv-02060-JPM-tmp, 2015 U.S. Dist. LEXIS 186028, at *1-2 (W.D. Tenn. May 28, 2015); *Toho Tenax Am., Inc. v. Linde, Inc.*, No. 3:12-CV-157-TAV-HBG, 2014 U.S. Dist. LEXIS 77836, at *4 (E.D. Tenn. June 9, 2014); *Stirling v. Hunt*, No. 12-2737, 2012 U.S. Dist. LEXIS 163371, at *1 (W.D. Tenn. Nov. 15, 2012).

the nature of their consensual relationship to shield herself from the repercussions of the affair in her Southern Baptist community. Justice requires that Lyell be held accountable for her false and defamatory statements against David Sills. Discovery will support Plaintiffs' allegations that Lyell initiated a false narrative against David Sills to save her job and reputation. And together with Lyell, her co-conspirators made a scapegoat out of David Sills in an attempt to bolster the damaged reputation of the Southern Baptist church.[3] *See* Compl. ¶¶ 35, 38, 39, 41.

**B. The Court should strike Lyell's attack on David Sills.**

By calling Plaintiff David Sills "an abuser" (Dkt. No. 125 at 2), Defendant Lyell violates the Rules of Civil Procedure and uses these court proceedings to continue to defame Plaintiff David Sills and personally attack him. Calling David Sills "an abuser" is scandalous, irrelevant and unresponsive to Magistrate Judge Frensley's Order and Lyell's Objection. Unwarranted name-calling exacerbates the harm to David and Mary Sills, is unnecessary and unprofessional, and has no place in a court of law. As a result, Lyell's prejudicial and inappropriate barb should be stricken.[4]

Courts have stricken similar name-calling as scandalous when such language "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Johnson v. Cnty. Of Macomb*, No. 08-10108, 2008 U.S. Dist. LEXIS 38617, at *4 (E.D. Mich. May 13, 2008) (citing *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D. D.C. 2003)). In *Johnson*, the plaintiffs accused a defendant's employee of having "known ties to organized crime." *Id.*, at *4. The *Johnson* Court granted the defendants' motion to strike in part because permitting that allegation would result in prejudice to the moving party. *Id.* Similarly, permitting Lyell to refer to David Sills throughout this litigation as "an abuser" would

---

[3] And, as noted by Lyell, third parties are likely to also have discoverable information in support of Plaintiffs' claims.
[4] To be sure, Plaintiffs are only seeking to have "an abuser" stricken from Lyell's objections.

6

prejudice David Sills by continuing to harm his reputation in the same public and defamatory manner for which he seeks relief. In *Pigford*, the court struck "racist" from a motion, noting that the allegation was "wholly inappropriate" and had no place in court filings. *Pigford*, 215 F.R.D. at 4. In *Hargett v. Florida Atlantic University Board of Trustees*, the court struck "misogynist bully" from a paragraph in the complaint in part because it prejudiced the defendant's employee by "cast[ing] a cruelly derogatory light" on him. No.: 9:15-cv-80349, 2015 U.S. Dist. LEXIS 191859, at *9 (S.D. Fla. July 9, 2015). Other courts within the Sixth Circuit have likewise stricken language that casts a derogatory light on a party. *See Cutler v. Scott*, No. 09-1238, 2010 U.S. Dist. LEXIS 63414, at *20 (W.D. Tenn. June 24, 2010).

By using the word "abuser," Lyell further defames David Sills. Permitting Lyell in court filings to cast David Sills in the same false light that has caused the egregious harm for which he now seeks recompense. Allowing Lyell or other Defendants to permeate the Court record with such falsehoods gives those falsehoods an air of authority, and repetition of a falsehood creates an illusion of truth.[5] These gratuitous and inappropriate personal attacks should be stricken. *See Sec'y of United States DOL v. Kavalec*, No. 1:19-CV-00968, 2020 U.S. Dist. LEXIS 123274, at *34 (N.D. Ohio July 14, 2020) (striking opposition brief to preliminary injunction for *inter alia*, accusing the defendants of being "crooks."). This relief is especially warranted because of how the case is monitored by the Defendants' own press, namely, The Baptist Press, and other social media.

## C. Motion for Protective Order

This Court should exercise its discretion to prevent Lyell and other Defendants from using this litigation as a vehicle to further defame Plaintiffs. This use of "disparaging terms and casting

---

[5] *See, e.g.*, Vanderbilt University Research News, "Study shows that repeated statements are more often judged to be true, regardless of a person's age or prior knowledge," (Oct. 6, 2020), https://news.vanderbilt.edu/2020/10/06/study-shows-that-repeated-statements-are-more-often-judged-to-be-true-regardless-of-a-persons-age-or-prior-knowledge/ (last visited Dec. 11, 2023).

7

aspersions" onto David Sills "has no place in a lawsuit." *Brautigam v. Damon*, No. 1:11-cv-551, 2013 U.S. Dist. LEXIS 176568, at *5 (S.D. Ohio Dec. 11, 2013) (granting motion for protective order). If Lyell and other Defendants are allowed to continue to use disparaging terms toward Plaintiffs, David and Mary Sills will continue to suffer embarrassment, oppression, and undue burden. Accordingly, the Court should enter a protective order preventing Defendants from publicly making disparaging comments about Plaintiffs.

## CONCLUSION

Lyell's Objection should be rejected by this Court because Lyell fails to demonstrate—or even argue—that Magistrate Judge Frensley's Order denying Defendants' motion to stay was clearly erroneous or contrary to law. Additionally, the Court should not permit Lyell or other Defendants to defame Plaintiffs further through inappropriate and false name-calling and should enter an order prohibiting such conduct in the future.

Dated: December 19, 2023                Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (admitted *pro hac vice*)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile

8

SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

Steven A. Martino
Tiffany Ray
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
stevemartino@taylormartino.com
tiffany@taylormartino.com

*Counsel for Plaintiffs David and Mary Sills*

## CERTIFICATE OF SERVICE

I, Katherine B. Riley, an attorney, hereby certify that on December 19, 2023, I served the above and foregoing Plaintiffs' Opposition to Defendant Jennifer Lyell's Objection to Order Denying Defendants' Motion to Stay Discovery, Motion to Strike and Motion for Protective Order, by causing a true and accurate copy of such papers to be filed and served on the below listed counsel of record via the Court's CM/ECF electronic filing system.

Louis Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

9

George H. Cate, III, Esq.
Kimberly Michelle Ingram-Hogan, Esq.
Virginia Adamson, Esq.
Bradley Arant Boult Cummings LLP
1600 Division St., Suite 700
P.O Box 340025
Nashville, TN 37203-0025
(615) 252-2347
Fax: (615) 252-6347
Gcate@bradley.Com
Kingram@bradley.Com
Jadamson@bradley.Com

Richard C. Mangelsdorf, Jr., Esq.
McAngus Goudelock & Courie, LLC
120 Brentwood Commons Way, Suite 625
Brentwood, TN 37027
(615) 499-7281
Fax: (615) 523-1496
Chuck.Mangelsdorf@mgclaw.Com

*Counsel for Defendant Lifeway Christian Resources of the Southern Baptist Convention*

Olivia Rose Arboneaux, Esq.
Philip N. Elbert, Esq.
Ronald G. Harris, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Oarboneaux@nealharwell.Com
Pelbert@nealharwell.Com
Rharris@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

Catherine M. Newman, Esq.
J. Graham Gilmore, Esq.
R. Bruce Barze, Esq.
Barze Taylor Noles Lowther, LLC
2204 Lakeshore Dr., Ste. 425
Birmingham, AL 35209
205-872-1032
Fax: 205-872-0339
Cnewman@btnllaw.Com

Ggilmore@btnllaw.Com
Bbarze@btnllaw.Com

*Counsel for Defendant Eric Geiger*

Brigid M. Carpenter, Esq.
Ryan P. Loofbourrow, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.Com
Rloofbourrow@bakerdonelson.Com

*Counsel for Defendants Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade*

Byron E. Leet, Esq.
Wyatt, Tarrant & Combs
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.Com

James C. Bradshaw, III, Esq.
Wyatt, Tarrant & Combs
333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.Com

Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.Com

*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
615-320-3700

Jjacobson@rjfirm.Com
Kklein@rjfirm.Com

Steven G. Mintz, Esq.
Terence William McCormick, Esq.
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
(212) 696-4848
Mintz@mintzandgold.Com
Mccormick@mintzandgold.Com

*Counsel for Defendants SolutionPoint International, Inc. d/b/a Guidepost Solutions and Guidepost Solutions, LLC*

                                                       /s/ *Katherine B. Riley*
                                                       Katherine B. Riley