THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS** and **MARY SILLS**, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 3:23-cv-00478 |
| | ) ) | JUDGE WILLIAM L. CAMPBELL, JR. Magistrate Judge Chip Frensley |
| **SOUTHERN BAPTIST CONVENTION**, *et al.* | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

### DEFENDANT JENNIFER LYELL'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER

Defendant Jennifer Lyell opposes the Plaintiffs' Motion to Strike and Motion for Protective Order filed in their Opposition to Defendants' Objections to the Order Denying Defendants' Motion to Stay Discovery (Doc. No. 126). The material that Plaintiffs now seek to strike and protect themselves from are the exact facts that Plaintiffs put at issue by filing this meritless defamation lawsuit against Defendant Lyell, the Southern Baptist Convention ("SBC"), and related entities.

It was Plaintiffs who chose to file this lawsuit and make false claims against Defendant Lyell and the other Defendants. Defendants are entitled to defend themselves, including showing the truth of the statements that Plaintiffs now claim are false and defamatory. Plaintiffs have shown no sufficient legal or factual basis for the unusual relief that they seek in these two frivolous motions, and both motions should be summarily denied.

# INTRODUCTION

Plaintiffs Michael David Sills and Mary Sills filed the Complaint alleging that Defendant Jennifer Lyell, the SBC, and other related entities defamed him and his wife. Plaintiffs alleged that the religious denomination's investigation into its Executive Committee's handling of sexual abuse claims within the denomination was actually part of a conspiracy to defame Plaintiff David Sills and to make him a "scapegoat." Compl. ¶ 46. As Plaintiffs alleged in their Complaint (which was not filed under seal), the Defendant Guidepost Solutions' Report, commissioned by Defendant SBC, did conclude that Plaintiff Sills was an abuser.[1] *Id.* at ¶ 60. Plaintiffs' Complaint accused Defendant Lyell of lying and misrepresenting the facts concerning Plaintiff David Sills' actions towards her. *Id.* at ¶¶ 58, 60. Plaintiffs' causes of action were for defamation, conspiracy, and intentional infliction of emotional distress and sought damage for alleged injury to their reputation. *Id.* at ¶¶ 117-120.

While continuing to claim in their Opposition to Defendants' Objections that Defendant Lyell was not sexually abused by Mr. Sills and continuing to claim that she has lied about their "relationship," Plaintiffs ask this Court to strike Defendant's use of the word "abuser" when referring to Mr. Sills and to order Ms. Lyell and the other Defendants not to make "disparaging comments" about Plaintiffs. Plaintiffs' Opposition/Motion to Strike and Motion for Protective Order at 5-8. Defendant Lyell obviously denies Plaintiffs' claims and files this Response to show that Plaintiffs are not entitled to the relief requested in their motions.

---

[1] For example, as alleged in the Complaint, Mr. Sills was included in the "List of Abusers" in the Report of the Defendant Guidepost Solutions. ¶ 63.

**ARGUMENT**

1. **Plaintiffs' Motion to Strike Must Be Denied.**

Plaintiffs have moved, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike the word "abuser" from Defendant Lyell's Objections to the Magistrate Order. That rule allows the Court to strike from a pleading any "redundant, immaterial, impertinent or scandalous matter." Rule 12(f) Fed. R. Civ. Pro. Defendant's use of the word "abuser" in the context of this lawsuit fits none of those categories.

It is well-settled that motions under Rule 12(f) are generally viewed with "disfavor and are infrequently granted because, among other things, striking a portion of a pleading is a drastic remedy." *Hobbs v. Alcoa, Inc.,* 2005 W.L. 8157350, W.D. Texas at *6 (May 16, 2005) (citing *Federal Deposit Ins. Corp. v. Niblo,* 821 F. Supp. 441, 449 (N.D. Tex. 1993)); *Cutler v. Scott,* 2010 W.L. 2598248 (W.D. Tenn. June 24, 2010). "Motions to strike should be denied unless the allegations attacked have no possible relation to the controversy and may prejudice the other party." *Hobbs*, 2005 W.L. 8157350 at *6 (citing *Mullins v. Chevron Oil Co.,* 344 F. Supp. 1063, 1067 (E.D. La 1972)). *See also Cutler*, 2010 W.L. 2598248 at *6; *Sec'y of U.S. Dep't of Labor v. Kavalec,* 2020 W.L. 3977347 (N.D. Ohio 2020). Indeed, the cases cited by Plaintiffs in support of their Motion are cases where the allegedly scandalous remark had no relation to the allegations at issue in the lawsuit. E.g., *Johnson v. County of Macomb,* 2008 W.L. 2064968 (E.D. Mich. May 13, 2008); *Cutler*, 2010 W.L. 2598248 at *6; *Sec'y of U.S. Dep't of Labor*, 2020 W.L. 3977347 at *11. *Hobbs* is an example of a case denying a Rule 12(f) motion because the Court found two different allegations that defendant sought to strike were relevant to the plaintiff's fraudulent inducement and defamation claims. 2005 W.L. 8157350 at *6.

It is Plaintiffs who put the facts concerning whether Plaintiff David Sills was guilty of sexual abuse at issue. Plaintiffs chose to bring this lawsuit, challenging the methods and the conclusion of Defendant SBC's mandated investigation into the denomination's handling of sexual abuse claims. Plaintiffs chose to bring claims against Defendant Lyell and the other Defendants for allegedly defaming him and harming his reputation. It is axiomatic that any defamation plaintiff who sues for alleged damage to his reputation thereby puts his character and reputation at issue in the case. More importantly, in this case the statements that Plaintiffs allege are false and defamatory are based upon Plaintiffs Sills' claims that he was not an abuser, and that his admitted sexual contact with Ms. Lyell was "consensual." E.g., Compl. ¶¶ 6, 10, Plaintiffs' Opposition at 5-7. Certainly, part of the Defendants' defense to these claims will be that Ms. Lyell was, in fact, abused by him and accurately reported it. Her reporting was found credible by the Defendant Guidepost Solutions' Report. Thus, the issue of whether Mr. Sills was guilty of sexual abuse is certainly material to the claims in the lawsuit that he brought. His disagreement with Ms. Lyell's version of events is not a basis for striking the word "abuser" from any of Defendants' pleadings herein.

The use of the word "abuser" in Defendant Lyell's Objections to the Order denying Defendants' Motion to Stay Discovery was also relevant to the issue before the Court at this time. Defendant Lyell is seeking a stay of discovery until the Court can rule on the Defendants' motions to dismiss. She hopes to avoid discovery to avoid the harm to her that requires her, as a sexual abuse victim, to revisit those events. Objections at 2-3. If the Court grants Defendants' motions and dismisses the case, such discovery would be unnecessary.

## 2. **Plaintiffs Have Shown No Basis for a Protective Order.**

Plaintiffs seek a broad, blanket protective order seeking to prevent Defendants (not just Defendant Lyell) from "publicly making disparaging comments about Plaintiffs." Plaintiffs' Opposition at 8. From a reading of the Plaintiffs' Motion to Strike and for a Protective Order, it would seem that it was Defendants who drug Plaintiffs into a lawsuit to attack them. Obviously, it was Plaintiffs who chose to bring this lawsuit and put these matters at issue. Defendants are entitled to challenge Plaintiffs' version of the events and defend themselves against Plaintiffs' false allegations even if Plaintiffs' view those statements or the characterizations of the events as "disparaging."

Plaintiffs have shown no sufficient legal or factual basis for such a broad order to silence Defendants. The sole factual basis given for their Motion is their objection to counsel for Defendant Lyell using the word "abuser" in a pleading filed herein. As previously noted, that word is at the center of the allegations Plaintiffs brought in this case. Defendants defending themselves in this meritless lawsuit is not "further" defamation as argued by Plaintiffs. Plaintiffs' Opposition at 7.

By Plaintiffs' logic, Defendant Lyell could move for a protective order preventing Plaintiffs from making any disparaging statements about her, such as their continual claims that she was misrepresenting, lying about, or conspiring against Plaintiff Sills, or could move to strike them. *See*, e.g., Plaintiffs' Opposition at 5-7; Compl. ¶ 60. Plaintiffs wish free rein for them to attack Ms. Lyell and disparage her reputation in a public forum, as if it were Mr. Sills who was the victim, but want to prohibit her from saying that she did not lie when she reported that he had abused her.

Plaintiffs did not attach a proposed protective order and did not provide any specifics about the limits of such an order or how it might be enforceable without compromising Defendants' ability to defend themselves. Plaintiffs simply ask the Court for a protective order "preventing Defendants from publicly making disparaging comments about Plaintiffs." Plaintiffs' Opposition at 8.

The unworkability and unfairness of such a blanket order is clear and raises many legal and practical questions. For example, how could Defendants hereafter be barred from saying anything negative about Plaintiffs in this case? Would any pleading with a possibly perceived "disparaging" statement hereafter have to be filed under seal? How would such an order square with First Amendment or due process guarantees?

To the extent Plaintiffs may be seeking to close or seal the pleadings or record in this case, they have fallen well short of the requirements for doing so. There is a "strong presumption in favor of openness" to court records. *Brown v. Williamson,* 710 F.2d 1165, 1179 (6th Cir. 1983). "The burden is a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan,* 835 F.3d 299, 305 (6th Cir. 2016); *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). Even if a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *Shane Group, Inc.,* 835 F.3d at 305 (citing *Press Enterprise Co. v. Superior Court of California Riverside County*, 464 US 501, 509-11 (1984)). The proponent of sealing must "analyze in detail, document by document, the propriety of secrecy providing reasons and legal citations." *Id.* at 305-306.

Plaintiffs have asked for a broad, blanket protective order, which is improper, unnecessary, and unworkable. If there are particular documents that need to be kept confidential, those should be identified, and the specific particularized showing made before any such order may be entered.

## CONCLUSION

Plaintiffs have failed to show a valid legal or factual basis for the extraordinary relief they seek by their Motion to Strike and Motion for Protective Order. The only proffered factual basis for their motions is counsel for Defendant Lyell's use of the word "abuser" in a pleading in this case. As stated herein, the usage of that word was entirely proper and directly relevant to the allegations that Plaintiffs made against the Defendants in this lawsuit. There is not a valid basis for the striking of such word or the granting of the broad protective order that Plaintiffs seek in this action, and such motions must be denied.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: */s/ Ronald G. Harris*
    Ronald G. Harris, BPR #009054
    Philip N. Elbert, BPR #009430
    Olivia R. Arboneaux, BPR #040225

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713 – Phone
(615) 726-0573 – Fax
rharris@nealharwell.com
pelbert@nealharwell.com
oarboneaux@nealharwell.com

*Counsel for Defendant Jennifer Lyell*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January 2024, the foregoing was served via the court's electronic filing system and/or by email on the following counsel of record:

| | |
|---|---|
| Gary E. Brewer<br>BREWER AND TERRY, PC<br>1702 W. Andrew Johnson Hwy.<br>P.O. Box 2046<br>Morristown, TN  37816<br>robin@brewerandterry.com<br><br>John W. ("Don") Barrett *(pro hac vice)*<br>Katherine Barrett Riley *(pro hac vice)*<br>Sarah Sterling Aldridge *(pro hac vice)*<br>BARRETT LAW GROUP, PA<br>P.O. Box 927<br>404 Court Square North<br>Lexington, MS  39095<br>dbarrett@barrettlawgroup.com<br>kbriley@barrettlawgroup.com<br>saldridge@barrettlawgroup.com<br><br>Shannon M. McNulty *(pro hac vice)*<br>CLIFFORD LAW OFFICES, PC<br>120 N. LaSalle St., 36th Floor<br>Chicago, IL  60602<br>smm@cliffordlaw.com<br><br>*Counsel for Plaintiffs* | John R. Jacobson<br>Katharine R. Klein<br>RILEY & JACOBSON, PLC<br>1906 West End Ave.<br>Nashville, TN  37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz *(pro hac vice)*<br>Terence W. McCormick *(pro hac vice)*<br>MINTZ & GOLD LLP<br>600 Third Avenue, 25th Floor<br>New York, NY  10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br><br>*Counsel for Defendants Guidepost Solutions LLC and SolutionPoint International, Inc.* |
| L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN  37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton, and Dr. Bart Barber* | Catherine M. Newman<br>R. Bruce Barze, Jr. *(pro hac vice)*<br>BARZE TAYLOR NOLES LOWTHER LLC<br>2204 Lakeshore Dr., Suite 425<br>Birmingham, AL  35209<br>cnewman@btnllaw.com<br>bbarze@btnllaw.com<br><br>*Counsel for Defendant Eric Geiger* |

| | |
|---|---|
| George H. Cate, III<br>Kimberly M. Ingram-Hogan<br>BRADLEY ARANT BOULT CUMMINGS LLP<br>1600 Division St., Suite 700<br>Nashville, TN 37203<br>gcate@bradley.com<br>kingram@bradley.com<br><br>Richard C. Mangelsdorf, Jr.<br>Terri L. Bernal<br>MCANGUS GOUDELOCK & COURIE, LLC<br>P.O. Box 2949<br>120 Brentwood Commons Way, Suite 625<br>Brentwood, TN 37024<br>chuck.mangelsdorf@mgclaw.com<br>terri.bernal@mgclaw.com<br><br>*Counsel for Defendant LifeWay Christian Resources of the Southern Baptist Convention* | James C. Bradshaw III<br>WYATT, TARRANT & COMBS, LLP<br>333 Commerce Street, Suite 1050<br>Nashville, TN 37201<br>jbradshaw@wyattfirm.com<br><br>Byron Leet *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY 40202<br>bleet@wyattfirm.com<br><br>Thomas E. Travis *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>250 West Main Street, Suite 1600<br>Lexington, KY 40507<br>ttravis@wyattfirm.com<br><br>*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler* |
| Brigid M. Carpenter<br>Ryan P. Loofbourrow<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br>1600 West End Avenue, Suite 2000<br>Nashville, Tennessee 37203<br>bcarpenter@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br><br>*Counsel for Defendants The Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade* | |

                                                    */s/ Ronald G. Harris*