## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS and** | ) | |
| **MARY SILLS,** | ) | |
| | ) | **Case No. 3:23-cv-00478** |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE WILLIAM L. CAMPBELL, JR.** |
| **v.** | ) | **Magistrate Judge Frensley** |
| | ) | |
| **SOUTHERN BAPTIST CONVENTION,** | ) | **JURY TRIAL DEMANDED** |
| **et al.** | ) | |
| | ) | |
| **Defendants** | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION FOR PROTECTIVE ORDER

In Defendant Jennifer Lyell's objection to Magistrate Judge Frensley's order, she improperly and maliciously refers to Plaintiff Michael David Sills as "an abuser." The fact that Plaintiffs' Complaint references a "list of abusers" on which David Sills was improperly included does not give Lyell or any other Defendant free rein to continue to defame Plaintiffs by continuously labeling David Sills as "an abuser," especially when it bears no relevance to whether or not discovery should be stayed. Context matters. The use of the word abuser by Defendant Lyell is superfluous and deliberately inflammatory. It is and should be considered scandalous. These attacks have already harmed Plaintiffs, and this Court should not permit these continued attacks on David Sills' character.

## ARGUMENT

### I.   Plaintiffs' Motion to Strike Should be Granted

Contrary to Lyell's argument, calling David Sills "an abuser" is wholly irrelevant to whether or not Judge Frensley's order denying Defendants' motion to stay should be overruled.[1] Rule 12(f) allows for a Court to strike from a pleading any "redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). The inappropriate name-calling by Lyell is both scandalous and irrelevant as to whether or not discovery should be stayed in this case.

First, the inappropriate name calling has no bearing on whether or not the Ecclesiastical abstention doctrine applies.

Second, a look at the sentence at issue reveals that it is wholly immaterial to Lyell's argument—if you remove "an abuser" from the sentence, her argument (while unpersuasive) is

---

[1] It is worth noting that Lyell is the only Defendant to challenge Judge Frensley's ruling. Other Defendants, specifically the Executive Committee of the Southern Baptist Convention, have accepted Judge Frensley's order and have served discovery requests on Plaintiff David Sills.

still made with sufficient context to allow the Court to determine if Judge Frensley's order should be overruled (it should not). Here is Lyell's argument with "an abuser" removed:

> Of greatest concern, the Magistrate Judge's Order would permit David Sills [] to use the process of this Court to drag Jennifer Lyell through litigation in which he seeks now, belatedly, to revise his prior admissions of wrongdoing and assert claims that are time-barred on their face.

Dkt. No. 125 at 2.[2] The only logical explanation for the inclusion of this scandalous language was to further attack David Sills.

For similar reasons, the fact that Plaintiffs reference Defendant Guidepost's list of abusers in their Complaint does not give Lyell the authority to make gratuitous character attacks on David Sills. Plaintiffs do not dispute that this case involves Lyell's false allegations of sexual abuse and that Defendants must try to rebut Plaintiffs' claims. However, this does not require unprofessional name-calling in court filings (as shown above). Because this language is impertinent to the issues raised in Defendants' motion to Stay and Judge Frensley's order denying it, it should be stricken pursuant to Rule 12.

## II.   Plaintiffs' Motion for a Protective Order Should be Granted

A protective order is the appropriate vehicle to prevent Defendants from continuing to defame Plaintiffs through this proceeding. Fed. R. Civ. P. 26(c) allows the Court, for good cause, to issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. The Court has broad discretion to enjoin Defendants from hurling unprofessional insults at Plaintiffs through court filings. *See Lee v. United States*, No. 2:17-cv-1090, 2020 U.S. Dist. LEXIS 174141, at *3-4 (S.D. Ohio Sep. 22, 2020); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Plaintiffs, particularly David Sills, have already suffered injury

---

[2] Discovery will reveal that the only wrongdoing David Sills ever admitted to was a consensual affair with Lyell.

3

as a result of Lyell's court filing falsely labeling David Sills as an abuser. As Plaintiffs explained in their motion, this case is being monitored by the press, including on social media. As recently as last Friday, posts regarding David Sills being labeled an abuser were on X (formerly Twitter):



This post, and others like it, cause the type of specific harm warranting the entry of a protective order here.

Plaintiffs' request for entry of a protective order is not nearly as overbroad or unworkable as Lyell suggests. Rather, Plaintiffs merely seek protection from continued name-calling by Defendants, specifically enjoining Defendants from calling David Sills "an abuser" or the like in court filings.[3] Just as Plaintiffs do not intend to refer to Lyell as "Lyell, the liar," Defendants should be ordered to refrain from unprofessional bullying in this case.

## CONCLUSION

The context in which Defendant Lyell uses the word "abuser" is inappropriate, it causes great harm and prejudice to Plaintiffs, and it detracts from the dignity of the court. It should be stricken. Furthermore, Plaintiffs have already been harmed through social media posts as a result

---

[3] To be clear, Plaintiffs are not suggesting that Defendants be allowed to refer to David Sills as an abuser at all, even in documents filed under seal. Plaintiffs anticipate that Defendants will seek a confidentiality designation over documents in their possession which refer to David Sills "an abuser."

of Lyell's attack on David Sills. In order to prevent further harm to Plaintiffs, Defendants should be enjoined from such name-calling in future court filings.

Dated: January 9, 2024                       Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (admitted *pro hac vice*)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

Steven A. Martino
Tiffany Ray
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
stevemartino@taylormartino.com
tiffany@taylormartino.com

*Counsel for Plaintiffs David and Mary Sills*

**CERTIFICATE OF SERVICE**

I, Katherine B. Riley, an attorney, hereby certify that on January 9, 2024, I served the above

and foregoing Plaintiffs' Reply In Support of Motion to Strike and Motion for Protective Order,

by causing a true and accurate copy of such papers to be filed and served on the below listed

counsel of record via the Court's CM/ECF electronic filing system.

Louis Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

George H. Cate, III, Esq.
Kimberly Michelle Ingram-Hogan, Esq.
Bradley Arant Boult Cummings LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 252-2347
Fax: (615) 252-6347
Gcate@bradley.Com
Kingram@bradley.Com

Richard C. Mangelsdorf, Jr., Esq.
McAngus Goudelock & Courie, LLC
120 Brentwood Commons Way, Suite 625
Brentwood, TN 37027
(615) 499-7281
Fax: (615) 523-1496
Chuck.Mangelsdorf@mgclaw.Com

*Counsel for Defendant Lifeway Christian Resources of the Southern Baptist Convention*

Olivia Rose Arboneaux, Esq.
Philip N. Elbert, Esq.
Ronald G. Harris, Esq.

Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Oarboneaux@nealharwell.Com
Pelbert@nealharwell.Com
Rharris@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

Catherine M. Newman, Esq.
J. Graham Gilmore, Esq.
R. Bruce Barze, Esq.
Barze Taylor Noles Lowther, LLC
2204 Lakeshore Dr., Ste. 425
Birmingham, AL 35209
205-872-1032
Fax: 205-872-0339
Cnewman@btnllaw.Com
Ggilmore@btnllaw.Com
Bbarze@btnllaw.Com

*Counsel for Defendant Eric Geiger*

Brigid M. Carpenter, Esq.
Ryan P. Loofbourrow, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.Com
Rloofbourrow@bakerdonelson.Com

*Counsel for Defendants Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade*

Byron E. Leet, Esq.
Wyatt, Tarrant & Combs
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.Com

James C. Bradshaw, III, Esq.
Wyatt, Tarrant & Combs

7

333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.Com

Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.Com

*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
615-320-3700
Jjacobson@rjfirm.Com
Kklein@rjfirm.Com

Steven G. Mintz, Esq.
Terence William McCormick, Esq.
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
(212) 696-4848
Mintz@mintzandgold.Com
Mccormick@mintzandgold.Com

*Counsel for Defendants SolutionPoint International, Inc. d/b/a Guidepost Solutions and Guidepost Solutions, LLC*

/s/ *Katharine B. Riley*
Katharine B. Riley