IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS** and **MARY SILLS,** | ) ) |
| | ) Case No. 3:23-cv-00478 |
| **Plaintiffs,** | ) |
| | ) **JUDGE WILLIAM L. CAMPBELL, JR.** |
| v. | ) Magistrate Judge Frensley |
| | ) |
| **SOUTHERN BAPTIST CONVENTION,** et al. | ) **JURY TRIAL DEMANDED** ) |
| | ) |
| **Defendants** | ) |

## AGREED PROTECTIVE ORDER

The parties to this case, through their respective counsel, agree to protect the confidentiality of certain documents (including documents stored in any electronic format), which may be discoverable or offered as evidence during this matter, including but not limited to at the trial of this case. The parties agree that the confidentiality of such information and documents shall be preserved under the terms of this Agreed Protective Order.

1. It is agreed that material that a party deems confidential shall be disclosed only to:

   (a) The following individuals, each of whom shall be required to read this Protective Order and agree to abide by its terms before being given any of the information.

   i. Counsel for the parties who are actively engaged in the conduct of this litigation and their staff to the extent reasonably necessary to render professional services in the litigation;

   ii. The parties to the litigation;

   iii. Experts retained by the parties, regardless whether the expert is expected to testify at trial after executing the Acknowledgment of Confidentiality Designations and Agreement to Be Bound by Terms of Court Order set forth in Attachment A (the "Acknowledgment");

iv. Third parties reasonably retained by a party or that party's counsel to the extent reasonably necessary to render the services to be provided including, but not limited to, court reporters, videographers, photocopy and IT services after executing the Acknowledgment;

v. Fact witnesses, but only during their testimony by deposition or in trial or to the extent reasonably necessary to prepare them for such testimony and, in any event, the witness shall not retain copies of any confidential document;

vi. Any person indicated on the face of the document as a sender, recipient, copyee, or blind copyee;

vii. Any mediator or settlement officers, and their supporting personnel;

viii. The Court and its personnel; and

ix. Any other individuals included by order of the Court.

2. Documents produced by the parties to which this Protective Order is applicable shall be stamped or marked "CONFIDENTIAL." For purposes of this Order, "Confidential Documents" shall include the following types of information and documents, provided that such information/documents are designated as "Confidential," as specified in paragraphs (A)-(C) below:

(a) Any document produced, any statement made (whether oral or written), and/or any answer given (whether oral or written) by Plaintiffs or Defendants (including any current or former employee, agent, and/or representative of Defendants and/or any of Defendants' affiliates) during the course of discovery that contains, discloses, or reveals: (i) confidential or proprietary business or financial information; or (ii) private and/or sensitive information concerning Defendants' employees (including, but not limited to, financial information, medical information, leave information, disciplinary information, social security numbers, dates of birth and other private employee information).

(b) Any document produced, any statement made (whether oral or written), or any answer given (whether oral or written) by Plaintiffs during the course of discovery that contains, discloses, or reveals: (i) information concerning Plaintiffs' past or present medical condition(s), medical treatment(s), psychological condition(s), or psychological treatment(s); (ii) personal financial or tax information; (iii) current email address , physical address, or phone numbers; or (iv) social security numbers; and

(c) Any other type of information that is maintained by the producing party on a confidential basis, provided that the producing party has a legitimate interest in maintaining the confidentiality/privacy of said information.

Irrespective of a specific "Confidential" designation, all tax ID numbers, account numbers, personal identification information, and medical information shall be considered "Confidential," as well as social security numbers. If a social security number is the only Confidential Information contained in a document, the social security number should simply be redacted prior to filing or dissemination.

3. For purposes of this Order, "Highly Confidential – Attorneys' Eyes Only" shall include extremely sensitive Confidential information or tangible things, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. "Highly Confidential – Attorneys' Eyes Only" information shall be stamped and marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

4. Any party who believes that any document or other thing which should have been marked "Confidential" or "Highly Confidential – Attorneys' Eyes Only" has not been so marked, including documents produced by third parties, may, but is not required to, notify the other party,

in writing, within 14 days of reviewing the document or thing that should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." If a party gives such notice, all other parties shall treat the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" unless or until the designation is withdrawn or the Court rules that the document should not receive such treatment.

5. Documents designated as "Highly Confidential – Attorneys' Eyes Only" and the information embodied therein, may only be disclosed to and discussed with the following persons involved in this proceeding:

> (a) the parties' attorneys in the case and their staff to the extent reasonably necessary to render professional services in the litigation;
>
> (b) the Court and its personnel;
>
> (c) any stenographic reporter and videographer who are engaged during the litigation and after executing the Acknowledgment;
>
> (d) experts and consultants retained by the parties or their counsel in connection with the subject matter of this action, including their staff or contractors after executing the Acknowledgment;
>
> (e) witnesses and their attorneys, if the witness authored, recorded, sent, modified, or received the discovery material in the ordinary course;
>
> (f) at depositions, witnesses and their attorneys if counsel has a good-faith basis that the witness has knowledge of the Highly Confidential information;
>
> (g) original authors or recipients of the information; and
>
> (h) persons designated by further Order of the Court.

4

If any party wants to file document(s) designated as Confidential or Highly Confidential – Attorneys' Eyes Only, that party shall request permission to file the document under seal pursuant to Local Rule 5.03 as set forth in paragraph 11 below. The burden shall be on the Designating Party to demonstrate that the document should be filed under seal as required by Local Rule 5.03.

6. Third parties producing documents pursuant to subpoena in this action may also designate documents as Confidential or Highly Confidential – Attorneys' Eyes Only subject to the same protections, obligations and constraints as the parties to this action.

7. The inadvertent, unintentional, or *in camera* disclosure, without designation as Confidential or Highly Confidential – Attorneys' Eyes Only, of a document that should have been designated as being Confidential or Highly Confidential – Attorneys' Eyes Only shall not waive the right to so designate such document. Any documentation that is inadvertently or unintentionally not designated as being Confidential or Highly Confidential – Attorneys' Eyes Only when produced shall be thereafter, upon written request of the producing party, treated as being designated as confidential under this Protective Order.

8. A party or third party may, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as Confidential or Highly Confidential – Attorneys' Eyes Only based on a good faith determination that any portion(s) so designated constitute(s) Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

9. A lawyer who wishes to challenge the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation made by the producing party of any materials must first attempt in good faith to confer with lawyers for the producing party to resolve the issue amicably. If an agreement cannot be reached in whole or in part, the challenging

party may file a motion asking the Court to remove the designation. The motion should describe with specificity the materials for which the designation is being challenged and set forth with specificity the materials that are not properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The party or third-party seeking to maintain materials as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will bear the burden of proving that the designation is proper subject to applicable law. Materials designated as "CONFIDENTIAL" or 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will continue to be treated as such and subject to the provisions of this Protective Order pending determination by the Court of the merits of any such challenge.

10. Subject to the Federal Rules of Evidence, any Confidential or Highly Confidential – Attorneys' Eyes Only information or documents may be offered in evidence at trial or any Court hearing or in support of, or opposition to, a motion. Any party may move the Court to prevent unnecessary disclosure of Confidential or Highly Confidential – Attorneys' Eyes Only information and documents.

11. Nothing in this Protective Order shall be construed to waive any objection to the discoverability or admissibility of any document or testimony. Any objections to discoverability or admissibility may be raised by the objecting party notwithstanding the protections of this Protective Order under applicable law in accord with any applicable orders of the Court.

12. Any party or third-party wishing to file any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information under seal with the Court shall follow Local Rule 5.03 and any other applicable rule or law. Notwithstanding any of the foregoing, and pursuant to Local Rule 5.03 and Section 5.07 of Administrative Order No. 167-1, a party's designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is not

6

Case 3:23-cv-00478   Document 149   Filed 03/26/24   Page 6 of 9 PageID #: 996

binding on the Court for any other purposes including the Court's determination of whether such information constitutes in part or in whole a trade secret or other protected information for purposes of restricting access to such information.

13. Absent agreement of the parties or further order of the court, material designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be used only for purposes of this litigation. This does not apply to materials for which a moving party challenges the designation and prevails. No individual shall use any material properly designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, and for which the designation has not been successfully challenged, for any other business or financial purpose. All provisions of this Order restricting the communication or use of Confidential Information and Highly Confidential – Attorneys' Eyes Only Information shall remain in force after dismissal or entry of final judgment not subject to further appeal and shall be binding on all parties after the conclusion of this action unless otherwise agreed in writing by the parties.

14. In the event of a disclosure in violation of this Protective Order (whether intentional or unintentional), the disclosing party shall immediately notify the opposing party of the disclosure and take immediate action to prevent further disclosure. In the event either party is subpoenaed or otherwise required by legal process to disclose the information, it shall immediately notify the opposing party and provide it with an opportunity to object before any disclosure is made.

15. The Court shall retain jurisdiction to make amendments, modifications, and additions to this Order as the Court may deem appropriate, as well as to resolve any disputes about the disposition of Confidential Information of Highly Confidential – Attorneys' Eyes Only Information. The provisions of this Order shall survive the termination or conclusion of this action.

The Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

16. If, as contemplated by Federal Rule of Evidence 502(b), a party inadvertently produces to any other party any document that is privileged, in whole or in part, pursuant to the attorney-client privilege, work-product doctrine, or any other applicable privilege, and has taken reasonable steps to prevent such disclosure, the producing party may retrieve the privileged material by giving written notice to all parties who received copies of the produce documents of the claimed privilege within 14 days of the date on which the producing party became aware of the inadvertent production. Upon receipt of such notice, all parties or other persons that received a copy of the produced document shall return any privileged material to the producing party and either return or destroy all copies, abstracts, or summaries thereof, as may be directed by the producing party. The terms of this paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of any information or material as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this paragraph be deemed a waiver of the asserted privilege.

17. Within sixty (60) days after the conclusion of all aspects of the litigation of this case, whether by settlement, final judgment or appeal, confidential documents and all copies in print (other than exhibits of record), on computer disc or in any type of electronic format shall be destroyed or returned to the party that produced the documents.

18. The parties agree to be bound by the terms of this Agreed Protective Order effective upon the filing of same with the Court.

**IT IS SO ORDERED.**

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS** and **MARY SILLS,** ) ) ) **Plaintiffs,** ) ) v. ) ) **SOUTHERN BAPTIST CONVENTION,** ) **et al.** ) ) **Defendants** ) | Case No. 3:23-cv-00478<br><br>JUDGE WILLIAM L. CAMPBELL, JR.<br>Magistrate Judge Frensley<br><br>JURY TRIAL DEMANDED |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY DESIGNATIONS AND AGREEMENT TO BE BOUND BY TERMS OF COURT ORDER

The undersigned hereby agrees to be bound by the Agreed Protective Order in the present civil action, a copy of which has been provided to me. I further state that I have read the Agreed Protective Order and understand and agree to the terms and conditions thereof. I hereby subject myself to personal jurisdiction in the United States District Court for the Middle District of Tennessee for purposes of interpretation and enforcement of the Agreed Protective Order.

**Date:** _____

_____
**Signature**

_____
**Printed Name**