UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | No. 3:23-cv-00478 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION, *et al*. | ) | MAGISTRATE JUDGE FRENSLEY |
| | ) | |
| *Defendants*. | ) | JURY DEMAND |
| | ) | |
| | ) | |
| | ) | |

**ANSWER OF THE EXECUTIVE COMMITTEE OF THE SOUTHERN
BAPTIST CONVENTION TO PLAINTIFFS' COMPLAINT**

The Executive Committee of the Southern Baptist Convention ("EC"), for its answer to the Complaint filed by the plaintiffs, Michael David Sills and Mary Sills ("Plaintiffs"), states as follows:

1. The EC denies the allegations made against it in paragraph 1 of the Complaint.[1]

2. The EC denies the allegations contained in paragraph 2 of the Complaint.

3. The EC denies the allegations contained in paragraph 3 of the Complaint.

4. The EC lacks information sufficient to admit or deny the truth of the allegations made in paragraph 4 of the Complaint.

---

[1] Rule 10(b) of the Federal Rules of Civil Procedures requires that "[a] party must state its claims or defenses in numbered paragraphs." Fed. R. Civ. P. 10(b) (2024). Contrary to Rule 10(b), the Complaint contains an unnumbered paragraph on pages 1 and 2. To the extent a response is required to this paragraph, the EC admits that it has been named a defendant in this lawsuit as described in the unnumbered paragraph on pages 1 and 2. The EC denies any other allegation made against it contained in this unnumbered paragraph on pages 1 and 2.

5. The EC lacks information sufficient to admit or deny the truth of the allegations made in paragraph 5 of the Complaint.

6. The EC admits that Jennifer Lyell was over the age of majority when she met David Sills. The EC denies the remaining allegations made in paragraph 6 of the Complaint.

7. The EC admits that Jennifer Lyell was a vice president with Lifeway in Tennessee. The EC lacks information sufficient to admit or deny the truth of the remaining allegations made in paragraph 7 of the Complaint.

8. The EC lacks information sufficient to admit or deny the truth of the allegations made in paragraph 8 of the Complaint.

9. The EC admits that David Sills acknowledged the existence of an inappropriate relationship. The EC further admits that David Sills resigned his position with the Southern Baptist Theological Seminary. The EC denies the allegations in paragraph 9 insofar as the statement that he "resigned from positions within the Southern Baptist Convention" alleges or otherwise implies that David Sills was an employee of the SBC.

10. The EC denies the allegations contained in paragraph 10 of the Complaint.

11. The EC denies the allegations contained in paragraph 11 of the Complaint.

12. The EC admits the SBC faced allegations that it had improperly ignored reports of sexual abuse. The EC denies the remaining allegations contained in paragraph 12 of the Complaint.

13. The EC denies the allegations contained in paragraph 13 of the Complaint.

14. The EC admits that David Sills was a missiologist, professor and author who resigned from his position at the Southern Baptist Theological Seminary after admitting to allegations made against him by Jennifer Lyell. The EC admits that David Sills lives in

Mississippi. The EC denies the remaining allegations contained in paragraph 14 of the Complaint.

15. The EC admits that Mary Sills is married to David Sills and is a resident of Mississippi. The EC lacks information sufficient to admit or deny the truth of the remaining allegations made in paragraph 15 of the Complaint.

16. The EC admits that paragraph 16 of the Complaint accurately reflects language set forth in the SBC's Charter. The EC admits it is incorporated in Georgia. The EC denies the remaining allegations contained in paragraph 16.

17. The EC admits that Ed Litton is an individual who served at one time as the President of the SBC and resides in Alabama. The EC denies the remaining allegations contained in paragraph 17 of the Complaint.

18. The EC admits that Bart Barber is an individual who has served as the President of the SBC and resides in Texas. The EC denies the remaining allegations contained in paragraph 18.

19. The EC admits that it is a non-profit corporation organized under the laws of Tennessee. The EC admits that the Bylaws of the SBC contained the quoted language, but that the full sentence states that the EC "shall be the fiduciary, the fiscal, and the executive entity of the Convention in all its affairs not specifically committed to some other board or entity."

20. The EC admits that Willie McLaurin is an individual who has served as the Interim President/CEO of the Executive Committee of the SBC and resides in Tennessee. The EC denies the remaining allegations contained in paragraph 20.

21. The EC admits that Rolland Slade is an individual who has served as the Chairman of the Executive Committee of the SBC and resides in California. The EC denies the remaining allegations contained in paragraph 21.

22. The EC admits that The Southern Baptist Theological Seminary is a nonprofit corporation that trains, educates and prepares ministers, persons, churches, and denominational entities of all levels of competency and is located in the Commonwealth of Kentucky. The EC denies the remaining allegations contained in paragraph 22.

23. The EC admits that Dr. R. Albert Mohler is an individual who has served as the President of The Southern Baptist Theological Seminary and resides in Kentucky. The EC denies the remaining allegations contained in paragraph 23.

24. The EC responds to paragraph 24 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing Lifeway Christian Resources as a party to this action. The EC admits that Lifeway Christian Resources is a non-profit corporation which publishes Christian resources including those identified in paragraph 24 of the Complaint and has operations in Tennessee. The EC denies the remaining allegations contained in paragraph 24.

25. The EC admits that Jennifer Lyell was a student of David Sills while he was her professor at The Southern Baptist Theological Seminary. The EC admits that Jennifer Lyell was an employee of Lifeway Christian Resources for a period of time and held the position of vice president. The EC admits that Jennifer Lyell resides in Tennessee. The EC lacks information sufficient to admit or deny the truth of the remaining allegations made in paragraph 25 of the Complaint.

26. The EC responds to paragraph 26 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing Eric Geiger as a party to this action. The EC admits that Eric Geiger is an individual who at times was a senior vice president at Lifeway Christian Resources and currently resides in California. The EC denies the remaining allegations contained in paragraph 26 of the Complaint.

27. The EC responds to paragraph 27 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing SolutionPoint International, Inc. from the case. The EC admits Guidepost Solutions LLC is a New York limited liability company and has an office in New York. The EC denies that SolutionPoint International, Inc, or Guidepost Solution LLC are employees or agents of the SBC. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27 of the Complaint.

28. The EC admits Guidepost Solutions LLC is a New York limited liability company and has an office in New York. The EC denies that Guidepost Solution LLC is an employee or agent of the SBC, EC, Mr. Slade or Mr. McLauren. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28 of the Complaint.

29. The EC denies the allegations contained in paragraph 29 of the Complaint.

30. The EC admits the EC is subject to personal jurisdiction in Tennessee. The EC denies the remaining allegations contained in paragraph 30 of the Complaint.

31. The EC denies the allegations contained in paragraph 31 of the Complaint.

32. The EC admits that David Sills was a missiologist, professor and author who resigned from his position at the Southern Baptist Theological Seminary after admitting to allegations made against him by Jennifer Lyell. The EC admits that Mary Sills is married to David Sills. The EC denies the remaining allegations contained in paragraph 32 of the Complaint.

33. The EC denies the allegations contained in paragraph 33 of the Complaint.

34. The EC denies the allegations contained in paragraph 34 of the Complaint.

35. The EC admits that Jennifer Lyell disclosed her relationship with David Sills in Spring 2018. The EC denies that Jennifer Lyell characterized the relationship as merely an

- 5 -
4877-7867-4100.v1
Case 3:23-cv-00478   Document 154   Filed 04/05/24   Page 5 of 18 PageID #: 1067

"affair," but as abusive. The EC denies the remaining allegations contained in paragraph 35 of the Complaint.

36. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 of the Complaint.

37. The EC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint.

38. The EC denies the allegations contained in paragraph 38 of the Complaint.

39. The EC denies the allegations contained in paragraph 39 of the Complaint.

40. The EC admits that David Sills resigned from The Southern Baptist Theological Seminary. The EC denies the remaining allegations contained in paragraph 40 of the Complaint.

41. The EC denies the allegations contained in paragraph 41 of the Complaint.

42. The EC admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 42.

43. The EC admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 43.

44. The EC admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 44.

45. The EC admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021. The EC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 45.

46. The EC admits that the EC, on behalf of itself and the SBC, entered into a confidential settlement with Jennifer Lyell. The EC denies the remaining allegations contained in paragraph 46 of the Complaint.

47. The EC denies the allegations contained in paragraph 47 of the Complaint.

48. The EC denies the allegations contained in paragraph 48 of the Complaint.

49. The EC admits that, in accordance with the mandate given by the SBC's Messengers, the SBC, through and under the leadership of the Sexual Abuse Task Force ("Task Force"), retained Guidepost to conduct an independent investigation into the EC and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement. The EC admits the Committee on Cooperation of the EC ("Committee on Cooperation") was headed by the President of the SBC, Ed Litton. The EC further admits the remaining four members of the Committee on Cooperation were members of the EC. The EC further admits that two members of the Committee on Cooperation were chosen by the EC and two were chosen by the Task Force. The EC denies the remaining allegations contained in paragraph 49 of the Complaint.

50. The EC admits that, in accordance with the mandate given by the SBC's Messengers, the SBC, through and under the leadership of the Sexual Abuse Task Force, retained Guidepost in October of 2021 to conduct an independent investigation into the EC and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement. The EC denies the remaining allegations contained in paragraph 50 of the Complaint.

51. The allegations contained in paragraph 51 of the Complaint relate solely to the conduct and motivations of Guidepost, and therefore, the EC is not required to admit or deny

4877-7867-4100.v1

these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 51 of the Complaint.

52. The EC admits that on February 22, 2022 a statement was issued by Rolland Slade as the Executive Committee Chairman related to Jennifer Lyell. The EC admits that the EC, on behalf of itself and the SBC, entered into a confidential settlement agreement with Jennifer Lyell. The EC denies the remaining allegations contained in paragraph 52 of the Complaint.

53. The EC admits that on February 22, 2022 a statement was issued by Rolland Slade as the Executive Committee Chairman related to Jennifer Lyell and the quotations from this document included in this paragraph appear to be correct. The EC denies the remaining allegations contained in paragraph 53 of the Complaint.

54. The EC admits that paragraph 54 of the Complaint contains an image of the February 22, 2022 statement issued by Rolland Slade as the Executive Committee Chairman. The EC denies the remaining allegations contained in paragraph 54 of the Complaint.

55. The EC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint.

56. The EC denies the allegations contained in paragraph 56 of the Complaint.

57. The EC admits that paragraph 57 of the Complaint contains quotations from the Report of the Independent Investigation into the EC's Response to Sexual Abuse Allegations and Audit of the Procedures and Actions of the Credentials Committee dated May 15, 2022 (the "Guidepost Report") prepared by the defendant, Guidepost Solutions, LLC ("Guidepost"). The EC denies the remaining allegations contained in paragraph 57 of the Complaint.

58. The EC admits that paragraph 58 of the Complaint contains quotations from the Guidepost Report. The EC denies the remaining allegations contained in paragraph 58 of the Complaint.

59. The EC admits that Dr. Albert Mohler made the statement referenced in paragraph 59 of the Complaint.

60. The EC denies the allegations contained in paragraph 60 of the Complaint.

61. The EC denies the allegations contained in paragraph 61 of the Complaint.

62. The EC denies the allegations contained in paragraph 62 of the Complaint.

63. The EC admits that page 169 of the list identifies and contains a headshot of David Sills. The EC denies the remaining allegations contained in paragraph 63 of the Complaint.

64. The EC admits Section 5.1 of the Engagement agreement provides, "[t]he SBC agrees to indemnify Guidepost for any actions, judgments, or claims against Guidepost arising out of the Engagement, including but not limited to reimbursement for all Guidepost time charges, fees, costs, reasonable attorney's fees and disbursements and defense or other costs associated with any such actions, judgments, or claims, unless and until it were to be finally adjudicated that Guidepost's actions were negligent, tortious, or beyond the scope of the Engagement." The EC denies the remaining allegations contained in paragraph 64 of the Complaint.

65. The allegations contained in paragraph 65 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the EC is not required to admit or deny these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the EC is not required to admit or deny these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the EC is not required to admit or deny these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the EC is not required to admit or deny these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the EC is not required to admit or deny these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 69 of the Complaint.

70. The allegations contained in paragraph 70 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the EC is not required to admit or deny these allegations. To the extent a response is required, the EC denies the allegations contained in paragraph 70 of the Complaint.

71. The EC admits that paragraph 71 of the Complaint contains an image of a statement issued by Dr. Albert Mohler on July 8, 2022 in his role as President of the Southern Baptist Theological Seminary. The EC denies the remaining allegations contained in paragraph 71 of the Complaint.

72. The EC admits that paragraph 72 of the Complaint contains a number of images of social media posting made by Bart Barber in July of 2022. The EC denies the remaining allegations contained in paragraph 72 of the Complaint.

73. The EC denies the allegations contained in paragraph 73 of the Complaint.

74. The EC denies the allegations contained in paragraph 74 of the Complaint.

75. The EC denies the allegations contained in paragraph 75 of the Complaint.

76. The EC denies the allegations contained in paragraph 76 of the Complaint.

77. The EC denies the allegations contained in paragraph 77 of the Complaint.

78. In response to paragraph 78 of the Complaint the EC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

79. The allegations contained in paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the EC denies the allegations contained in paragraph 79 of the Complaint.

80. The EC denies the allegations contained in paragraph 80 of the Complaint.

81. The EC denies the allegations contained in paragraph 81 of the Complaint.

82. The EC denies the allegations contained in paragraph 82 of the Complaint.

83. The EC denies the allegations contained in paragraph 83 of the Complaint.

84. The EC denies the allegations contained in paragraph 84 of the Complaint.

85. The EC admits a letter dated November 5, 2022 demanding a retraction was received and that no retraction was made.

86. The EC denies the allegations contained in paragraph 86 of the Complaint.

87. The EC denies the allegations contained in paragraph 87 of the Complaint.

88. The EC denies the allegations contained in paragraph 88 of the Complaint.

89. The EC denies the allegations contained in paragraph 89 of the Complaint.

90. The EC denies the allegations contained in paragraph 90 of the Complaint.

91. The EC denies the allegations contained in paragraph 91 of the Complaint.

92. The EC denies the allegations contained in paragraph 92 of the Complaint.

93. The EC denies the allegations contained in paragraph 93 of the Complaint.

94. In response to paragraph 94 of the Complaint the EC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

95. The EC denies the allegations contained in paragraph 95 of the Complaint.

96. The EC denies the allegations contained in paragraph 96 of the Complaint.

97. The EC denies the allegations contained in paragraph 97 of the Complaint.

98. In response to paragraph 98 of the Complaint the EC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

99. The EC denies the allegations contained in paragraph 99 of the Complaint.

100. The EC denies the allegations contained in paragraph 100 of the Complaint.

101. The EC denies the allegations contained in paragraph 101 of the Complaint.

102. The allegations contained in paragraph 102 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the EC denies the allegations contained in paragraph 102 of the Complaint.

103. The EC denies the allegations contained in paragraph 103 of the Complaint.

104. The EC denies the allegations contained in paragraph 104 of the Complaint.

105. The EC denies the allegations contained in paragraph 105 of the Complaint.

106. The EC denies the allegations contained in paragraph 106 of the Complaint.

107. The EC denies the allegations contained in paragraph 107 of the Complaint.

4877-7867-4100.v1

108. The allegations contained in paragraph 108 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the EC denies the allegations contained in paragraph 108 of the Complaint.

109. The allegations contained in paragraph 109 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, the EC denies the allegations contained in paragraph 109 of the Complaint.

110. The EC denies the allegations contained in paragraph 110 of the Complaint.

111. The EC denies the allegations contained in paragraph 111 of the Complaint.

112. The EC denies the allegations contained in paragraph 112 of the Complaint.

113. In response to paragraph 113 of the Complaint the EC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

114. The EC denies the allegations contained in paragraph 114 of the Complaint.

115. The EC denies the allegations contained in paragraph 115 of the Complaint.

116. The EC denies the allegations contained in paragraph 116 of the Complaint.

117. The EC denies the allegations contained in paragraph 117 of the Complaint.

118. The EC denies the allegations contained in paragraph 118 of the Complaint.

119. The EC denies the allegations contained in paragraph 119 of the Complaint.

120. The EC denies the allegations contained in paragraph 120 of the Complaint.

121. The EC denies the plaintiffs are entitled to the relief requested in the Prayer for Relief.

122. The EC admits plaintiffs have demanded a trial by jury.

123. The EC denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over this action.

2. Plaintiff's claims are barred pursuant to the ecclesiastical abstention doctrine.

3. Plaintiff's claims are barred pursuant to the First Amendment to the United States Constitution.

4. Plaintiff's claims are barred pursuant to Article I, Section 19 of the Tennessee Constitution.

5. Plaintiff's claims are barred because any alleged statements made the basis of Plaintiff's claims were a matter of public concern.

6. Plaintiff's claims are barred because Plaintiff cannot attribute any tortious conduct to the EC.

7. The EC adopts and relies upon the doctrine of comparative fault. To the extent the EC is found to be at fault, which is denied, any fault by the EC should be reduced by the percentage of fault attributable to the negligent acts or omissions of other persons or parties, including but not limited to the Plaintiff and/or Guidepost.

8. Plaintiff's defamation claim is barred because the alleged defamatory statements are true and/or substantially true.

9. Plaintiff's defamation claim is barred because Plaintiff is a public figure and/or limited purpose public figure.

10. Plaintiff's defamation claim is barred because any statements that were made were privileged.

11. Plaintiff's invasion of privacy claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff is a public figure and/or limited purpose public figure.

12. Plaintiff's intentional infliction of emotional distress claim is barred because the conduct complained of was not intentional or reckless, was not outrageous, and did not cause Plaintiff serious mental injury.

13. Plaintiff's intentional infliction of emotional distress claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff is a public figure and/or limited purpose public figure.

14. Plaintiff's negligent infliction of emotional distress claim is barred because Plaintiff cannot establish any element of a negligence claim or that such negligence was the cause in fact and proximate cause of damages, if any, sustained by Plaintiff.

15. Plaintiff's public disclosure claim is barred because the alleged statements were a matter of public concern.

16. Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages, if any.

17. To the extent Plaintiff has suffered any damages, his acknowledged improper conduct was the sole proximate cause of the harms alleged.

18. To the extent any noneconomic damages are awarded, the damages are capped pursuant to Tenn. Code Ann. § 29-39-102.

19. To the extent any punitive and/or exemplary damages are awarded, those damages are capped pursuant to Tenn. Code Ann. § 29-39-104.

20. To the extent any punitive and/or exemplary damages are awarded, those damages are barred because they would violate due process.

# JURY DEMAND

The EC demands a trial by jury.

# PRAYER

The EC, having fully answered the Complaint, prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That EC be awarded attorneys' fees and costs incurred in defending the Complaint; and

3. That the EC be awarded such other and further general and equitable relief to which it is entitled.

Respectfully submitted,

s/ Brigid M. Carpenter
Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
bcarpenter@bakerdonelson.com
rloofbourrow@bakerdonelson.com
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-7341
Fax: (615) 744-7341

*Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Willie McLaurin, and Rolland Slade*

4877-7867-4100.v1

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

John W. Barrett
Katherine Barrett Riley
Barrett Law Group. P.A.
P.O. Box 927
404 Court Square
Lexington, Mississippi 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
smm@cliffordlaw.com

Gary E. Brewer
Brewer & Terry, P.C.
1702 W. Andrew Johnson HWY
Morristown, Tennessee 37816-2046
robin@brewerandterry.com

*Attorneys for Plaintiffs*

Oliva Rose Arboneaux
Philip N. Elbert
Ronald G. Harris
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
oarboneaux@nealharwell.com
pelbert@nealharwell.com
rharris@nealharwell.com

*Attorneys for Jennifer Lyell*

R. Bruce Barze
Catherine M. Newman
Barze Taylor Noles Lowther, LLC
2204 Lakeshore Drive, Suite 425
Birmingham, Alabama 35209

bbarze@btnllaw.com
cnewman@btnllaw.com

*Attorneys for Eric Geiger*

James C. Bradshaw, III
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
jbradshaw@wyattfirm.com

Byron E. Leet
Wyatt, Tarrant & Combs
400 West Market Street
Louisville, Kentucky 40202
bleet@wyattfirm.com

Thomas E. Travis
Wyatt, Tarrant & Combs
250 W. Main Street, Suite 1600
Lexington, Kentucky
ttravis@wyattfirm.com

*Attorneys for The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

Louis Gino Marchetti, Jr.
Matthew C. Pietsch
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Attorneys for Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

Terence William McCormick
Steven G. Mintz
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
mccormick@mintzandgold.com
mintz@mintzandgold.com

*Attorneys for Solutionpoint International, Inc.*

George H. Cate, III
Kimberly Michelle Ingram-Hogan
Bradley Arant Boult Cummings LLP
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
gcate@bradley.com
kingram@bradley.com

Richard C. Mangelsdorf, Jr.
Terri L. Bernal
P.O. Box 2949
120 Brentwood Comms Way
Suite 625
Brentwood, Tennessee 37024

Chuck.mangelsdorf@mgclaw.com
Terri.bernal@mgclaw.com

*Attorneys for Lifeway Christian Resources of the Southern Baptist Convention*

John R. Jacobson
Katharine R. Klein
Riley & Jacobson
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

Alex Otchy, pro hac vice
Adam Kahan Brody, pro hac vice
Scott Klein, pro hac vice
Mintz and Gold
600 Third Ave, 25th Floor
New York, NY 10016
otchy@mintzandgold.com
brody@mintzandgold.com
klein@mintzandgold.com

*Attorneys for Guidepost Solutions, LLC and Solutionpoint International, Inc.*

This 5th day of April, 2024.

s/ Brigid M. Carpenter
Brigid M. Carpenter

- 18 -
4877-7867-4100.v1
Case 3:23-cv-00478   Document 154   Filed 04/05/24   Page 18 of 18 PageID #: 1080