IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, *et al.*, <br><br> Defendants. | Case No.: 3:23-cv-00478 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Jeffery S. Frensley <br><br> JURY TRIAL DEMANDED |

**PLAINTIFFS' OBJECTION TO, AND CLARIFICATION OF, UNSUPPORTED and/or DISPUTED FACTS PLACED IN THE RECOND BY DEFEDANTS JENNIFER LYELL AND SOUTHERN BAPTIST CONVENTION.**

Plaintiffs, through their undersigned counsel, had been preparing a response to the motions [Dkt. Nos. 171, 172] of Defendants Jennifer Lyell ("Lyell") and Southern Baptist Convention, Dr. Ed Litton, and Bart Barber (the "SBC Defendants"). In the meantime, the Court granted the extensions of time. [Dkt. Nos. 173, 174]. Nevertheless, the motions by Lyell and the SBC Defendants included disputed facts unsupported by evidence which are potentially prejudicial and create an inaccurate Record. For that reason, Plaintiffs make their objection and clarification for the Record.

   I.   **Pertinent Procedural and Factual History**

   1.   Reflected in the docket is a partial history of the Parties' recent dispute concerning discovery. [Dkt. Nos. 164 through 170]. The Court instructed the Parties to meet and confer. The most disputed issue was that Defendants opposed any extension of time that would affect the trial date. Defendants also demanded that Plaintiffs demonstrate "good cause" for any adjustment.

2. Thereafter, on May 10, 2024, a very modest adjustment to the scheduled was made, and the corresponding Order was entered. [Dkt. Nos. 169, 169-1, 170]. All discovery closes, at Defendants' own insistence, on September 18, 2024. *Id*.

3. On October 30, 2023, April 17, 2024, April 24-25, 2024, May 13, 2024, Plaintiffs propounded written discovery on Defendants. The discovery is straightforward and not at all complicated. [attached, hereto, as Combined Exhibit A]. Plaintiffs essentially ask Defendants, including Lyell and SBC, to produce the evidence and documents on which they relied in making their notorious allegations against Plaintiffs.

4. In that same period of time, Plaintiffs answered multiple sets of written discovery and produced 89,148 pages of documents in support of their claims and responsive to the written discovery.

5. As the due date approached, Defendants began seeking requests for extensions of time in which to answer Plaintiffs' discovery. On May 15, 2024, the Executive Committee Defendants (including Slade and McLaurin) sought an extension until June 7, and Plaintiffs agreed to permit that extension. On June 6, 2024, they asked for another extension until June 21, 2024.

6. Similarly, on June 6, Defendants were phoning Plaintiffs' counsel for separate and varied extensions of time. Plaintiffs' counsel was not altogether against an extension, but no meaningful explanation had been supplied as to why Defendants needed extensions, or if discovery could be partially answered, or when document productions would start and what the volume was.

7. As such, Plaintiffs' counsel emailed all Defendants and asked that anyone seeking an extension supply such details so that Plaintiffs' counsel could respond. [Exhibit B, the Barrett email]. Plaintiffs' overarching concern shared with Defendants was that the recently entered

scheduling order reflected the narrow timeframe for discovery that Defendants wanted, and the difficulties imposed by number and nature of extensions now sought by Defendants.

8. Rather than respond to the Barrett email or even ask to meet and confer, as obligated by the Court's own Order [Dkt. No. 99] and L.R. 37.01, Defendant Lyell and the SBC Defendants simply filed with haste the motions at bar. [Dkt. No. 171 and 172]. The other Defendants, Guidepost, The Executive Committee, Rolland Slade, Southern Baptist Theological Seminary and Dr. Mohler, served written answers and objections on June 7-10, 2024.

## II. Objections

9. First, Plaintiffs object to the pattern that has developed whereby Lyell and the SBC Defendants choose not to meet and confer with Plaintiffs' counsel. This is the third instance of a blatant disregard for Court rules, and Plaintiffs respectfully request that this Court require Lyell and the SBC Defendants to file no further motion without a sworn certification that counsel for Lyell and the SBC Defendants have met and conferred in good faith with Plaintiffs' counsel.[1] Of course, the relief sought is merely following this Court's own rule and previously entered Orders, however, entry of a clear order directed at Lyell and the SBC Defendants on this issue of meeting and conferring, which they serially avoid, would clarify the obligation and allow Plaintiffs to seek relief should further violations occur.

10. Second, Plaintiffs object to the unsupported assertions made in the motions of Lyell and the SBC Defendants. [Dkt. Nos. 171, 172]. The mischaracterizations are inaccurately placed in the Record and prejudicial to Plaintiffs.

---

[1] The movants suggest conferral had occurred, however, that is not accurate. There had been a request for extension made by phone, but the Barrett email (Exhibit B) supports that no meet and confer had proceeded. Plaintiffs had not known that the motions were being filed until the were on the docket.

11.     As to the SBC Defendants, paragraph 6 of their motion suggests that Plaintiffs were not inclined to agree to an extension. [Dkt. No. 172, ¶ 6]. That was not true; Plaintiffs merely wanted a better understanding of what would be produced, whether it could be produced on a rolling basis, and how the productions may affect the scheduling order for which Defendants made certain representations concerning the timing of discovery. *See* Exhibit B.  Meeting and conferring would have facilitated those points which presently remain unanswered. Notably, Plaintiffs also have never agreed that the SBC Defendants have a "limited role" as SBC's motion implies. [Dkt. No. 172, ¶ 4]. Plaintiffs' pleadings speak to that issue, and nothing has changed. Plaintiffs certainly have every expectation that the SBC Defendants are producing all responsive materials and have concerns that the SBC has characterized its role in the allegations, or production of its evidence, as "limited."

12.     As to Defendant Lyell, in her motion, Lyell similarly contends an extension was not agreeable to Plaintiffs. [Dkt. No. 171, ¶ 5). That was not accurately reported, and Plaintiffs merely sought to understand the same timing and sequence of production. There was never a refusal of extension, just concerns expressed by Plaintiffs based on prior discussion with Defendants concerning discovery.  *See* Exhibit B.

13.     Indeed, in similar discussions, Defendants sought to impose a "good cause" standard, which Plaintiffs do not, in any way, seek to impose in this instance. Nevertheless, Plaintiffs are entitled to have a better understanding of what documents are coming, and when, so as to ensure completeness and a lack of prejudice in presenting Plaintiffs for deposition. Defendants did not respond to Plaintiffs email and instead filed copy-cat motions that misrepresented conferral.

14. Nearly three weeks ago, when the Parties discussed scheduling matters, there was no indication by Defendants that discovery extensions were necessary for their answers and, in fact, most opposed the extension sought by Plaintiffs. Notably, Plaintiffs agreed to one extension for all who requested, and Plaintiffs properly requested more details from the movants, SBC Defendants and Lyell, with respect to their second requests. *See* Exhibit B. Then the motions were filed.

15. Now, the Parties' are subject to a scheduling order that did not anticipate Defendants needing more than the one series of extensions (to which Plaintiffs agreed).

16. Further, the productions by Defendants SBC and Lyell may make productions by June 21, 2024 as the Court permitted, however, Plaintiffs are prejudiced by any potential document production made on June 21st because written discovery closes on June 28, 2024. In other words, Plaintiffs are essentially denied adequate time to review the documents produced that day and then propound additional written discovery concerning those productions.

17. In an effort to facilitate resolution of Plaintiffs' concerns, Plaintiffs' counsel have emailed (contemporaneous with this pleading) all defense counsel for the purpose of setting a time to meet and confer about the timing, sequence and content of the movants' productions and the Parties' respective discovery obligations.

WHEREFORE, Plaintiffs object to the misleading aspects of Defendants' respective motions and wish to clarify the Record by way of written objection and clarification. Plaintiffs do not object to the Court's Orders [Dkt. No. 173, 174]. If the SBC Defendants and Lyell produce minimal evidence, such that depositions can promptly proceed, then there may be no need for further intervention of the Court on this issue. However, if the SBC Defendants and Lyell produce evidence in any amount similar to that which Plaintiffs have already produced, then further

5

Case 3:23-cv-00478   Document 175   Filed 06/12/24   Page 5 of 7 PageID #: 1282

intervention of the Court may be necessary, including for the purpose of allowing for review of such documentary evidence prior to depositions proceeding; allowing for review of documentary evidence and subsequent propounding of written discovery by Plaintiffs prior to written discovery closing on June 28, 2024; and, for any further relief that is just.

Dated: June 12, 2024                          Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (admitted *pro hac vice*)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

Steven A. Martino
Tiffany Ray
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131

Facsimile: (251) 405-5080
stevemartino@taylormartino.com
tiffany@taylormartino.com

*Counsel for Plaintiffs Mary and David Sills*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record via the Court's ECF system on this the 12th day of June 2024.

/s/ *Katherine B. Riley*
Katherine B. Riley