THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS<br>and MARY SILLS,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION,<br>*et al.*<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　　CASE NO. 3:23-cv-00478<br>)<br>)　　JUDGE WILLIAM L. CAMPBELL, JR.<br>)　　Magistrate Judge Chip Frensley<br>)<br>)　　JURY TRIAL DEMANDED<br>)<br>) |

## DEFENDANT LYELL'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO REQUEST FOR EXTENSION OF TIME

Defendant Jennifer Lyell asked for a reasonable extension of time to answer discovery requests propounded by Plaintiffs Michael David Sills and Mary Sills. This Court has granted the extension of time (Doc. No. 173). Nevertheless, Plaintiffs have filed their "Objection to, and Clarification of, Unsupported and/or Disputed Facts Placed in the Record by Defendants Jennifer Lyell and Southern Baptist Convention" ("Objection") (Doc. No. 175). Defendant Lyell must respond to this Objection because it contains inaccurate and misleading statements attempting to prejudice Ms. Lyell and her counsel before this Court.

Missing from Plaintiffs' recitation of the facts is the exchange between Lyell's and Plaintiffs' counsel regarding the initial request for an extension. See emails attached hereto as **Exhibit A.** Plaintiffs' counsel advised that she could not give the full extension that Defendant Lyell requested (30 days) because she had only given other Defendants an extension until June 7,

2024. As confirmed in that email exchange, she said she would be willing to consider a longer extension if it was still needed.

On June 6, one day before that extension expired, Defendant Lyell's counsel called Plaintiffs' counsel and, pursuant to their prior discussion, requested an additional extension for two weeks. Defendant's counsel advised why additional time was needed. Plaintiffs' counsel advised that she might be willing to give a ten (10) day extension, but she would have to talk with others on her team. Defendant's counsel mentioned the possible need to file a motion for extension. Defendant's counsel immediately followed up with an email at 2:41 p.m. that day confirming the request for additional time. **(Exhibit B)**

On June 7, the next day and <u>the day that the original extension was to expire</u>, Plaintiffs' counsel sent an email to a number of Defendants' counsel saying, "Several of you have reached out and left messages for extensions of time on your discovery requests." The email requested that each of the Defendants' counsel send specific requests for extensions and the reasons therefore. **(Exhibit C)**

After receipt of this email requesting specification, with the current time for responding running out that same day, Defendant Lyell's counsel called Plaintiffs' counsel, but was unable to reach her. (This call was never returned.) Even though Defendant Lyell's counsel had already given the requested information to Plaintiffs' counsel by telephone and email the prior day, Defendant's counsel <u>again</u> sent an email **(Exhibit D)** with their request for an extension at 12:26 p.m.

Plaintiffs' counsel did <u>not</u> respond during business hours on the last day of the extension. Because of the lack of response and the expiring deadline, Defendant Lyell's counsel had to file a

2

Case 3:23-cv-00478   Document 176   Filed 06/14/24   Page 2 of 6 PageID #: 1470

Motion for Extension to more fully protect their client's rights. In this context, at this late date, Plaintiffs' counsel's continued lack of response had the same effect as a refusal. The motion was hurriedly prepared and filed at the end of the business day on Friday, June 7, 2024 (Doc. No. 171). There was no responpse to Defendant's request until 9:17 p.m. that evening—after the motion had to be filed. **(Exhibit E)**

Plaintiffs' Objection contains several incorrect, misleading statements. It is most certainly disingenuous and inaccurate for Plaintiffs' counsel to tell the Court that counsel for Defendant Lyell "choose not to meet and confer with Plaintiffs' counsel," and they have a "blatant disregard for Court rules." Objection ¶ 9. As supported by the attached emails, Defendant Lyell's counsel spoke with Plaintiffs' counsel by phone asking for an extension, subsequently sent two emails, and on the last day for the response, made another attempt to reach Plaintiffs' counsel by phone to try again to discuss the requested extension.

Plaintiffs' counsel did not respond after the June 6 phone call (saying she would check with others on her team) or to the email that day and did not return the phone call or make any response to the email sent (as requested) on June 7 (the last day of the extension) until late that night. This lack of response by Plaintiffs' counsel is what necessitated filing the Motion for Extension of Time at the close of business on Friday, June 7.

Defendant Lyell's counsel did not "choose not to meet and confer with Plaintiffs' counsel." They attempted to do so multiple times. It would be more accurate to say that it was Plaintiffs' counsel who chose not to meet and confer with them. Defendant certified in their Motion for Extension that "they have attempted in good faith to resolve the issues, but because of the approaching deadline [that day] and Plaintiffs' lack of agreement, this motion must be filed." That certification is correct.

Undersigned counsel does not wish to get into arguing about what transpired before the Motion for Extension that has already been granted. This response is necessary, however, because we take the meet and confer requirement seriously, not merely as a rule, but as a matter of professionalism. As detailed above, our motion was only filed because Plaintiffs' counsel declined to agree to the requested extension and proved to be unwilling or unavailable to have further discussion prior to the impending deadline.

Counsel for Defendant Lyell is grateful to the Court for granting this much needed, short two-week extension. Undersigned counsel submits this Response and the attached documents to demonstrate that statements in Plaintiffs' Objections about counsel for Defendant Lyell are not accurate or well-founded.

Respectfully submitted,

**NEAL & HARWELL, PLC**

By: /s/ Ronald G. Harris
Ronald G. Harris, BPR #009054
Philip N. Elbert, BPR #009430
Olivia R. Arboneaux, BPR #040225

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713 – Phone
(615) 726-0573 – Fax
rharris@nealharwell.com
pelbert@nealharwell.com
oarboneaux@nealharwell.com

*Counsel for Defendant Jennifer Lyell*

4

# CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of June, 2024, the foregoing was served via the court's electronic filing system on the following counsel of record:

| | |
|---|---|
| Gary E. Brewer<br>BREWER AND TERRY, PC<br>1702 W. Andrew Johnson Hwy.<br>P.O. Box 2046<br>Morristown, TN  37816<br>robin@brewerandterry.com<br><br>John W. ("Don") Barrett *(pro hac vice)*<br>Katherine Barrett Riley *(pro hac vice)*<br>Sarah Sterling Aldridge *(pro hac vice)*<br>BARRETT LAW GROUP, PA<br>P.O. Box 927<br>404 Court Square North<br>Lexington, MS  39095<br>dbarrett@barrettlawgroup.com<br>kbriley@barrettlawgroup.com<br>saldridge@barrettlawgroup.com<br><br>Shannon M. McNulty *(pro hac vice)*<br>CLIFFORD LAW OFFICES, PC<br>120 N. LaSalle St., 36th Floor<br>Chicago, IL  60602<br>smm@cliffordlaw.com<br><br>*Counsel for Plaintiffs* | John R. Jacobson<br>Katharine R. Klein<br>RILEY & JACOBSON, PLC<br>1906 West End Ave.<br>Nashville, TN  37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz *(pro hac vice)*<br>Terence W. McCormick *(pro hac vice)*<br>Adam Kahan Brody *(pro hac vice)*<br>Scott Klein *(pro hac vice)*<br>Alex Otchy *(pro hac vice)*<br>MINTZ & GOLD LLP<br>600 Third Avenue, 25th Floor<br>New York, NY  10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>brody@mintzandgold.com<br>klein@mintzandgold.com<br>otchy@mintzandgold.com<br><br><br>*Counsel for Defendants Guidepost Solutions LLC and SolutionPoint International, Inc.* |
| L. Gino Marchetti, Jr.<br>Matthew C. Pietsch<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN  37203<br>gmarchetti@tpmblaw.com<br>matt@tpmblaw.com<br><br>*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton, and Dr. Bart Barber* | Brigid M. Carpenter<br>Ryan P. Loofbourrow<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br>1600 West End Avenue, Suite 2000<br>Nashville, Tennessee 37203<br>bcarpenter@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br><br>*Counsel for Defendants The Executive Committee of the Southern Baptist Convention and Rolland Slade* |

| | |
|---|---|
| James C. Bradshaw III<br>WYATT, TARRANT & COMBS, LLP<br>333 Commerce Street, Suite 1050<br>Nashville, TN 37201<br>jbradshaw@wyattfirm.com<br><br>Byron Leet *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY 40202<br>bleet@wyattfirm.com<br><br>Thomas E. Travis *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>250 West Main Street, Suite 1600<br>Lexington, KY 40507<br>ttravis@wyattfirm.com<br><br>*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler* | Alan S. Bean<br>STARNES DAVIS FLORIE, LLP<br>3000 Meridian Blvd., Suite 350<br>Franklin, Tennessee 37067-6321<br>abean@starneslaw.com<br><br>*Counsel for Defendant Willie McLaurin* |

                                                  */s/ Ronald G. Harris*
                                                  Ronald G. Harris

6

Case 3:23-cv-00478   Document 176   Filed 06/14/24   Page 6 of 6 PageID #: 1474