IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) Case No.: 3:23-cv-00478 |
| v. | )<br>) |
| | ) Judge William L. Campbell, Jr. |
| SOUTHERN BAPTIST CONVENTION, *et al.*, | ) Magistrate Judge Jeffery S. Frensley<br>) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO EXTEND FACT DISCOVERY DEADLINES

Plaintiffs, by and through their undersigned counsel, respectfully move this Court to extend for all Parties the deadline to complete all written discovery from September 18, 2024 to October 18, 2024, complete fact witness depositions by November 16, 2024, and to extend the deadline to submit discovery disputes from September 29, 2024 to October 30, 2024. In support of this motion, Plaintiffs state as follows:

1. The Parties have been diligently engaged in discovery, conferring to reach agreement where possible and attempting to defer areas of disagreement, in favor of advancing the tremendous volume of discovery in this case. Essentially, the process has been successful for the Parties to acquire the facts necessary for all claims and defenses. Even so, the document burden in this case has consistently proven to be beyond that which any Party anticipated[1].

2. Substantial discovery has been underway really only since April 2024.[2] Since that time, the Parties have propounded 172 interrogatories (most with multi-part inquiries which are

---

[1] The nature of the witnesses and their respective professions (i.e., publishers, professors, reporters, etc.), and their longevity those professions, makes for extensive volumes of documents to identify and search.

[2] The necessary Protective Order (Dkt. No. 149) was entered 03/26/24.

not tallied, here), 163 requests for production and 47 Requests for Admission. Some 89 witnesses have been disclosed by the Parties, and more than a dozen additional witnesses have been identified during discovery. That written discovery has largely been both answered and objected to by the Parties, with a multitude of extensive meet-and-confer sessions. Answers and documents are still under review by all Parties.

3. In terms of the tremendous volume exchanged, ESI vendors have processed some 1.413 terabytes of data. Approximately 125,494 documents consisting of more than a half million pages have been produced by the Parties and third-party witnesses in this action. Phones and hard drives have been imaged, and search terms negotiated. Document productions are ongoing and de-duping is extensive. This particular aspect of the case has exceeded the Parties' expectations. That said, it has also prevented depositions from proceeding; everyone necessarily wants the documents before the depositions.

4. As the Court is aware, this case involves: two plaintiffs, four large corporate defendants, five individual defendants, and more than a dozen third-party witnesses. The history of the discovery is also known to this Court. [*See e.g.*, Dkt. Nos. 169, 170]. In pursuing intensive fact discovery, it has been the experience of the Parties that even when they reach an agreement in good faith, a detail unknown at the time of agreement surfaces and pushes back the timing all originally thought sufficient. At the last status hearing, the Parties flagged the issue of modifications to the schedule.

5. For example, a minimal modification was made to the schedule [Dkt. Nos. 173, 174, 181], however, those production deadlines could not be met despite the Parties' best efforts. The Parties worked together as best they could in light of the processing that is necessary before the documents could be produced. In addition to the details supplied to the Court at that time

2

regarding the Parties' concerns about the schedule, third-party witnesses similarly create the need for more time in ways that are also beyond the control of the Parties. For example, on September 12, 2024, third-party witness, Lifeway, identified approximately 130,000 documents in response to a subpoena sent more than a month ago, and now wishes to negotiate additional terms to reduce the document volume. Plaintiffs have obliged the request by Lifeway, but the witness will necessarily require additional processing time before making their production. Third-party witness, Reaching and Teaching, was subpoenaed more than a month ago and recently sought a 21-day extension. On the day of this filing, Reaching and Teaching contacted Plaintiffs' counsel for additional time.

6. Without question, the document volume, identification of potential witnesses and tracking down of those witnesses (before the Parties can even ascertain the need for a deposition), has created a substantial timing burden experienced by all Parties in this litigation.

7. For all of the foregoing reasons, to date only one deposition has been taken. The Parties are working in good faith to schedule depositions, but due to the volume of documents and number of witnesses in this litigation, the nature of the witnesses' work and scheduling difficulties associated with their work, and the need to travel for several of the depositions, there remains a substantial number of depositions yet to be taken. Indeed, documents are still coming in from witnesses.

8. The current fact discovery window is set to close on September 18, 2024 [Dkt. No. 181]. The current status of discovery - namely ongoing document productions and outstanding witness depositions - does not allow the Parties to complete discovery within the current timeframe.

9. The Parties previously met and conferred on this topic by teleconference and email. Defendants agreed that additional time is necessary to adequately complete discovery, and specifically agreed to an extension to October 18, 2024, provided other deadlines were not changed at this time. Accordingly, Plaintiffs respectfully propose that written discovery close on October 18, 2024.

10. Time to complete depositions will extend beyond that date, and currently offered deposition dates for certain witnesses presently extends to October 30, 2024. It is expected that depositions can be completed in November.

11. The presently proposed extension will conform to the requirements of L.R. 16.01(d)(2.f) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date.

12. The Parties have not, at this time, sought modification to the trial date. Nevertheless, despite the Parties' best efforts, practical considerations suggest that may become necessary.

13. Absent further modification to the trial date, if the Court grants the relief currently sought, except for the modifications provided in the order, all other provisions of previous case management and scheduling orders remain in full force and affect.

14. In accordance with Local Rule 7.01(a)(1), counsel for Plaintiffs have conferred with all other counsel, and the relief requested with respect to October 18, 2024 in this motion is not opposed. Plaintiffs in preparing this motion realized that Defendants have scheduled a deposition for October 30, 2024, and thereafter proposed in this motion that depositions should conclude on November 16, 2024. For that particular relief, despite Plaintiffs' counsels' best efforts to phone

and email opposing counsel, responses from opposing counsel could not be achieved prior to filing this motion. Plaintiffs' counsel will resume those efforts on Monday.

For these reasons, Plaintiffs respectfully request an extension to complete written discovery by October 18, 2024, complete fact witness depositions by November 16, 2024, and an extension to submit to the Court discovery disputes from September 29, 2024 to October 30, 2024.

Dated: September 13, 2024            Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com


Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

***Counsel for Plaintiffs***

## CERTIFICATE OF SERVICE

I, Katherine B. Riley, hereby certify that on September 13, 2024, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley
