IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS and MARY SILLS,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> **SOUTHERN BAPTIST CONVENTION,** *et al.*, ) <br> ) <br> **Defendants.** ) | **Case No.: 3:23-cv-00478** <br><br> **Judge William L. Campbell, Jr.** <br> **Magistrate Judge Jeffery S. Frensley** <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to L.R. 5.03 and L.R. 7.01 and the Agreed Protective Order (Dkt. No. 149), Plaintiffs respectfully submit this Motion for Leave to File Under Seal their 1) Emergency Motion for Protective Order; 2) Memorandum in Support of same and supporting exhibits; and 3) the Declaration of Katherine Barrett Riley and supporting exhibit.

The subject of Plaintiffs' Emergency Motion, supporting Memorandum and Declaration is a non-party whose name the Parties have agreed to designate as Confidential under the Agreed Protective Order. The subject matter discussed in detail in the Motion, Memorandum and Declaration relates to personal and private details of a non-party. The Memorandum also requires exhibits which contain material that has been designated "Confidential" by the Parties and consistent with the Agreed Protective Order entered in this case. Placing the materials in the docket would be improper under the agreement to maintain confidentiality, and no purpose would be served by making public the contents of the Motion, Memorandum or Declaration.

Pursuant to L.R. 7.01(a), undersigned counsel has conferred with counsel for Defendants who agree that the identity of the non-party should be designated as Confidential. Plaintiffs will provide Defendants with a copy of the unsealed document after filing.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). While the right of public access to judicial records is presumed, it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 410 (6th Cir. 1986). One exception to the "presumption in favor of openness . . . center[s] on the content of the information to be disclosed to the public." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). "In determining the appropriateness of sealing court records under this exception, [courts] consider, among other things, . . . the privacy rights of participants or third parties[.]" *Id.* When this exception applies, "the seal itself must be narrowly tailored to serve that reason." *Id.* at 594. (citation and quotation marks omitted).

Plaintiffs' Emergency Motion and supporting documents contain confidential information, including the identity of a non-party, and private and personal information regarding her connection (or lack of) to this matter. This Motion for Leave to Seal seeks to protect the non-party from annoyance, embarrassment, oppression, and undue burden and expense, and more specifically, to safeguard their privacy, without prejudicing the existing Parties in this case. The public does not have an interest in discussions about private matters of non-parties to a case. Because this information is highly sensitive, it should be sealed, especially in light of the probability that Plaintiffs' motion may be granted. Redaction of these documents would be impractical given the relatively expansive discussion of the non-party and the non-party's role in this matter, including the relevancy thereof as discussed in the Emergency Motion.

2

# **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file under seal their 1) Emergency Motion for Protective Order; 2) Memorandum in Support of same and supporting exhibits; and 3) the Declaration of Katherine Barrett Riley and supporting exhibit, for the purpose of maintaining confidentiality and to protect the identity, and personal and private details of a non-party.

Dated: January 31, 2025

Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

*/s/ Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Katherine B. Riley, hereby certify that on January 31, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley
