IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:23-00478 |
| ) | Judge Campbell/Frensley |
| SOUTHERN BAPTIST CONVENTION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is now before the Court upon "Plaintiffs' Emergency Motion for Protective Order and to Terminate or Otherwise Stay the Deposition." Docket No. 200. Plaintiffs have also filed a Supporting Memorandum and other supporting documents. Docket Nos. 201, 201-1 through 201-9. Defendants have filed a Response in Opposition and a supporting document. Docket Nos. 202, 202-1, 203.

The subject of Plaintiffs' Motion is the deposition of Brenda May Welch, currently scheduled to take place tomorrow, February 4, 2025. Docket No. 201-2. Plaintiffs contend that the Court should issue a protective order prohibiting this deposition because "the deposition will not elicit testimony that is relevant" but will "cause Plaintiffs undue embarrassment and further emotional distress." Docket No. 201, p. 1.

Defendants argue that the Motion should be denied because Plaintiffs "failed to comply with the relevant discovery rules" set forth in the Amended Case Management Order, specifically those requiring an in-person discussion and a request for a discovery conference. Docket No. 202, p. 1. Defendants further argue that they have already made travel arrangements to attend

the deposition, that Plaintiffs lack standing to assert Ms. Welch's privacy interests, and that Ms. Welch has not objected to the subpoena. *Id.* at 2.

As is understandable given the emergency nature of the Motion, the Parties (and specifically Defendants) have not fully briefed the issue of the requested protective order. *See* Docket No. 202. Full briefing on this issue will aid the Court in determining whether a protective order is warranted. Defendants are therefore ordered to submit a response to the Motion on that topic no later than February 13, 2025. Plaintiffs may file an optional reply no later than February 20, 2025.

Pending resolution of the protective order dispute, the subpoena to Ms. Welch (Docket No. 201-2) is QUASHED and her deposition must not proceed. Plaintiffs' Motion (Docket No. 200) is GRANTED. Defendants must provide Ms. Welch (who is believed to be an unrepresented person) with a copy of this Order as soon as is practical to avoid her appearing at the place and time scheduled in the subpoena.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**