# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, *et al.*, <br><br> Defendants. | Case No.: 3:23-cv-00478 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Jeffery S. Frensley <br><br> JURY TRIAL DEMANDED |

## JOINT MOTION TO AMEND CASE MANAGEMENT ORDER DEADLINES

The Parties, by and through their undersigned counsel, respectfully move this Court to amend the case management order deadlines. In support of this motion, the Parties state as follows:

1. This matter is currently set for trial on February 10, 2026 [Dkt. No. 193]. After meeting and conferring, the Parties respectfully and jointly seek entry of an Order that modifies case management deadlines.

2. The Parties have been diligently engaged in discovery, conferring to reach agreement where possible and attempting to defer areas of disagreement, in favor of advancing the tremendous volume of discovery in this case. Essentially, the process has been successful for the Parties to acquire the facts necessary for all claims and defenses. Even so, the document burden in this case has consistently proven to be beyond that which any Party anticipated.[1]

3. Since discovery being substantially underway since April 2024,[2] the Parties have propounded 172 interrogatories (most with multi-part inquiries which are not tallied, here), 163

---

[1] The nature of the witnesses and their respective professions (i.e., publishers, professors, reporters, etc.), and their longevity in those professions, makes for extensive volumes of documents to identify and search.

[2] This dispute involves allegations of defamation in relation to allegations of sexual abuse and investigations associated with those allegations. As such, a Protective Order [Dkt. No. 149]

requests for production and 47 Requests for Admission. Some 89 witnesses have been disclosed by the Parties, and more than a dozen additional witnesses have been identified during discovery. Eleven witnesses have been deposed. The written discovery has largely been both answered and objected to by the Parties, with a multitude of extensive meet-and-confer sessions.

4. Documents are still under review by all Parties, and party depositions are still being scheduled. In particular, there has been extensive conferral concerning 30(b)(6) witnesses and third-party witnesses, as well as privilege logs and discovery deficiencies.

5. In terms of the tremendous volume exchanged, ESI vendors have processed some 2 terabytes of data. Approximately 205,546 documents consisting of nearly one million pages have been produced by the Parties and third-party witnesses in this action.[3] Phones and hard drives have been imaged, and search terms negotiated. Document productions are ongoing and de-duping is extensive. As previously reported, this particular aspect of the case has exceeded the Parties' expectations. Depositions have proceeded, however, the document production remains an ongoing project.

6. The document discovery has had a substantial impact on time, staff, and money. The collection and processing of electronically stored information (ESI) involves several steps that cannot be rushed or abbreviated. [*See* The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production, 19 Sedona Conf. J. 1 (2018). e.g., Principal 10, Comment10.a. ("The volume and form of ESI productions have substantially increased the burdens and costs of privilege and confidentiality reviews and the risks of inadvertent production of privileged and work product protected information."); *see also*, The

---

was entered on March 26, 2024, to protect, among other things, the sensitive nature of the materials and information that will be exchanged in this lawsuit.

[3] The document and data volume has doubled since last reported to the Court in September 2024.

Sedona Conference, Commentary on Protection of Privileged ESI, 17 Sedona Conf. J. 95, Appendix F, Federal Rule 502—State Law Analogues, at 199 (2016)].

7. The Parties have met and conferred to discuss efficiencies and their progress in discovery. All Parties have been diligent, particularly in light of the volume of documents and electronically stored information processed and produced to date. The Parties have made tremendous progress with written discovery, however, depositions are still being scheduled.

8. As the Court is aware, this case involves: two plaintiffs, four organizational defendants, five individual defendants, and more than a dozen third-party witnesses. In necessarily pursuing the intensive fact discovery, it has been the experience of the Parties that time to meet and confer, schedule and prepare witnesses, travel to witnesses, and take the testimony is time-intensive task. Since starting depositions in October 2024, the Parties have deposed twelve witnesses across four states, issued more than 30 subpoenas (and processed responsive documents), and interviewed a dozen witnesses in an effort to ascertain the need for actual deposition testimony.

9. As reflected by the absence of docket entries between October 2024 and present (except for appearances by additional attorneys to assist with the workload), the Parties have worked together to continue document productions and depositions.

10. The current fact discovery window is set to close on February 17, 2024 [Dkt. No. 192]. The current status of discovery - namely ongoing document productions and outstanding depositions - does not allow the Parties to complete discovery within the current timeframe. Accordingly, the Parties jointly seek modification to the schedule.

11. The Parties have met and conferred on this topic by teleconference and in-person. All Parties agree that despite best efforts, additional time is necessary to adequately complete fact discovery. The Parties devised a proposed schedule that permits completion of discovery and

3

compliance with the 90-day rule in advance of the February 10, 2026 trial date. No Party is prejudiced by this joint request.

12. The current dates and proposed dates are as follows:

| Event | Current Date | Proposed Date 60 days |
|---|---|---|
| All Written Discovery and Depose All Fact Witnesses | February 17, 2025 | April 28, 2025 |
| Case Resolution Plan and Joint Status Report | February 27, 2025 | February 27, 2025 |
| All Discovery Disputes Brought to Court | February 27, 2025 | May 5, 2025 |
| Expert Disclosures | Mar. 14, 2025 (Plaintiffs) Apr. 14, 2025 (Defendants) Rebuttal only by leave of Court | June 11, 2025 (Plaintiffs) July 11, 2025 (Defendants) Rebuttal only by leave of Court |
| Expert Depositions | May 21, 2025 | August 8, 2025 |
| Dispositive Motions | June 9, 2025 | August 22, 2025 |
| Serve Copy of Direct Testimony of Experts | November 3, 2025 | December 5, 2025 |
| Motions *in limine* | January 19, 2026 (file) January 26, 2026 (respond) | January 19, 2026 (file) January 26, 2026 (respond) |
| Exchange Exhibits and Deposition Designations | January 19, 2026 | January 19, 2026 |
| Joint Pre-trial Order, Jury Instructions, Witness & Exhibit Lists, Stipulations | January 26, 2026 | January 26, 2026 |
| Pre-trial Conference | February 2, 2026 | February 2, 2026 |
| Final Settlement Status Report | | |
| Trial | February 10, 2026 | February 10, 2026 |

13. There is good cause to modify the current scheduling order because the Parties have diligently worked to comply with the order, discussed alternatives, and the Parties have regularly met-and-conferred in good faith to move discovery forward apace, but the Parties cannot

4

reasonably meet the current schedule. Rule 16 provides a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Washington v. Riverview Hotel, Inc.*, No. 3:19-CV-00097, 2020 WL 12990974, at *2 (M.D. Tenn. May 14, 2020) citing to *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Whether "good cause" exists is a matter within the court's discretion. *Masonite Corp. v. Craftmaster Mfg., Inc.*, 09 CV 2131, 2011 WL 1642518, at *2 (N.D. Ill. Apr. 29, 2011) citing to *United States v. One Parcel of Real Estate Located at 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir.2001).

14. Notably, "good cause to modify a scheduling order may be found to exist when the moving party shows that it diligently assisted the district court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009), citing 6A Wright, Miller & Kane, <u>Federal Practice and Procedure</u> § 1522.1 at 231 (2d ed.1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008) citing Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment).

15. The Parties have shown good cause. The Parties have diligently pursued discovery and confronted the challenges of the intensive document discovery. Parties have exhausted all options and cannot comply with the Order.

For these reasons, the Parties jointly and respectfully request an amendment to the current case management schedule, as set forth herein.

Dated: February 13, 2025                    Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

***Attorneys for Plaintiffs***

/s/ *Brigid M. Carpenter*
Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
bcarpenter@bakerdonelson.com

rloofbourrow@bakerdonelson.com
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-7341
Fax: (615) 744-7341

***Attorneys for Executive Committee of the Southern Baptist Convention and Rolland Slade***

/s/ *Byron E. Leet*
Byron E. Leet (Admitted *Pro Hac Vice*)
Wyatt, Tarrant & Combs
400 West Market Street
Louisville, Kentucky 40202
bleet@wyattfirm.com

James C. Bradshaw, III (BPR #13170)
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
jbradshaw@wyattfirm.com

Thomas E. Travis (Admitted *Pro Hac Vice*)
Wyatt, Tarrant & Combs
250 W. Main Street, Suite 1600
Lexington, Kentucky
ttravis@wyattfirm.com

***Attorneys for The Southern Baptist Theological Seminary and Dr. R. Albert Mohler***

/s/ *Mariam N. Stockton*
Oliva Rose Arboneaux (BPR #040225)
Philip N. Elbert (BPR #009430)
Ronald G. Harris (BPR #009054)
Mariam N. Stockton (BPR #029750)
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000

6

Nashville, Tennessee 37203
oarboneaux@nealharwell.com
pelbert@nealharwell.com
rharris@nealharwell.com
mstockton@nealharwell.com

***Attorneys for Jennifer Lyell***

*/s/ Matthew C. Pietsch*
Matthew C. Pietsch (BPR #024659)
Goron Rees Scully Mansukhani
4031 Aspen Grove Drive, Suite 290
Franklin, Tennessee 37067

mpietsch@grsm.com

***Attorneys for Southern Baptist Convention,
Dr. Ed Litton and Bart Barber***

*/s/ Katharine R. Klein*
John R. Jacobson (BPR #014365)
Katharine R. Klein (BPR #019336)
Riley & Jacobson
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com

kklein@rjfirm.com

***Attorneys for Guidepost Solutions, LLC***

*/s/ Alan S. Bean*
Alan S. Bean (BPR #26194)
Starnes Davis Florie LLP
3000 Meridian Boulevard, Suite 350
Franklin, Tennessee 37067
abean@starneslaw.com

***Attorney for Willie McLaurin***

7

4911-7748-9178.v1
Case 3:23-cv-00478   Document 207   Filed 02/13/25   Page 7 of 8 PageID #: 2438

Nashville, Tennessee 37203
oarboneaux@nealharwell.com
pelbert@nealharwell.com
rharris@nealharwell.com
mstockton@nealharwell.com

***Attorneys for Jennifer Lyell***

*/s/ Matthew C. Pietsch*
Matthew C. Pietsch (BPR #024659)
Goron Rees Scully Mansukhani
4031 Aspen Grove Drive, Suite 290
Franklin, Tennessee 37067

mpietsch@grsm.com

***Attorneys for Southern Baptist Convention,
Dr. Ed Litton and Bart Barber***

*/s/ Katharine R. Klein*
John R. Jacobson (BPR #014365)
Katharine R. Klein (BPR #019336)
Riley & Jacobson
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com

kklein@rjfirm.com

***Attorneys for Guidepost Solutions, LLC***

*/s/ Alan S. Bean*
Alan S. Bean (BPR #26194)
Starnes Davis Florie LLP
3000 Meridian Boulevard, Suite 350
Franklin, Tennessee 37067
abean@starneslaw.com

***Attorney for Willie McLaurin***

## CERTIFICATE OF SERVICE

I, Shannon M. McNulty, hereby certify that on February 13, 2024, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/*Shannon M. McNulty*
Shannon M. McNulty
