THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, ) ) ) Plaintiffs, ) ) v. ) ) ) SOUTHERN BAPTIST CONVENTION, ) *et al.* ) ) Defendants. ) | CASE NO. 3:23-cv-00478 JUDGE WILLIAM L. CAMPBELL, JR. Magistrate Judge Chip Frensley JURY TRIAL DEMANDED |

### JOINT MOTION OF THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION, ROLLAND SLADE, ED LITTON, BART BARBER, WILLIE MCLAURIN, AND THE SOUTHERN BAPTIST CONVENTION TO AMEND THEIR ANSWERS TO THE COMPLAINT

The Executive Committee of the Southern Baptist Convention, Rolland Slade, Ed Litton, Bart Barber, Willie McLaurin, and the Southern Baptist Convention (collectively the "Movants"), by counsel, pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure, respectfully requests leave to file Amended Answers in this matter. In support of this Motion, the Movants state as follows:

**I. BACKGROUND.**

1. On May 11, 2023, the Complaint was filed in this action.

2. Plaintiff Michael David Sills brought this action against the Movants and other defendants, alleging that they published untrue claims that he had sexually abused Jennifer Lyell. [Doc. 1 at p.3]. The Complaint asserts causes of action for (1) defamation, (2) conspiracy, (3) negligence, gross negligence, and wantonness, and (4) intentional infliction of emotional distress.

3. Joining Mr. Sills as a party plaintiff is his wife, Mary Sills. The Complaint was largely devoid of any allegations with respect to the basis for Mary Sills' claims.

4. In their motions to dismiss, the defendants, including the Movants, raised how the Complaint contained no unique allegations on behalf of Mary Sills, i.e., the Complaint does not identify the alleged false and defamatory statements made concerning her. [*See* Doc. 87 at pp.22-23].

5. On March 8, 2024, the Court entered its Memorandum Opinion regarding the defendants' various motions to dismiss. While the Court denied the motions to dismiss with respect to Mary Sills, it acknowledged that "the complaint is admittedly thin on factual allegations concerning Mrs. Sills." [Doc. 134 at p.32].

6. Movants were not able to depose Mary Sills until October 2024. It was not until Mrs. Sills was deposed that defendants were able to learn which statements Mrs. Sills contended were directed to her and which formed the basis for her independent causes of action.

7. Specifically, according to Mrs. Sills, the basis for her claims is that in 2022, then SBC President, Bart Barber, retweeted a post made by Eric Geiger on X, formerly known as Twitter. [Tr. of Depo. M. Sills 99:17-104:4, Exhibit 1].

8. Because Mary Sills has now identified Mr. Barber's retweet on X as the basis for her claims, this brings into play the defense of immunity / preemption under Section 230 of the Communications Decency Act ("CDA").

9. Accordingly, the Movants seek leave to amend their previously filed Answers to assert the defense of immunity / preemption under Section 230 of the CDA. A copy of the proposed Amended Answers are attached as Exhibits 2-7.

10. As set forth below, good cause exists for this amendment and the leave should be granted.

**II. ARGUMENT**

1. In considering a motion to amend, two rules can be at play.

2. Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. *See* Fed. R. Civ. P. 15(a)(2) (2025). Next, Rule 16(b) governs the entry of scheduling orders and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

3. In cases where a scheduling order has been issues and the deadline for amendments to pleadings have passed, the requirements of both Rule 16(b) and Rule 15(a) must be met. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

4. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Briggs v. Vincent-Bushon*, No. 3:17-0669, 2018 WL 4261174, at *3 (M.D. Tenn. July 18, 2018) (quotations and citation omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id*. (quotations and citation omitted).

5. Similarly, and along those lines, "if a party is delayed in discovering the basis for amending its pleadings due to circumstances beyond its control, it may use that delay as a basis for arguing that a Rule 16(b) order deadline should be extended." *U.S. ex rel. Martin Marietta Materials, Inc. v. Nelson, Inc.*, 286 F.R.D. 327, 330 (W.D. Tenn. 2012) (quotations and citation omitted).

6. In this case, good cause under Rule 16(b) exists. The Court's Initial Case Management Order was entered on August 17, 2023. It provided that motions to amend should be

filed by November 30, 2023. [Doc. 99 at p.5].[1] Given the paucity of the allegations in the Complaint on behalf of Mary Sills, which the Court has itself referred to as "thin," it was not possible for the Movants to tell from the pleading what statements were the basis for Mrs. Sills' claims and, in turn, not possible to determine whether the statements that were the subject of her claims could involve Section 230 of the CDA.

7. The Complaint makes no mention of the retweet by Bart Barber and, again, it was not until the deposition of Mary Sills in late 2024, almost a year after the amendment deadline had passed, that she made clear that Mr. Barber's retweet was the basis of her claims.

8. There is likewise no prejudice to Plaintiffs. As the Court is aware, discovery deadlines have been moved twice, most recently in February 2025, and trial is not set until February 10, 2026. The amendment is for the sole purpose of adding a purely legal defense and will not require any additional discovery.

9. There being "good cause" under Rule 16(b), then the standard of Rule 15(a) is also clearly satisfied. It provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). It "embodies a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Sumeru Health Care Group, L.C. v. Hutchens*, No. 3:02-CV-447, 2005 WL 8162551, at *1 (E.D. Tenn. May 11, 2005). The ECSBC's proposed Amended Answer will do just that.

10. The Movants have conferred with the other parties regarding their proposed amendments. The other defendants have no objection to this Motion. Plaintiffs have stated that they opposed the amendment.

---

[1] A Stipulated Amended Case Management Order was entered on May 20, 2024, but it regurgitated the already-passed November 30, 2023 deadline for amendments to pleadings. [Doc. 170 at p.4].

WHEREFORE, the Movants respectfully requests that this Motion to Amend be granted and the proposed Amended Answers attached as Exhibits 2-7 be deemed as filed.

Respectfully submitted,

*/s/ Brigid M. Carpenter*
Thomas J. Hurney, Jr. *pro hac vice*
Gretchen M. Callas, *pro hac vice*
Jonathan Anderson, *pro hac vice*
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Fax: 304-340-1150
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

and

Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
bcarpenter@bakerdonelson.com
rloofbourrow@bakerdonelson.com
Telephone: (615) 726-7341
Fax: (615) 744-7341

*Attorneys for Executive Committee of the Southern Baptist Convention and Rolland Slade*

*s/ Matthew C. Pietsch by BMC by permission*
Gordon Rees Scully Mansukhani
4031 Aspen Grove Drive
Suite 290
Franklin, Tennessee 37067
mpietsch@grm.com

*Attorneys for Southern Baptist Convention, Dr. Ed Litton and Bart Barber*


*s/ Alan S. Bean by BMC by permission*
Alan S. Bean
Starnes, Davis, Florie LLP
3000 Meridian Boulevard, Suite 350
Franklin, Tennessee 37067
abean@starneslaw.com

*Attorneys for Willie McLaurin*

6

# CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, I filed the foregoing Joint Motion of the Executive Committee of the Southern Baptist Convention, Rolland Slade, Ed Litton, Bart Barber, Willie McLaurin, and the Southern Baptist Convention to Amend their Answers to the Complaint:

John W. Barrett
Katherine Barrett Riley
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square
Lexington, Mississippi 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
smm@cliffordlaw.com

Gary E. Brewer
Brewer & Terry, P.C.
1702 W. Andrew Johnson HWY
Morristown, Tennessee 37816-2046
robin@brewerandterry.com

*Attorneys for Plaintiffs*

Philip N. Elbert
Ronald G. Harris
Mariam N. Stockton
Oliva Rose Arboneaux
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
pelbert@nealharwell.com
rharris@nealharwell.com
mstockton@nealharwell.com
oarboneaux@nealharwell.com

*Attorneys for Jennifer Lyell*

James C. Bradshaw, III
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
jbradshaw@wyattfirm.com

Byron E. Leet
Wyatt, Tarrant & Combs
400 West Market Street
Louisville, Kentucky 40202
bleet@wyattfirm.com

Thomas E. Travis
Wyatt, Tarrant & Combs
250 W. Main Street, Suite 1600
Lexington, Kentucky
ttravis@wyattfirm.com

*Attorneys for The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

Alan S. Bean
Starnes, Davis, Florie LLP
3000 Meridian Blvd., Suite 350
Franklin, Tennessee 37067
Abean@starneslaw.com
*Attorneys for Willie McLaurin*

Matthew C. Pietsch
Gordon Rees Scully Mansukhani,
4031 Aspen Grove Drive
Suite 290
Franklin, Tennessee 37067
mpietsch@grm.com
*Attorneys for Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

Terence William McCormick
Steven G. Mintz
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
mccormick@mintzandgold.com
mintz@mintzandgold.com


John R. Jacobson
Katharine R. Klein
Riley & Jacobson
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com
kklein@rjfirm.com

*Guidepost Solutions, LLC*


                                       */s/ Brigid M. Carpenter*