# EXHIBIT 4

MICHAEL DAVID SILLS and MARY SILLS,    )
                                       )
              *Plaintiffs*,            )
                                       )    No. 3:23-cv-00478
v.                                     )
                                       )    JUDGE CAMPBELL
SOUTHERN BAPTIST CONVENTION, *et al*.  )    MAGISTRATE JUDGE FRENSLEY
                                       )
              *Defendants*.            )    JURY DEMAND
                                       )
                                       )
                                       )

## FIRST AMENDED ANSWER OF WILLIE MCLAURIN TO PLAINTIFFS' COMPLAINT

Willie McLaurin (hereinafter "Defendant"), for his First Amended Answer to the Complaint filed by the plaintiffs, Michael David Sills and Mary Sills ("Plaintiffs"), states as follows:

1.      Defendant denies the allegations made against it in paragraph 1 of the Complaint.[1]

2.      Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.      Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Defendant lacks information sufficient to admit or deny the truth of the allegations made in paragraph 4 of the Complaint.

---

[1]      Rule 10(b) of the Federal Rules of Civil Procedures requires that "[a] party must state its claims or defenses in numbered paragraphs." Fed. R. Civ. P. 10(b) (2024). Contrary to Rule 10(b), the Complaint contains an unnumbered paragraph on pages 1 and 2. To the extent a response is required to this paragraph, Defendant admits that it has been named a defendant in this lawsuit as described in the unnumbered paragraph on pages 1 and 2. Defendant denies any other allegation made against it contained in this unnumbered paragraph on pages 1 and 2.

3158665.1

5.      Defendant lacks information sufficient to admit or deny the truth of the allegations made in paragraph 5 of the Complaint.

6.      Defendant admits that Jennifer Lyell was over the age of majority when she met David Sills.  Defendant denies the remaining allegations made in paragraph 6 of the Complaint.

7.      Defendant admits that Jennifer Lyell was a vice president with Lifeway in Tennessee.  Defendant lacks information sufficient to admit or deny the truth of the remaining allegations made in paragraph 7 of the Complaint.

8.      Defendant lacks information sufficient to admit or deny the truth of the allegations made in paragraph 8 of the Complaint.

9.      Defendant admits that David Sills acknowledged the existence of an inappropriate relationship.  Defendant further admits that David Sills resigned his position with the Southern Baptist Theological Seminary.  Defendant denies the allegations in paragraph 9 insofar as the statement that he "resigned from positions within the Southern Baptist Convention" alleges or otherwise implies that David Sills was an employee of the SBC.

10.      Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.      Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.      Defendant admits the SBC faced allegations that it had improperly ignored reports of sexual abuse. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13.      Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.      Defendant admits that David Sills was a missiologist, professor and author who resigned from his position at the Southern Baptist Theological Seminary after admitting to allegations made against him by Jennifer Lyell. Defendant admits that David Sills lives in

Mississippi. Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

15. Defendant admits that Mary Sills is married to David Sills and is a resident of Mississippi. Defendant lacks information sufficient to admit or deny the truth of the remaining allegations made in paragraph 15 of the Complaint.

16. Defendant admits that paragraph 16 of the Complaint accurately reflects language set forth in the SBC's Charter. Defendant admits it is incorporated in Georgia. Defendant denies the remaining allegations contained in paragraph 16.

17. Defendant admits that Ed Litton is an individual who served at one time as the President of the SBC and resides in Alabama. Defendant denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that Bart Barber is an individual who has served as the President of the SBC and resides in Texas. Defendant denies the remaining allegations contained in paragraph 18.

19. Defendant admits that the Executive Committee of the Southern Baptist Convention ("ECSBC") is a non-profit corporation organized under the laws of Tennessee. Defendant admits that the Bylaws of the SBC contained the quoted language, but that the full sentence states that the ECSBC "shall be the fiduciary, the fiscal, and the executive entity of the Convention in all its affairs not specifically committed to some other board or entity."

20. Defendant admits that he is an individual who has served as the Interim President/CEO of the Executive Committee of the SBC and resides in Tennessee. Defendant denies the remaining allegations contained in paragraph 20.

3158665.1

21.     Defendant admits that Rolland Slade an individual who has served as the Chairman of the Executive Committee of the SBC and resides in California. Defendant denies the remaining allegations contained in paragraph 21.

22.     Defendant admits that The Southern Baptist Theological Seminary is a nonprofit corporation that trains, educates and prepares ministers, persons, churches, and denominational entities of all levels of competency and is located in the Commonwealth of Kentucky. Defendant denies the remaining allegations contained in paragraph 22.

23.     Defendant admits that Dr. R. Albert Mohler is an individual who has served as the President of The Southern Baptist Theological Seminary and resides in Kentucky.  Defendant denies the remaining allegations contained in paragraph 23.

24.     Defendant responds to paragraph 24 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing Lifeway Christian Resources as a party to this action. Defendant admits that Lifeway Christian Resources is a non-profit corporation which publishes Christian resources including those identified in paragraph 24 of the Complaint and has operations in Tennessee. Defendant denies the remaining allegations contained in paragraph 24.

25.     Defendant admits that Jennifer Lyell was a student of David Sills while he was her professor at The Southern Baptist Theological Seminary.  Defendant admits that Jennifer Lyell was an employee of Lifeway Christian Resources for a period of time and held the position of vice president.  Defendant admits that Jennifer Lyell resides in Tennessee.  Defendant lacks information sufficient to admit or deny the truth of the remaining allegations made in paragraph 25 of the Complaint.

26.     Defendant responds to paragraph 26 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing Eric Geiger as a party to this action.  Defendant admits that

Eric Geiger is an individual who at times was a senior vice president at Lifeway Christian Resources and currently resides in California. Defendant denies the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant responds to paragraph 27 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing SolutionPoint International, Inc. from the case. Defendant admits Guidepost Solutions LLC is a New York limited liability company and has an office in New York. Defendant denies that SolutionPoint International, Inc, or Guidepost Solution LLC are employees or agents of the SBC. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27 of the Complaint.

28. Defendant admits Guidepost Solutions LLC is a New York limited liability company and has an office in New York. Defendant denies that Guidepost Solution LLC is an employee or agent of himself, the SBC, ECSBC, or Rolland Slade. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

32. Defendant admits that David Sills was a missiologist, professor and author who resigned from his position at the Southern Baptist Theological Seminary after admitting to allegations made against him by Jennifer Lyell. Defendant admits that Mary Sills is married to David Sills. Defendant denies the remaining allegations contained in paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits that Jennifer Lyell disclosed her relationship with David Sills in Spring 2018. Defendant denies that Jennifer Lyell characterized the relationship as merely an "affair," but as abusive. Defendant denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 of the Complaint.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant admits that David Sills resigned from The Southern Baptist Theological Seminary. Defendant denies the remaining allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 42.

43. Defendant admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 43.

44.     Defendant admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 44.

45.     Defendant admits that Jennifer Lyell was interviewed by Ron Henzel and Don Veinot of Midwest Outreach in June of 2021.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 45.

46.     Defendant admits that Defendant, on behalf of itself and the SBC, entered into a confidential settlement with Jennifer Lyell.  Defendant denies the remaining allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     Defendant admits that, in accordance with the mandate given by the SBC's Messengers, the SBC, through and under the leadership of the Sexual Abuse Task Force ("Task Force"), retained Guidepost to conduct an independent investigation into the ECSBC and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement.  Defendant admits the Committee on Cooperation was headed by the President of the SBC, Ed Litton. Defendant further admits the remaining four members of the Committee on Cooperation were members of the ECSBC.  Defendant further admits that two members of the Committee on Cooperation were chosen by the ECSBC and two were chosen by the Task Force. Defendant denies the remaining allegations contained in paragraph 49 of the Complaint.

50.     Defendant admits that, in accordance with the mandate given by the SBC's Messengers, the SBC, through and under the leadership of the Sexual Abuse Task Force, retained

Guidepost in October of 2021 to conduct an independent investigation into the ECSBC and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement. Defendant denies the remaining allegations contained in paragraph 50 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint relate solely to the conduct and motivations of Guidepost, and therefore, Defendant is not required to admit or deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52.     Defendant admits that on February 22, 2022, Rolland Slade issued a statement as the Chairman of the ECSBC related to Jennifer Lyell.   Defendant admits that the ECSBC, on behalf of itself and the SBC, entered into a confidential settlement agreement with Jennifer Lyell. Defendant denies the remaining allegations contained in paragraph 52 of the Complaint.

53.     Defendant admits that on February 22, 2022, Rolland Slade issued a statement as the Chairman of the ECSBC related to Jennifer Lyell and the quotations from this document included in this paragraph appear to be correct.   Defendant denies the remaining allegations contained in paragraph 53 of the Complaint.

54.     Defendant admits that paragraph 54 of the Complaint contains an image of the February 22, 2022 statement Rolland Slade issued as the Chairman of the ECSBC.  Defendant denies the remaining allegations contained in paragraph 54 of the Complaint.

55.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant admits that paragraph 57 of the Complaint contains quotations from the Report of the Independent Investigation into Defendant's Response to Sexual Abuse Allegations and Audit of the Procedures and Actions of the Credentials Committee dated May 15, 2022 (the "Guidepost Report") prepared by Guidepost. Defendant denies the remaining allegations contained in paragraph 57 of the Complaint.

58. Defendant admits that paragraph 58 of the Complaint contains quotations from the Guidepost Report. Defendant denies the remaining allegations contained in paragraph 58 of the Complaint.

59. Defendant admits that Dr. Albert Mohler made the statement referenced in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant admits that page 169 of the list identifies and contains a headshot of David Sills. Defendant denies the remaining allegations contained in paragraph 63 of the Complaint.

64. Defendant admits Section 5.1 of the Engagement agreement provides, "[t]he SBC agrees to indemnify Guidepost for any actions, judgments, or claims against Guidepost arising out of the Engagement, including but not limited to reimbursement for all Guidepost time charges, fees, costs, reasonable attorney's fees and disbursements and defense or other costs associated with any such actions, judgments, or claims, unless and until it were to be finally adjudicated that Guidepost's actions were negligent, tortious, or beyond the scope of the Engagement." Defendant denies the remaining allegations contained in paragraph 64 of the Complaint.

65. The allegations contained in paragraph 65 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, Defendant is not required to admit or deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. The allegations contained in paragraph 66 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, Defendant is not required to admit or deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. The allegations contained in paragraph 67 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, Defendant is not required to admit or deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. The allegations contained in paragraph 68 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, Defendant is not required to admit or deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. The allegations contained in paragraph 69 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, Defendant is not required to admit or deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. The allegations contained in paragraph 70 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, Defendant is not required to admit or

3158665.1

deny these allegations. To the extent a response is required, Defendant denies the allegations contained in paragraph 70 of the Complaint.

71.     Defendant admits that paragraph 71 of the Complaint contains an image of a statement issued by Dr. Albert Mohler on July 8, 2022 in his role as President of the Southern Baptist Theological Seminary. Defendant denies the remaining allegations contained in paragraph 71 of the Complaint.

72.     Defendant admits that paragraph 72 of the Complaint contains a number of images of social media posting made by Bart Barber in July of 2022. Defendant denies the remaining allegations contained in paragraph 72 of the Complaint.

73.     Defendant denies the allegations contained in paragraph 73 of the Complaint.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in paragraph 77 of the Complaint.

78.     In response to paragraph 78 of the Complaint Defendant incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

79.     The allegations contained in paragraph 79 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 79 of the Complaint.

80.     Defendant denies the allegations contained in paragraph 80 of the Complaint.

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Defendant denies the allegations contained in paragraph 83 of the Complaint.

3158665.1

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.     Defendant admits a letter dated November 5, 2022 demanding a retraction was received and that no retraction was made.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.     Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies the allegations contained in paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.     Defendant denies the allegations contained in paragraph 92 of the Complaint.

93.     Defendant denies the allegations contained in paragraph 93 of the Complaint.

94.     In response to paragraph 94 of the Complaint Defendant incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

95.     Defendant denies the allegations contained in paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in paragraph 96 of the Complaint.

97.     Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     In response to paragraph 98 of the Complaint Defendant incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint.

102.    The allegations contained in paragraph 102 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in paragraph 107 of the Complaint.

108.    The allegations contained in paragraph 108 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.    The allegations contained in paragraph 109 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in paragraph 111 of the Complaint.

112.    Defendant denies the allegations contained in paragraph 112 of the Complaint.

113.    In response to paragraph 113 of the Complaint Defendant incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

114.    Defendant denies the allegations contained in paragraph 114 of the Complaint.

115.    Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.    Defendant denies the allegations contained in paragraph 116 of the Complaint.

117.    Defendant denies the allegations contained in paragraph 117 of the Complaint.

3158665.1

118. Defendant denies the allegations contained in paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in paragraph 119 of the Complaint.

120. Defendant denies the allegations contained in paragraph 120 of the Complaint.

121. Defendant denies the plaintiffs are entitled to the relief requested in the Prayer for Relief.

122. Defendant admits the plaintiffs have demanded a trial by jury.

123. Defendant denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred because this Court lacks subject matter jurisdiction over this action.

2. Plaintiffs' claims are barred pursuant to the ecclesiastical abstention doctrine.

3. Plaintiffs' claims are barred pursuant to the First Amendment to the United States Constitution.

4. Plaintiffs' claims are barred pursuant to Article I, Section 19 of the Tennessee Constitution.

5. Plaintiffs' claims are barred because any alleged statements made the basis of Plaintiffs' claims were a matter of public concern.

6. Plaintiffs' claims are barred because Plaintiffs cannot attribute any tortious conduct to Defendant.

7. Defendant adopts and relies upon the doctrine of comparative fault. To the extent Defendant is found to be at fault, which is denied, any fault by Defendant should be reduced by the percentage of fault attributable to the negligent acts or omissions of other persons or parties, including but not limited to Plaintiffs and/or Guidepost.

3158865.1

8.      Plaintiffs' defamation claims are barred because the alleged defamatory statements are true and/or substantially true.

9.      Plaintiffs' defamation claims are barred because David Sills is a public figure and/or limited purpose public figure.

10.     Plaintiffs' defamation claims are barred because any statements that were made were privileged.

11.     Plaintiffs' invasion of privacy claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff David Sills is a public figure and/or limited purpose public figure.

12.     Plaintiffs' intentional infliction of emotional distress claim is barred because the conduct complained of was not intentional or reckless, was not outrageous, and did not cause Plaintiffs serious mental injury.

13.     Plaintiffs' intentional infliction of emotional distress claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or David Sills is a public figure and/or limited purpose public figure.

14.     Plaintiffs' negligent infliction of emotional distress claim is barred because Plaintiffs cannot establish any element of a negligence claim or that such negligence was the cause in fact and proximate cause of damages, if any, sustained by Plaintiffs.

15.     Plaintiffs' public disclosure claim is barred because the alleged statements were a matter of public concern.

16.     Plaintiffs' claims are barred because Plaintiffs have failed to mitigate their damages, if any.

3158665.1

17.     To the extent Plaintiffs have suffered any damages, David Sills' acknowledged improper conduct was the sole proximate cause of the harms alleged.

18.     To the extent any noneconomic damages are awarded, the damages are capped pursuant to Tenn. Code Ann. § 29-39-102.

19.     To the extent any punitive and/or exemplary damages are awarded, those damages are capped pursuant to Tenn. Code Ann. § 29-39-104.

20.     To the extent any punitive and/or exemplary damages are awarded, those damages are barred because they would violate due process.

21.     Insofar as one or more of Plaintiffs' claims are based upon retweets or other similar internet activity, those claims are barred by immunity and/or preemption under Section 230 of the Communications Decency Act.

## JURY DEMAND

Defendant demands a trial by jury.

## PRAYER

Defendant, having fully answered the Complaint, prays as follows:

1.     That the Complaint be dismissed with prejudice;

2.     That Defendant be awarded attorneys' fees and costs incurred in defending the Complaint; and

3.     That Defendant be awarded such other and further general and equitable relief to which it is entitled.

Respectfully submitted,

STARNES DAVIS FLORIE, LLP

By:    s/Alan S. Bean
       Alan S. Bean, #26194
       3000 Meridian Blvd., Suite 350
       Franklin, TN 37067-6321
       Phone: (615) 905-7200
       Fax: (615) 807-4802
       abean@starneslaw.com

       *Counsel for Willie McLaurin, Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing on March 17, 2025 by electronic service through the Court's e-filing system to the following:

John W. ("Don") Barrett
(admitted *pro hac vice*)
Katherine Barrett Riley
(TN BPR# 021155)
Sterling Aldridge
(admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
P.O. Box 2046
Morristown, TN 37816
(423) 587-2730

Shannon M. McNulty
(admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Steven A. Martino
(to be admitted *pro hac vice*)
Tiffany Ray
(to be admitted *pro hac vice*)
Taylor Martino, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
stevemartino@taylormartino.com
riffany@taylormartino.com

*Counsel for Plaintiffs David and
Mary Sills*

Louis Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist
Convention, Dr. Ed Litton and Bart Barber*

3158665.1

Olivia Rose Arboneaux, Esq.
Philip N. Elbert, Esq.
Ronald G. Harris, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Oarboneaux@nealharwell.Com
Pelbert@nealharwell.Com
Rharris@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

Brigid M. Carpenter, Esq.
Ryan P. Loofbourrow, Esq.
Baker, Donelson, Bearman, Caldwell &
Berkowitz, PC
1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.Com
Rloofbourrow@bakerdonelson.Com

*Counsel for Defendants Executive Committee of
the Southern Baptist Conventio and Rolland
Slade*

Byron E. Leet, Esq.
Wyatt, Tarrant & Combs
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.Com

James C. Bradshaw, III, Esq.
Wyatt, Tarrant & Combs
333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.Com

Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.Com

*Counsel for Defendants The Southern Baptist
Theological Seminary and Dr. R. Albert Mohler*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
615-320-3700
Jjacobson@rjfirm.Com
Kklein@rjfirm.Com

Steven G. Mintz, Esq.
Terence William McCormick, Esq.
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
(212) 696-4848
Mintz@mintzandgold.Com
Mccormick@mintzandgold.Com

*Counsel for Defendants SolutionPoint
International, Inc. d/b/a Guidepost Solutions
and Guidepost Solutions, LLC*

3158665.1

s/Alan S. Bean
Alan S. Bean, #26194

3158665.1