# EXHIBIT 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **Case No.: 3:23-cv-00478** |
| v. ) | **JURY DEMAND** |
| ) | |
| **SOUTHERN BAPTIST CONVETION,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED ANSWER BY DEFENDANT SOUTHERN BAPTIST CONVENTION

Defendant Southern Baptist Convention (the "SBC"), for its First Amended Answer to the Complaint filed by Plaintiffs Michael David Sills and Mary Sills ("Plaintiffs"), states as follows:

1. These allegations contained in Paragraph 1 of the Complaint constitute legal conclusions or arguments. To the extent that the allegations are directed against the SBC, the SBC denies the allegations contained in Paragraph 1 of the Complaint.

2. The SBC denies the allegations contained in Paragraph 2 of the Complaint.

3. The SBC denies the allegations contained in Paragraph 3 of the Complaint.

4. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 4 of the Complaint.

5. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 5 of the Complaint.

6. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 6 of the Complaint.

7. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 7 of the Complaint.

8. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 8 of the Complaint.

9. The SBC denies that Michael David Sills was an employee of the SBC. The SBC lacks information sufficient to admit or deny the truth of the remainder of the allegations contained in Paragraph 9 of the Complaint

10. The SBC denies the allegations contained in Paragraph 10 of the Complaint.

11. The SBC denies the allegations contained in Paragraph 11 of the Complaint.

12. The SBC admits that it faced allegations that it had improperly ignored reports of sexual abuse. The SBC denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. The SBC denies the allegations contained in Paragraph 13 of the Complaint.

14. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 14 of the Complaint.

15. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 15 of the Complaint.

16. The SBC admits that Paragraph 16 of the Complaint accurately reflects language set forth in the SBC's Charter. The SBC also admits that the Executive Committee of the Southern Baptist Convention (the "EC") is incorporated in Georgia. The SBC denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. The SBC admits that Ed Litton is an individual who served at one time as the President of the SBC and resides in Alabama. The SBC denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. The SBC admits that Bart Barber is an individual who has served as the President of the SBC and resides in Texas. The SBC denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. The SBC admits that the EC is a non-profit corporation organized under the laws of Tennessee. The SBC admits that the Bylaws of the SBC contained the quoted language, but that the full sentence states that the EC "shall be the fiduciary, the fiscal, and the executive entity of the Convention in all its affairs not specifically committed to some other board or entity."

20. The SBC admits that Willie McLaurin is an individual who has served as the Interim President/CEO of the EC and resides in Tennessee. The SBC denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. The SBC admits that Rolland Slade is an individual who has served as the Chairman of the EC and resides in California. The SBC denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. The SBC admits that The Southern Baptist Theological Seminary is a nonprofit corporation that trains, educates and prepares ministers, persons, churches, and denominational entities of all levels of competency and is located in the Commonwealth of Kentucky. The SBC denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. The SBC admits that Dr. R. Albert Mohler is an individual who has served as the President of The Southern Baptist Theological Seminary and resides in Kentucky. The SBC denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. The SBC responds to Paragraph 24 of the Complaint by reference to the Court's Order of March 8, 2024 dismissing Lifeway Christian Resources as a party to this action. The SBC admits that Lifeway Christian Resources is a non-profit corporation which publishes Christian resources including those identified in Paragraph 24 of the Complaint and has operations

in Tennessee. The SBC denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 25 of the Complaint.

26. The SBC responds to Paragraph 26 of the Complaint by reference to the Court's Order of March 8, 2024, dismissing Eric Geiger as a party to this action. The SBC lacks information sufficient to admit or deny the truth of the allegations contained in Paragraph 26 of the Complaint.

27. The SBC responds to Paragraph 27 of the Complaint by reference to the Court's Order of March 8, 2024, dismissing SolutionPoint International, Inc. from the case. The SBC admits Guidepost Solutions LLC is a New York limited liability company and has an office in New York. The SBC denies that SolutionPoint International, Inc, or Guidepost Solution LLC are employees or agents of the SBC. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 27 of the Complaint.

28. The SBC admits Guidepost Solutions LLC is a New York limited liability company and has an office in New York. The SBC denies that Guidepost Solution LLC is an employee or agent of the SBC. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 28 of the Complaint.

29. The SBC denies the allegations contained in Paragraph 29 of the Complaint.

30. The SBC admits the SBC is subject to personal jurisdiction in Tennessee. The SBC denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. The SBC denies the allegations contained in Paragraph 31 of the Complaint.

32. To the extent the allegations contained in Paragraph 32 of the Complaint constitute legal conclusions or arguments, the allegations are denied. The SBC lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 32 of the Complaint.

33. The SBC denies the allegations contained in Paragraph 33 of the Complaint.

34. The SBC denies the allegations contained in Paragraph 34 of the Complaint.

35. To the extent the allegations contained in Paragraph 35 of the Complaint are directed to the SCB, the allegations are denied. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 35 of the Complaint.

36. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 of the Complaint.

38. The SBC denies the allegations contained in Paragraph 38 of the Complaint.

39. The SBC denies the allegations contained in Paragraph 39 of the Complaint.

40. The SBC denies the allegations contained in Paragraph 40 of the Complaint.

41. The SBC denies the allegations contained in Paragraph 41 of the Complaint.

42. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42.

43. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43.

44. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44.

45. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 45.

46. To the extent the allegations contained in Paragraph 46 of the Complaint are directed to the SCB, the allegations are denied.

47. The SBC denies the allegations contained in Paragraph 47 of the Complaint.

48. The SBC denies the allegations contained in Paragraph 48 of the Complaint.

49. The SBC admits that, in accordance with the mandate given by the SBC's Messengers, the SBC, through and under the leadership of the Sexual Abuse Task Force ("Task Force"), retained Guidepost to conduct an independent investigation into the EC and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement. The SBC admits the Committee on Cooperation of the EC ("Committee on Cooperation") was headed by the President of the SBC, Ed Litton. The SBC further admits the remaining four members of the Committee on Cooperation were members of the EC. The SBC further admits that two members of the Committee on Cooperation were chosen by the EC and two were chosen by the Task Force. The SBC denies the remaining allegations contained in Paragraph 49 of the Complaint.

50. The SBC admits that, in accordance with the mandate given by the SBC's Messengers, the SBC, through and under the leadership of the Sexual Abuse Task Force, retained Guidepost in October of 2021 to conduct an independent investigation into the EC and an audit of the procedures and actions of the Credentials Committee under the terms and conditions set forth in the engagement agreement. The SBC denies the remaining allegations contained in Paragraph 50 of the Complaint.

51. The allegations contained in Paragraph 51 of the Complaint relate solely to the conduct and motivations of Guidepost, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 51 of the Complaint.

52. To the extent the allegations contained in Paragraph 52 of the Complaint are directed to the SCB, the allegations are denied. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 52 of the Complaint.

53. To the extent the allegations contained in Paragraph 53 of the Complaint are directed to the SCB, the allegations are denied. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 53 of the Complaint.

54. To the extent the allegations contained in Paragraph 54 of the Complaint are directed to the SCB, the allegations are denied. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 54 of the Complaint.

55. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 of the Complaint.

56. The SBC denies the allegations contained in Paragraph 56 of the Complaint.

57. The SBC admits that Paragraph 57 of the Complaint contains quotations from the Report of the Independent Investigation into the EC's Response to Sexual Abuse Allegations and Audit of the Procedures and Actions of the Credentials Committee dated May 15, 2022 (the "Guidepost Report") prepared by the defendant, Guidepost Solutions, LLC ("Guidepost"). The SBC denies the remaining allegations contained in Paragraph 57 of the Complaint.

58. The SBC admits that Paragraph 58 of the Complaint contains quotations from the Guidepost Report. The SBC denies the remaining allegations contained in Paragraph 58 of the Complaint.

59. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 59.

60. The SBC denies the allegations contained in Paragraph 60 of the Complaint.

61. The SBC denies the allegations contained in Paragraph 61 of the Complaint.

62. The SBC denies the allegations contained in Paragraph 62 of the Complaint.

63. To the extent the allegations contained in Paragraph 63 of the Complaint are directed to the SCB, the allegations are denied. The SBC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 63 of the Complaint.

64. The SBC admits Section 5.1 of the Engagement agreement provides, "[t]he SBC agrees to indemnify Guidepost for any actions, judgments, or claims against Guidepost arising out of the Engagement, including but not limited to reimbursement for all Guidepost time charges, fees, costs, reasonable attorney's fees and disbursements and defense or other costs associated with any such actions, judgments, or claims, unless and until it were to be finally adjudicated that Guidepost's actions were negligent, tortious, or beyond the scope of the Engagement." The SBC denies the remaining allegations contained in Paragraph 64 of the Complaint.

65. The allegations contained in Paragraph 65 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 65 of the Complaint.

66. The allegations contained in Paragraph 66 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 66 of the Complaint.

67. The allegations contained in Paragraph 67 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 67 of the Complaint.

68. The allegations contained in Paragraph 68 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 68 of the Complaint.

69. The allegations contained in Paragraph 69 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 69 of the Complaint.

70. The allegations contained in Paragraph 70 of the Complaint relate solely to the conduct and motivations of Jennifer Lyell, and therefore, the SBC is not required to admit or deny these allegations. To the extent a response is required, the SBC denies the allegations contained in Paragraph 70 of the Complaint.

71. The SBC lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 71.

72. The SBC admits that Paragraph 72 of the Complaint contains a number of images of social media posting made by Bart Barber in July of 2022. The SBC denies the remaining allegations contained in Paragraph 72 of the Complaint.

73. The SBC denies the allegations contained in Paragraph 73 of the Complaint.

74. The SBC denies the allegations contained in Paragraph 74 of the Complaint.

75. The SBC denies the allegations contained in Paragraph 75 of the Complaint.

76. The SBC denies the allegations contained in Paragraph 76 of the Complaint.

77. The SBC denies the allegations contained in Paragraph 77 of the Complaint.

78. In response to Paragraph 78 of the Complaint, the SBC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

79. The allegations contained in Paragraph 79 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the SBC denies the allegations contained in Paragraph 79 of the Complaint.

80. The SBC denies the allegations contained in Paragraph 80 of the Complaint.

81. The SBC denies the allegations contained in Paragraph 81 of the Complaint.

82. The SBC denies the allegations contained in Paragraph 82 of the Complaint.

83. The SBC denies the allegations contained in Paragraph 83 of the Complaint.

84. The SBC denies the allegations contained in Paragraph 84 of the Complaint.

85. The SBC admits a letter dated November 5, 2022 demanding a retraction was received and that no retraction was made.

86. The SBC denies the allegations contained in Paragraph 86 of the Complaint.

87. The SBC denies the allegations contained in Paragraph 87 of the Complaint.

88. The SBC denies the allegations contained in Paragraph 88 of the Complaint.

89. The SBC denies the allegations contained in Paragraph 89 of the Complaint.

90. The SBC denies the allegations contained in Paragraph 90 of the Complaint.

91. The SBC denies the allegations contained in Paragraph 91 of the Complaint.

92. The SBC denies the allegations contained in Paragraph 92 of the Complaint.

93. The SBC denies the allegations contained in Paragraph 93 of the Complaint.

94. In response to Paragraph 94 of the Complaint, the SBC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

95. The SBC denies the allegations contained in Paragraph 95 of the Complaint.

96. The SBC denies the allegations contained in Paragraph 96 of the Complaint.

97. The SBC denies the allegations contained in Paragraph 97 of the Complaint.

98. In response to Paragraph 98 of the Complaint, the SBC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

99. The SBC denies the allegations contained in Paragraph 99 of the Complaint.

100. The SBC denies the allegations contained in Paragraph 100 of the Complaint.

101. The SBC denies the allegations contained in Paragraph 101 of the Complaint.

102. The allegations contained in Paragraph 102 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the SBC denies the allegations contained in Paragraph 102 of the Complaint.

103. The SBC denies the allegations contained in Paragraph 103 of the Complaint.

104. The SBC denies the allegations contained in Paragraph 104 of the Complaint.

105. The SBC denies the allegations contained in Paragraph 105 of the Complaint.

106. The SBC denies the allegations contained in Paragraph 106 of the Complaint.

107. The SBC denies the allegations contained in Paragraph 107 of the Complaint.

108. The allegations contained in Paragraph 108 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the SBC denies the allegations contained in Paragraph 108 of the Complaint.

109. The allegations contained in Paragraph 109 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the SBC denies the allegations contained in Paragraph 109 of the Complaint.

110. The SBC denies the allegations contained in Paragraph 110 of the Complaint.

111. The SBC denies the allegations contained in Paragraph 111 of the Complaint.

112.    The SBC denies the allegations contained in Paragraph 112 of the Complaint.

113.    In response to Paragraph 113 of the Complaint, the SBC incorporates its responses and denials to the allegations contained in the preceding paragraphs of the Complaint.

114.    The SBC denies the allegations contained in Paragraph 114 of the Complaint.

115.    The SBC denies the allegations contained in Paragraph 115 of the Complaint.

116.    The SBC denies the allegations contained in Paragraph 116 of the Complaint.

117.    The SBC denies the allegations contained in Paragraph 117 of the Complaint.

118.    The SBC denies the allegations contained in Paragraph 118 of the Complaint.

119.    The SBC denies the allegations contained in Paragraph 119 of the Complaint.

120.    The SBC denies the allegations contained in Paragraph 120 of the Complaint.

121.    The SBC denies the plaintiffs are entitled to the relief requested in the Prayer for Relief.

122.    The SBC admits plaintiffs have demanded a trial by jury.

123.    The SBC denies each and every allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred because this Court lacks subject matter jurisdiction over this action.

2.    Plaintiff's claims are barred pursuant to the ecclesiastical abstention doctrine.

3.    Plaintiff's claims are barred pursuant to the First Amendment to the United States Constitution.

4.    Plaintiff's claims are barred pursuant to Article I, Section 19 of the Tennessee Constitution.

5.    Plaintiff's claims are barred because any alleged statements made the basis of Plaintiff's claims were a matter of public concern.

6. Plaintiff's claims are barred because Plaintiff cannot attribute any tortious conduct to the SBC.

7. The SBC adopts and relies upon the doctrine of comparative fault. To the extent the SBC is found to be at fault, which is denied, any fault by the SBC should be reduced by the percentage of fault attributable to the negligent acts or omissions of other persons or parties, including but not limited to the Plaintiff and/or Guidepost.

8. Plaintiff's defamation claim is barred because the alleged defamatory statements are true and/or substantially true.

9. Plaintiff's defamation claim is barred because Plaintiff is a public figure and/or limited purpose public figure.

10. Plaintiff's defamation claim is barred because any statements that were made were privileged.

11. Plaintiff's invasion of privacy claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff is a public figure and/or limited purpose public figure.

12. Plaintiff's intentional infliction of emotional distress claim is barred because the conduct complained of was not intentional or reckless, was not outrageous, and did not cause Plaintiff serious mental injury.

13. Plaintiff's intentional infliction of emotional distress claim is barred because the alleged information made the subject of this claim is a matter of public concern and/or of public record and/or Plaintiff is a public figure and/or limited purpose public figure.

14. Plaintiff's negligent infliction of emotional distress claim is barred because Plaintiff cannot establish any element of a negligence claim or that such negligence was the cause in fact and proximate cause of damages, if any, sustained by Plaintiff.

15. Plaintiff's public disclosure claim is barred because the alleged statements were a matter of public concern.

16. Plaintiff's claims are barred because Plaintiff has failed to mitigate his damages, if any.

17. To the extent Plaintiff has suffered any damages, his acknowledged improper conduct was the sole proximate cause of the harms alleged.

18. To the extent any noneconomic damages are awarded, the damages are capped pursuant to Tenn. Code Ann. § 29-39-102.

19. To the extent any punitive and/or exemplary damages are awarded, those damages are capped pursuant to Tenn. Code Ann. § 29-39-104.

20. To the extent any punitive and/or exemplary damages are awarded, those damages are barred because they would violate due process.

21. Insofar as one or more of Plaintiffs' claims are based upon retweets or other similar internet activity, those claims are barred by immunity and/or preemption under Section 230 of the Communications Decency Act.

## JURY DEMAND

The SBC demands a trial by jury.

## PRAYER

The SBC, having fully answered the Complaint, prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That the SBC be awarded attorneys' fees and costs incurred in defending the Complaint; and

3. That the SBC be awarded such other and further general and equitable relief to which it is entitled.

**DATED: March 17, 2025.**

                        Respectfully submitted,

                        GORDON REES SCULLY MANSUKHANI, LLP

                        By:    *s/ Matthew C. Pietsch*
                               **MATTHEW C. PIETSCH**, TN Bar No. 024659
                               4031 Aspen Grove Drive, Suite 290
                               Franklin, TN 37067
                               Phone: 615-722-9000
                               Fax: 615-970-7490
                               mpietsch@grsm.com

                        *Counsel for Defendants Southern Baptist Convention,*
                        *Dr. Ed Litton and Dr. Bart Barber*