IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 3:23-cv-00478 |
| v. | )<br>) Judge William L. Campbell, Jr. |
| SOUTHERN BAPTIST CONVENTION, et al., | ) Magistrate Judge Jeffery S. Frensley<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFFS' REQUEST FOR DISCOVERY CONFERENCE REGARDING PLAINTIFFS' REQUEST FOR PRODUCTION NO. 19
TO GUIDEPOST SOLUTIONS, LLC**

In accordance with the Initial Case Management Order (ECF No. 99 at 5) Plaintiffs respectfully move this Court for a discovery conference regarding Guidepost Solutions, LLC's ("Guidepost") objection to Plaintiffs' Request for Production No. 19. For good cause, Plaintiffs show unto the Court the following:

1. On April 24, 2024, Plaintiffs served their First Set of Requests for Production to Guidepost.

2. Including within those requests was Request No. 19, which requested:

Any and all invoices, bills, receipts, collections, payments, and/or ledgers for YOUR services and/or products RELATED, in any way, TO the investigation of allegations of sexual misconduct and/or abuse within the SBC."

See Exhibit A, attached.

3. Guidepost served its initial responses and objections to Plaintiffs' requests on June 7, 2024. *See* Exhibit B.

4. Guidepost refused to produce documents responsive to Request No. 19, stating:

1

> **Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case. Guidepost is withholding documents on the basis of this objection.

Exhibit B.

5. On June 19, 2024, Plaintiffs sent a letter to Guidepost's counsel regarding Guidepost's objection to producing invoices, stating that "[t]he payments relate to motive and bias." *See* Exhibit C.

6. Subsequently, Guidepost supplemented its responses and objections to Plaintiffs' requests on July 29, 2024, stating:

> **SUPPLEMENTAL RESPONSE**:
>
> Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost responds further that pursuant to the Engagement Letter, dated October 5, 2021, Guidepost billed $2,003,120.95 for the Report. Guidepost was paid $2,003,120.95 for the work on the Report.

Exhibit D.

7. On January 28, 2025, counsel for Plaintiffs inquired about the status of production of the Guidepost invoices, after one had been discovered in Guidepost's document production. Email from K. Riley to A. Otchy, Feb. 7, 2025, attached as Exhibit E.

8. Guidepost stated its intention to stand by its responses and objections to Request No. 19 and informed Plaintiffs that the invoice had been inadvertently produced. *Id.*

9. On February 11, 2025, the parties held a meet and confer on the issue during a break at the depositions of Laura Erlanson and Elizabeth Dixon.

10. On February 19, 2025, Plaintiffs sent a letter to Guidepost's counsel regarding the withholding of the invoices, alleging that several of Guidepost's objections were improper, and again requesting production of the invoices. Letter from K. Riley to A. Otchy and K. Klein, Feb. 19, 2025, attached hereto as Exhibit F.

11. Guidepost responded in writing on March 10, 2025, and argued that, among other things, production of the invoices was overly burdensome and irrelevant. *See* Letter from K. Klein to K. Riley, March 10, 2025, attached hereto as Exhibit G.

12. Plaintiffs maintain that the invoices are relevant and production of the invoices is not overly burdensome.

13. The Initial Case Management Order requires lead counsel for all parties to conduct an in-person meeting and make a good-faith effort to resolve any dispute. The Parties agree that their meeting on February 11, 2025, was a good faith attempt to resolve the dispute, and that the Parties undertook additional efforts to resolve the dispute as shown in Exhibits F and G. However, to date, the Parties have been unable to resolve this dispute.

14. If the disputes are not resolved, the dispute "should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference." (ECF No. 99 at 5.) In connection with the discovery conference, "the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery request(s) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality concerns." (*Id.*).

15. The parties can draft a joint discovery dispute statement about any or all of the topics in dispute, at the Court's request, per the Initial Case Management Order.

16. In accordance with Local Rule 7.01(a), counsel for Plaintiffs have previously conferred with counsel for Guidepost, who indicated it does not oppose this motion.

For the foregoing reasons, Plaintiffs move the Court for a discovery conference on Guidepost's objections to Plaintiffs' Request for Production No. 19.

Dated: March 18, 2025                                   Respectfully submitted,


By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I, Katherine B. Riley, hereby certify that on March 18, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

                /s/ *Katherine B. Riley*
                Katherine B. Riley