# Exhibit A

IN THE UNITED STATES DISTRICT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS**, *et al.*, | ) |
| Plaintiffs, | ) Case No. 3:23-cv-00478 |
| v. | ) Judge Campbell |
| | ) Magistrate Judge Frensley |
| **SOUTHERN BAPTIST CONVENTION**, *et al.*, | ) JURY DEMAND |
| Defendants. | ) |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT GUIDEPOST SOLUTIONS, LLC

Come now Plaintiffs, MICHAEL DAVID SILLS and MARY SILLS, by and through undersigned counsel, and, pursuant to Federal Rules of Civil Procedure 26 and 34, propound the following First Set of Requests for Production to Defendant Guidepost Solutions, LLC, to be answered and responded to fully and completely within the time frame required by law:

### DEFINITIONS

The following definitions shall apply to these Requests unless otherwise noted:

1. "DEFENDANT" when used individually or "DEFENDANTS" when used collectively means the Defendants named in this lawsuit: Southern Baptist Convention; Dr. Ed Litton; Jennifer Lyell; Executive Committee of the Southern Baptist Convention; Bart Barber; Willie McLaurin; The Southern Baptist Theological Seminary; Dr. R. Albert Mohler; and Guidepost Solutions LLC.

2. "SBC" means Southern Baptist Convention, a DEFENDANT in this lawsuit.

3. "EXECUTIVE COMMITTEE" means the Executive Committee of the Southern Baptist Convention, a DEFENDANT in this lawsuit.

4. "THE REPORT" means the May 15, 2022, "Report of the Independent Investigation: The Southern Baptist Convention Executive Committee's Response to Sexual Abuse Allegations and Audit of the Procedures and Actions of the Credentials Committee" that is, in part, the subject of the claims brought in this lawsuit.

5. "SEXUAL ABUSE TASK FORCE" or "TASK FORCE" is the Sexual Abuse Task Force authorized and assigned by action of the 2021 Southern Baptist Convention.

6. "GUIDEPOST," "YOU," "YOUR," "YOURS," and "YOURSELF" mean Guidepost Solutions, LLC, as well as any parent, subsidiary, sister, predecessor, alter ego, division, brand or related company of it; any business entity controlling, controlled by, or under common control with it; any predecessors thereof; and any and all agents, directors, members, owners, officers, attorneys, employees, representatives, consultants, agents, subcontractors of, and PERSONS acting on behalf of or under the direction or control of any of the foregoing.

7. "PARTIES" means DEFENDANTS and PLAINTIFFS, collectively.

8. "DOCUMENT" or "DOCUMENTS" means any "DOCUMENTS" as defined by Federal Rule of Civil Procedure 34 and includes, without limitation, in addition to its common meaning, any COMMUNICATIONS and the original and all copies of any writing or record of any type, however produced or reproduced, maintained or capable of being retrieved, that is in YOUR possession, custody or control, or to which YOU have access. It includes, but is not limited to, letters, correspondence, memoranda, minutes, notes, video or audio recordings, films, transcripts, contracts, agreements, summaries, memoranda of telephone conversations or personal conversations or conferences, diaries, desk calendars, photographs, videotapes, books, newspapers, magazines, advertisements, bulletins, pamphlets, statements, reports, articles of incorporation, bylaws, regulations, website postings, receipts, minutes of meetings, invoices,

2

packing lists, interoffice COMMUNICATIONS, accounting sheets, credit files, trucking pros, inventory DOCUMENTS, shipping advises, warehouse receipts, bills of lading, files, telegrams, records, inspection reports, financial statements, SOCIAL MEDIA POSTINGS, logs, COMMUNICATIONS, ESI, financial records, intracompany COMMUNICATIONS, microfilm, microfiche, studies, analyses, notices, computer tapes or disks, lists, brochures, periodicals, charts, graphs, indices, or any other similar material, however produced or reproduced, INCLUDING any copies of such DOCUMENTS containing notations or markings not found on the originals of such DOCUMENTS, that is in YOUR possession or control. "DOCUMENT" and "DOCUMENTS" mean and include all matter within the foregoing description that is in YOUR possession, control, or custody, or in the possession, control, or custody of any attorney on YOUR behalf. Without limiting the term "CONTROL," a DOCUMENT is deemed to be within YOUR CONTROL if YOU have ownership, possession, or custody of the DOCUMENT, or the right to secure the DOCUMENT or copy thereof from any person or public or private entity having physical possession thereof. The term "all DOCUMENTS" shall include all DOCUMENTS in YOUR possession, custody, or CONTROL that were prepared or made before, during or after the discovery period that relate to transactions, occurrences, or operations during the discovery period.

9. The terms "RELATE," "RELATED TO," "RELATING TO," "REFER," "REFERS TO," "REFERRING TO," "RELATES TO," "REGARDING," "RELATE TO," "REFLECTING," and "REFER TO" are construed broadly and shall mean all information directly or indirectly describing, involving, REFLECTING, dealing with, consisting of, emanating from, CONCERNING, directed at, pertaining to, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject matter, either in whole or in part.

3

10. "IDENTIFY," "IDENTIFED," "IDENTIFIES," or "IDENTIFYING" mean, if directed to a natural person or entity, providing the person or entities full name, address, phone number, and a brief statement of any facts which the person or entity has knowledge relevant to the underlying action. If directed to a DOCUMENT or COMMUNICATION, "IDENTIFY" shall mean providing the name, address and phone number of the author or maker of the document and all natural persons or entities who received a copy of the DOCUMENT or COMMUNICATION, a brief description of the contents of the DOCUMENT or COMMUNICATION, and the place where the DOCUMENT or COMMUNICATION is held, and who can be contacted in a subsequent production request to produce said DOCUMENT or COMMUNICATION.

11. "COMMUNICATED," "COMMUNICATE," "COMMUNICATING," "COMMUNICATION," or "COMMUNICATIONS" mean any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, INCLUDING by way of illustration but not limitation, correspondence, conversations, transmittal slips, memoranda, notes, telexes, telecopies, e-mails, text messages, SOCIAL MEDIA POSTINGS or exchanges (INCLUDING, without limitation, Skype messages, Facebook postings, LinkedIn postings, Instagram postings or pictures, Google+ postings, Twitter ("X") postings), internet commentary or postings on websites, YouTube videos, blog postings, faxes, letters, photographs, videos, dialogues, meetings, telephone conversations, online journals, voicemails, signs posted in YOUR business, written messages, discussions, interviews, consultations, agreements, and any contact or understandings between two or more persons. It shall include any and all drafts by any person in any form communicated to or received from another person or persons.

12. "CONCERNING" means RELATING TO, REFERRING TO, REGARDING, describing, pertaining to, mentioning, involving, IDENTIFYING, stating, dealing with,

4

commenting on, responding to, discussing, depicting, analyzing, interpreting, containing, evidencing, REFLECTING, demonstrating, or constituting.

13. "INCLUDING" means "INCLUDING without limitation" and "INCLUDING but not limited to."

14. "PERSON" or "PERSONS" mean any natural person or entity INCLUDING, but not limited to, any individual, firm, corporation, company, educational institution, church, nonprofit entity, partnership, member, organization, association, committee, trade association, trust, public agency, department, bureau, board or any other form of public, private or legal entity.

15. "CREATED," "CREATES," or "CREATING" mean make; made; brought into being; bring into being; to cause to exist; produced; to produce; to form; formed; fashioned; to fashion; to execute; executed; prepared; developed; to prepare; develop; concoct; concocted; formulate; formulated; generate; generated; build; or built.

16. "SENT" means to transmit; transmitted; dispatch; dispatched; forward; forwarded; remitted; route; routed; or shipped; or in connection with any writing or notice, means to deposit in the mail or deliver for transmission by any other means of communication to another.

17. "DESCRIBE" or "DESCRIBING" means to give a detailed account in words of something INCLUDING all the relevant characteristics, qualities, circumstances, or events; to recount in detail all facts and circumstances CONCERNING a particular event; or to IDENTIFY all facts, circumstances, and witnesses CONCERNING a particular event.

18. "COMPLAINT" means the Complaint that PLAINTIFFS DAVID AND MARY SILLS filed in the Middle District of Tennessee on May 11, 2023, Case No. 3:23-cv-00478, Doc. 1.

19. "ELECTRONICALLY STORED INFORMATION" or "ESI" mean all electronically stored information of any kind, INCLUDING the originals of all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, INCLUDING without limitation, the following: e-mail and attachments; SOCIAL MEDIA POSTINGS; word processing DOCUMENTS; spreadsheets; graphics and presentation DOCUMENTS; images; text files; hard drives; databases; instant messages; transaction logs; text messages; websites (current and historical); all backup materials; and all drafts, alterations, modifications, changes, and amendments of any of the foregoing. It shall also mean all data on any computer under YOUR control, INCLUDING all versions and drafts of any particular file, whether such file is kept electronically or in hardcopy printout and shall include, without limitation, any and all email messages sent, received, drafted, or archived and any and all attachments thereto.

20. "SOCIAL MEDIA POSTINGS" means any posting, message, comment, or commentary made on or sent via Twitter ("X"), Facebook, LinkedIn, Instagram, Snapchat, WhatsApp, Facebook Messenger, WeChat, QQ, QZone, Tik Tok, Reddit, Skype, Slack, Vine, Pinterest, Tinder, Parler, Clubhouse, and the like; or other interactive computer-mediated technology that facilitates the creation and sharing of information, ideas, career interests and other forms of expression via virtual communities and networks.

21. The terms "and," "or," "each," and "any" are intended to be construed as necessary to bring within the scope of these requests any DOCUMENTS or information that otherwise might be construed to be outside the scope of any of them.

22. Use of a singular noun shall be construed to include the plural noun, and use of a plural noun shall be construed to include the singular noun. The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope

6

of the request DOCUMENTS or information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1. In addition to the specific instructions below, these Requests incorporate by reference the instructions set forth in the Federal Rules of Civil Procedure. These Requests shall be deemed continuing, and YOUR responses shall be supplemented in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

2. If YOU cannot respond fully, or if YOU object in part, to any Request, YOU shall nevertheless respond to the remaining portions to the extent YOU are capable of doing so and/or to the extent not objected to.

3. Each Request shall be construed independently and without reference to any other request herein for purposes of limitation, unless a Request so specifies.

4. If YOU cannot fully answer any particular Request, after exercising due diligence to make inquiry and to secure the necessary information, please respond to the Request and provide information to the extent possible, explain YOUR inability to respond and/or produce DOCUMENTS in response to the remainder, state whatever information or knowledge YOU have CONCERNING the unanswered portion of the Request and identify the person or persons who do(es), have or might have additional knowledge or DOCUMENTS to complete the response.

5. Should YOU seek to withhold any DOCUMENTS based on some limitation of discovery (INCLUDING without limitation a claim of privilege or immunity), identify the DOCUMENT or information for which the limitation is claimed and describe the basis for withholding such DOCUMENT or information, INCLUDING without limitation any claim of privilege or immunity, in sufficient detail (INCLUDING, without limitation, the date, author, each

recipient, subject matter, etc.) as to permit PARTIES and the Court to assess the validity of the basis for withholding such DOCUMENT or information.

6. In the event that any information called for in these Requests has been destroyed, lost, discarded or otherwise is not capable of being produced at any time that information are produced pursuant to these Requests, DEFENDANT is instructed to:

(i) identify any such information;

(ii) identify any PERSON who previously or currently has possession, custody or control of the information;

(iii) indicate the request(s) to which such information is related; and

(iv) thoroughly set forth the circumstances under which the information is not capable of being produced.

7. In producing DOCUMENTS, all DOCUMENTS that are physically attached to each other when located for production shall be left so attached. DOCUMENTS that are segregated or separated from other DOCUMENTS, whether by inclusion of binders, files, subfiles or by use of dividers, tabs or any other method, shall be left so segregated and separated. DOCUMENTS shall be retained in the order in which they were maintained and, in the file, where found.

8. If no DOCUMENTS exist that are responsive to a particular Request, DEFENDANT shall so state in writing.

9. Unless otherwise indicated, the time period covered by each Request is from January 1, 2017, through the present.

**REQUESTS FOR PRODUCTION**

1. All DOCUMENTS which YOU consulted in answering and/or referenced in YOUR responses to interrogatories, initial disclosures, exhibit lists, and/or responses to requests for admission in this matter.

2. All DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO PLAINTIFFS or DEFENDANT Jennifer Lyell.

3. All DOCUMENTS received from and/or COMMUNICATIONS with any individual whom YOU allege corroborates DEFENDANT Jennifer Lyell's allegations of sexual abuse by PLAINTIFF DAVID SILLS.

4. All drafts of THE REPORT, INCLUDING redline versions, versions with comments, and track change versions, and notes or other COMMUNICATIONS regarding the drafting or editing of THE REPORT.

5. All COMMUNICATIONS with, and DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS with the SBC, the EXECUTIVE COMMITTEE, the TASK FORCE, DEFENDANT Jennifer Lyell or any other PERSON or entity affiliated with the SBC, INCLUDING but not limited to DOCUMENTS and COMMUNICATIONS CONCERNING YOUR performance under the Contract; PLAINTIFF DAVID SILLS (in any aspect whatsoever); YOUR investigation of DEFENDANT Jennifer Lyell; YOUR investigation of PLAINTIFF DAVID SILLS; and/or the drafting, revision, circulation and/or publication of THE REPORT.

6. All COMMUNICATIONS with, and DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS with, the SBC, the EXECUTIVE COMMITTEE, the TASK FORCE, or any other PERSON or entity affiliated with the SBC to the extent such COMMUNICATIONS RELATE TO PLAINTIFF DAVID SILLS.

7. All COMMUNICATIONS with, and DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS with, the SBC, the EXECUTIVE COMMITTEE, the

TASK FORCE, or any other PERSON or entity affiliated with the SBC to the extent such COMMUNICATIONS RELATE TO DEFENDANT Jennifer Lyell.

8. All DOCUMENTS RELATING TO payment(s) for work on THE REPORT.

9. All DOCUMENTS RELATING TO any investigation of DEFENDANT Jennifer Lyell's allegations against PLAINTIFF DAVID SILLS by YOU or any other DEFENDANT.

10. All DOCUMENTS RELATING TO dissemination of THE REPORT to any third party, INCLUDING dissemination by email, hyperlink, or other electronic means.

11. All DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF DAVID SILLS' resignation.

12. All DOCUMENTS and COMMUNICATIONS with the Baptist Press and/or any other news or social media outlet regarding PLAINTIFFS or DEFENDANT Jennifer Lyell.

13. All meeting notes and/or minutes CONCERNING the establishment of the Committee on Cooperation, the establishment of the SEXUAL ABUSE TASK FORCE, and/or allegations of sexual abuse or investigations into sexual abuse in relation to PLAINTIFF DAVID SILLS or DEFENDANT Jennifer Lyell.

14. All policies, guidelines, procedures, and practices regarding YOUR investigations of sexual abuse and/or sexual misconduct.

15. All DOCUMENTS CONCERNING and/or RELATED TO YOUR hiring by the SBC and/or EXECUTIVE COMMITTEE to investigate the SBC and/or EXECUTIVE COMMITTEE'S handling of sexual abuse claims.

16. All COMMUNICATIONS with, or other DOCUMENTS REFLECTING any agreements and/or COMMUNICATIONS between YOU and DEFENDANT Jennifer Lyell, her agents, employees and/or other representatives.

17. All DOCUMENTS or COMMUNICATIONS related to footnotes 210 and 211 of the Report.

18. All DOCUMENTS that YOU contend evidence that the relationship between PLAINTIFF DAVID SILLS and DEFENDANT Jennifer Lyell was not consensual.

19. Any and all invoices, bills, receipts, collections, payments, and/or ledgers for YOUR services and/or products RELATED, in any way, TO the investigation of allegations of sexual misconduct and/or abuse within the SBC.

20. Any and all requests for proposal (RFP), bids, scope of work (SOW) descriptions, contracts, agreements and COMMUNICATIONS, of any form, exchanged between You and any DEFENDANT, at any time, in relation to the investigation that RELATES, in any way, TO THE REPORT.

21. YOUR entire file pertaining to any aspect of work and/or investigation YOU conducted that formed the basis for THE REPORT.

22. All recordings of DEFENDANT Jennifer Lyell.

23. All recordings of PLAINTIFFS MARY SILLS or DAVID SILLS.

24. All transcripts, notes or other DOCUMENTS RELATING TO any interview or conversation RELATING TO DEFENDANT Jennifer Lyell.

25. All transcripts, notes or other DOCUMENTS RELATING TO any interview or conversation RELATING TO PLAINTIFFS MARY SILLS or DAVID SILLS.

26. All transcripts, notes or other DOCUMENTS RELATING TO any interview or conversation RELATING TO DEFENDANT Jennifer Lyell's allegations against PLAINTIFF DAVID SILLS.

27. All insurance policies (INCLUDING excess and umbrella policies) for which YOU are named as an insured and/or additional insured.

28. All DOCUMENTS and COMMUNICATIONS RELATING TO the decision to include DEFENDANT Jennifer Lyell's allegations against PLAINTIFF DAVID SILLS in THE REPORT.

29. All DOCUMENTS provided by DEFENDANT Lyell to YOU.

30. All DOCUMENTS RELATING TO dissemination of THE REPORT to any third party, INCLUDING dissemination by email, hyperlink, or other electronic means.

Dated: April 24, 2024

Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (admitted *pro hac vice*)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

          Steven A. Martino
          Tiffany Ray
          TAYLOR MARTINO, P.C.
          P.O. Box 894
          Mobile, AL 36601
          Telephone: (251) 433-3131
          Facsimile: (251) 405-5080
          stevemartino@taylormartino.com
          tiffany@taylormartino.com

          *Counsel for Plaintiffs David and Mary Sills*

## CERTIFICATE OF SERVICE

      I, Katherine B. Riley, an attorney, hereby certify that on April 24, 2024, I served the above and foregoing Plaintiffs' First Set of Requests for Production to Defendant Guidepost Solutions, LLC, by causing a true and accurate copy of such papers to be served on the below listed counsel of record via email:

Louis Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

Olivia Rose Arboneaux, Esq.
Philip N. Elbert, Esq.
Ronald G. Harris, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Oarboneaux@nealharwell.Com

Pelbert@nealharwell.Com
Rharris@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

Brigid M. Carpenter, Esq.
Ryan P. Loofbourrow, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.Com
Rloofbourrow@bakerdonelson.Com

*Counsel for Defendants Executive Committee of the Southern Baptist Convention and Rolland Slade*

Byron E. Leet, Esq.
Wyatt, Tarrant & Combs
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.Com

James C. Bradshaw, III, Esq.
Wyatt, Tarrant & Combs
333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.Com

Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.Com

*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

John R. Jacobson, Esq.
Katharine R. Klein, Esq.
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
615-320-3700

Jjacobson@rjfirm.Com
Kklein@rjfirm.Com

Steven G. Mintz, Esq.
Terence William McCormick, Esq.
Adam Kahan Brody, Esq.
Alex Otchy, Esq.
Scott Klein, Esq.
Mintz & Gold LLP
600 Third Ave., 25th Floor
New York, NY 10016
(212) 696-4848
Mintz@mintzandgold.Com
Mccormick@mintzandgold.Com
brody@mitzandgold.com
otchy@mitzandgold.com
klein@mintzandgold.com

*Counsel for Defendant Guidepost Solutions, LLC*

Alan S. Bean, Esq.
Starnes Davis Florie, LLP
3000 Meridian Blvd., Suite 350
Franklin, TN 37067
(615) 905-7200
abean@starneslaw.com

*Counsel for Defendant Willie McLaurin*

                /s/ *Katherine B. Riley*
                Katherine B. Riley