# Exhibit C

# BARRETT LAW GROUP, P.A.

| | |
|---|---|
| Don Barrett | Katherine Barrett Riley |
| donbarrettpa@gmail.com | kbriley@barrettlawgroup.com |
| Richard Barrett | Sterling Aldridge |
| rrb@rrblawfirm.net | saldridge@barrettlawgroup.com |
| David McMullan | Gary Yarborough |
| dmcmullan@barrettlawgroup.com | gyarborough@barrettlawgroup.com |
| Ben White | Ben Hudson |
| bw@barrettlawgroup.com | bhudson@barrettlawgroup.com |

June 19, 2024

*<u>Via Electronic Mail</u>*
Katharine R. Klein, Esq.
Riley & Jacobson, PLC
kklein@rjfirm.com

    Re: *Sills, et al. v. Southern Baptist Convention, et al.*
       Case No. 3:23-cv-00478; M.D. Tenn. | Guidepost Deficiency Letter

Dear Counsel:

    Plaintiffs received the Guidepost Solutions LLC's ("Guidepost" or "You" or "Your") Responses and Objections to Plaintiffs' First Set of Interrogatories, Guidepost's Responses and Objections to Plaintiffs' First Set of Requests for Production of Documents and Guidepost's Responses and Objections to Plaintiffs' Second Set of Requests for Production of Documents on June 7, 2024. Plaintiffs identify deficiencies in Guidepost's responses below.

## **INTERROGATORIES**

    **Response No. 1:** Your response is unresponsive and incomplete. You have merely provided a long list of people that "may" have provided info, but You have not described what was said. Plaintiffs request You provide a list of persons with whom Guidepost "did" have communications regarding any of the allegations against Mary or David Sills. Please describe what you mean by Guidepost had no "regular communications" with any interviewers regarding Plaintiffs' portion of the Report. Further, please confirm that You did not record Defendant Lyell's statements provided to You and that You do not have summaries of any alleged interview.

    **Response No. 2:** Plaintiffs' question is based on the fact that You produced a report that discusses in large part that Plaintiff David Sills sexually abused Defendant Lyell. Further, the Executive Committee has answered interrogatories under oath in which they identify You as having ". . . conducted an independent investigation and made the decision on what to include in the Report and the ECSBC had no ability to alter or edit the contents of the Report." As such, this Interrogatory is highly relevant and Your cited objection does not explain the purported premise or scope of Your work. You published a Report, and the Interrogatory properly asks what, if any, actions did You take to verify the veracity of allegations of misconduct by Plaintiff David Sills before you published the Report. If the answer is "none" then please state that. We request that you supplement Your response.

Post Office Box 927 ~ 404 Court Square
Lexington, Mississippi 39095
Phone: (662) 834-2488 ~ Fax: (662) 834-2628
barrettlawgroup.com

Case 3:23-cv-00478 Document 219-3 Filed 03/18/25 Page 2 of 6 PageID #: 2779

**Response No. 8:** Who are the members on your Board of Directors? You refer us to Response No. 6, but No. 6 does not answer that question. We request that You supplement this response.

**Response No. 10:** Your response is unresponsive and incomplete. Your response identifies Your legal and financial relationships ("work for the Southern Seminary, the relationship set forth in the Engagement Letter, and SBC Hot Line engagement with the Executive Committee of the Southern Baptist Convention") which are evident, but omits any description, at all, about the relationships You identified. We request that You supplement this response.

**Response No. 11:** Your response is unresponsive. You produced the Report with numerous pages that discuss the accusations made by Defendant Lyell against Plaintiff David Sills. The "Engagement Letter" does not discuss the role and responsibility You had in conducting such an investigation or how or why these allegations were included in Your Report. We request that You supplement Your response.

**Response No. 12:** Your response is unresponsive. The "Engagement Letter" does not discuss the role and responsibility You had in conducting such an investigation regarding Plaintiff Mary Sills. We request that you supplement Your response or confirm that You did not conduct an investigation regarding the allegations made by Defendant Lyell against Plaintiff Mary Sills.

**Response No. 14:** Your response is incomplete. Please supplement the response with whom each investigator interviewed and his/her findings.

**Response No. 15:** Your response is incomplete and unresponsive. You have referred us to Response No. 14, which does not provide who specifically conducted the investigation of sexual misconduct within the SBC or SBC's handling of those allegations (including allegations made by Defendant Lyell against Plaintiffs). You have not provided the nature and scope of each interviewer, who each person interviewed, nor his/her findings. We request that You supplement the response.

**Response No. 17:** Your response is incomplete and unresponsive. You referred us to Response No. 14, which is not responsive to the Request.

**Response No. 18:** Your response is incomplete, and Your objection is misplaced. Whether Guidepost was given complete independence for the investigation is irrelevant to this question. The Request asked You to identify each meeting with the ECSBC (employees, agents, and officers), list of attendees, the topics discussed, and the date, time and location of each meeting. We request You supplement Your response.

**Response No. 21:** Your refusal to answer violates the discovery rules, and Your objections are misplaced. We request that You supplement Your response.

**Response No. 22:** Your response is unresponsive and incomplete. You have merely provided a long list of people that "may" have provided information, but You have not provided who investigated the allegations against Plaintiffs or the findings. We request You provide a list of persons with whom Guidepost "did" have communications regarding any of the allegations against Plaintiffs and the findings.

**Response No. 23:** Your objection is erroneous. We request that You supplement Your response. If You insist on refusing to answer, provide which subparts You consider a separate and distinct question.

## Requests for Production

**Global Deficiencies:** For all documents that are being withheld on the basis of privilege, please include the objection within each response regarding the documents being withheld. Please provide a date for production of all documents.

**Response No. 2:** You have responded that you will produce documents that relate to the portion of the Report that concerns Plaintiff David Sills, Defendant Lyell, or the claims or defenses herein. We request that You confirm that Your production is not limited to the Report.

**Response No. 4:** Your response is improper and attempts to limit Your production of evidence. The request seeks highly relevant documents, namely, those that relate to the publication of the Report and "the handling of allegations of sexual abuse by the ECSBC." Both of those topics are at the heart of this litigation, and You cannot make a relevance objection which clearly lacks merit. We request You produce all versions of the entire Report.

**Response No. 5:** Your response is improper and attempts to limit Your production of evidence. The request seeks highly relevant documents, namely, those that relate to the publication of the Report, "the handling of allegations of sexual abuse by the ECSBC," and the negotiations of the contract between You and other Defendants. These topics are at the heart of this litigation, and You cannot make a relevance objection which clearly lacks merit. We request You produce all communications, not just communications regarding the portions of the Report related to Plaintiff David Sills.

**Response No. 8:** Your payments for work producing the Report are highly relevant to this case and Plaintiffs' claims. The payments relate to motive and bias, and they also relate to the extent of Your role in the Report and the allegations at bar. We request that You produce the responsive documents.

**Response No. 10:** Your response attempts to limit Your production of evidence to Your submission to the SBC Task Force. We request You produce documents relating to the dissemination of the Report to all third parties, not just the SBC Task Force, or confirm that You only disseminated the Report to only the SBC Task Force.

**Response No. 13:** Your response is incomplete, and Your response cites a now rote objection that You clearly use when You wish to avoid producing information critical to Plaintiffs' case and detrimental to Your case. It is inconceivable that "notes or minutes" concerning the "Committee on Cooperation" and/or the establishment of the "Sexual Abuse Task Force" would not be relevant to the allegations at bar, and Your self-imposed definition of relevance is neither well-founded nor well-taken. "Scope of discovery under discovery rules is traditionally quite broad, and rules must be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888 (M.D. Tenn. 2010). Plaintiffs are entitled to the responsive documents to place before the trier of fact all evidence in support of their claims. We request that You supplement Your response.

**Response No. 14:** Your response is unresponsive and incomplete. Your response cites a rote objection that used when You wish to avoid producing information critical and probative to Plaintiffs' case. While the Engagement Letter may provide some of the information that we request, it certainly doesn't provide all Your internal policies, guidelines, procedures, and practices regarding how You conduct Your investigations of sexual abuse and/or sexual misconduct. Accordingly, we request You supplement Your response.

**Response No. 15:** Your response is unresponsive and incomplete. Once again, You have cited Your rote objection in refusing to produce highly relevant and probative documents. We again refer You to *Reitz v. City of Mt. Juliet,* 680 F. Supp. 2d 888 (M.D. Tenn. 2010). We request that You promptly identify and produce the responsive documents, to avoid unnecessary motion practice on this, and several other instances, of blatant obfuscation and avoidance by You refusing to produce any documents regarding the hiring of Guidepost because it was not relevant to any claims or defenses. We request You supplement Your response.

**Response No. 16:** Your response is unresponsive and incomplete. Your response attempts to limit Your response only to communications with Defendant Lyell and the portion of the Report that concerns Plaintiff David Sills. All Your communications and agreements with Defendant Lyell are highly relevant to this case and Plaintiffs' claims.

**Response No. 18:** Your response is unresponsive and incomplete. Your response also limits Your production of evidence to just the portions of the Report that relate to Plaintiff David Sills. We request that You supplement Your response.

**Response No. 19:** Your objection is wholly unfounded. Your payment details regarding the investigation of sexual misconduct with the SBC are highly relevant to this case and Plaintiffs' claims. The payments relate to motive and bias. We request that You produce the responsive documents.

**Response No. 20:** Again, Your objections and refusal to produce documents are without merit. The request seeks highly relevant documents, including the requests for proposal and scope of work descriptions. Your suggestion to the contrary is concerning. Notably, You make only a conclusory statement, and offer no explanation. Indeed, there is no rational explanation for the objection, because the topics very plainly relate to the allegations at bar. We request that You produce the responsive documents.

**Response No. 21:** Your objections and refusal to produce documents except those related to Plaintiff David Sills's portion of the Report are without merit and improper. These documents are highly relevant and probative to the claims and defenses of this case. We request You produce all responsive documents.

**Response No. 27:** Your response is unresponsive and appears to improperly limit the documents Plaintiffs seek. We want the insurance policies on which You are named as an insured and/or additional insured. Your reference to indemnification in the initial disclosures is not the equivalent of the policies. We request that You promptly identify and produce all Your insurance policies.

**Response No. 29:** Your response improperly limits Your response to only documents provided by Defendant Lyell that relates to the portion of the Report that concerns Plaintiff David Sills. You have cited Your rote objection in refusing to produce highly relevant and probative documents. We again refer You to *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888 (M.D. Tenn. 2010). We request that You promptly produce the responsive documents, to avoid unnecessary motion practice on this blatant obfuscation and avoidance by You refusing to produce all documents provided to You by Defendant Lyell.

If you have any questions or want to meet and confer, feel free to contact me.

Sincerely,

*Katherine B. Riley*

Katherine B. Riley

cc: Counsel of Record