# Exhibit D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

-----------------------------------------------------------------------X

MICHAEL DAVID SILLS, et al.,              :

                                            : Chief Judge Campbell

                    Plaintiff,        : Magistrate Judge Frensley

                                                :

         -against-              : Case No. 3:23-cv-00478

                                              :

SOUTHERN BAPTIST CONVENTION,     :
et al.,                                         :

                                              :

                    Defendants.     : 

-----------------------------------------------------------------------X

## **SUPPLEMENTAL RESPONSES AND OBJECTIONS OF DEFENDANT GUIDEPOST SOLUTIONS LLC TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION**

Defendant Guidepost Solutions LLC ("Guidepost"), by and through its attorneys, Riley & Jacobson, PLC and Mintz & Gold LLP, hereby supplements its responses to Plaintiffs Michael David Sills's and Mary Sills's First Request for Production as follows:

## **GENERAL OBJECTIONS**

Guidepost makes the following general objections to the requests set forth in Plaintiffs Michael David Sills's and Mary Sills's First Request for Production (the "Requests"). Because these general objections apply to each of the Requests, they are set forth immediately below and are not repeated, for convenience, but are incorporated by reference. The assertion of the same, similar, or additional objections in response to specific Requests does not waive any of Guidepost's general objections as set forth below:

1.      Guidepost objects to each Request to the extent that it seeks information protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation.

2. Guidepost objects to each Request to the extent that it is burdensome or seeks to impose obligations on Guidepost that are greater than the obligations imposed by the Federal Rules of Civil Procedure.

3. Guidepost objects to each Request to the extent that it seeks to impose obligations on Guidepost that are excessively costly and time-consuming and that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.

4. Guidepost objects to each Request to the extent that it is vague, ambiguous, over-broad, or does not specify the information sought with sufficient particularity.

5. Guidepost objects to each Request to the extent that it seeks information unrelated to the claims asserted in the above-captioned action or on the ground that such information is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence.

6. Guidepost objects to each Request to the extent that it seeks Guidepost's confidential or proprietary business information.

7. Guidepost objects to each Request to the extent that it seeks information from beyond the time period relevant to the subject matter of this litigation, and thus seeks information that is neither relevant to the subject matter of the above-captioned action nor reasonably calculated to lead to the discovery of admissible evidence.

8. Guidepost objects to each Request to the extent that it fails to specify the relevant time period.

9. Guidepost objects to each Request to the extent that it seeks information that is in the possession, custody, or control of another entity or individual, that is a matter of public record, or that is otherwise as easily obtained by Plaintiffs through other means of discovery that are more convenient, more efficient, more practical, or less burdensome.

10.     Guidepost objects to each Request to the extent that it seeks information outside of Guidepost's possession, custody, or control.

11.     Guidepost makes its response to these Requests based on its present knowledge and without prejudice to its right to produce or to object to evidence of any kind and to amend or supplement its response as necessary at a later date.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     All DOCUMENTS which YOU consulted in answering and/or referenced in YOUR responses to interrogatories, initial disclosures, exhibit lists, and/or responses to requests for admission in this matter.

**Response**: Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control.

2.     All DOCUMENTS and COMMUNICATIONS CONCERNING or RELATING TO PLAINTIFFS or DEFENDANT Jennifer Lyell.

**Response**: Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost further objects to this Request on the grounds of vagueness and overbreadth.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and

3

control that relate the portion of the Report that concerns Plaintiff David Sills, Defendant Lyell, or the claims or defenses asserted herein.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses set as forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. In addition, to clarify its previous objections, Guidepost objected to this Request on the grounds that it is vague, ambiguous, over-broad, and does not specify the information sought with sufficient particularity in that it seeks to include every possible email that might have included Plaintiff David Sills - a professor who is also an author. Without waiving its objections, Guidepost further responds that it is searching for and will produce responsive non-privileged documents in its possession, custody, and control, that relate to the Report.

3.      All DOCUMENTS received from and/or COMMUNICATIONS with any individual whom YOU allege corroborates DEFENDANT Jennifer Lyell's allegations of sexual abuse by PLAINTIFF DAVID SILLS.

**Response**: Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost further objects to this Request on the grounds of vagueness and overbreadth.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control that relate to the portion of the Report that concerns Plaintiff David Sills and Guidepost's investigation into the SBC's mishandling of Ms. Lyell's allegations.

4. All drafts of THE REPORT, INCLUDING redline versions, versions with comments, and track change versions, and notes or other COMMUNICATIONS regarding the drafting or editing of THE REPORT.

**Response**: Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. Drafts of the Report containing changes solely to portions unrelated to Plaintiffs' claims are irrelevant to Plaintiff's claims. The burden of producing all such drafts, regardless of whether they reflect revisions pertinent to Plaintiff, is disproportionate to the needs of Plaintiffs' case. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, insofar as any such redline or track change versions contain revisions relating to Plaintiff David Sills.

5. All COMMUNICATIONS with, and DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS with the SBC, the EXECUTIVE COMMITTEE, the TASK FORCE, DEFENDANT Jennifer Lyell or any other PERSON or entity affiliated with the SBC, INCLUDING but not limited to DOCUMENTS and COMMUNICATIONS CONCERNING YOUR performance under the Contract; PLAINTIFF DAVID SILLS (in any aspect whatsoever); YOUR investigation of DEFENDANT Jennifer Lyell; YOUR investigation of PLAINTIFF DAVID SILLS; and/or the drafting, revision, circulation and/or publication of THE REPORT.

**Response:** Guidepost objects to this Request on the grounds that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing

such documents outweighs any benefit of their disclosure. The requested communications and documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, to the extent they relate to the portion of the Report concerning Plaintiff David Sills.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost further responds that is searching for and producing responsive non-privileged documents in its possession, custody, and control, that relate to the Report.

6. All COMMUNICATIONS with, and DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS with, the SBC, the EXECUTIVE COMMITTEE, the TASK FORCE, or any other PERSON or entity affiliated with the SBC to the extent such COMMUNICATIONS RELATE TO PLAINTIFF DAVID SILLS.

**Response:** Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control.

7. All COMMUNICATIONS with, and DOCUMENTS REFLECTING or RELATING TO COMMUNICATIONS with, the SBC, the EXECUTIVE COMMITTEE, the TASK FORCE, or any other PERSON or entity affiliated with the SBC to the extent such COMMUNICATIONS RELATE TO DEFENDANT Jennifer Lyell.

**Response:**

Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control.

8.    All DOCUMENTS RELATING TO payment(s) for work on THE REPORT.

**Response:** Guidepost objects to this Request on the grounds that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure.  The requested documents are irrelevant on the ground that they relate to portions of the Report that do not pertain to Plaintiffs.  Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case.  Guidepost is withholding documents on the basis of this objection.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost responds further that pursuant to the Engagement Letter, dated October 5, 2021, Guidepost billed $2,003,120.95 for the Report. Guidepost was paid $2,003,120.95 for the work on the Report.

9.    All DOCUMENTS RELATING TO any investigation of DEFENDANT Jennifer Lyell's allegations against PLAINTIFF DAVID SILLS by YOU or any other DEFENDANT.

**Response**: Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost further objects to this Request to the extent that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure.

Guidepost further objects on the ground the Request is entirely duplicative of Requests Numbered 2, 3, and 5.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will

search for and produce responsive non-privileged documents in its possession, custody, and control that relate to the portion of the Report concerning Plaintiff Michael David Sills and Guidepost's investigation into the SBC's mishandling of Ms. Lyell's allegations.

10.     All DOCUMENTS RELATING TO dissemination of THE REPORT to any third party, INCLUDING dissemination by email, hyperlink, or other electronic means.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Guidepost further objects to this Request on the grounds that it is vague, ambiguous, over-broad, or does not specify the information sought with sufficient particularity.  The Request does not define or limit the term "dissemination."

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce documents concerning its submission of the Report to the SBC Task Force.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost further responds to this Request by stating that Guidepost only delivered the Report to the SBC Task Force in accordance with the Engagement Letter. No other responsive documents exist.

11.     All DOCUMENTS and COMMUNICATIONS RELATING TO PLAINTIFF DAVID SILLS' resignation.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation.

Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, to the extent they relate to Plaintiff David Sills's resignation.

12.     All DOCUMENTS and COMMUNICATIONS with the Baptist Press and/or any other news or social media outlet regarding PLAINTIFFS or DEFENDANT Jennifer Lyell.

**Response**: Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control.

13.     All meeting notes and/or minutes CONCERNING the establishment of the Committee on Cooperation, the establishment of the SEXUAL ABUSE TASK FORCE, and/or allegations of sexual abuse or investigations into sexual abuse in relation to PLAINTIFF DAVID SILLS or DEFENDANT Jennifer Lyell.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they do not relate to any claims or defenses in this matter. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case.

As and for a further objection, Guidepost responds that it does not have any responsive documents as it was not involved in the establishment of the Committee on Cooperation or Sexual Abuse Task Force.

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will

search for and produce non-privileged documents relating to allegations of sexual abuse or investigations into sexual abuse in relation to PLAINTIFF DAVID SILLS or DEFENDANT Jennifer Lyell, to the extent that they relate to Guidepost's investigation concerning the mishandling of Ms. Lyell's sexual abuse allegations.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost further responds that is not in possession of any meeting notes or minutes concerning the establishment of the Committee on Cooperation or the SBC Task Force. Guidepost further responds that it is searching for and will produce responsive non-privileged interview notes in its possession, custody, and control, that relate to Plaintiffs or Defendant Lyell.

14. All policies, guidelines, procedures, and practices regarding YOUR investigations of sexual abuse and/or sexual misconduct.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost also objects on the ground that the requested documents are irrelevant since they do not relate to any claims or defenses in this matter.

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce a copy of the Engagement Letter.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Notwithstanding the foregoing objections, and

without waiver thereof, Guidepost further responds that no responsive documents exist.

15.   All DOCUMENTS CONCERNING and/or RELATED TO YOUR hiring by the SBC and/or EXECUTIVE COMMITTEE to investigate the SBC and/or EXECUTIVE COMMITTEE'S handling of sexual abuse claims.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case.

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce a copy of the Engagement Letter.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost further responds that it will search for and produce responsive non-privileged documents in its possession, custody, and control, that relate to the SBC Task Force retention of Guidepost for the Report.

16.   All COMMUNICATIONS with, or other DOCUMENTS REFLECTING any agreements and/or COMMUNICATIONS between YOU and DEFENDANT Jennifer Lyell, her agents, employees and/or other representatives.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of

documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost will withhold any privileged documents on the basis of this objection. Guidepost objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they do not relate to any claims or defenses in this matter. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, to the extent they relate to communications with Defendant Jennifer Lyell and the portion of the Report that concerns Plaintiff David Sills.

17.    All DOCUMENTS or COMMUNICATIONS related to footnotes 210 and 211 of the Report.

**Response:** Guidepost will search for and produce responsive non-privileged documents related to footnotes 210 and 211 in its possession, custody, and control.

18.    All DOCUMENTS that YOU contend evidence that the relationship between PLAINTIFF DAVID SILLS and DEFENDANT Jennifer Lyell was not consensual.

**Response**: Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection.

Guidepost further objects to the extent the Request is entirely duplicative of Requests Numbered 2, 3, 5, and 9.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control that relate to the portion of the Report concerning Plaintiff David Sills and Guidepost's investigation into the SBC's mishandling of Ms. Lyell's allegations.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost responds that non-privileged documents responsive to this request will be produced.

19.     Any and all invoices, bills, receipts, collections, payments, and/or ledgers for YOUR services and/or products RELATED, in any way, TO the investigation of allegations of sexual misconduct and/or abuse within the SBC.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure.  The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff.  Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case.  Guidepost is withholding documents on the basis of this objection.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost

responds further that pursuant to the Engagement Letter, dated October 5, 2021, Guidepost billed $2,003,120.95 for the Report. Guidepost was paid $2,003,120.95 for the work on the Report.

20.     Any and all requests for proposal (RFP), bids, scope of work (SOW) descriptions, contracts, agreements and COMMUNICATIONS, of any form, exchanged between You and any DEFENDANT, at any time, in relation to the investigation that RELATES, in any way, TO THE REPORT.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure.  The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff.  Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case. Guidepost is withholding documents on the basis of this objection.

**SUPPLEMENTAL RESPONSE:**

Guidepost stands by its objections and responses as set forth in its responses to Plaintiffs' First Request for Documents, dated June 7, 2024. Without waiving its objections, Guidepost responds that it will search for and produce responsive non-privileged documents in its possession, custody, and control relating to its engagement for the Report.

21.     YOUR entire file pertaining to any aspect of work and/or investigation YOU conducted that formed the basis for THE REPORT.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise

constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on the basis of this objection. Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiffs. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case. Guidepost further objects to the request for its "entire file pertaining to any aspect of work and/or investigation" on the grounds that the request is vague and ambiguous as to its meaning and scope. Guidepost is withholding documents on the basis of this objection.

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce a copy of the Engagement Letter, interview notes and drafts of the Report to the extent that they concern the allegations against Plaintiff David Sills.

22. All recordings of DEFENDANT Jennifer Lyell.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they seek all recordings of Defendant Jennifer Lyell unrelated to the Report or allegations in Complaint and defenses thereto.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost responds

that it has no recordings of Defendant Jennifer Lyell.

23. All recordings of PLAINTIFFS MARY SILLS or DAVID SILLS.

**Response:** Guidepost does not have any responsive documents in its possession, custody, or control.

24. All transcripts, notes or other DOCUMENTS RELATING TO any interview or conversation RELATING TO DEFENDANT Jennifer Lyell.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they seek all transcripts, notes or other documents relating to any interview or conversation relating to Defendant Jennifer Lyell unrelated to the Report or allegations in Complaint and defenses thereto.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, that relate to interview notes or conversations with Defendant Jennifer Lyell.

25. All transcripts, notes or other DOCUMENTS RELATING TO any interview or conversation RELATING TO PLAINTIFFS MARY SILLS or DAVID SILLS.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost further objects to this Request on the ground that it calls for the production of documents

that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they seek all transcripts, notes or other documents relating to any interview or conversation relating to Plaintiffs Mary Sills or David Sills unrelated to the Report or allegations in Complaint and defenses thereto.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, that relate to interview notes or conversations relating to Plaintiffs Mary Sills or David Sills.

26.     All transcripts, notes or other DOCUMENTS RELATING TO any interview or conversation RELATING TO DEFENDANT Jennifer Lyell's allegations against PLAINTIFF DAVID SILLS.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control.

27.     All insurance policies (INCLUDING excess and umbrella policies) for which YOU are named as an insured and/or additional insured.

**Response:** Guidepost objects to this Request on the grounds that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure.

Notwithstanding the foregoing objection, and without waiver thereof, refers Plaintiffs to its initial disclosures concerning indemnification.

28.     All DOCUMENTS and COMMUNICATIONS RELATING TO the decision to include DEFENDANT Jennifer Lyell's allegations against PLAINTIFF DAVID SILLS in THE REPORT.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost is withholding documents on that basis.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control.

29.     All DOCUMENTS provided by DEFENDANT Lyell to YOU.

**Response:** Guidepost objects to this Request on the ground that it calls for the production of documents that are protected by the attorney-client or other privileges, or which otherwise constitutes attorney or party work product or material prepared in anticipation of litigation. Guidepost further objects to this Request on the ground that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure.  The requested documents are irrelevant to the extent that they seek all documents of Defendant Jennifer Lyell unrelated to the Report or allegations in Complaint and defenses thereto.

Notwithstanding the foregoing objection, and without waiver thereof, Guidepost will search for and produce responsive non-privileged documents in its possession, custody, and control, that relate to documents received by Defendant Jennifer Lyell related to the portion of the Report that concerns Plaintiff David Sills.

30.     All DOCUMENTS RELATING TO dissemination of THE REPORT to any third party, INCLUDING dissemination by email, hyperlink, or other electronic means.

**Response:** Guidepost objects to this Request on the grounds that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. The requested documents are irrelevant to the extent that they relate to portions of the Report that do not pertain to Plaintiff. Thus, the burden of producing such communications and documents is disproportionate to the needs of Plaintiffs' case.

Guidepost further objects to this Request on the grounds that it is vague, ambiguous, over-broad, or does not specify the information sought with sufficient particularity. The Request does not define or limit the term "dissemination."

Notwithstanding the foregoing objections, and without waiver thereof, Guidepost will search for and produce a copy of the Report that it submitted to the SBC Task Force.

Dated: July 29, 2024

Respectfully submitted,

s/ Steven G. Mintz
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Mintz & Gold LLP
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com

-and-

John R. Jacobson, BPR #14365
Katharine R. Klein, BPR #19336
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700

(615) 320-3737 *Facsimile*
jjacobson@rjfirm.com
kklein@rjfirm.com

*Attorneys for Guidepost Solutions LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing has been served through e-mail on the following:

Katherine Barrett Riley (admitted *pro hac vice*)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

Steven A. Martino
Tiffany Ray
TAYLOR MARTINO, P.C.
P.O. Box 894
Mobile, AL 36601
Telephone: (251) 433-3131
Facsimile: (251) 405-5080
stevemartino@taylormartino.com
tiffany@taylormartino.com

*Counsel for Plaintiffs David and Mary Sills*

Louis Gino Marchetti, Jr., Esq.
Matthew C. Pietsch, Esq.
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Av.
Nashville, TN 37203
(615) 320-3225
Fax: (615) 320-3244
Gmarchetti@tpmblaw.Com
Matt@tpmblaw.Com

*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

Olivia Rose Arboneaux, Esq.
Philip N. Elbert, Esq.
Ronald G. Harris, Esq.
Neal & Harwell, PLC
1201 Demonbreun St., Ste. 1000
Nashville, TN 37203
(615) 244-1713
Fax: (615) 726-0573
Oarboneaux@nealharwell.Com
Pelbert@nealharwell.Com
Rharris@nealharwell.Com

*Counsel for Defendant Jennifer Lyell*

Brigid M. Carpenter, Esq.
Ryan P. Loofbourrow, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1600 West End Ave., Ste. 2000
Nashville, TN 37203
(615) 726-5600
Bcarpenter@bakerdonelson.Com
Rloofbourrow@bakerdonelson.Com

*Counsel for Defendants Executive Committee of the Southern Baptist Convention and Rolland Slade*

Byron E. Leet, Esq.
Wyatt, Tarrant & Combs
400 West Market St.
Louisville, KY 40202
(502) 589-5235
Bleet@wyattfirm.Com

James C. Bradshaw, III, Esq.
Wyatt, Tarrant & Combs
333 Commerce St., Ste. 1000
Nashville, TN 37201
(615) 244-0020
Fax: (615) 256-1726
Jbradshaw@wyattfirm.Com

Thomas E. Travis, Esq.
Wyatt, Tarrant & Combs
250 W Main St., Ste. 1600
Lexington, KY 40507
Ttravis@wyattfirm.Com

*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

Alan S. Bean, Esq.
Starnes Davis Florie, LLP
3000 Meridian Blvd., Suite 350
Franklin, TN 37067
(615) 905-7200
abean@starneslaw.com

*Counsel for Defendant Willie McLaurin*

on this 29th day of July, 2024.

s/ Steven G. Mintz