# Exhibit F

# BARRETT LAW GROUP, P.A.

| | |
|---|---:|
| Don Barrett<br>donbarrettpa@gmail.com | Katherine Barrett Riley<br>kbriley@barrettlawgroup.com |
| Richard Barrett<br>rrb@rrblawfirm.net | Sterling Aldridge<br>saldridge@barrettlawgroup.com |
| David McMullan<br>dmcmullan@barrettlawgroup.com | Gary Yarborough<br>gyarborough@barrettlawgroup.com |
| Ben White<br>bw@barrettlawgroup.com | Ben Hudson<br>bhudson@barrettlawgroup.com |

February 19, 2025

***Via Electronic Mail***
Gretchen Callas, Esq.
Alex Otchy, Esq.
Scott Klein, Esq.
gcallas@jacksonkelly.com
otchy@mintzandgold.com
klein@mintzandgold.com

Re: *Sills, et al. v. Southern Baptist Convention, et al.*; Case No. 3:23-cv-00478 (M.D. Tenn. | Guidepost's Deficiencies

Dear Counsel:

We write regarding certain deficiencies in your response and objections to Plaintiffs' First Request for Production No. 19. This RFP requests "Any and all invoices, bills, receipts, collections, payments, and/or ledgers for YOUR services and/or products RELATED, in any way, TO the investigation of allegations of sexual misconduct and/or abuse within the SBC." You have improperly objected to producing documents responsive to this request, and Plaintiffs request that you withdraw these objections and produce all documents responsive to this request within your possession, custody or control.

First, Guidepost objects that the request calls for production of documents that are privileged. This objection is misplaced because "the attorney-client privilege does not extend to billing records and expense reports." *Ketter v. City of Newark*, No. 2:11-cv-00734, 2013 U.S. Dist. LEXIS 78270, at *6 (S.D. Ohio June 4, 2013); *see also Patterson v. N. Cent. Tel. Coop. Corp.*, No. 2:11-0115, 2013 U.S. Dist. LEXIS 135608, at *5 (M.D. Tenn. Sep. 17, 2013) ("the attorney-client privilege has been held not to protect billing records, agreements for legal services, and payments of legal fees by the client or by third parties.") (citing *Humphreys, Hutcheson and Moseley v. Donovan*, 755 F.2d 1211, 1218 (6th Cir. 1985)). Additionally, a review of GPSILLS_004736 confirms that these invoices do not contain any privileged information. Withholding these records on that basis is improper, and Plaintiffs request that you produce these records in 10 days.

We further note that you are withholding documents responsive to this request, but you have not produced a privilege log. Please produce a document-by-document privilege log in excel format within 10 days which lists and describes all documents you are withholding on the basis of privilege, including

Post Office Box 927 ~ 404 Court Square
Lexington, Mississippi 39095
Phone: (662) 834-2488 ~ Fax: (662) 834-2628
barrettlawgroup.com

Case 3:23-cv-00478    Document 219-6    Filed 03/18/25    Page 2 of 3 PageID #: 2813

(1) the date and time of the communication, (2) the type of communication, (3) the subject of the communication, (4) the author, (5) the recipients, (6) the privilege asserted, and (7) an explanation of the privilege claimed. *First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235, 2016 U.S. Dist. LEXIS 142332, at *18 (W.D. Tenn. Oct. 5, 2016)

  Second, you object to Request No. 19 on the basis of relevance and burden, despite acknowledging that at least portions of these invoices are relevant to Plaintiffs' claims. The information sought by Plaintiffs in Request No. 19 is relevant (and crucial) to show the work performed by Guidepost in its "investigation" into the SBC's handling of its sexual abuse crisis, specifically as it relates to Defendant Lyell's statements against David Sills and Guidepost's subsequent published statements perpetuating Defendant Lyell's false claims of abuse. *See* Compl. ¶¶ 57-58, 60-64. Guidepost has not met its burden in demonstrating that the burden of responding to this request is disproportionate to Plaintiffs' needs. "Where the party seeking discovery demonstrates relevance, the defendant must show, not merely assert, why the requested discovery is not proportional to the needs of the case. *Harris v. Midtown Ctr. for Health & Rehab., LLC*, No. 2:19-cv-02397-JTF-jay, 2023 U.S. Dist. LEXIS 16189, at *11 (W.D. Tenn. Jan. 31, 2023) (citing *Walls v. Sterling Jewelers, Inc.*, No. 19-cv-02844-JPM-tmp, 2020 U.S. Dist. LEXIS 233282, 2020 WL 7327326, at *2 (W.D. Tenn. Dec. 11, 2020). Because you have not shown that this discovery is not proportional, Plaintiffs request that you produce documents responsive to this request within 10 days.

  Plaintiffs request that you produce documents responsive to RFP No. 19 and your privilege log within 10 days. To the extent necessary, we are available to meet and confer before that time. Plaintiffs reserve all rights to further challenge the sufficiency of your response to RFP No. 19 and all other discovery requests as well as your privilege log.

             Sincerely,

             Katherine B. Riley

cc:  Counsel of Record