# Exhibit G

RILEY & JACOBSON, PLC

ATTORNEYS AT LAW

1906 WEST END AVENUE

NASHVILLE, TENNESSEE 37203

KATHARINE R. KLEIN
kklein@rjfirm.com

TELEPHONE: (615) 320-3700
FAX: (615) 320-3737

March 10, 2025

**VIA E-Mail kbriley@barrettlawgroup.com**
Katherine Barrett Riley
Barrett Law Group, P.A.
P.O. Box 927
Lexington, Mississippi 39095
*Counsel for Plaintiffs*

   Re: *Michael David Sills and Mary Sills v. Southern Baptist Convention, et al..*
      *(Case No. 3:23-cv-00478)*

Dear Katherine:

  We are in receipt of Plaintiffs' February 19, 2025 deficiency letter regarding Plaintiffs' First Request for Production, Number 19, seeking invoices.

  Guidepost's primary objection to Document Request No. 19 is that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure. This is particularly true in light of the fact that Guidepost provided a supplemental response which provided Plaintiffs the total amount of fees that were billed for the Report and the total amount that Guidepost was paid for its work on the Report. This information is all that Plaintiffs need to make whatever argument they seek regarding Guidepost's work on the project.

  As you know, an impromptu meet and confer took place regarding Guidepost's objection to producing the requested invoices during a break between the February 11, 2025 depositions of Laura Erlanson and Elizabeth Dixon. As advised during the meet and confer, Guidepost does not believe that the invoices relate to the claims or defenses in this matter, particularly in light of the fee information provided to Plaintiffs earlier this year. While Plaintiffs also claim that these documents are relevant to show the work performed by Guidepost in its investigation into Plaintiffs' portion of the Report, Guidepost has already produced tens of thousands of documents that show its work and investigation into Plaintiffs' portion of the Report. Guidepost continues to object on relevancy grounds and fails to understand how these documents are relevant.

Further, Guidepost has a heavy burden if it were to produce only the portions of invoices related to Plaintiffs' portion of the Report. Many invoices contain multiple entries that do not have anything to do with Plaintiffs' portion of the Report, as seen on the inadvertently produced invoice, GPSILLS_004736. That would therefore require Guidepost to not only search and locate the invoices that apply to the Report, but go through each and every invoice and line item and redact all of the information that is unrelated to Plaintiffs' portion of the Report. This burden outweighs and is disproportionate to Plaintiffs' needs, and Plaintiffs have failed to articulate any reason why such information should be disclosed other than its self-proclaimed statement that the invoices are "crucial" to show the work performed by Guidepost. As stated previously, Guidepost has produced tens of thousands of documents showing the work it performed in connection with the Report.

Given the previous meet and confer, should you insist on the production of invoices, we believe the matter is now ripe for a joint discovery statement. Please be advised the above responses are not intended as a waiver of any rights on behalf of Guidepost, all of which are hereby preserved.

Very truly yours,

Katharine R. Klein

cc: All Counsel of Record