IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 3:23-cv-00478 |
| v. | )<br>) Judge William L. Campbell, Jr. |
| SOUTHERN BAPTIST CONVENTION, *et al.*, | ) Magistrate Judge Jeffery S. Frensley<br>) |
| Defendants. | ) JURY TRIAL DEMANDED<br>) |

### PLAINTIFFS' RESPONSE TO DEFEDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWERS

COME NOW, Plaintiffs, Michael David Sills and Mary Sills, through their attorneys, and in opposition to Defendants' Motion For Leave to File Amended Answers (Dkt. No. 218) state as follows:

### INTRODUCTION

On March 17, 2025 Defendants, Executive Committee of the Southern Baptist Convention, Rolland Slade, Ed Litton, Bart Barber, Willie McLaurin, and the Southern Baptist Convention, sought leave to amend their answers to the operative complaint. (Dkt. No. 218). Defendants pretextually suggest their delay was caused by the deposition testimony of Mary Sills. Even if their excuse were valid, which it is not, that deposition proceeded on October 4, 2024, nearly *six months* ago. Defendants also point out that the case management order was recently amended. (Dkt No. 218, ¶8). Notably, Defendants fail to remind the Court that the last amended CMO (Dkt. No. 208) made no allowance for amended pleadings. The absence of such date was not a scrivener's error, rather, it was a condition of the amended CMOs negotiated by the Parties. Conspicuously absent from Defendants' motion is the important fact that discovery closes this month, on April 28, 2025. Defendants further suggest that the fact of their delay is meaningless because this matter is set to proceed to trial on February 10, 2026. (Dkt. No. 218, ¶8). Again,

the movement of the trial date was a negotiation between the Parties, and the deadlines for close of discovery, experts and dispositive motions are all within the next few months (i.e., April 28, 2025; June 11, 2025; and August 22, 2025, respectively). These dates were vigorously negotiated, with Defendants taking very specific positions. Now, the dates are portrayed as inconsequential. Equally egregious and reflective of an absence of good faith is the fact that the "tweet" at issue was always in possession of Defendants; they have known about the tweet since at least July 2022. [See Exhibit A]. Defendants' inference that they only learned of if in October 2024 is not supported by the Record.

Plaintiffs are prejudiced by this 11th Hour motion and good faith has not been demonstrated. Alas, even if discovery did not close this month, the newly proposed affirmative defense remains inapplicable to the facts and law at bar. The motion should be denied.

## **LEGAL STANDARD**

Affirmative defenses must be stated in a responsive pleading. If a party fails to plead an affirmative defense, it may be waived unless the court allows an amendment under Rule 15. (Fed. R. Civ. P. Rule 8). A party may amend its pleading once, as a matter of course, within 21 days after serving it or within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. The court should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Butler v. White*, 67 F. Supp. 3d 59 (D.D.C. 2014). "[A]s a general rule, failure to plead an affirmative defense results in a waiver of that defense." *Rogers v. I.R.S.*, 822 F.3d 854, 864 (6th Cir. 2016) citing to *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir.2005); see also, *Wood v. Milyard*, ⸺ U.S. ⸺, 132 S.Ct. 1826, 1832, 182 L.Ed.2d 733 (2012). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Id.* citing to *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir.1993). In *Vital Pharmaceuticals, Inc. v. Alfieri*, the

court denied a motion to amend because the defendant knew of the underlying facts supporting the new affirmative defenses well before the amendment deadline and failed to show good cause for the delay (*Vital Pharmaceuticals, Inc. v. Alfieri*, 576 F.Supp.3d 1150 (2021)).

## ARGUMENT

I. *Defendants Have Failed To Demonstrate Good Cause.*

Because Defendant's motion to amend was filed after the scheduling order's deadline, Defendants must first demonstrate good cause under Rule 16(b) before the Court may consider whether amendment is proper under Rule 15(a). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Defendants do not demonstrate good cause. Instead, the Record demonstrates that these Defendants knew of the tweet they now say serves a basis for highly prejudicial amendment, and they took no action. Plaintiffs contend the non-action is indicative of the inapplicability of the Communications Decency Act to the facts in this case, but Defendants' dilatory behavior does not merit a finding of good cause.

First, the information supporting the proposed amendment to their answers was available and known to each of these Defendants even before the lawsuit was filed. *Id*. The tweet was first made in early July 2022, after the Guidepost Report had been published [Exhibit B]. There was even media coverage about the very tweet that Defendants now claim they learned about in Mary Sills' deposition. [Exhibit B]. Moreover, the tweeting strategy of these Defendants was coordinated, and this communication in particular was proximate to the SBC Annual Meeting. *Any* tweet on this topic was known to these Defendants, and the deposition of Mary Sills was not the first time they knew of this tweet. Irrefutably, then-president Bart Barber had knowledge of, and was responsible for, his own tweets at the time he was recklessly tweeting and retweeting. His testimony illustrated Barber's keen awareness of his tweeting and social media presence, and he admitted that the tweet he made at the expense of Mary Sills was, indeed, his. [Exhibit E]. Additionally, these SBC and Executive Committee defendants had social media teams and were mindful of the "chatter" on this topic, as both Rolland Slade and Willie McLaurin testified.

[Exhibit C, 82:4-14; Exhibit D, 91:15-92:2]. On October 30. 2025, Eric Geiger similarly testified as to the original tweet he posted, which Barber retweeted, and all Defendants were represented by counsel in that deposition. [Exhibit F, 24:20-25:6, see also pp. 251-52]. Also, this particularly cruel tweet was the subject of various media publications at the time it was tweeted. [Exhibit B]. Defendants knew of the stir caused by these false and inflammatory tweets, including the tweet at-issue, dating all the way back to July 2022.

Second, even if the Defendants deny knowing about the tweet (which contradicts the Record), they surely knew of the tweet as of October 4th, and again on October 30th at the Geiger deposition. At no point over nearly six months was any attempt made to seek amendment. Now, three weeks before discovery closes, Defendants seek leave, and it should be denied.

## II. *Plaintiffs Would Be Irreparably Prejudiced if Amendment Were Permitted*.

If the Court were to permit leave for these Defendants to add an entirely new affirmative defense, Plaintiffs would be highly and irreparably prejudiced. With barely 21 days left in discovery, the Plaintiffs would be left without any ability to adjust their litigation strategy. The Defendants are all well-represented and understand that a failure to timely plead an affirmative defense constitutes waiver and/or forfeiture. At this late stage, Plaintiff could not have foreseen that Defendants would seek leave to amend in the 11th Hour, particularly when Defendants were so opposed to any further amendment to the pleadings, as reflected in the absence of that date in the Parties' proposed modified CMOs.

## III. *The CDA Does Not Apply to the Facts of This Case, Making Amendment Futile*.

Section 230 of the Communications Decency Act of 1996 provides immunity to online platforms from civil liability based on third-party content and for the removal of content in certain circumstances. [See Exhibit A]. More particularly, Section 230 of the Communications Decency Act (CDA) provides immunity to providers of interactive computer services from liability for content created by third parties.

This immunity applies under several specific circumstances, none of which apply to this case. Defendants' motion does not address this glaring deficiency.

First, none of these Defendants is an online platform or social media platform as contemplated by the CDA. Second, none of these Defendants is sued because of what a random person said. Each of these Defendants understands what *they* tweeted and/or re-tweeted. Each of these Defendants acknowledged understanding how their social messaging was aimed. They are culpable for their statements. "If a website operator is in part responsible for the creation or development of content, then it is an information content provider as to that content, and is not immune under the Communications Decency Act (CDA) from defamation claims predicated on it." *Jones v. Dirty World Ent. Recordings LLC*, 755 F.3d 398 (6th Cir. 2014). None of these Defendants is a website operator, and each of them is responsible for the creation and development of the content at issue in this case. The CDA does not provide them immunity.

Further, the proposed amendment is conclusory and does not satisfy Rule 8 or *Twombly* with respect to sufficient factual allegations. Without question, application of the CDA would be improper and further amendment would not cure the deficiencies of the proposed amended answers.

The court need not grant leave to amend when doing so would be futile. *Doe v. BlueCross BlueShield of Tennessee, Inc.*, 926 F.3d 235, 244 (6th Cir. 2019); see also, *Harris v. Nationwide Mut. Fire Ins. Co.*, 367 F. Supp. 3d 768 (M.D. Tenn. 2019). In this instance, amendment would be futile and the motion should be denied.

Dated: March 31, 2025          Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628

kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

*/s/ Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

Gary E. Brewer (TN BPR#: 000942)
BREWER AND TERRY, P.C.
Attorneys at Law
1702 W. Andrew Johnson Hwy.
Morristown, TN 37816-2046
(423) 587-2730

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I, Shannon M. McNulty, hereby certify that on March 31, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Shannon M. McNulty*
Shannon M. McNulty
