IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, et al., <br><br> Defendants. | Case No.: 3:23-cv-00478 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Jeffery S. Frensley |

## PLAINTIFFS' OMNIBUS MOTION TO COMPEL VARIOUS ITEMS NOT PRODUCED BY DEFENDANTS IN DISCOVERY

COME NOW Plaintiffs, David Sills and Mary Sills ("the Sillses" or "Plaintiffs"), and move this Honorable Court to compel production of various items not yet produced by Defendants in response to written discovery or court order.[1] Under Federal Rule of Civil Procedure 37(a), a party may move for an order compelling disclosure or discovery if another party fails to respond to a discovery request. The rule is designed to ensure that parties have access to all relevant information necessary for the fair resolution of the case. The various items raised by this motion have been the subject of meet and confers. Not only are the items sought relevant, but they are essential to the Plaintiffs' ability to substantiate their claims and to challenge the defenses raised by the Defendants. Defendants' failure to produce these items irreparably prejudices the Plaintiffs' case and impedes full

---

[1] Plaintiffs submit an omnibus motion for efficiency and to reduce the number of pending motions.

1

and fair discovery. Each matter ripe for consideration by this Court, for which Plaintiffs seek relief, is set forth more fully below.

I. **MOTION TO COMPEL PRODUCTION OF THE ███████ RECORDS or FOR ENTRY OF AN ORDER PURSUANT TO 45 C.F.R. § 164.512(e)(1)**

<u>Background</u>

1. This motion is a continuation of a matter already heard by this Court on February 18, 2025 concerning the production of medical records for witnesses identified by Defendant, Lyell. See Dkt. No. 209. Plaintiffs previously subpoenaed records maintained by ███████, LCSW, which was opposed by Defendant, Lyell. Plaintiffs alternatively sought entry of a Court Order pursuant to 45 C.F.R. § 164.512(e)(1) instructing Ms. ███████ that she is authorized by Order of this Court to produce the records.

2. That facts and law concerning this issue are straight-forward. On September 13, 2024, Defendant Jennifer Lyell served Supplemental Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and 26(e). In those disclosures, Lyell identified "INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION." Lyell proceeded to identify ███████ as an individual with "discoverable information." In pertinent part, the disclosure stated:



3. Thereafter, Plaintiffs sought from Lyell production of several medical records, including those of ███████. Defendant Lyell would not produce the records. After several meet-

and-confers concerning non-production, the matter was raised with this Court in a discovery conference held on February 18, 2025.

4. On February 18, 2025, after receiving extensive argument on the matter, the Court ordered that by "March 3, 2025, Defendant Lyell shall produce all responsive medical records." Dkt. No. 209. Many records were produced, but not those for ▮. Despite repeated requests and extensive conferral, plus an order from the Court to make production of the records, the Severino records have not been produced by Defendant Lyell.

5. Plaintiffs' counsel has spoken with counsel for ▮. Initially, progress was made concerning the production of these records, because Lyell has affirmatively identified ▮ as having discoverable information and knowledge of relevant facts. Counsel for ▮ indicated she would speak with counsel for Defendant Lyell, and that they would then revert to Plaintiffs' counsel.

6. After a prolonged period of time without update, Plaintiffs' counsel reached out to both attorneys and learned that the records would not be produced because ▮ and Lyell thought ▮

7. The records sought are relevant to this action in that Defendant Lyell herself, has affirmatively identified ▮ as having discoverable information concerning the claims at bar, and she may testify at trial. Defendant Lyell has also answered discovery in this case that she suffers from certain medical conditions she attributes to the allegations at bar. Other discovery reveals, however, that she has attributed those same conditions to other causes, too. (e.g., <u>Exhibit</u> 1, filed under seal, Executive Committee Position Statement dated April 24, 2020).

8. Moreover, in other litigation concerning Ms. Lyell and the Southern Baptist Convention and Executive Committee, Ms. ▮ has affirmatively ▮

█████████████, who serves as Special Assistant to another defendant, Al Mohler, President of The Southern Baptist Theological Seminary. (Exhibit 2, filed under seal, Statement of Treatment).

9. Ms. ██████'s offer to ████████ calls into question why Ms. ██████ would be so open and forthcoming in one case, and so reticent in this case. Upon information and belief, ███████████ is married to ████████████, who holds pastoral leadership positions within the SBC, including as an ████████████████████████████ church, and various leadership positions at ████████ Baptist. That fact could influence ████████. It is imperative that the records be produced.

10. The notion of any claimed privilege is further diluted by Jennifer Lyell openly discussing with others her treatment with ████████████████, to whom she often refers as "███." See Exhibit 3, filed under seal, Lyell Part 1 Transcript, pp. 55-68; 71-72).[2]

11. Notably, in one text message, Defendant Lyell states she could send ████████████ ████████████████████████████████████ Exhibit 4, filed under seal, text from J. Lyell dated 5/29/2018. Minimally the text suggests that Lyell is not averse to producing the records, which makes sense because Lyell identified ███████ as a person with discoverable information, and ███████ has ████████████████████ in other litigation. Exhibit B. If Lyell's text is true, the records can be handily produced. Of course, it may not be true that Lyell has the records, in which case, ███████ must produce the records.

### **Legal Argument**

12. In the spirit of cooperation set forth in the *Interprofessional Code Of Cooperation Between The Tennessee Bar Association And The Tennessee Medical Association* ("Code of Cooperation"), Plaintiffs' counsel previously sought to accommodate production of the ███████

---

[2] Part 2 of the Lyell transcript has not been made available by the court reporter. Reportedly, it will be available this week.

records. Plaintiffs' counsel has, in several instances, requested that Defendant Lyell sign a medical authorization so as to facilitate production of the records maintained by providers she has identified as witnesses in this case, including Ms. ▮▮▮▮. Even before this matter was initially before the Court on February 18, 2025, Plaintiffs' counsel directed defense counsel to the *Code of Cooperation* which provides, in pertinent part:

> *An attorney who represents a client whose mental or physical condition is an issue in a lawsuit should provide opposing counsel with a medical authorization if requested to do so.*

13. By identifying medical conditions and the corresponding treaters as witnesses with discoverable information, Lyell has placed at issue her mental and physical condition. For that reason, on February 18, 2025, this Court supplied guidance and entered an Order which Lyell has disregarded. (Dkt. No. 209). Plaintiffs are prejudiced by the refusals and require relief.

14. Counsel in this case properly seek access to this relevant evidence, and all counsel who seek access, as well as the providers, are entitled to protection afforded by a court order entered pursuant to pursuant to 45 C.F.R. § 164.512(e)(1).

15. "The court can order the production of the requested evidence, even if this evidence is otherwise protected by HIPAA, and, pursuant to such a court order, the evidence must be produced." *Johnson v. Crete Carrier Corp.*, No. 3:15-CV-1318, 2016 WL 9150697, at *3 (M.D. Tenn. Oct. 26, 2016) citing to 45 C.F.R. § 164.512(e)(1) ("A covered entity may use or disclose protected health information without the written authorization of the individual ... in the course of any judicial or administrative proceeding: (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order."). A party's refusal to sign a HIPAA authorization may also result in sanctions. *Mitchell v. Hiniger*, No. 1:10-0105, 2011 WL 5325777, at *2 (M.D. Tenn. Nov. 3, 2011), report and

recommendation adopted, No. 1-10-0105, 2011 WL 5880949 (M.D. Tenn. Nov. 23, 2011) (stubborn refusal to return HIPAA releases might eventually necessitate a dismissal).

16. Under Federal Rule of Civil Procedure 37(a), a party may move for an order compelling disclosure or discovery if another party fails to respond to a discovery request. The rule is designed to ensure that parties have access to all relevant information necessary for the fair resolution of the case. The records from ▮▮▮▮ are not only relevant but essential to the Plaintiffs' ability to substantiate their claims and to challenge the defenses raised by the Defendants. The failure to produce these records irreparably prejudices the Plaintiffs' case and impedes full and fair discovery.

17. The Court has previously indicated the importance of resolving discovery disputes promptly and has encouraged the parties to continue their efforts to resolve outstanding issues. However, despite these efforts, the Defendants have not complied with their discovery obligations regarding the ▮▮▮▮ records.

18. Plaintiffs respectfully request that the Court issue an order compelling the Defendant, Lyell, to produce the ▮▮▮▮ records within seven days, or in a specified timeframe as determined by the Court. In the alternative, if the records are not in possession of Lyell, Plaintiffs respectfully request entry of an Order pursuant to 45 C.F.R. § 164.512(e)(1) with an Order directing ▮▮▮▮ ▮▮▮▮ to produce the records.

## II. MOTION TO COMPEL SIGNED SUPPLEMENTAL INTERROGATORY RESPONSES THAT COMPORT WITH FRCP 33(b)(5) FROM DEFENDANT LYELL AND GUIDEPOST

On January 3, 2025, Defendant Jennifer Lyell responded via letter (Ex. 6) to Plaintiffs' November 26, 2024 letter (Ex. 7) which identified deficiencies with, among other things, Lyell's interrogatory answers. Lyell's January 3, 2025 letter addressed twenty different interrogatory

responses. Of those twenty, Lyell supplemented her response to thirteen interrogatory responses and clarified her responses to the other seven. This letter, which does not contain Defendant Lyell's signature, does not meet the requirements of Fed. R. Civ. P. 33(b)(5) which states that "[t]he person who makes the answers must sign them. . ." Plaintiffs' seek these supplemental interrogatory responses in a form that is consistent with Fed. R. Civ. P. 33(b)(5).

Similarly, on February 7, 2025, Defendant, Guidepost, LLC, responded via letter (Ex. 8) to Plaintiffs' January 22, 2025 letter (Ex. 9) which identified deficiencies with Guidepost's interrogatory responses. Guidepost's February 7 letter, which does not contain a signature from a Guidepost officer or associate, provided expansive responses to two of the subject interrogatories. Plaintiffs also seek these supplemental interrogatory responses in a form that is consistent with Fed. R. Civ. P. 33(b)(5).

For the reasons stated above, Plaintiffs respectfully ask the Court to Compel Defendants Lyell and Guidepost to provide Supplemental Answers to Plaintiffs' Interrogatories that comport with Fed. R. Civ. P. 33(b)(5) by a date certain.

### III. MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES FROM GUIDEPOST SOLUTIONS, LLC.

On June 19, 2024, Plaintiffs sent a letter (Ex. 10) to Guidepost which identified certain deficiencies with their Interrogatory Responses. On July 30, 2024, Guidepost supplemented their Interrogatory Responses. (Ex. 11). On January 22, 2025, Plaintiffs sent another letter (Ex. 12) identifying continued deficiencies with Guidepost's supplemental interrogatory responses to which Guidepost responded, via letter (Ex. 13), on February 7, 2025. The following Interrogatory Responses remain deficient.

**Interrogatory No. 10** seeks description of Guidepost's legal and financial relationships with the other defendants to the case. In response, Guidepost states that it ███████

7

▇▇▇ and provides the amount billed and paid for the Report. Plaintiffs' Interrogatory seeks a description of the relationship as that information is highly relevant to understanding the nature of the Report and the goal of the investigation. If, for instance, Guidepost had a close relationship with any of the Defendants, it would tend to support claims that the Report was simply used to insulate the SBC and its administration claims such as those at issue in the instant matter.

**Interrogatory Nos. 11 and 12** both seek description of Guidepost's role and responsibilities with respect to investigation of allegations of misconduct against David and Mary Sills and the subsequent allegations against David Sills in their Report. In response, Guidepost answers ▇▇▇ Fed. R. Civ. P. ▇▇▇. Plaintiffs are prejudiced by this response. Guidepost both answers by ▇▇▇. Plaintiffs are entitled to a direct answer.

**Interrogatory No. 14** seeks the identity employees or agents with any part in the investigation, drafting, etc. of the Report, including information such as their names, titles, the nature and scope of their work and their findings. While **Interrogatory No. 15** seeks the same information with regard to any investigation into allegations of sexual misconduct in the SBC or Executive Committee of the SBC. In response to Interrogatory No. 14, ▇▇▇ Fed. R. Civ. P. ▇▇▇ Guidepost fails to provide a complete answer. These responses do not include all individuals who worked on the Report, who the individuals interviewed, nor does it include who specifically conducted the investigation of sexual misconduct within the SBC or the SBC's handling of those allegations (including allegations made by Defendant Lyell against

8

Plaintiffs). As an example, Rachel Denhollander, a member of the SBC task force is referenced on the Guidepost website[3] as someone involved with the SBC sexual abuse investigation and hotline. Ms. Denhollander is not part of the Guidepost responses to these interrogatories. Additionally, there is no explanation as to the nature and scope of each interviewer's responsibility. This information is relevant to Plaintiffs' claims and is directly responsive to how the investigation was planned and conducted.

**Interrogatory 17** seeks description of all other work performed by Guidepost relating in any way to investigating allegations of sexual abuse, handling of those allegations and any investigations of sexual abuse including date, client, nature, scope of work and the names of the individuals who did the work. Guidepost answered by reference to Interrogatory No. 14, which is wholly unresponsive to this Interrogatory. Plaintiffs are entitled to an answer to this Interrogatory as it is relevant to the claims Plaintiff is making. The past experience, client base and methodologies employed by Guidepost in the past on similar matters as those which are the subject of the Report and the SBC sexual abuse investigation will provide context and a basis for comparison for the jury here.

For the reasons stated above, Plaintiffs respectfully ask the Court to Compel Guidepost to provide Supplemental Answers to Plaintiffs' Interrogatories Nos. 10, 11, 12, 14, 15 and 17 by a date certain.

## IV. MOTION TO COMPEL THE SBC, GUIDEPOST AND THE EXECUTIVE COMMITTEE OF THE SBC TO PRODUCE DOCUMENTS RESPONSIVE TO PLAINTIFFS' MARCH 28, 2025 REQUESTS

On March 28, 2025, Plaintiffs issued requests for production to the SBC, Guidepost and the ECSBC seeking 1); "any DOCUMENTS YOU produced in *Hunt v. Southern Baptist Convention, et al.*, Case No. 3:23-cv-243 (M.D. Tenn.) ("Hunt") that (a) have not been produced in this matter and

---

[3] https://web.archive.org/web/20240222181956/https://guidepostsolutions.com/news-events/the-creation-of-an-sbc-sexual-abuse-hotline/ , last visited May 2, 2025.

(b) reference or relate to, in any way, any of the following: Jennifer Lyell; David Sills; Jonathan Howe; Baptist Press; materials prepared by any Defendant in this matter, prior to 2023; Gene Besen; Rachel Denhollander; and any materials prepared by or on behalf of any Defendant in this case with regard to any civil or criminal investigation conducted at any local, state or federal levels of government" and 2) "[t]ranscripts of all depositions taken in the *Hunt* case and any other proceeding(s) against YOU regarding the REPORT." (Exs. 14 and 15). The SBC and Guidepost have objected to producing any documents pursuant to this request and the ECSBC has not responded.

Guidepost's Response characterizes Plaintiffs' request as seeking cloned discovery and recasts Plaintiffs' request as far more expansive than it was drafted. Guidepost does not provide any documents responsive to the Requests. The SBC similarly responds with objections and does not provide any documents. Plaintiffs' requests are tailored to gather discovery that is relevant to the claims and defenses in this matter, as permitted by Federal Rule of Civil Procedure 26 which permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence "has any tendence to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corrections Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018).

For the reasons stated above, Plaintiffs respectfully ask the Court to Compel the SBC, Guidepost and the ECSBC to produce responsive non-privileged documents in their possession, custody or control.

V. **MOTION TO COMPEL SUPPLEMENTAL INTERROGATORY RESPONSES FROM LITTON, BARBER AND THE SBC**

On April 16, 2025, Plaintiff sent letters to Defendants Dr. Ed Litton, Bart Barber and the Southern Baptist Convention identifying deficiencies with their Interrogatory Responses. (Exs. 16,

10

17, and 18). To date, Plaintiffs have not received a response and so now move this Court to compel supplementation of these parties' Interrogatory Responses by a date certain consistent with their obligations under the Federal Rules of Civil Procedure.

## VI. MOTION TO COMPEL RESPONSES TO PLAINTIFFS' INSURANCE INTERROGATORY

Plaintiffs' Insurance Interrogatory[4] asks Defendants whether they were named insured under any policy of liability insurance on the date(s) of the occurrences alleged in Plaintiffs' Complaint and if so, to provide the name and address of the carrier, the policy, the effective period, the liability limits, the name and address of each insured and additional insured under the policy. This highly relevant information has not been provided by any of the defendants.[5] This insurance information is highly relevant because it exists to benefit aggrieved parties such as the Plaintiffs here. Because of its plain relevance Plaintiffs are entitled to answers for this Insurance Interrogatory and therefore respectfully ask the Court to Compel the Defendants to provide a supplemental response to Plaintiffs' Insurance Interrogatory by a time certain.

## VII. MOTION TO COMPEL SEARCH METHODOLOGY, AND COMPEL PRODUCTION OF CERTAIN DOCUMENTS

Plaintiffs have been unable to determine whether Guidepost has conducted a diligent search and reasonable inquiry in its effort to produce documents responsive to discovery requests as required

---

[4] Plaintiffs' Insurance Interrogatory corresponds to the following numbers for each defendant: Interrogatory 5 for The Executive Committee of the SBC and Guidepost Solutions, LLC; Interrogatory 7 for Bart Barber, Dr. Ed Litton, Willie McLaurin, Dr. R. Albert Mohler; The SBC; The Southern Baptist Theological Seminary and Rolland Slade; Interrogatory 11 for Jennifer Lyell.

[5] The Executive Committee of the SBC provided Plaintiffs' counsel a copy of an insurance policy's declaration page prior to the mediation but without the other information requested in the Interrogatory, it is unclear whether the information provides Plaintiffs with a complete understanding of insurance relative to the ECSBC. Similarly, Seminary produced a copy of an insurance policy, but the effective dates are limited to July 19, 2019 to August 1, 2022.

11

by Fed. R. Civ. P. 26.[6] This is because Guidepost refuses to disclose to Plaintiffs its search methodology, preventing Plaintiff from determining whether Guidepost has conducted a reasonably diligent search of responsive records. Despite Guidepost's lacking search, Plaintiffs have been able to determine that Guidepost has not searched for or produced several categories of documents, including, but not limited to: 1) notes from Jennifer Lyell's interviews; 2) text messages from Krista Tongring; 3) communications with Rachel Denhollander; and 4) insurance policies.[7] As such, Plaintiffs are unable to determine whether there are other relevant documents Guidepost has not produced, and therefore request that the Court order Guidepost to disclose its search methodology, including, but not limited to: 1) its search terms; 2) its custodians; and 3) the systems searched to allow Plaintiffs' to determine whether Guidepost has fulfilled its obligation to conduct a reasonable search under Fed. R. Civ. P. 26(b). Plaintiffs additionally move to compel the above referenced categories of documents Guidepost has withheld as a result of its insufficient search methodology.

**Guidepost Refuses to Disclose Search Methodology**

In preparing for Guideposts 30(b)(6) deposition, Plaintiffs discovered that Guidepost had failed to produce multiple categories of documents, including 1) notes from Jennifer Lyell's interviews; 2) text messages from Krista Tongring; 3) communications with Rachel Denhollander; 4) insurance policies; and 5) invoices. On April 17, 2025, counsel for Plaintiffs emailed Guidepost requesting that Guidepost identify "1) the search terms used in collecting documents, 2) what databases were searched, and 3) if [Guidepost] searched the emails and text messages of all people identified in [Guidepost's] initial disclosures." *See* April 17, 2025 email from K. Riley to S. Klein,

---

[6] Plaintiffs and Guidepost are continuing to attempt to resolve the issues raised in this motion without Court intervention, however, given the deadline for filing discovery disputes, Plaintiffs submit this motion to preserve their rights.
[7] Plaintiffs cannot know the full scope of documents not searched for until Guidepost discloses its methodology. Plaintiffs have separately moved to compel the production of invoices Guidepost billed the Southern Baptist Convention for its work on the Report. *See* Dkt. No. 242.

12

re: Sills | Guidepost Production, attached as Exhibit 19. That same day, a meet and confer was held. During the meet and confer, counsel for Guidepost indicated that they could not provide answers to Plaintiffs' request before the then-noticed 30(b)(6) deposition of Guidepost on April 24, 2025 because its counsel with the most knowledge of its search methodology was out on parental leave. Thereafter, counsel for Guidepost and Plaintiffs agreed to postpone the 30(b)(6) deposition until after Plaintiffs received answers to their questions, because the Parties agreed the deposition should not proceed until it was known whether there was a production deficiency. *See* April 21, 2025 email from K. Klein to K. Riley re: Guidepost 30(b)(6) deposition and document issues, attached as Exhibit 20. On May 1, 2025, Plaintiffs' counsel followed up on their request. To date, Guidepost has not responded.

**Gaps in Guidepost's Productions**

During the course of discovery, Guidepost has only produced 1,476 documents. Only 234 of those documents are emails, a huge disparity compared to the number of emails provided by the other corporate Defendants. A comparison between documents produced by Guidepost and other Defendants demonstrates the inadequacies in Guidepost's search and production:

- Defendant Lyell produced 45 emails between herself and Krista Tongring, Guidepost's Senior Managing Director. Guidepost only produced 9 of those emails.

- Defendant Lyell also produced full text messages between herself and Guidepost employees; Guidepost only produced screen shots of text message excerpts. *Compare* Exhibit U (Lyell text message) with Exhibit V (Guidepost text message).

- Defendant Executive Committee produced 31 emails to or from the email addresses ecinvestingation@guidepostsolution.com and sbcecinvestigation@guideposolutions.com. Guidepost only produced 18 of those emails.

**Jennifer Lyell Interview**

Guidepost has also stated that it has produced all documents evidencing its interviews of Jennifer Lyell. *See* March 31 email from A. Otchy to K. Riley Re Lyell written interview, attached as Exhibit 21. Guidepost produced only one document evidencing that interview, a draft email. *See*

13

GPSILLS_018902, attached as Exhibit 22. Defendant Lyell, however, testified that Ms. Wood and Ms. Tongring were both present at both her interviews conducted by Guidepost, with one taking notes on a computer and the other taking handwritten notes each time. Lyell Dep. at 59:16-23; 61:25-62:7 (day 2), attached hereto as Exhibit 23. This lack of a formal interview form is contrary to the normal practice of Guidepost's investigation in this matter, as it typically uses a standard form to enter interview notes into. *See* Guidepost's Interview Template, GPSILLS_000126 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"), attached hereto as Exhibit 24.

### Communications with Rachel Denhollander

Guidepost identified Rachel Denhollander as having provided it relevant information regarding Plaintiffs' portion of the Report. *See* Second Supplemental Responses and Objections of Defendant Guidepost Solutions LLC to Plaintiffs' First Set of Interrogatories, No. 1, attached as Exhibit 24. Notably, Denhollander was acting as both an SBC Task Force advisor and Defendant Lyell's attorney at the time. However, Guidepost has failed to produce a single email between it and Ms. Denhollander, despite the fact that Denhollander provided direct input into Plaintiffs' portion of the Report. *See* Exhibit 26, GPSILLS_009716. It is unclear how Ms. Denhollander would have transmitted her comments to the Report in any other way than email.

### Insurance Policies

Guidepost has also refused to provide any information regarding insurance policies which may provide coverage if it is found liable in this case. Plaintiffs requested that Guidepost produce "All insurance policies (INCLUDING excess and umbrella policies) for which YOU are named as an insured and/or additional insured." *See* Responses and Objections to Defendant Guidepost Solutions LLC to Plaintiffs' First Request for Production, No. 27. While Guidepost has referred Plaintiffs to an indemnification provision in its engagement letter with Defendant Southern Baptist Convention which indemnifies Guidepost, under that same agreement Guidepost will not be indemnified if it is

14

found to be negligent or tortious. *See* GPSILLS_002961, attached as Exhibit 27. Guidepost has not provided any other insurance information.

Fed. R. Civ. P. 26(b)(1) requires Guidepost to produce responsive, non-privileged documents that are "relevant to any party's claim or defense and proportional to the needs of the case,…." Fed. R. Civ. P. 26(b)(1). An order compelling discovery is appropriate where "a party fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

Guidepost has a duty to conduct a diligent search for responsive documents within its custody or control. *Pianko v. Gen. R.V. Ctr., Inc.*, No. 20-13371, 2022 U.S. Dist. LEXIS 67083, at *13 (E.D. Mich. Apr. 11, 2022). Yet, it has failed to run a sufficient search to identify documents responsive to Plaintiffs' discovery requests as demonstrated by the disparity between the documents produced by Guidepost and its co-Defendants. Plaintiffs have been able to identify text messages and emails produced by Defendants Lyell and Executive Committee which should have been located and produced by Guidepost after a reasonable search was conducted. Plaintiffs are likewise aware of input from Rachel Denhollander into the Report, but no email communications between Denhollander and Guidepost have been produced. These communications are relevant and responsive to Plaintiffs' Request for Production Nos.1, 2, 3, 5, 6, 9, 13, 16. *See* Exhibit 28, GP RFP responses.

Similarly, Guidepost has failed to conduct a reasonable search for Jennifer Lyell's interview notes. Defendant Lyell testified that both handwritten and electronic notes were taken at her Guidepost interviews, but only a single draft email has been produced, demonstrating the inadequacies in Guidepost's search methodology. These notes are highly relevant and were requested by Plaintiffs. *See* Exhibit 29, RFP No. 24.

The same is true for Guidepost's insurance information. Guidepost has not stated it does not have a separate insurance policy—it merely refers to the indemnification provision in its engagement letter with the SBC Task Force. Fed. R. Civ. P. 26(a)(1)(A)(iv) requires disclosure of *any* insurance

15

agreement under which an insurer may be liable to satisfy a possible judgment in the action. Additionally, Plaintiffs requested the relevant insurance information in their requests for production. *See* Exhibit 30, RFP No. 27. Guidepost should be compelled to produce its insurance information or expressly confirm there is no additional insurance in place outside of its indemnification agreement with the SBC Task Force.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to compel the production of various items identified, herein, and provide such other and further relief as the Court deems appropriate.

Dated: May 5, 2025

Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com


*Counsel for Plaintiffs*

16

## CERTIFICATE OF SERVICE

I, Shannon M. McNulty, hereby certify that on May 5, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/*Shannon M. McNulty*