THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID SILLS<br>and MARY SILLS, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | CASE NO. 3:23-cv-00478 |
| v. | ) <br> ) | JUDGE WILLIAM L. CAMPBELL, JR. |
| | ) | Magistrate Judge Chip Frensley |
| SOUTHERN BAPTIST CONVENTION,<br>*et al.* | ) <br> ) | JURY TRIAL DEMANDED |
| Defendants. | ) <br> ) | |

## RESPONSE OF DEFENDANT GUIDEPOST SOLUTIONS LLC IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant Guidepost Solutions LLC ("Guidepost") respectfully submits this Response in Opposition to the motion brought by Plaintiffs Michael David Sills and Mary Sills ("Plaintiffs") to compel discovery (ECF Doc. Nos. 242, 243).

Plaintiffs' motion to compel seeks documents that are not relevant to their claims, and the burden of reviewing and producing such documents outweighs any marginal benefit of their disclosure. This is particularly true for the information Plaintiffs seek here, since Guidepost has already produced thousands of pages of documents in this case, many of which provide Plaintiffs precisely the information they claim they need from the invoices – who worked on the Sills portion of the investigation which led to the issuance of the Report. In addition to the thousands of pages of documents, Guidepost also has provided Plaintiffs with the total amount it billed the SBC for the services it provided to conduct its investigation and issue the Report. Moreover, Guidepost has already agreed to provide Guidepost's annual revenues for the years 2020-2022 as part of its Fed. R. Civ. P. 30(b)(6) deposition testimony, so Plaintiffs can compare the total revenues to the amount

billed on this matter. The above provides Plaintiffs with more than enough information to make whatever arguments they wish regarding Guidepost's purported motivation or bias in preparing the 288-page Report (of course, there was no bias).

Not only did Plaintiffs fail to mention in their motion to compel any of the above materials they have received (or will receive), Plaintiffs misrepresented Guidepost's position in their motion, claiming that "the parties agree that the invoices which relate to David Sills are relevant." (p. 5 of Memorandum of Law (ECF Doc. No. 243). Not true, and Plaintiffs know it.

As will be set forth more fully below, Guidepost objected on relevance grounds to the production of invoices issued to the SBC at least **four** different times, the earliest of which was almost one year ago: (1) Guidepost's June 7, 2024 Responses and Objections to Plaintiff's First Request for Production Documents (ECF Doc. No. 243.3); (2) Guidepost's July 29, 2024 Supplemental Responses and Objections to Plaintiff's First Request for Production (ECF Doc. No. 243.5); (3) Guidepost's March 10, 2025 letter to counsel (ECF Doc. No. 243.10); and (4) Plaintiffs' **own** Request for a Discovery Conference, dated March 18, 2025 (ECF Doc. No. 219).

Guidepost's position has remained unchanged throughout this litigation: Plaintiffs' request for invoices is not relevant to the claims in this case, unreasonably cumulative, and unduly burdensome. Therefore, Plaintiffs' motion to compel should be denied.

## BACKGROUND

In response to Plaintiffs' First Request for Production (the "First Request") (ECF Doc. No. 243.3), Guidepost agreed to produce responsive documents to all but four of Plaintiffs' thirty (30) documents requests. Following a meet and confer between counsel, Guidepost compromised further and supplemented its Responses and Objections to the First Request (the "Supplemental Responses") (ECF Doc. No. 243.5) and agreed to produce documents in response to two of the

four requests to which it had initially objected. Following the meet and confer process, Guidepost produced approximately 18,942 thousand pages to Plaintiffs as part of discovery in this case.

In its response to the First Request, served in June 2024, and in its Supplemental Responses, served in July 2024, Guidepost objected to Document Request No. 19, which sought copies of invoices, on the grounds that "it calls for the production of documents that are irrelevant to Plaintiffs' claims…". Plaintiffs did not further challenge Guidepost's response to Document Request No. 19 for the next six months. Following a February 2025 in-person meet and confer on this issue, Plaintiffs sent a letter regarding the withholding of invoices, to which Guidepost's counsel responded on March 10, stating in relevant part:

> Guidepost's primary objection to Document Request No. 19 is that it calls for the production of documents that are irrelevant to Plaintiffs' claims, and the burden of searching for and producing such documents outweighs any benefit of their disclosure…. Guidepost continues to object on relevancy grounds and fails to understand how these documents are relevant.

(ECF Doc. No. 243.10.)

In both the February 2025 meet and confer and the March 10, 2025 letter, Guidepost explained why the invoices submitted to the SBC are irrelevant in this case:

1. Guidepost has produced thousands of pages of documents identifying (a) the individuals who performed work on the Sills portion of the Report, (b) the nature of the work performed; and (c) the level of detail Guidepost provided in investigating the Executive Committee's response to allegations of sexual abuse as it related to Jennfier Lyell's allegations against David Sills;

2. Guidepost provided to Plaintiffs the total amount Guidepost billed the SBC for the 8-month long investigation which led to the 288-page Report; and

3

Case 3:23-cv-00478   Document 252   Filed 05/19/25   Page 3 of 8 PageID #: 5157

3. Guidepost has also agreed to provide (through its Corporation Representative's deposition testimony) Guidepost's annual revenues for the years 2020-2022.

In sum, Guidepost provided the "who", the "what", and the "how much" as set forth above. While Plaintiffs' claim that Guidepost was somehow financially motivated to make David Sills the focus of this Report is entirely meritless, the above information and materials provide Plaintiffs with more than enough discovery to make that (specious) argument.

**ARGUMENT**

As Plaintiffs acknowledge in their motion, pursuant to Fed. R. Civ. P. 26(b)(1) Plaintiffs may obtain discovery regarding any matter, so long as that matter is **relevant** to their claims, and proportional to the needs of the case. Even if relevant, "the Federal Rules of Civil Procedure authorize the court to limit the frequency or extent of discovery otherwise allowed if the court determines that the discovery sought is unreasonably cumulative or duplicative. *Martinez v. McGraw*, No. 3:08-0738, 2012 WL 13046854 (M.D. Tenn., Sept. 11, 2012). Here, Plaintiffs miss the mark on both of the above requirements.

*First*, the invoices that Plaintiffs seek from Guidepost are not relevant to the claims in this case. Whether a Guidepost investigator billed .4 hours or .6 hours on a particular matter is not at all probative of whether Plaintiffs were defamed. Moreover, whether Guidepost worked on the Sills portion of the Report on a Monday or a Thursday sheds no light on the dispute. Finally, how Guidepost described the work in an invoice does nothing to further Plaintiffs' position. Rather, it is the work that was actually done, and not how it was described, that matters. The documents produced by Guidepost and the upcoming deposition of Guidepost are the proper vehicles to learn that information.

*Second*, the invoices contain nothing that cannot be found in the thousands of pages Plaintiffs already have in their possession. If Plaintiffs are looking to determine who at Guidepost worked on the Sills portion of the Report, the interview notes, email and text communications, and other documents produced in this case provide that information. Plaintiffs have had the identity of all the individuals who worked on the Sills portion of the Report since June 7, 2024, when Guidepost served their responses to Plaintiffs' First Set of Interrogatories. (*See* ECF Doc. No. 247.12, Int. 14.) Plaintiffs have proven themselves adept at locating documents for deposition exhibits in both Guidepost and the other defendants' productions; Guidepost is under no obligation to do the review work for them. If the Plaintiffs are seeking the nature of the work performed, the same interview notes, email and text communications will provide that information.

Based on the fact that the information Plaintiffs seek would be unreasonably cumulative, the burden on Guidepost to review hundreds of pages of invoices each containing multiple entries per page (many of which have nothing to do with the Sills matter whatsoever, since a majority of the 288-page report had nothing to do with Sills) outweighs any marginal relevance Plaintiffs claim.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Compel should be denied, with prejudice, as Plaintiffs have not satisfied Fed. R. Civ. P. 26(b)(1).

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

6

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

John W. Barrett
Katherine Barrett Riley
Sterling Aldridge
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty
Kristofer S. Riddle
Clifford Law Office, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
smm@cliffordlaw.com
ksr@cliffordlaw.com

*Attorneys for Plaintiffs*

Catherine M. Newman
R. Bruce Barze, Jr.
Barze Taylor Noles Lowther LLC
2204 Lakeshore Drive, Suite 425
Birmingham, AL 35209
cnewman@btnllaw.com
bbarze@btnllaw.com

*Attorneys for Eric Geiger*

James C. Bradshaw, III
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, TN 37201
jbradshaw@wyattfirm.com

Ronald G. Harris
Philip N. Elbert
Satchel Fowler
Mariam N. Stockton
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
rharris@nealharwell.com
pelbert@nealharwell.com
sfowler@nealharwell.com
mstockton@nealharwell.com

*Attorneys for Jennifer Lyell*

Gino Marchetti, Jr.
Taylor, Pigue & Marchettie & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
gmarchetti@tpmblaw.com

Matthew C. Pietsch
Gordon Rees Scully Mansukhani, LLP
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
mpietsch@grsm.com

*Attorneys for Southern Baptist Convention, Dr. Ed Litton and Dr. Bart Barber*

Brigid M. Carpenter
Ryan P. Loofbourrow
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
bcarpenter@bakerdoneslon.com
rloofbourrow@bakerdonelson.com

Byron Leet
Wyatt, Tarrant & Combs, LLP
400 West Market Street, Suite 2000
Louisville, KY 40202
bleet@wyattfirm.com

Thomas E. Travis
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507
ttravis@wyattfirm.com

*Attorneys for The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

Jonathan L. Anderson
Gretchen M. Callas
Thomas J. Hurney, Jr.
Jackson Kelly PLLC
500 Lee Street East
Suite 1600
P.O. Box 553
Charleston, WV 25322
jlanderson@jacksonkelly.com
gcallas@jacksonkelly.com
thurney@jacksonkelly.com

*Attorneys for Executive Committee of Southern Baptist Conventions and Rolland Slade*

Alan S. Bean
Kimberly Nicole Poole
Starnes Davis Florie, LLP
3000 Meridian Blvd.
Suite 350
Franklin, TN 37067-6673
abean@starneslaw.com
npoole@starneslaw.com

*Attorneys for Willie McLaurin*

on this 19th day of May, 2024.

/s/ John R. Jacobson