THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION, *et al.*<br><br>Defendants. | CASE NO. 3:23-cv-00478<br><br>JUDGE WILLIAM L. CAMPBELL, JR.<br>Magistrate Judge Chip Frensley<br><br>JURY TRIAL DEMANDED |

## RESPONSE OF DEFENDANT GUIDEPOST SOLUTIONS LLC IN OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO COMPEL

Defendant Guidepost Solutions LLC ("Guidepost") respectfully asks that the Court deny with prejudice Plaintiffs' Omnibus Motion to Compel ("Omnibus Motion"), filed May 6, 2025.[1] Plaintiffs untimely Omnibus Motion was filed in blatant disregard of Rule 37 of the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Tennessee, the Court's Initial Case Management Order ("ICMO"), and both Magistrate Judge Frensley and Judge Campbell's practices and procedures. Plaintiffs' refusal to abide by the rules and orders of this Court requires that their Omnibus Motion be denied with prejudice or, alternatively, stricken[2], and for sanctions

---

[1] The parties' deadline for filing discovery disputes with the Court was May 5, 2025. (Doc. No. 208 at 4.) Plaintiffs' Omnibus Motion was filed late.

[2] While the Federal Rules of Civil Procedure only allow for a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" Fed. R. Civ. P. 12(f), courts may "make use of their inherent power to control their dockets …. When determining whether to strike documents or portions of documents other than pleadings." *Kiner v. City of Memphis*, No. 23-cv-02805-SHL-TMP, 2025 WL 336201, at *2 (W.D. Tenn. Jan. 23, 2025) (citations omitted). Guidepost submits that the Court may exercise its inherent power and strike Plaintiffs' Omnibus Motion.

to be imposed in the form of costs and attorneys' fees incurred due to Plaintiffs' prematurely filed motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Omnibus Motion in the early hours of May 6, 2025 (Doc. No. 244), the day after the deadline for filing discovery-related motions with the Court. (Doc. No. 208.) Later that same day, Plaintiffs filed a revised Omnibus Motion, including references to Jennifer Lyell's second day deposition transcript. (Doc. No. 246.) In support of their Omnibus Motion, Plaintiffs purported to file thirty-two exhibits under seal (Doc. No. 244.1),[3] but only sixteen exhibits were filed on May 6, all under seal. (Doc. Nos. 247.1-247.16.) Counsel for Guidepost did not receive copies of the unredacted revised Omnibus Motion and sealed Exhibits 1-16 until May 13, 2025. *See* May 13, 2025 email from Plaintiffs' counsel, attached as **Exhibit A**.

On May 14, 2025, eight days after Plaintiffs filed their Omnibus Motion and with no explanation, Plaintiffs filed under seal Exhibits 17-29 to their motion. (Doc. Nos. 251-251.12.) The sealed exhibits were provided to counsel the next day, on May 15, 2025. *See* May 15, 2025 email from Plaintiffs' counsel, attached as **Exhibit B**. All exhibits to the Omnibus Motion were filed under seal. No redacted versions were filed publicly.

Of the seven categories identified in Plaintiffs' Omnibus Motion for which Plaintiffs seek an order compelling production and/or supplementation, Guidepost is the subject of five of them:

- **<u>Section II</u> (pp. 7-8) – Motion to Compel Signed Supplemental Interrogatory Responses that Comport with FRCP 33(b)(5) From Defendant[s] Lyell and Guidepost**

- **<u>Section III</u> (pp. 8-10) – Motion to Compel Supplemental Interrogatory Responses From Guidepost Solutions LLC**

---

[3] The Omnibus Motion only references twenty-nine exhibits. (*See* Doc. No. 247, generally.)

- **Section IV (pp. 10-11)** – Motion to Compel the SBC, Guidepost, and the Executive Committee of the SBC to Produce Documents Responsive to Plaintiffs' March 28, 2025 Requests

- **Section VI (p. 12)** – Motion to Compel Responses to Plaintiffs' Insurance Interrogatory

- **Section VII (pp. 12-17)** – Motion to Compel Search Methodology, and Compel Production of Certain Documents

Prior to filing their Omnibus Motion, Plaintiffs made no attempt whatsoever to meet and confer with Guidepost about any of the foregoing topics with the sole exception of Section VII, and on Section VII specifically, Plaintiffs correctly acknowledge in footnote 7 that "Plaintiffs and Guidepost are continuing to attempt to resolve the issues raised in this motion without Court intervention, however, given the deadline for filing discovery disputes, Plaintiffs submit this motion to preserve their rights." (Omnibus Motion, at 12, n.7.) Despite the continuing dialogue regarding Section VII, Guidepost was unaware of Plaintiffs' intent to file their Omnibus Motion on this – or any other topic – until they received notice of its filing on May 6, 2025 through the Court's ECF system. Nevertheless, on the first page of their motion, Plaintiffs state: "The various items raised by this motion have been the subject of meet and confers." That statement is patently false.

Seeking form over substance, Plaintiffs complain in *Section II* that Guidepost's supplementation of its interrogatory responses is insufficient because it was provided in letter format and signed by counsel rather than in interrogatory format and signed by a "Guidepost officer or associate." (Omnibus Motion at 7.) Guidepost provided the letter supplementation on February 7, 2025 (*Id*. at 7, Exh. 9 (Doc. No. 247.9)). Guidepost also provided its Second Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories on that same date. (*Id*., Exh. 25, (Doc. No. 251.8.) In the intervening three months between Plaintiffs' receipt

3

of Guidepost's February 7 letter and the filing of Plaintiffs' Omnibus Motion, Plaintiffs never once communicated to Guidepost that they took issue with the formatting of Guidepost's supplementation.

In *Section III*, Plaintiffs seek supplementation of six interrogatory responses. The last communication regarding Guidepost's interrogatory responses was made on February 7, 2025 (Omnibus Motion at 9, Exh. 9), when Guidepost supplemented its responses following receipt of Plaintiffs' January 22, 2025 deficiency letter (*Id*. at 8, Exh. 10 (Doc. No. 247.10); *see also id*., Exh. 25 (Doc. No. 251.8)). Again, Plaintiffs have not communicated with Guidepost regarding their interrogatory responses since receiving Guidepost's February 7 letter. Plaintiffs instead waited to raise these issues in their Omnibus Motion, filed after the deadline for bringing discovery disputes to the Court's attention. Notably, Guidepost's deposition has yet to be taken, at which time the "highly relevant" information Plaintiffs claim to seek can be addressed. Inclusion of this long-dormant "issue" suggests that the information is not "highly relevant" at all.

*Section IV* contains Plaintiffs' demand that the Court compel Guidepost to respond to Plaintiffs eleventh-hour request to produce documents (and deposition transcripts) that Guidepost produced in *Hunt v. Southern Baptist Convention*, *et al*., Case No. 3:23-cv-0243 (M.D. Tenn.). Plaintiffs served their Third Request for Production of Documents to Guidepost on March 28, 2025, thirty days from the discovery cut-off date of April 28, 2025. (Omnibus Motion, at 10, Exh. 14 (Doc. No. 247.14); *see also* Doc. No. 208 at 4, amending deadlines to the ICMO.) Plaintiffs' request would have Guidepost search the entirety of its *Hunt* production – at the close of discovery – for documents it produced and that were prepared by "any Defendant in this matter"; Gene Besen, who was counsel of record for the EC in the *Hunt* matter; Jonathan Howe, who served as the EC's 30(b)(6) witness in the *Hunt* matter; and "any materials prepared by or on behalf of any

Defendant in this matter with regard to any civil or criminal investigation conducted at a local, state, or federal levels of government." (Omnibus Motion at 10.)

Guidepost's *Hunt* production totaled in excess of 23,520 pages of documents. Plaintiffs' requests would require Guidepost to search the entirety of their production and produce, among others, all material prepared by Guidepost, the EC, and the SBC, regardless of relevance to Plaintiffs' specific claims and at the expense of the privacy rights of all the other individuals who were identified and discussed in the Report. Guidepost rightly objected to Plaintiffs' request for, among other reasons, Plaintiffs attempt to engage in "cloned" discovery that is simply unduly burdensome to Guidepost and not proportional to the needs of this case. A copy of Guidepost's Objections to Plaintiffs' Third Request for Production of Documents, served April 25, 2025, is attached as **Exhibit C**. *See also In Re: AME Church Employee Retirement Fund Litigation, infra*.

As this Court is aware, the *Hunt* matter has been pending in the Middle District since March 17, 2023, and involves allegations of sexual abuse confidentially brought to the attention of Guidepost investigators in connection with Guidepost's engagement with the SBC Task Force and the EC regarding the EC's responsibility for the sexual abuse crisis within the SBC. Importantly, investigation into the allegations against Johnny Hunt, a former SBC President and EC member, fell under an entirely separate topic for which Guidepost's engagement authorized it to investigate – allegations of abuse by EC members. *See* Section 3.1 of the Engagement Letter, a copy of which is attached as **Exhibit D**. Conversely, the "Sills" portion of the Report is the result of Guidepost's investigation into EC members' mishandling of abuse allegations and EC members' mistreatment of sexual abuse victims. (*Id*., bullet points 2 and 3.) Unlike Hunt, the abuse allegations against whom were unknown until 2022 when Guidepost's investigation was underway, the allegations against Plaintiff David Sills – who was never an EC member – had been publicly available since

5

Case 3:23-cv-00478    Document 253    Filed 05/19/25    Page 5 of 15 PageID #: 5167

at least 2019, those allegations having been reported and discussed in the Baptist Press, Jennifer Lyle's webpage, multiple SBC-related conferences, and other media outlets. In short, the investigation into the allegations against Hunt and the investigation into the EC members' handling of Jennifer Lyell's publicly-available allegations against David Sills are quite different; as such, Plaintiffs' "cloned" discovery requests are improper.

Further, discovery in the *Hunt* case was, and remains, governed by a protective order, which limits the use of information designated as confidential or highly-confidential, attorneys' eyes only to specific individuals ***associated with the Hunt litigation***. *See* Second Amended Protective Order, Sections 1.A and 4 at pp. 1-4, (Hunt Doc. No. 153) attached as **Exhibit E**.[4] Plaintiffs were informed of this fact in Guidepost's April 25, 2025 Objections. (**Exhibit C.**)[5] Plaintiffs did not attempt to meet and confer with Guidepost in any respect regarding the *Hunt* document and deposition transcript requests. They simply lumped this topic in with all the others in their Omnibus Motion.

In *Section VI* (and also in Section VII),[6] Plaintiffs seek to compel information regarding Guidepost's insurance. Guidepost's responses to the relevant discovery requests relating to insurance were provided no later than *July 30, 2024* (Omnibus Motion, Exh. 12, Int. 5 (Doc. No. 247.12); *id.*, Exh. 27, RFP 27 (Doc. No. 251.10)). Guidepost's responses reference the

---

[4] The Court in *Hunt* granted the third-party survivor's motion asking for her to be identified with a pseudonym. (Hunt Doc. Nos. 191-192.); *see also* Engagement Letter, § 4.3 (**Exhibit D**), which requires Guidepost to "treat and maintain as confidential and private all information that has been or will be communicated or provided to Guidepost relating to any survivor or witness identity and will not reveal or utilize it in any way" absent survivor approval or a "lawful" judicial or administrative order.
[5] Notably, the protective orders entered in the *Hunt* matter, beginning with the July 28, 2023 Agreed Protective Order (Hunt Doc. No. 52), have all been publicly available through Pacer.
[6] Insurance has not been a topic discussed by Plaintiffs and Guidepost in their ongoing attempts to resolve the issues raised in Section VII relating to Guidepost's search methodology and alleged document deficiencies. (Omnibus Motion, Exh. 18 (Doc. No. 251.1).) Its inclusion in Section VII is unwarranted.

indemnification agreement contained in Section 5.1 of the Engagement Letter. (*See* **Exhibit D**.) Since that time, Plaintiffs have inquired about a separate Guidepost insurance policy once – in an email sent April 22, 2025 to Guidepost's counsel – just before the parties were scheduled to mediate this case on April 28, 2025. A copy of counsel's April 22, 2025 email is attached as **Exhibit F**. Guidepost did not respond.

> **II. Plaintiffs' Failure to Comply With Fed. R. Civ. P. 37, the Local Rules, and the Initial Case Management Order Is Fatal to Their Motion.**
>
> **A. Based on Plaintiffs' failure to adhere to the Rules, the Court should deny Plaintiffs' motion with prejudice and without consideration of the merits.**

Rule 37(a) of the Federal Rules of Civil Procedure states that any motion to compel "***must*** include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (emphasis supplied.) Local Rule 7.01 echoes Rule 37's certification requirement:[7]

> In cases in which ***all parties*** are represented by counsel, all motions, except motions under Rule 12, 56, 59, or 60, but including discovery motions, ***must state that counsel for the moving party has conferred with all other counsel***, ***and whether or not the relief requested in the motion is opposed.*** In those instances where counsel for moving party is unable to confer with all other counsel, the motion must describe all attempts made to confer with counsel and the results of such attempts.

(emphasis supplied.)

Plaintiffs' Omnibus Motion does not contain a certification of good faith effort with opposing counsel because, as set forth in detail above, no effort was made by Plaintiffs to confer with Guidepost prior to filling their motion. "[F]ailure to confer alone offers grounds for denying" a motion to compel. *Kiner v. City of Memphis*, No. 23-cv-02805-SHL-TMP, 2025 WL 336201, at *3 (W.D. Tenn. Jan. 23, 2025). Further, Magistrate Judge Frensley's Practices and Procedures

---

[7] Local Rule 37.01(a) also states "Unless provided otherwise in a case management order or other order, before filing any motion to compel discovery, to quash a subpoena, or for a protective order, counsel for the parties must confer in good faith in an effort to resolve by agreement the issues raised."

Manual plainly states: "If counsel have not *spoken* to each other in an effort to resolve the dispute, or if there is any uncertainty about whether counsel have spoken to each other, the motion to compel or for sanctions *will be denied*." *Id*. at 5 (emphasis supplied.) The Federal Rules, the Local Rules, and Magistrate Judge Frensley's Practices and Procedures mandate denial of Plaintiffs' Omnibus Motion.

Additionally, the meet and confer requirements in this specific case are set forth in Section G of the ICMO, which requires, among other things, in-person meet and confer with lead counsel before filing a motion to compel:

> ***No discovery dispute may be brought to the Court for resolution before lead counsel for that party has held an in-person discussion with lead counsel for every one of the parties adverse. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s)***. Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference. ***It will be within that judge's discretion whether to allow for the filing of discovery related motions. All discovery disputes shall be brought to the Court's attention no later than May 5, 2025***.[8] In connection with any discovery conference of discovery motions, the Court may require the parties to file a joint discovery dispute statement, of no more than 3 pages per affected party per issue, which identifies and describes the specific discovery requests) in dispute and details each party's position with supporting facts and legal authorities, including as to any proportionality considerations. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is filed and is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

(Doc. No. 99, as amended by Doc. No. 208 at 4) (emphasis supplied).

Magistrate Judge Frensley's Practices and Procedures further states: "The required effort to resolve a discovery dispute before bringing it to the attention of Judge Frensley means the

---

[8] *See* ICMO, Doc. No. 99, as amended by Doc. No. 208.

attorneys ***should talk about the disputed issues, and the certification required by LR 37.01(b)(3) should state that the attorneys have spoken***." Practices & Procedures – Frensley at 5 (emphasis supplied.) *See also* Practices and Procedures Manual for Judge William L. Campbell, Jr. at 7 ("The judges agree that every effort should be made by the attorneys to resolve discovery disputes before bringing them to the Court's attention. ***Judge Campbell requires lead counsel for each party to conduct an in-person meeting to discuss any discovery dispute(s) before raising the dispute(s) with the Court***." (emphasis supplied.)

Here, Plaintiffs not only failed to comply with the meet and confer and certification requirements, but also the requirement to request a discovery conference with the Magistrate Judge, who has the discretion to allow the filing of a discovery motion. (ICMO, § G.) Plaintiffs' refusal to comply with the Court's discovery procedures warrants denial of Plaintiffs' Omnibus Motion, without consideration of the merits. *See* March 23, 2023 Order entered in *St. Clair County Employees' Retirement System v. Acadia Healthcare Company, Inc.*, Case No. 3:18-cv-0988 (M.D. Tenn. Campbell, C.J.) (denying a motion to compel for failing to meet and confer in-person with lead counsel, failing to certify an in-person meet and confer, and failing to submit a joint discovery statement before filing the motion to compel). A copy of Judge Campbell's Order is attached as **Exhibit G.** *See also Volunteer Mgmt. & Dev. Co. v. State Auto Prop & Cas. Ins. Co.*, No. 1:23-cv-00041, 2024 WL 3844558, at *1-2 (M.D. Tenn. Feb. 6, 2024) ("Because defendant has not followed the procedures that govern discovery disputes, ***the Court is not required to and will not endeavor to resolve the motion on its merits***.") (emphasis supplied.)

### B. Plaintiffs' delay and last-minute filing warrants denial with prejudice.

In *Nagel v. CNC Express, Inc.*, No. 1:20-cv-02485-STA-jay, 2021 WL 8444745, at *1-3 (W.D. Tenn. July 16, 2021), the plaintiff waited forty-one days after receiving defendant's written discovery responses before raising deficiencies with defendant's responses. On the forty-first day, plaintiff demanded that defendant supplement its responses or plaintiff would file a motion to compel. The deadline for raising discovery disputes with the court was forty-five days after the defendant served his discovery responses. Despite the defendant's supplementation to some of the responses and efforts to narrow other issues, plaintiff filed a motion to compel. The *Nagel* court denied plaintiff's motion to compel for failure to comply with the applicable good faith meet and confer requirements and certification found in Fed. R. Civ. P. 37 and the applicable local rules. In denying plaintiff's motion, the court noted that "***flaunting certain rules in an attempt to comply with other rules is not an appropriate course of action***." *Id.* at *3 (emphasis supplied).

That is precisely what Plaintiffs have done here: Plaintiffs ignored for months discovery issues for which they now claim prejudice due to Guidepost's alleged discovery deficiencies, claiming they have been denied "highly relevant" information to which they are "entitled" (*see, e.g.,* Section III – interrogatory supplements, Section VI – insurance, Section VII – search methodologies). But instead of addressing these issues in a timely fashion, Plaintiffs, like the plaintiff in *Nagel*, ignored the Court's rules and procedures and haphazardly filed their Omnibus Motion in an effort to "preserve their rights." (Omnibus Motion at 12, n.7.) Plaintiffs' "last-minute filing of this omnibus motion to compel" does not support Plaintiffs' demand for relief; rather, it supports Guidepost and the other defendants' argument that they, not Plaintiffs, have been unduly prejudiced by Plaintiffs' dilatory and improper actions. *In Re: AME Church Employee Retirement*

*Fund Litigation*, MDL Docket No. 22-md-03035-STA-jay, 2025 WL 1366266, *2 (W.D. Tenn. April 24, 2025).

Plaintiffs' last communication regarding the verification and supplementation issues described in Sections II and III occurred three months ago, on February 7, 2025. Plaintiffs have known Guidepost's position on the insurance issue raised in Section VI (and Section VII) for ten months, since July 30, 2024. Plaintiffs served their third request for production of documents thirty days prior to the April 28, 2025 discovery cutoff date (Section IV) and, notwithstanding the fact that Guidepost responded on April 25, 2025 (*see* **Exhibit C**), Plaintiffs ignored the requirements to meet and confer in good faith and to certify that meet and confer with the Court. Whether intentional or multiple oversights, Plaintiffs' delay in raising these issues with Guidepost, the other defendants, and the Court, is to blame for any claimed "irreparable prejudice" that might befall them because of the alleged discovery disputes. (Omnibus Motion at 1.)

Based on Plaintiffs' failures to timely address their discovery disputes and comply with the governing orders and rules in raising those disputes with both Guidepost and the Court, Plaintiffs' Omnibus Motion should be denied with prejudice. *See, e.g., FedEx Corp. v. United States*, No. 08-2423 Ma/P., 2011 WL 2023297, at 4 (W.D. Tenn. Mar. 28, 2011) (denying motion to compel filed after the deadline, noting that government's service of discovery requests shortly before the close of discovery "assumed the risk that discovery disputes would arise near the end of the discovery period"); *Johnson v. Hensley*, 62 Fed. App'x. 85, 86-87 (6th Cir. 2003) (affirming denial of motion to compel where motion was filed two years after receipt of the disputed discovery responses and without a certificate of consultation).

### C. Guidepost is entitled to an award of costs and attorneys' fees.

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure states that, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees." This Court has held that behavior warranting a fee award to the opposing party includes "when a party bringing a motion to compel fails to follow the Local Rules and files the motion after the deadline … seeks discovery expressly disallowed by a protective order, or already possesses most of the discovery it seeks to compel." *Second Ave Museum, LLC v. RDN Heritage, LLC*, No. 3:20-cv-00067, 2022 WL 18639032, at *3 (M.D. Tenn. Mar. 3, 2022) (citations omitted).

Guidepost is entitled to its costs and attorneys' fees in responding to Plaintiffs' Omnibus Motion. Plaintiffs not only filed their motion after the May 5, 2025 deadline, they brazenly ignored their obligations to comply with the Federal and Local Rules and the Court's requirements for bringing a discovery dispute to the Court's attention. Further, Plaintiffs included in their Omnibus Motion, a demand for *Hunt* materials (Section IV) notwithstanding the facts that (1) they know a significant portion of what they seek is governed by a protective order given the sensitive nature of the information involved and the confidentiality afforded the anonymous survivor, and (2) they "assumed the risk" that their eleventh-hour request for this information would result in a situation where the appropriate discovery protocols could not be accomplished. *See In Re: AME Church Employee Retirement Fund Litigation* and *FedEx Corp. v. United States, supra.* The Court should award Guidepost its costs and attorneys' fees incurred in responding to Plaintiffs' motion.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Omnibus Motion should be denied, with prejudice and without consideration of the merits, as Plaintiffs have utterly failed to comply with Fed. R. Civ. P. 37, Local Rules 7.01 and 37.01, the ICMO, and Magistrate Judge Frensley and Judge Campbell's Practices and Procedures. Guidepost is entitled to an award of its costs and attorneys' fees for having to response to Plaintiffs' improperly filed motion.

Respectfully submitted,

s/John R. Jacobson
John R. Jacobson, Esq. (BPR # 014365)
Katharine R. Klein, Esq. (BPR # 019336)
Riley & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
Telephone: (615) 320-3700
jjacobson@rjfirm.com
kklein@rjfirm.com

-and-

**MINTZ & GOLD LLP**
Steven G. Mintz (admitted pro hac vice)
Terence W. McCormick (admitted pro hac vice)
Scott Klein (admitted pro hac vice)
Alex Otchy (admitted pro hac vice)
600 Third Avenue
25th Floor
New York, NY 10016
Telephone: (212) 696-4848
mintz@mintzandgold.com
mccormick@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com

*Counsel for Defendant Guidepost Solutions LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served through the Court's electronic filing system on the following:

John W. Barrett
Katherine Barrett Riley
Sterling Aldridge
Barrett Law Group, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com
saldridge@barrettlawgroup.com

Shannon M. McNulty
Kristofer S. Riddle
Clifford Law Office, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, IL 60602
smm@cliffordlaw.com
ksr@cliffordlaw.com

*Attorneys for Plaintiffs*

Catherine M. Newman
R. Bruce Barze, Jr.
Barze Taylor Noles Lowther LLC
2204 Lakeshore Drive, Suite 425
Birmingham, AL 35209
cnewman@btnllaw.com
bbarze@btnllaw.com

*Attorneys for Eric Geiger*

James C. Bradshaw, III
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, TN 37201
jbradshaw@wyattfirm.com

Ronald G. Harris
Philip N. Elbert
Satchel Fowler
Mariam N. Stockton
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
rharris@nealharwell.com
pelbert@nealharwell.com
sfowler@nealharwell.com
mstockton@nealharwell.com

*Attorneys for Jennifer Lyell*

Gino Marchetti, Jr.
Taylor, Pigue & Marchettie & Blair, PLLC
2908 Poston Avenue
Nashville, TN 37203
gmarchetti@tpmblaw.com

Matthew C. Pietsch
Gordon Rees Scully Mansukhani, LLP
4031 Aspen Grove Drive, Suite 290
Franklin, TN 37067
mpietsch@grsm.com

*Attorneys for Southern Baptist Convention, Dr. Ed Litton and Dr. Bart Barber*

Brigid M. Carpenter
Ryan P. Loofbourrow
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203
bcarpenter@bakerdoneslon.com
rloofbourrow@bakerdonelson.com

| | |
|---|---|
| Byron Leet<br>Wyatt, Tarrant & Combs, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY 40202<br>bleet@wyattfirm.com<br><br>Thomas E. Travis<br>Wyatt, Tarrant & Combs, LLP<br>250 West Main Street, Suite 1600<br>Lexington, KY 40507<br>ttravis@wyattfirm.com<br><br>*Attorneys for The Southern Baptist Theological Seminary and Dr. R. Albert Mohler* | Jonathan L. Anderson<br>Gretchen M. Callas<br>Thomas J. Hurney, Jr.<br>Jackson Kelly PLLC<br>500 Lee Street East<br>Suite1600<br>P.O. Box 553<br>Charleston, WV 25322<br>jlanderson@jacksonkelly.com<br>gcallas@jacksonkelly.com<br>thurney@jacksonkelly.com<br><br>*Attorneys for Executive Committee of Southern Baptist Conventions and Rolland Slade*<br><br>Alan S. Bean<br>Kimberly Nicole Poole<br>Starnes Davis Florie, LLP<br>3000 Meridian Blvd.<br>Suite 350<br>Franklin, TN 37067-6673<br>abean@starneslaw.com<br>npoole@starneslaw.com<br><br>*Attorneys for Willie McLaurin* |

on this 19th day of May, 2024.

/s/ John R. Jacobson