IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ) |
| SOUTHERN BAPTIST CONVENTION, *et al.* | ) ) ) ) |
| Defendants. | ) ) |

CASE NO. 3:23-cv-00478

JUDGE WILLIAM L. CAMPBELL, JR.
Magistrate Judge Chip Frensley

**RESPONSE OF THE EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION AND ROLLAND SLADE IN
OPPOSITION TO PLAINTIFFS' OMNIBUS MOTION TO COMPEL**

The Executive Committee of the Southern Baptist Convention (the "ECSBC") and Rolland Slade ("Slade"), by counsel, respectfully submit this Response in Opposition to Plaintiffs' Omnibus Motion to Compel Various Items Not Produced By Defendants in Discovery and state as follows:

**INTRODUCTION**

Pursuant to the current Case Management Order, all discovery disputes were to be brought before the Court on or before May 5, 2025. [Doc. 208 at p.4]. On May 6, 2025, Plaintiffs belatedly filed their Omnibus Motion to Compel Various Items Not Produced By Defendants in Discovery, [Doc. 244], which was then followed that same day with a Revised Omnibus Motion to Compel Various Items Not Produced By Defendants in Discovery (the "Omnibus Motion") [Doc. 246]. With respect to the ECSBC and Slade, the Omnibus Motion raises two items.

First, the Omnibus Motion seeks to compel the ECSBC to produce documents responsive to Plaintiffs' Third Set of Requests for Production. [Doc. 246 at p.10]. Specifically, on Friday, March 28, 2025, the last business day to serve written discovery and meet the written discovery deadline of April 28, 2025, Plaintiffs sent via email their Third Set of Requests for Production, which consisted of two requests seeking documents produced and transcripts of depositions taken in *Hunt v. Southern Baptist Convention, et al.*, Case No. 3:23-cv-243:

    1.    Produce any DOCUMENTS YOU produced in *Hunt v. Southern Baptist Convention, et al.*, Case No. 3:23-cv-243 (M.D. Tenn.) ("*Hunt*") that (a) have not been produced in this matter and (b) reference or relate to, in any way, any of the following: Jennifer Lyell; David Sills; Jonathan Howe; Baptist Press; materials prepared by any Defendant in this matter, prior to 2023; Gene Besen; Rachel Denhollander; and any materials prepared by or on behalf of any Defendant in this case with regard to any civil or criminal investigation conducted at any local, state or federal levels of government.

    2.    Transcripts of all depositions taken in the *Hunt* case and any other proceeding(s) against YOU regarding the REPORT.

On April 28, 2025, the ECSBC timely served its objections to these requests as improper "cloned" discovery. [Ex. A].[1] And while the Omnibus Motion represents that "[t]he various items raised by this motion have been the subject of meet and confers," [Doc. 246 at p.1], that is simply not true. Following service of the ECSBC's objections on April 28th, there was no communication from Plaintiffs regarding its objections, much less any sort of meet and confer. The filing of the Omnibus Motion on May 5th was the first time an issue was raised.

---

[1] The Omnibus Motion claims that while the SBC and Guidepost served their objections to this set of requests for production, the ECSBC did not. [Doc. 244 at p.10]. That is not accurate. Exhibit A also includes the April 28th transmittal email to Plaintiffs' counsel providing the objections.

2

In fact, one need not look any further than the twenty-nine exhibits filed under seal that Plaintiffs rely upon. [Docs. 247, 251]. There are various deficiency letters with respect to other items. But noticeably absent is any communication whatsoever with respect to the objections the ECSBC served on April 28, 2025. Indeed, all of the exhibits predate April 28, 2025.

Second, with respect to the ECSBC and Slade, Plaintiffs to compel information sought in an interrogatory regarding insurance. [Doc. 246 at p.12]. The interrogatory was as follows:

> Were YOU a named insured, INCLUDING as an additional insured, under any policy of liability insurance on the date(s) of the occurrence alleged in PLAINTIFFS' COMPLAINT? If the answer to this Interrogatory is in the affirmative, IDENTIFY for each such policy:
>
> a. The name and address of each and every insurance carrier issuing said insurance policy or policies;
>
> b. The policy number;
>
> c. The effective policy period;
>
> d. The maximum liability limits for each PERSON and each occurrence;
>
> e. The name and address of each and every insured under said policy or policies; and
>
> f. The name and address of each and every named additional insured or certificate holder under each policy or policies.

The Omnibus Motion acknowledges that insurance information declaration pages were provided (consisting of seventeen pages), but asserts that not all of the information asked in the interrogatory was provided. [*Id*. at p.12 n.6]. This is not accurate. All of the information was contained in the declaration pages and Plaintiffs' counsel has been informed of this. [Ex. B].

3

As set forth below, the Omnibus Motion should be denied as to the ECSBC and Slade. It is contrary to the Court's clear order regarding discovery disputes and procedurally improper. Substantively, it is also without merit.

**ARGUMENT**

I. **THE OMNIBUS MOTION AS TO THE ECSBC AND SLADE VIOLATES THE DISCOVERY DISPUTE PROCEDURES OF THE CASE MANAGEMENT ORDER.**

The Court's Case Management Order plainly states: that

> No discovery dispute may be brought to the Court for resolution before lead counsel for that party has held an in-person discussion with lead counsel for every one of the parties adverse. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s).

[Doc. 170 at p.4]. Next, the Case Management Order states that "[d]iscovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference." [*Id*.]. Then, "[i]t will be within that judge's discretion whether to allow for the filing of discovery-related motions." [*Id*.].

The Omnibus Motion blatantly ignores these ordered procedures as it pertains to the ECSBC and Slade. Contrary to the representation of the Omnibus Motion, there was no meet and confer, much less an in-person meet and confer, with respect to the ECSBC's objections to Plaintiffs' Third Set of Requests for Production prior to its filing. There was no communication whatsoever from Plaintiffs' between the time the ECSBC's objections were served on April 28, 2025 and the belated filing of the Omnibus Motion on May 6, 2025. There was likewise no request for a discovery conference filed. Instead, Plaintiffs filed the Omnibus Motion without requesting or obtaining leave from the Court. Similarly, for insurance information: there has been no in-

person meet and confer, no request for a discovery conference, and no leave to file the Omnibus Motion granted by the Court.

The Court should deny Plaintiffs' Omnibus Motion as to the ECSBC and Slade because they ignored the prescribed and required procedures of the Case Management Order regarding discovery disputes.

II. **ASIDE FROM ITS BLATANT PROCEDURAL DEFICIENCIES, THE OMNIBUS MOTION IS SUBSTANTIVELY WITHOUT MERIT.**

   A. **Plaintiffs' Third Set of Request for Production Constitutes Improper "Cloned" Discovery and Otherwise Facially Objectionable.**

"Cloned" discovery are "requests seeking all documents produced or received during other litigation or investigation." *In re Outpatient Medical Center Employee Antitrust Litigation*, No. 21 C 305, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023). Cloned discovery is generally considered improper because it seeks an across-the-board production of all documents from other litigation or investigations without regard to its relevancy to the subject matter of the pending case. *See id*. ("The Court finds that Plaintiffs' request for all documents SCA produced to the DOJ in the criminal actions is 'facially overbroad.'") (citation omitted).[2]

---

[2] *See also Humana Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 6:21-cv-72-CEM-DCI, 2021 WL 8651837, at *1 (M.D. Fla. Oct. 19, 2021) ("Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that all the cloned discovery is relevant."); *Nguyen v. Raymond James & Associates, Inc.*, No. 8:20-cv-195-T-36AAS, 2020 WL 6801874, at *3 (M.D. Fla. Nov. 19, 2020) ("[E]ven if some of the documents sought ultimately may be relevant to this action, the request as drafted is an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case. Ms. Nyugen's broadly and aimlessly seeks the production of all documents that Raymond James and other affiliated entities produced to the SEC over a twenty-month period in thirty separate productions."); *TravelPass Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-cv-153-RWS-CMC, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("[A request seeking] wholesale duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance. Defendants are not entitled to the wholesale reproduction of all of the FTC Documents and Expedia Documents simply because there may be overlap between the issues in those cases and those in this case."); *Goro v. Flowers Foods, Inc.*, No. 17-cv-02580-JLS-

Plaintiffs' Third Set of Requests for Production is a classic example of improper, "cloned" discovery that is facially overbroad, unreasonable, and unduly burdensome. Request No. 2, for example, asks the ECSBC to produce a transcript of every deposition taken in the *Hunt* case and any other proceeding against the ECSBC regarding the Guidepost Report. This request is made without regard to the subject matter of the deposition, whether it has any relevance whatsoever to this matter, or whether the deposition contains confidential and sensitive material. The only requirement for responsiveness is that it be a deposition taken in the *Hunt* matter. This is improper as courts have repeatedly recognized.

Request No. 1 is equally improper "cloned" discovery. It asks the ECSBC to produce any document it previously produced in the Hunt case that involve a laundry list of subjects. If the document pertained to Jennifer Lyell or David Sills, then based upon the ECSBC's search terms, it would have already been produced herein. Yet, Request No. 1 asks the ECSBC to produce any document it previously produced in *Hunt* that also "reference or relate to, in any way . . . Jonathan Howe; Baptist Press; materials prepared by any Defendant in this matter, prior to 2023; Gene Besen; Rachel Denhollander; and any materials prepared by or on behalf of any Defendant in this

---

JLB, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for. There could be a number of reasons why documents appropriately requested and provided in another case—even if the subject matter of those cases seem to overlap—would be irrelevant or burdensome to provide in another case."); *Arrowpac Inc. v. Sea Star Line, LLC*, N. 3:12–cv–1180–J–32JBT, 2014 WL 12618327, at *2 (M.D. Fla. Jan. 31, 2014) (finding that "[p]laintiffs have not shown that all of the DOJ materials are relevant" and "[d]efendants should not be required to produce irrelevant documents regardless of any lack of burden to them"); *King Cty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("This Court is inclined to agree that 'cloned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case.") (quotations and citation omitted).

case with regard to any civil or criminal investigation conducted at any local, state or federal levels of government." This request is made regardless of the subject matter and relevance to this action.

Moreover, as drafted, Request for Production No. 1 would include "any materials" prepared by or on behalf of a defendant. This would include materials protected by the attorney-client privilege and/or work product doctrine. This is yet another reason Request No. 1 is improper.

### B. The Requested Insurance Information Has Been Provided.

With respect to the insurance interrogatory, the insurance information already provided contains all of the information sought by the interrogatory. Plaintiffs' counsel was provided, with specific page references, where the sought after information was located in the insurance information produced. [*See* Ex. B].

### CONCLUSION

For the above reasons, the ECSBC and Slade respectfully request that the Omnibus Motion be denied as to them.

Respectfully submitted,

*/s/ Brigid M. Carpenter*
Thomas J. Hurney, Jr. *pro hac vice* Gretchen M. Callas, *pro hac vice* Jonathan Anderson, *pro hac vice* JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Fax: 304-340-1150
thurney@jacksonkelly.com
gcallas@jacksonkelly.com
jlanderson@jacksonkelly.com

Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
bcarpenter@bakerdonelson.com
rloofbourrow@bakerdonelson.com
Telephone: (615) 726-7341
Fax: (615) 744-7341

*Attorneys for Executive Committee of the Southern Baptist Convention and Rolland Slade*