| From: | Ayers, Susan |
|---|---|
| To: | "dbarrett@barrettlawgroup.com"; "kbriley@barrettlawgroup.com"; Jimmy Bradshaw; "smm@cliffordlaw.com"; Byron E. Leet; Tom Travis; "robin@brewerandterry.com"; Philip N. Elbert; Ronald G. Harris; Mariam Stockton; "sfowler@nealharwell.com"; L G. Marchetti, Jr.; "matt@tpmblaw.com"; Alan S. Bean; John R. Jacobson; Katharine R. Klein |
| Cc: | Loofbourrow, Ryan; Carpenter, Brigid |
| Subject: | Michael David Sills, et al. v. Southern Baptist Convention, et al. |
| Date: | Monday, April 28, 2025 5:31:18 PM |
| Attachments: | 2025.04.28 - Responses to 3rd RFPs to EC.pdf |

Counsel,

Attached please find Response of Executive Committee of the Southern Baptist Convention to Plaintiffs' Third Set of Requests for Production. This is being served by e-mail only.

Thank you,
Susan Ayers

*Susan Ayers*
Legal Assistant to Scott Carey, Brigid Carpenter,
Jeremy Ray, Claire Fox Hodge, Tyler Wampler,
Meg Hancock, and Amearah Elsamadicy

Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
1600 West End Avenue, Suite 2000
Nashville, TN 37203
Direct: 615-726-7333
Email: sayers@bakerdonelson.com
www.bakerdonelson.com

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC represents clients across the U.S. and abroad from offices in Alabama, Florida, Georgia, Louisiana, Maryland, Mississippi, North Carolina, South Carolina, Tennessee, Texas, Virginia and Washington, D.C.

| | |
|---|---|
| MICHAEL DAVID SILLS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 3:23-cv-00478 |
| ) | |
| v. ) | Judge Campbell |
| ) | Magistrate Judge Frensley |
| SOUTHERN BAPTIST CONVENTION, ) | |
| *et al.*, ) | JURY DEMAND |
| ) | |
| Defendants. ) | |

**RESPONSE OF THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION**

Defendant the Executive Committee of the Southern Baptist Convention (the "ECSBC") hereby objects and response to Plaintiffs' Third Set of Requests for Production as follows:

**REQUESTS FOR PRODUCTION**

1. Produce any DOCUMENTS YOU produced in *Hunt v. Southern Baptist Convention, et al.*, Case No. 3:23-cv-243 (M.D. Tenn.) ("*Hunt*") that (a) have not been produced in this matter and (b) reference or relate to, in any way, any of the following: Jennifer Lyell; David Sills; Jonathan Howe; Baptist Press; materials prepared by any Defendant in this matter, prior to 2023; Gene Besen; Rachel Denhollander; and any materials prepared by or on behalf of any Defendant in this case with regard to any civil or criminal investigation conducted at any local, state or federal levels of government.

**RESPONSE**: Objection. Request for Production No. 1 seeks the production of documents produced in the *Hunt* matter without regard to whether relevant to the subject matter of this action. Additionally, it seeks the production of any materials prepared with regard to "any"

1

civil or criminal investigation. This is a classic example of improper, "cloned" discovery that is facially overbroad, unreasonable, and unduly burdensome.

Cloned discovery are "requests seeking all documents produced or received during other litigation or investigation." *In re Outpatient Medical Center Employee Antitrust Litigation*, No. 21 C 305, 2023 WL 4181198, at *6 (N.D. Ill. June 26, 2023). Cloned discovery is generally considered improper because it seeks an across-the-board production of all documents from other litigation or investigations without regard to relevancy to the subject matter of the pending case. *See, e.g.*, *id*. ("The Court finds that Plaintiffs' request for all documents SCA produced to the DOJ in the criminal actions is 'facially overbroad.'") (citation omitted); *Humana Inc. v. Teva Pharmaceuticals USA, Inc.*, No. 6:21-cv-72-CEM-DCI, 2021 WL 8651837, at *1 (M.D. Fla. Oct. 19, 2021) ("Generally, cloned discovery has not been compelled, even absent a showing of undue burden, unless the requesting party shows that all the cloned discovery is relevant."); *Nguyen v. Raymond James & Associates, Inc.*, No. 8:20-cv-195-T-36AAS, 2020 WL 6801874, at *3 (M.D. Fla. Nov. 19, 2020) ("[E]ven if some of the documents sought ultimately may be relevant to this action, the request as drafted is an overbroad request for a document dump without any concern for whether the scope of the request is proportional to the needs of this case. Ms. Nyugen's broadly and aimlessly seeks the production of all documents that Raymond James and other affiliated entities produced to the SEC over a twenty-month period in thirty separate productions."); *TravelPass Grp., LLC v. Caesars Ent. Corp.*, No. 5:18-cv-153-RWS-CMC, 2020 WL 698538, at *6 (E.D. Tex. Jan. 16, 2020) ("[A request seeking] wholesale duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance. Defendants are not entitled to the wholesale reproduction of all of the FTC Documents and Expedia Documents simply because there may be overlap between the issues in those cases and those in this case.");

*Goro v. Flowers Foods, Inc.*, No. 17-cv-02580-JLS-JLB, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper. The propounding party cannot meet its burden to establish relevance, as the propounding party is not in a position to even know what they are actually asking for. There could be a number of reasons why documents appropriately requested and provided in another case—even if the subject matter of those cases seem to overlap—would be irrelevant or burdensome to provide in another case."); *Arrowpac Inc. v. Sea Star Line, LLC*, N. 3:12–cv–1180–J–32JBT, 2014 WL 12618327, at *2 (M.D. Fla. Jan. 31, 2014) (finding that "[p]laintiffs have not shown that all of the DOJ materials are relevant" and "[d]efendants should not be required to produce irrelevant documents regardless of any lack of burden to them"); *King Cty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("This Court is inclined to agree that 'cloned discovery,' requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case.") (quotations and citation omitted).

Additionally, as drafted, Request for Production No. 1 would include "any materials" prepared by or on behalf of a defendant. This would include materials protected by the attorney-client privilege and/or work product doctrine. The ECSBC objects to Request for Production No. 1 on this ground as well.

Lastly, the ECSBC would note that insofar as documents related to Jennifer Lyell or David Sills, those would have been encompassed within the ECSBC's search terms and production already in this matter.

2. Transcripts of all depositions taken in the *Hunt* case and any other proceeding(s) against YOU regarding the REPORT.

**RESPONSE:** Objection. In response to Request for Production No. 2, the ECSBC incorporates and asserts the same objection asserted above in response to Request for Production No. 1. The ECSBC would further note that depositions transcripts or portions of them in *Hunt* are subject to protective order(s) and/or confidentiality designations.

Respectfully submitted,

*s/ Brigid M. Carpenter*
Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
bcarpenter@bakerdonelson.com
rloofbourrow@bakerdonelson.com
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-7341
Fax: (615) 744-7341

***Attorneys for Executive Committee of the Southern Baptist Convention and Rolland Slade***

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing Responses to Plaintiffs' Third Requests for Production was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular United States mail. Parties may access this filing through the Court's electronic filing system.

John W. Barrett
Katherine Barrett Riley
Barrett Law Group. P.A.
P.O. Box 927
404 Court Square
Lexington, Mississippi 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
smm@cliffordlaw.com

Gary E. Brewer
Brewer & Terry, P.C.
1702 W. Andrew Johnson HWY
Morristown, Tennessee 37816-2046
robin@brewerandterry.com

*Attorneys for Plaintiffs*

Philip N. Elbert
Ronald G. Harris
Mariam N. Stockton
Satchel Fowler
Neal & Harwell, PLC
1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
pelbert@nealharwell.com
rharris@nealharwell.com
mstockton@nealharwell.com
sfowler@nealharwell.com

*Attorneys for Jennifer Lyell*

James C. Bradshaw, III
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
jbradshaw@wyattfirm.com

Byron E. Leet
Wyatt, Tarrant & Combs
400 West Market Street
Louisville, Kentucky 40202
bleet@wyattfirm.com

Thomas E. Travis
Wyatt, Tarrant & Combs
250 W. Main Street, Suite 1600
Lexington, Kentucky
ttravis@wyattfirm.com

*Attorneys for The Southern Baptist Theological Seminary and Dr. R. Albert Mohler*

Louis Gino Marchetti, Jr.
Matthew C. Pietsch
Taylor, Pigue, Marchetti & Blair, PLLC
2908 Poston Avenue
Nashville, Tennessee 37203
gmarchetti@tpmblaw.com
matt@tpmblaw.com

*Attorneys for Southern Baptist Convention, Dr. Ed Litton and Bart Barber*

| | |
|---|---|
| Alan S. Bean<br>Starnes Davis Florie, LLP<br>3000 Meridian Boulevard<br>Suite 350<br>Franklin, Tennessee 37067-6321<br>abean@starneslaw.com<br><br>***Attorney for Willie McLaurin*** | John R. Jacobson<br>Katharine R. Klein<br>Riley & Jacobson<br>1906 West End Avenue<br>Nashville, Tennessee 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>***Attorneys for Guidepost Solutions, LLC*** |

this 28th day of April, 2025.

*s/ Brigid M. Carpenter*
Brigid M. Carpenter