IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL DAVID SILLS AND
MARY SILLS,

    Plaintiffs

v.

SOUTHERN BAPTIST CONVENTION,
a non-profit corporation; ET AL.

    Defendants.

Civil Action No 3:23-cv-00478
Judge Campbell/Frensley
Jury Demand

**MARY ANNE SEVERINO, LCSW'S
MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
AND/OR QUASH SUBPEONA AND RESPONSE TO
PLAINTIFF'S REVISED OMNIBUS MOTION TO COMPEL**

Mary Anne Severino, LCSW ("Severino, LCSW"), by and through counsel, and pursuant to Fed. R 26 (c) submits this Memorandum in Support of Motion for Protective Order and/or to Quash Subpoena and Response to Plaintiff's Revised Omnibus Motion to Compel Various Items Not Produced by Defendants in Discovery and deny Plaintiff access to Severino, LCSW's therapy records regarding her treatment of Lyell. Severino, LCSW, a non-party to this lawsuit, would show unto the Court that she is a Licensed Social Worker and is Defendant, Jennifer Lyell's ("Lyell") personal therapist. On or about February 5, 2025, Severino, LCSW received a subpoena for Jennifer Lyell's ("Lyell") records from Plaintiffs' counsel. On or about February 6, 2025, Severino, LCSW sent Shannon McNulty, counsel for Plaintiff, a letter objecting to the subpoena in accordance

with the Fed. R. 501 regarding privilege.[1] Severino, LCSW asserts that her records regarding therapy to Lyell are afforded a high level of protection from production pursuant to the combination of Tenn. Code Ann § 63-23-109(a), and § 63-11-213. As such, Severino, LCSW should not be required to produce Jennifer Lyell's psychotherapy records sought pursuant to a subpoena issued by Plaintiff's counsel. Severino, LCSW further asserts that it will likely cause irreparable harm to the psychologist-patient relationship between Lyell and Severino, LCSW if the records are required to be produced. Severino, LCSW respectfully requests that this Court grant her Motion for Protective Order and/or Quash Subpoena and deny Plaintiffs' Motion to Compel Severino, LCSW to produce Lyell's psychotherapy records.

Severino, LCSW would show unto the Court the following:

## BACKGROUND

1. February 5, 2025, Severino, LCSW received a subpoena from Plaintiff's counsel requesting Lyell's "entire medical chart(s)." The subpoena listed the place of production at "Brewer & Terry, P.C., 1702 W. Andrew Johnson Hwy, Morristown, Tennessee 37816-2046" at "02/18/2025 before 5:00 pm."[2]

---

[1] The common law — as interpreted by United States courts in the light of reason and experience — governs a claim of privilege unless any of the following provides otherwise:
- the United States Constitution;
- a federal statute; or
- rules prescribed by the Supreme Court.

But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision. (Federal Rule of Civil Procedure 501)

[2] This subpoena is invalid pursuant to Fed. R. Civ. P. 45(c)(2)(A) because the place of production is more than 100 miles where Severino resides and is employed.

2. February 6, 2025, Severino, LCSW mailed Shannon McNulty a letter objecting to the subpoena.

3. April 4, 2025, Counsel for Severino, LCSW emailed Counsel for Plaintiff and stated "Ms. Severino will not produce the records as she feels it will harm the therapist patient relationship with Ms. Lyell."

4. May 6, 2025, Plaintiffs' counsel filed the redacted Plaintiff's Revised Omnibus Motion to Compel Various Items Not Produced by Defendants in Discovery.

5. May 8, 2025, Counsel for Severino, LCSW executed Agreed Protective Orders and sent them to Counsel for Lyell.

6. May 8, 2025, Counsel for Severino, LCSW received Plaintiff's unredacted Revised Omnibus Motion to Compel Various Items Not Produced by Defendants in Discovery.

**ARGUMENT**

Tenn. Code Ann § 63-23-109(a) provides the social worker patient relationship the same protection provided in the psychologist patient relationship under Tenn. Code Ann. § 63-11-213, which the courts have equated to same protection as afforded the attorney client relationship. *Shaw v. Shaw*, No. E201001070COAR10CV, 2011 WL 255335 (Tenn. Ct. App. Jan. 20, 2011)[3]. Under Tenn. Code Ann. § 63-23-109(a), "the confidential relations and communications between a client and licensed social worker as defined in this chapter, are placed upon the same basis as those provided by law

---

[3] For the purpose of this chapter, the confidential relations and communications between licensed psychologist, licensed psychological examiner, licensed senior psychological examiner, certified psychological assistant, or certified psychological testing technician and client are placed upon the same basis as those provided by law between attorney and client; and nothing in this chapter shall be construed to require any such privileged communication to be disclosed.

between licensed psychologists, licensed psychological examiners, licensed senior psychological examiners, certified psychological assistants and client…" T.C.A. § 63-23-109(a), The Courts have also recognized the importance of maintaining this high standard of protection of records/information, "[i]t is essential to emphasize that the importance of the psychologist-patient privilege lies in the fostering of an environment between the patient and his or her psychologist that is conducive to treatment..." *In re Lucas H.*, 634 S.W.3d 1, 8 (Tenn. Ct. App. 2021). "A trial court's action in piercing or disregarding an individual's psychologist-patient privilege presents a potential harmful ramification that may ultimately result in a permanent setback for the individual." *Id*. Severino, LCSW's confidential relations and communication are protected pursuant to Tenn. Code Ann. §63-23-109(a) and § 63-11-213 as well as established Tennessee case law under *Lucas*.

Severino, LCSW has been providing counseling to Jennifer Lylle for many years. Forcing Severino, LCSW to produce Lyell's psychotherapy records undermines Lyell's fundamental rights and is a direct breach of the psychologist-patient relationship. Additionally, Severino, LCSW has strong reasons to believe that complying with Plaintiffs' subpoena for Lyell's records will be to the severe detriment of the safety and well-being of Lyell. The intrusion of an external party via a court proceeding into this confidential relationship could cause irreparable harm to the treatment progress, potentially leading to a breakdown of therapist patient relationship. This, in turn, could jeopardize Lyell's well-being and justifies granting of Severino, LCSW's Motion for Protective Order and/or Quash Subpoena and denial of Plaintiff's Motion to Compel.

In the alternative, if necessary, Court requires a declaration from Severino, LCSW or testimony from Severino, LCSW be provided for *in camera* review by the Court only.

## CONCLUSION

For the foregoing reasons, Severino, LCSW respectfully requests that this Court grant Mary Anne Severino, LCSW's Motion for Protective Order and/or Quash Subpoena to protect the confidentiality and psychologist-patient relationship between Jennifer Lyell and Mary Anne Severino and deny Plaintiffs' Motion to Compel Severino to produce Lyell's psychotherapy records.

    Respectfully Submitted,

    /s/ F. Laurens Brock
    F. Laurens Brock (No. 17666)
    ADAMS AND REESE LLP
    1600 West End Avenue, Suite 1400
    Nashville, Tennessee 37203
    Telephone: (615) 259-1450
    Facsimile: (615) 259-1470
    larry.brock@arlaw.com

    *Counsel for Mary Anne Severino, LCSW*

## CERTIFICATE OF CONSULTATION

Counsel for Mary Anne Severino, LCSW hereby certifies that they have consulted or attempted to consult with all parties to resolve this issue via email and/or attempted to call counsel for Plaintiff.

    /s/ F. Laurens Brock
    F. Laurens Brock

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been sent via E-File system notfication to:

| | |
|---|---|
| John W. ("Don") Barrett *(pro hac vice)*<br>Katherine Barrett Riley<br>Sarah Sterling Aldridge *(pro hac vice)*<br>Barrett Law Group, PA<br>P.O. Box 927<br>404 Court Square North<br>Lexington, MS 39095<br>dbarrett@barrettlawgroup.com<br>kbriley@barrettlawgroup.com<br>saldridge@barrettlawgroup.com<br><br>Shannon M. McNulty *(pro hac vice)*<br>Kristofer S. Riddle *(pro hac vice)*<br>Clifford Law Offices, PC<br>120 N. LaSalle St., 36th Floor<br>Chicago, IL 60602<br>smm@cliffordlaw.com<br>ksr@cliffordlaw.com<br><br>*Counsel for Plaintiffs* | John R. Jacobson<br>Katharine R. Klein<br>Riley & Jacobson, PLC<br>1906 West End Ave.<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz *(pro hac vice)*<br>Terence W. McCormick *(pro hac vice)*<br>Adam Kahan Brody *(pro hac vice)*<br>Scott Klein *(pro hac vice)*<br>Alex Otchy *(pro hac vice)*<br>Mintz & Gold LLP<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>brody@mintzandgold.com<br>klein@mintzandgold.com<br>otchy@mintzandgold.com<br><br>*Counsel for Defendants Guidepost Solutions LLC and SolutionPoint International, Inc.* |

This 20th day of May, 2025.

                                                      */s/ F. Laurens Brock*
                                                      F. Laurens Brock