THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, ) ) ) Plaintiffs, ) ) v. ) ) SOUTHERN BAPTIST ) CONVENTION, ) *et al.* ) ) Defendants. ) | CASE NO. 3:23-cv-00478 JUDGE WILLIAM L. CAMPBELL, JR. Magistrate Judge Chip Frensley JURY TRIAL DEMANDED |

## DEFENDANT LYELL'S MOTION TO SEAL AND MEMORANDUM OF LAW

Defendant Jennifer Lyell respectfully moves the Court for an order giving her leave to keep under seal redacted information in her response to Plaintiffs' Omnibus Motion to Compel. These redactions will protect the identities of a prior victim and the identity of Ms. Lyell's therapist so as to prevent potential harassment.

Additionally, out of an abundance of caution, Ms. Lyell also requests permission to file under seal excerpts from a deposition (attached to Lyell's Response as Exhibit 4) so that, pursuant to M.D. Tenn. L.R. 5.03(d) and Paragraph 5 of the Agreed Protective Order (ECF No. 132-1), Plaintiffs are given the opportunity to demonstrate, if they wish, why David Sills's deposition should be sealed. This issue is likely moot because, as discussed below, Plaintiffs never invoked the procedure required by Paragraph 8 of the Protective Order to designate the deposition as confidential. Lyell wishes to proceed with abundant caution, however, given the subject matter of the case.

1

## DISCUSSION

### I. The names of nonparties should be protected from negative public attention

Although there is a presumption in favor of openness in court records, the Sixth Circuit has recognized that sealing court records may nevertheless be appropriate in certain circumstances. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

In determining the appropriateness of sealing court records under this exception, the Court must consider, amongst other things, the privacy rights of participants or third parties. *See id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). The proponent for sealing must analyze each document in detail, explaining the propriety and need for secrecy. *Shane Grp.*, 825 F.3d at 305-06 (citation omitted).

The name of the social worker from whom Plaintiffs seek to compel production of records should be kept under seal because she is a nonparty with no involvement in this lawsuit. If her identity is disclosed, she could be subject to harassment. Her right to privacy greatly outweighs the public's interest in her identity.

Additionally, the identity of the nonparty who is also the subject of Plaintiffs' pending motion for protective order should also be maintained under seal. The Court has already previously granted requests to seal briefing on Plaintiffs' motion for

protective order. (ECF No. 209.) The subject matter of that nonparty's expected testimony is highly sensitive, and the public has no legitimate interest in the nonparty's identity. That nonparty's name only appears in the excerpts of David Sills's deposition attached as Exhibit 4 to Lyell's Response. So, both a redacted and unredacted copy of Exhibit 4 has been filed under seal.

For the foregoing reasons, Lyell respectfully requests that the identities of these individuals be maintained under seal to avoid harassment, embarrassment, and negative public attention as a result of a lawsuit to which neither is a party.

## II. Plaintiffs never designated any portion of the deposition transcript as confidential under the protective order

The Agreed Protective Order allows a party to designate any portion of a deposition transcript as confidential subject to the following procedure:

> A party or third party may, on the record of a deposition or by written notice to opposing counsel not later than thirty (30) days after receipt of the deposition transcript, designate any portion(s) of the deposition as Confidential or Highly Confidential – Attorneys' Eyes Only based on a good faith determination that any portion(s) so designated constitute(s) Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

(ECF No. 132-1 at ¶ 8.)

Neither Lyell nor Lyell's counsel has any record indicating that Plaintiffs ever designated as confidential the excerpts of David Sills's deposition attached as Exhibit 4 to Lyell's response. Out of an abundance of caution, however, Lyell is operating under Local Rule 5.03(d) and Paragraph 5 of the Protective Order to allow Plaintiffs to demonstrate whether the deposition transcript excerpts were designated

confidential and whether the deposition transcript excerpts should be filed under seal.

## CONCLUSION

For the foregoing reasons, Lyell respectfully requests that the Court enter an order granting her leave to keep under seal the identities of nonparties to this case.

NEAL & HARWELL, PLC

By: */s/ Philip N. Elbert*
 Ronald G. Harris, BPR #009054
 Philip N. Elbert, BPR #009430
 Mariam N. Stockton, BPR #029750
 Satchel R. Fowler. BPR #039624

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713 – Phone
(615) 726-0573 – Fax
rharris@nealharwell.com
pelbert@nealharwell.com
mstockton@nealharwell.com
sfowler@nealharwell.com

*Counsel for Defendant Jennifer Lyell*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of May 2025, the foregoing was served via the court's electronic filing system on the following counsel of record:

| | |
|---|---|
| John W. ("Don") Barrett *(pro hac vice)* <br> Katherine Barrett Riley <br> Sarah Sterling Aldridge *(pro hac vice)* <br> BARRETT LAW GROUP, PA <br> P.O. Box 927 <br> 404 Court Square North <br> Lexington, MS  39095 <br> dbarrett@barrettlawgroup.com <br> kbriley@barrettlawgroup.com <br> saldridge@barrettlawgroup.com <br><br> Shannon M. McNulty *(pro hac vice)* <br> Kristofer S. Riddle *(pro hac vice)* <br> CLIFFORD LAW OFFICES, PC <br> 120 N. LaSalle St., 36th Floor <br> Chicago, IL  60602 <br> smm@cliffordlaw.com <br> ksr@cliffordlaw.com <br><br> *Counsel for Plaintiffs* | John R. Jacobson <br> Katharine R. Klein <br> RILEY & JACOBSON, PLC <br> 1906 West End Ave. <br> Nashville, TN  37203 <br> jjacobson@rjfirm.com <br> kklein@rjfirm.com <br><br> Steven G. Mintz *(pro hac vice)* <br> Terence W. McCormick *(pro hac vice)* <br> Adam Kahan Brody *(pro hac vice)* <br> Scott Klein *(pro hac vice)* <br> Alex Otchy *(pro hac vice)* <br> MINTZ & GOLD LLP <br> 600 Third Avenue, 25th Floor <br> New York, NY  10016 <br> mintz@mintzandgold.com <br> mccormick@mintzandgold.com <br> brody@mintzandgold.com <br> klein@mintzandgold.com <br> otchy@mintzandgold.com <br><br> *Counsel for Defendants Guidepost Solutions LLC and SolutionPoint International, Inc.* |
| L. Gino Marchetti, Jr. <br> TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC <br> 2908 Poston Avenue <br> Nashville, TN  37203 <br> gmarchetti@tpmblaw.com <br><br> Matthew C. Pietsch <br> GORDON, REES, SCULLY MANSUKHANI, LLP <br> 4031 Aspen Grove Drive, Suite 290 <br> Franklin, TN  37067 <br> mpietsch@grsm.com <br> *Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton, and Dr. Bart Barber* | Alan S. Bean <br> K. Nicole Poole <br> STARNES DAVID FLORIE, LLP <br> 3000 Meridian Blvd., Suite 350 <br> Franklin, Tennessee 37067-6321 <br> abean@starneslaw.com <br> npoole@starneslaw.com <br><br> *Counsel for Defendant Willie McLaurin* |

| | |
|---|---|
| James C. Bradshaw III<br>WYATT, TARRANT & COMBS, LLP<br>333 Commerce Street, Suite 1050<br>Nashville, TN 37201<br>jbradshaw@wyattfirm.com<br><br>Byron Leet *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY 40202<br>bleet@wyattfirm.com<br><br>Thomas E. Travis *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>250 West Main Street, Suite 1600<br>Lexington, KY 40507<br>ttravis@wyattfirm.com<br><br>*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler* | Brigid M. Carpenter<br>Ryan P. Loofbourrow<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br>1600 West End Avenue, Suite 2000<br>Nashville, Tennessee 37203<br>bcarpenter@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br><br>Thomas J. Hurney, Jr. *(pro hac vice)*<br>Jonathan L. Anderson *(pro hac vice)*<br>Gretchen M. Callas *(pro hac vice)*<br>JACKSON KELLY PLLC<br>500 Lee Street East, Suite 1600<br>Post Office Box 553<br>Charleston, West Virginia 25322<br>Telephone: 304-340-1000<br>Fax: 304-340-1150<br>thurney@jacksonkelly.com<br>jlanderson@jacksonkelly.com<br>Gcallas@jacksonkelly.com<br><br>*Counsel for Defendants The Executive Committee of the Southern Baptist Convention and Rolland Slade* |

*/s/ Philip N. Elbert*