THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CASE NO. 3:23-cv-00478 ) JUDGE WILLIAM L. CAMPBELL, JR. ) Magistrate Judge Chip Frensley |
| SOUTHERN BAPTIST CONVENTION, *et al.* | ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) |

**DEFENDANT LYELL'S RESPONSE TO PLAINTIFFS'
REVISED OMNIBUS MOTION TO COMPEL**

Jennifer Lyell is not the plaintiff in this lawsuit. She did not choose to be here, nor does she want to be. She has never sought monetary damages for the harm Plaintiff David Sills has done to her, emotional or otherwise. Yet, to intimidate and silence her, and for money, Ms. Lyell is being sued by the man who sexually abused her. His claims relate to only a handful of alleged statements, none untrue or defamatory. These constitute the only statements that plaintiffs allege to have been made within a year before filing suit. And only one of which was even a statement by Ms. Lyell. All of these statements are non-actionable references to prior time-barred statements, a fatal defect in Plaintiffs' case that Lyell will brief the Court on in detail in her forthcoming motion for summary judgment.

Despite all of this, Ms. Lyell has fully responded to Plaintiffs' broad discovery requests. She has produced an enormous volume of documents, among them her medical records, including those from her psychiatrist, and other discovery

1

demonstrating the harm inflicted upon her by David Sills and the re-traumatization caused by this lawsuit. The only records that she has objected to producing are those in the sole possession of her licensed clinical social worker, ▓▓▓▓▓▓▓▓▓▓, who Ms. Lyell has already stated she will not call as a witness at trial. Neither Ms. Lyell nor Ms. Lyell's counsel has access to or has ever seen these records. ▓▓▓▓▓▓'s records are privileged, and they should not be discoverable.

Plaintiffs' attempt to use the discovery process to intrude into Ms. Lyell's relationship with her therapist is procedurally improper and plainly thwarted by Ms. Lyell's evidentiary privilege. Moreover, it is totally unnecessary and disproportionate to the needs of the case. It is also appalling. The one sanctuary for Ms. Lyell has been and remains her therapy sessions with ▓▓▓▓▓▓▓▓▓▓. ▓▓▓▓▓▓'s work and Ms. Lyell's wellbeing should not be put in further jeopardy by a destructive, intimidating fishing expedition through her privileged therapy notes.

**I.   The Omnibus Motion should be stricken because Plaintiffs are not represented by local counsel and have misrepresented their compliance with the Court's local co-counsel rules**

As an initial matter, Plaintiffs' motion is procedurally improper because Plaintiffs' counsel filed it without local co-counsel.

M.D. Tenn. L.R. 83.01(d)(1) requires, "Unless counsel appearing on behalf of a party in a civil case is both a member of the Tennessee bar and admitted to the bar of this Court, local co-counsel must be retained."

Plaintiffs are represented by Ms. Katherine Riley, Ms. Shannon McNulty, Mr. Don Barret, Ms. Sterling Aldridge, and Mr. Kristofer Riddle. All of them were

admitted to the Middle District of Tennessee *pro hac vice* to participate in this action. In their applications for admission *pro hac vice*, each of Plaintiffs' counsel stated that Mr. Gary Brewer, an attorney in Morristown Tennessee,[1] would represent Plaintiffs as local co-counsel in this action. (*See* ECF Nos. 7, 8, 9, 100, 195). Mr. Brewer unfortunately passed away on March 31, 2025.[2] Mr. Brewer's passing is tragic, and it is not Ms. Lyell's nor Ms. Lyell's Counsel's intention to capitalize off it.

But Plaintiffs were not initially forthcoming about Mr. Brewer's death. They did not inform the Court until three weeks later, and in the interim, they used his name on a briefing filed with the Court and on three notices of intent to depose that were sent to Defendants' counsel.

During Ms. Lyell's deposition, which took place on April 9 and 10, 2025, an individual purporting to be Mr. Brewer appeared via Zoom with his camera off. When remote participants were asked to introduce themselves on day two of the deposition, an unknown individual stated on the record, "Gary Brewer for the Plaintiff." Lyell Dep. Excerpts, April 10, 2025, 12:11-13:24, attached hereto as **Ex. 3**. At the time, Ms. Lyell and her counsel were unaware of Mr. Brewer's passing, and neither Plaintiffs nor Plaintiffs' Counsel did anything to correct the record.

After learning of Mr. Brewer's death through an obituary posted in the Tennessee Bar Association's newsletter, Undersigned Counsel sent a letter by email to Plaintiffs' Counsel asking who had identified himself as Gary Brewer during Ms.

---

[1] Morristown is located in the Eastern District of Tennessee.
[2] A copy of Mr. Brewer's obituary is available at ECF No. 239-1.

Lyell's deposition. *See* April 16, 2025, Letter, attached hereto as **Ex. 1**. Ms. Riley responded by email claiming that Mr. Brewer's law partner, Mr. Stephen Terry, was the individual on Zoom. *See* April 16, 2025, Email Chain, attached hereto as **Ex. 2**. Ms. Riley also represented that Plaintiffs were in the process of substituting Mr. Terry for Mr. Brewer as local counsel and that she would produce a signed copy of Mr. Terry's agreement to be bound by the terms of the Agreed Protective Order governing this case. *See id.*

Notwithstanding these representations, Plaintiffs subsequently filed a motion to withdraw on behalf of Mr. Brewer purporting to proceed without local co-counsel. (Mot. Withdraw, ECF No. 239.) Plaintiffs apparently intend to rely on Ms. Riley to satisfy the local co-counsel requirement. While Ms. Riley is admitted to practice in Tennessee, and has apparently become admitted to this Court since her *pro hac vice* admission, she does not reside or keep an office in this judicial district or Tennessee. So, although she can represent Plaintiffs in this district without local co-counsel under the Local Rules, she cannot satisfy the Court's local co-counsel requirements for Plaintiffs' out-of-state counsel.

Plaintiffs also never produced an acknowledgement of the protective order signed by Mr. Terry, who sat through the deposition and saw numerous documents that are marked confidential under the protective order. Large portions of Ms. Lyell's deposition have also been designated confidential under the protective order.

Again, given the circumstances, neither Ms. Lyell nor Ms. Lyell's counsel would have objected if Plaintiffs' counsel had simply been forthcoming and requested

4

time to secure local co-counsel or asked the Court's permission to deviate from the local rules. But they did not take that course. They allowed an individual to falsely identify himself as a dead man during a Court proceeding and then, when confronted, made apparently false representations about their intent to secure new local co-counsel.

Plaintiffs' counsel should not get away with their misrepresentations to Lyell's counsel and to the Court. Local Rule 83.01(d)(4) authorizes the Court to strike any pleading filed while a party is not in compliance with the local co-counsel requirement and authorizes the Court to impose "other penalties." At a minimum, Ms. Lyell asks that the Court exercise its authority under the Local Rules to strike Plaintiffs' motion to compel, which Ms. McNulty filed without local co-counsel.[3] Lyell also asks that Plaintiffs be required to retain local co-counsel, who can assist Plaintiffs' counsel with abiding by this district's practices and Local Rules.

## II. The records are protected under Tennessee Law by Ms. Lyell's social worker-client privilege

The Court should deny Plaintiffs' motion because it seeks to compel production of privileged therapy records, which are not within the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1).

---

[3] Ms. Lyell also notes that the original motion was filed three minutes past the deadline for discovery motions set by the Court's amended case management order. (*see* ECF No. 208 ¶ 12.) The revised motion was then filed over nineteen hours past that deadline. Despite a prompt request, Lyell's counsel was not provided with an unredacted copy of the motion until May 7. Plaintiffs filed thirteen additional exhibits to their motion on May 14.

5

Under Tenn. Code Ann. § 63-23-109(a),[4] "The confidential relations and communications between a client and licensed social worker . . . are placed upon the same basis as those provided by law between licensed psychologists . . . and client . . . ." Tennessee's decision to extend an evidentiary privilege to licensed social workers makes sense, as social workers often play a similar role to psychologists for those with modest means. *See Jaffee v. Redmond*, 518 U.S. 1, 16-17 (1996) ("Today, social workers provide a significant amount of mental health treatment. Their clients often include the poor and those of modest means who could not afford the assistance of a psychiatrist or psychologist, but whose counseling sessions serve the same public goals." (citations omitted)).

Section 63-23-109(a) affords the social worker-client relationship the same protections as the attorney-client relationship. *Shaw v. Shaw*, No. E201001070COAR10CV, 2011 WL 255335 (Tenn. Ct. App. Jan. 20, 2011) (noting that § 63-23-109(a) affords the social worker-patient relationship the same protections afforded the psychologist-patient relationship by Tenn. Code Ann. § 63-11-213, which gives the psychologist-patient relationship the same protections as the attorney-client relationship). So, like with the attorney-client privilege, there is no balancing test to determine whether application of the privilege is appropriate in a given circumstance. *Cf. Jaffee*, 518 U.S. at 17 ("Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the

---

[4] Tennessee substantive law governs claims of privilege in this diversity action. *See* Fed. R. Evid. 501.

patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege."). Instead, the only questions are whether the privilege applies and whether it has been waived. The privilege clearly applies and, as discussed in the next section, no waiver has occurred.

A therapist's notes fall squarely within the social worker-client privilege. *See Culbertson v. Culbertson*, 455 S.W.3d 107, 131 (Tenn. Ct. App. 2014); *cf. Jaffee*, 518 U.S. at 18 ("The conversations between Officer Redmond and Karen Beyer and the notes taken during their counseling sessions are protected from compelled disclosure . . . ."). For instance, if Plaintiffs were seeking to compel production of records and notes kept solely by Ms. Lyell's counsel, the attorney-client privilege would plainly apply, and the Court would summarily deny the motion. Lyell's social worker-client privilege demands the same result here.

### III. Lyell has neither impliedly nor expressly waived her privilege

Ms. Lyell will not call ███████ as a witness and does not want her relationship with her therapist to become entangled in this lawsuit at all.

Ms. Lyell has not put her therapy with ███████ at issue in this litigation. Under Tennessee law, a litigant may impliedly waive an evidentiary privilege by putting the privileged subject at issue where three conditions exists:

> (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party;
> (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and
> (3) application of the privilege would have denied the opposing party access to information vital to his [or her] defense.

*Culbertson v. Culbertson*, 393 S.W.3d 678, 685 (Tenn. Ct. App. 2012) (*quoting Bryan v. State*, 848 S.W.2d 72, 81 (Tenn. Crim. App. 1992)). None of these factors are met here.

The paradigmatic case of at-issue waiver in the therapy context is where a plaintiff is seeking damages for emotional distress. *See, e.g., Kirchner v. Mitsui & Co. (U.S.A.)*, 184 F.R.D. 124 (M.D. Tenn. 1998). Plaintiffs' motion presents a complete inversion of this paradigm: They filed suit claiming damages for emotional distress, claimed privilege to prevent discovery into counseling they received, and now ask the Court to penetrate Ms. Lyell's privilege so they can review her therapy notes.

Ms. Lyell does not intend to testify about or make relevant the subject matter of her therapy as a part of her defense. So, she has not put her therapy at issue. And the fact that Ms. Lyell included ▮▮▮▮▮▮▮ in her Rule 26 initial disclosures does not affect the analysis. Courts that have considered the issue have concluded that identifying an individual in a Rule 26 initial disclosure is not a waiver of evidentiary privileges with respect to that individual. *See, e.g., Whitney v. City of Milan*, No. 1:09-cv-01127, 2014 WL 11411675, at *2 (W.D. Tenn. Feb. 27, 2014) (rejecting argument that the plaintiff waived her marital privilege by including her husband as a person likely to have discoverable information in her initial disclosures) (collecting cases). That makes sense, as to hold otherwise would incentivize litigants to under-include individuals in their initial disclosures.

Ms. Lyell has also not waived her privilege through third party disclosure.

8

Case 3:23-cv-00478   Document 260   Filed 05/20/25   Page 8 of 15 PageID #: 5282

The reference to "zillions of notes from MA" in exhibit 5 to Plaintiffs' motion is clearly in jest. Ms. Lyell's text message to Mr. Gene Besen in exhibit 6 to Plaintiffs' motion, while perhaps operating as a partial waiver as to those specific quotations, in no way constitutes a full-blown waiver of Ms. Lyell's privilege as to all of her therapist's notes. *See Jones v. Ill. Cent. R. Co.*, 617 F.3d 843, 855-56 (6th Cir. 2010) (explaining partial waiver). And the handful of nonspecific references Ms. Lyell has made to her therapy over the course of nearly a decade is not a waiver of her privilege because the fact that Ms. Lyell has gone to therapy is not itself privileged. *Cf. Humphreys, Hutcheson & Mosely v. Donovan*, 568 F. Supp. 161, 175 (M.D. Tenn. 1983) ("Thus, absent special circumstances, the attorney-client privilege does not prohibit disclosure of the fact or existence of an attorney-client relationship or the dates the services were rendered."); *In re Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983) ("[A]s a general rule, the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege.").

## IV. Piercing Ms. Lyell's privilege will cause irreparable harm

It is impossible to overstate the extreme harm Ms. Lyell will suffer if the Court compels production of these privileged records.

In the context of the psychologist-client privilege, and by extension the social worker-client privilege, the existence of the privilege "lies in the fostering of the environment between the patient and his or her psychologist that is conducive to treatment and recovery." *In re Lucas H.*, 634 S.W.3d 1, 8 (Tenn. Ct. App. 20210). So, "piercing or disregarding an individual's psychologist-patient privilege presents a

9

potential harmful ramification that may ultimately result in permanent setback for the individual seeking treatment." *Id.*

Lyell is the victim of sexual abuse. David Sills sexually abused her for over 10 years. He forced her to give him oral sex repeatedly. Lyell Dep. Excerpts 293:1-9. He would hold her head as she attempted to pull away, ejaculate in her mouth, and then tell her to fix her face and repent. *Id.* at 293:10-294:17, 296:20-25. At times, he did it while his family was upstairs waiting for dinner. *Id.* at 299:17-24. He did it all while telling Lyell that there was something wrong with her that he, her professor and a renowned religious scholar, could help her fix. *Id.* at 296:8-25. That is what Jennifer Lyell is ready to prove at trial. It is unsurprising that someone who has had the best years of her life robbed in this way needs therapy.

David Sills, on the other hand, is a man who has a clear pattern of using the woman over whom he has influence as a means for sexual gratification. ███████ ██████████████████████████████████████████ ████████████████████████████ █ ███████████ █████████████████████████████████████ █████████████████████████████ ██ ████ ████. Plaintiffs moved to prohibit the deposition of that witness, who is expected to testify that David Sills took advantage of her vulnerability after she and her husband came to him for counseling concerning their marriage and manipulated her into given him oral sex.[5] He eventually left that church and, after a few years of

---

[5] That motion is fully briefed and pending before the Court.

mission work in South America, returned to the United States and picked up right where he left off with Ms. Lyell. That is who David Sills is. And it would be unfathomably cruel to allow him to abuse the court system to invade his victim's only safe space.

V. **The identity of ▇▇▇▇'s husband and ▇▇▇▇'s letter to Craig Parker are wholly irrelevant to this action**

Plaintiffs assert that ▇▇▇▇ is married to an individual with a pastoral leadership position in the Southern Baptist Church. Plaintiffs' only discussion on this point is to state, "That fact could influence ▇▇▇▇. It is imperative that the records be produced." (Pls.' Omnibus Mot. Compel at 4.) Plaintiffs' inability to craft any legal argument with respect to this assertion demonstrates that they included it only to confuse the issues and mislead the Court. The identity of ▇▇▇▇'s spouse has absolutely no bearing on either the relevance of these records or the validity of Ms. Lyell's claim of social worker-client privilege.

Plaintiffs also point to a letter that ▇▇▇▇ wrote to Mr. Craig Parker. That letter was sent at Ms. Lyell's request as part of an insurance claim filed by the Southern Baptist Theological Seminary. ▇▇▇▇ was not asked to produce any records, and did not produce any records. ▇▇▇▇'s letter has no relevance to whether Plaintiffs have identified any authority or basis for overcoming Ms. Lyell's privilege. They plainly have not.

## VI. The other issues raised in Plaintiffs' motion with respect to Lyell have not been properly raised

Two other issues raised in Plaintiffs' omnibus motion are directed towards Ms. Lyell. Plaintiffs ask the Court to: (1) Compel Ms. Lyell to sign interrogatory responses that were supplemented by letter, and (2) compel all Defendants to provide insurance information. Plaintiffs never made a good faith effort to resolve either discovery dispute with respect to Ms. Lyell prior to filing the motion to compel, which is required by the Court's Local Rules and by the Court's scheduling order.

Notwithstanding this procedural defect, Ms. Lyell was merely comporting with the standard practice in this district of supplementing interrogatory responses by letter. Ms. Lyell stands by her interrogatory responses. Ms. Lyell disagrees with Plaintiffs' position that any supplementation is necessary. But if the Court wants Ms. Lyell to produce a signed copy of those responses, she is willing to do so.

With respect to Plaintiffs' motion to compel production of insurance information, Ms. Lyell has no relevant insurance policy that could provide coverage if Plaintiffs obtained a judgment against her.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel should be stricken or denied with respect to Lyell.

Respectfully submitted,

NEAL & HARWELL, PLC

By: */s/ Philip N. Elbert*
    Ronald G. Harris, BPR #009054
    Philip N. Elbert, BPR #009430
    Mariam N. Stockton, BPR #029750
    Satchel R. Fowler. BPR #039624

1201 Demonbreun Street, Suite 1000
Nashville, Tennessee 37203
(615) 244-1713 – Phone
(615) 726-0573 – Fax
rharris@nealharwell.com
pelbert@nealharwell.com
mstockton@nealharwell.com
sfowler@nealharwell.com

*Counsel for Defendant Jennifer Lyell*

13

# CERTIFICATE OF SERVICE

I hereby certify that on this the 20th day of May 2025, the foregoing was served via the court's electronic filing system on the following counsel of record:

| | |
|---|---|
| John W. ("Don") Barrett *(pro hac vice)*<br>Katherine Barrett Riley<br>Sarah Sterling Aldridge *(pro hac vice)*<br>BARRETT LAW GROUP, PA<br>P.O. Box 927<br>404 Court Square North<br>Lexington, MS  39095<br>dbarrett@barrettlawgroup.com<br>kbriley@barrettlawgroup.com<br>saldridge@barrettlawgroup.com<br><br>Shannon M. McNulty *(pro hac vice)*<br>Kristofer S. Riddle *(pro hac vice)*<br>CLIFFORD LAW OFFICES, PC<br>120 N. LaSalle St., 36th Floor<br>Chicago, IL  60602<br>smm@cliffordlaw.com<br>ksr@cliffordlaw.com<br><br>*Counsel for Plaintiffs* | John R. Jacobson<br>Katharine R. Klein<br>RILEY & JACOBSON, PLC<br>1906 West End Ave.<br>Nashville, TN  37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz *(pro hac vice)*<br>Terence W. McCormick *(pro hac vice)*<br>Adam Kahan Brody *(pro hac vice)*<br>Scott Klein *(pro hac vice)*<br>Alex Otchy *(pro hac vice)*<br>MINTZ & GOLD LLP<br>600 Third Avenue, 25th Floor<br>New York, NY  10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com<br>brody@mintzandgold.com<br>klein@mintzandgold.com<br>otchy@mintzandgold.com<br><br>*Counsel for Defendants Guidepost Solutions LLC and SolutionPoint International, Inc.* |
| L. Gino Marchetti, Jr.<br>TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC<br>2908 Poston Avenue<br>Nashville, TN  37203<br>gmarchetti@tpmblaw.com<br><br>Matthew C. Pietsch<br>GORDON, REES, SCULLY MANSUKHANI, LLP<br>4031 Aspen Grove Drive, Suite 290<br>Franklin, TN  37067<br>mpietsch@grsm.com<br>*Counsel for Defendants Southern Baptist Convention, Dr. Ed Litton, and Dr. Bart Barber* | Alan S. Bean<br>K. Nicole Poole<br>STARNES DAVID FLORIE, LLP<br>3000 Meridian Blvd., Suite 350<br>Franklin, Tennessee 37067-6321<br>abean@starneslaw.com<br>npoole@starneslaw.com<br><br>*Counsel for Defendant Willie McLaurin* |

| | |
|---|---|
| James C. Bradshaw III<br>WYATT, TARRANT & COMBS, LLP<br>333 Commerce Street, Suite 1050<br>Nashville, TN 37201<br>jbradshaw@wyattfirm.com<br><br>Byron Leet *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>400 West Market Street, Suite 2000<br>Louisville, KY 40202<br>bleet@wyattfirm.com<br><br>Thomas E. Travis *(pro hac vice)*<br>WYATT, TARRANT & COMBS, LLP<br>250 West Main Street, Suite 1600<br>Lexington, KY 40507<br>ttravis@wyattfirm.com<br><br>*Counsel for Defendants The Southern Baptist Theological Seminary and Dr. R. Albert Mohler* | Brigid M. Carpenter<br>Ryan P. Loofbourrow<br>BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC<br>1600 West End Avenue, Suite 2000<br>Nashville, Tennessee 37203<br>bcarpenter@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br><br>Thomas J. Hurney, Jr. *(pro hac vice)*<br>Jonathan L. Anderson *(pro hac vice)*<br>Gretchen M. Callas *(pro hac vice)*<br>JACKSON KELLY PLLC<br>500 Lee Street East, Suite 1600<br>Post Office Box 553<br>Charleston, West Virginia 25322<br>Telephone: 304-340-1000<br>Fax: 304-340-1150<br>thurney@jacksonkelly.com<br>jlanderson@jacksonkelly.com<br>Gcallas@jacksonkelly.com<br><br>*Counsel for Defendants The Executive Committee of the Southern Baptist Convention and Rolland Slade* |

                                       <u>*/s/ Philip N. Elbert*</u>