# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 3:23-cv-00478<br>)<br>) Judge William L. Campbell, Jr. |
| SOUTHERN BAPTIST CONVENTION, et al., | ) Magistrate Judge Jeffery S. Frensley<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' UNOPPOSED MOTION FOR AN INTERIM STAY FOR PURPOSE OF FULFULLING OBLIGATIONS SET PURSUANT TO FRCP 25

Plaintiffs, through their counsel, move to spread the record of death for Defendant Jennifer Lyell, and seek a temporary stay, and in support there of state as follows:

### PERTINENT FACTUAL AND PROCEDURAL HISTORY

1. Plaintiffs became aware of the death of Jennifer Lyell through social media reports posted on Sunday, June 8, 2025. Plaintiffs understand that Ms. Lyell passed away on or about June 7, 2025, and hereby spread the record of her death. *See* Dkt. No. 287.

2. Pursuant to Fed. R. Civ. P. 25, Plaintiffs intend to seek a substitution of party. To that end, Plaintiffs reached out to counsel for the decedent for the purpose of receiving additional details to facilitate appointment and substitution. Counsel for Lyell has advised that he requires a few days before he can comment on the next steps for the probate proceedings. Plaintiffs note that the matter is time sensitive, but do not oppose counsel's need for time to initiate probate proceedings. Because a deceased person cannot be a party, the opening of an estate and substitution of the party is necessary under the law. Technically, any action taken by or against the deceased party would be a nullity.

1

3.      This case has several motions pending before Magistrate Judge Frensley. Some of the motions concern Defendants amending their answers and affirmative defenses (Dkt. Nos. 218, 221, 227, 233, 234, 236). Some motions concern discovery deficiencies (Dkt. Nos. 242, 246, 252, 253 - 256, 258, 260, 267-269, 271, 274). Certain pleadings relate to 30(b)(6) witnesses not yet having been produced for which Plaintiffs seek relief. (Dkt. Nos. 262, 276, 278, 279, 280, 281, 283, and 284) and a third-party deposition (Dkt. No. 200). Plaintiffs also moved suspend the expert disclosure date of June 11, 2025 (today) until the outstanding disputed issues are resolved and Defendants Guidepost Solutions, Southern Baptist Convention and Executive Committee of the Southern Convention produce their 30(b)(6) witnesses. *Id.* Other motions specific to decedent are pending, too. (e.g., Dkt. Nos. 209, 257, 272, 282). The parties are waiting on rulings.

4.      Orders cannot be entered against a deceased party. Moreover, depositions obviously still need to proceed, and the deceased party's estate would be arguably prejudiced if they are not participating, however, they presently do not have standing to participate in the Record, nor does the not-yet-opened estate.

5.      Additionally, in the past few weeks, prior to the party's death, Plaintiffs' counsel have discussed with some opposing counsel their preference to modify the protective order to de-designate materials currently marked as confidential. The parties recently met and conferred without agreement.

## **ARGUMENT**

6.      In the meantime, without an estate, no substitution can occur and no action can be taken by, for, or against the deceased Defendant Lyell. When a party of record dies pending the action, that person ceases to be a party. *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217, 154 S.E.2d 638 (1967). Once a party dies his attorney has no authority to add anything to Record. *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008). Moreover, the purpose of the rule governing

substitution is to ensure that the affairs of deceased persons are terminated promptly and efficiently, and that the rights of persons having lawful claims against the estate are preserved within the expressed limitations. *Estate of Morales ex rel. Morales v. Iasis Healthcare Corp.*, 901 So. 2d 965 (Fla. 2d DCA 2005). Nevertheless, until a substitution is made, participation by counsel for the deceased party is ordinarily without authority, and any subsequent determination of the Court is a nullity.. As a general matter, the death of a party divests a court of jurisdiction to act as to that deceased party, and automatically stays proceedings in the action pending the substitution of a legal representative for that decedent. *F.A. Mfg. Co. v. Hayden & Clemons*, 273 F. 374 (C.C.A. 1st Cir. 1921); *Perlstein v. Perlstein*, 26 Conn. Supp. 257, 217 A.2d 481 (Super. Ct. 1966); *Warner v. Flack*, 278 Ill. 303, 116 N.E. 197, 2 A.L.R. 423 (1917); *De Hatre v. Ruenpohl*, 341 Mo. 749, 108 S.W.2d 357 (1937); *Brown v. Hilleary*, 133 Or. 26, 286 P. 593 (1930); *American Airlines Federal Credit Union v. Costello*, 161 A.D.3d 819, 77 N.Y.S.3d 427 (2d Dep't 2018).

7. In light of the very active case posture, including a number of outstanding motions pending before this court, several of which affect the deceased Defendant Lyell, as well as depositions that need to proceed, Plaintiffs propose in interim stay so as to allow for the probate matters to proceed and proper substitution of a party to be made consistent with Fed. R. Civ. P. 25, and to avoid any prejudice to any party or estate. By doing so, the Record is well-managed, and no party is prejudiced by the necessary step.

8. Upon the opening of a probate matter, Plaintiffs will submit their motion to substitute. Plaintiffs' counsel and counsel for the Estate will provide a status report in 14 days or by June 25, 2025.

9. The Parties have met and conferred by phone and zoom and counsel for Defendants do not oppose the stay.

Dated: June 11, 2025

Respectfully submitted,

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Shannon M. McNulty, hereby certify that on June 11, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Shannon M. McNulty*
Shannon M. McNulty