IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 3:23-cv-00478 |
| v. | ) ) Judge William L. Campbell, Jr. |
| SOUTHERN BAPTIST CONVENTION, et al., | ) Magistrate Judge Jeffery S. Frensley ) ) ) |
| Defendants. | ) |

**TIME-SENSITIVE FORMAL OBJECTION**

Since May 23, 2025, Plaintiffs have sought relief from the expert disclosure date (Dkt. No. 262) which prejudices Plaintiffs in light of the discovery posture of the case as set forth in the docket. (Dkt. Nos. 279, 281, 284). In the absence of relief, Plaintiffs are caused to serve their disclosures. Each expert (the economist; the search engine optimization expert; the forensic linguist; the corporate investigator; the defamation and remediation expert; and the vocational evaluation expert) has indicated in his/her respective Report an inability to complete the analysis in light of the 30(b)(6) witness testimony for Executive Committee, Southern Baptist Convention and Guidepost Solutions that remains outstanding. There are also documents for which Plaintiffs timely moved to compel which are relevant to the experts' analyses. (Dkt. Nos. 242, 246).

Because of the significant irreparable injury to Plaintiffs if caused to submit today their expert reports to the Defendants in advance of 30(b)(6) depositions (i.e., the testimony will be influenced by expert opinions and the right to cross examination will be effectively denied), Plaintiffs' counsel phoned the court staff several times for the sole purpose of seeking guidance on the process of expediting relief. Plaintiffs' counsel has left messages in the court staff voice mail seeking guidance on verification that the pleadings have been received and to inquire as to

whether there was any additional process or mechanism either overlooked or by which the matter can be addressed before the disclosure date (June 2, 2025; June 3, 2025; June 4, 2025; June 10, 2025). Consistent with Judge Frensley's procedural rule II.D. the inquiry was strictly procedural. In an effort to obtain relief this week, Plaintiffs also acquired the Defendants agreement for Plaintiffs to disclose on June 13, 2025. In collecting on June 12 and June 13 the experts' reports for potential service, the level of irreparable prejudice already noted in the briefing on this issue (*see* Dkt. Nos. 279, 281, 284) became undeniably evident. Without relief from serving expert disclosures today, Plaintiffs due process rights, intended to ensure fair legal procedures for all, are effectively denied.

Being caused to supply the Defendants with the content of their experts' reports is highly and irreparably prejudicial to Plaintiffs. Plaintiffs are essentially caused to provide the Defendants a road map which the Defendants may then use in their preparation of any 30(b)(6) witnesses, assuming those depositions are not barred (*see* Dkt. Nos. 279, 281, 284 for relief sought). The 30(b)(6) witnesses' testimony will be tainted and influenced by the service of Plaintiffs' expert reports today. Plaintiffs will be denied their right to fair cross-examination and due process.

So as to avoid any suggestion that the service of partial expert reports in any way constitutes a waiver or forfeiture of Plaintiffs' rights, and in the absence of relief, Plaintiffs respectfully file this formal and distinct OBJECTION to service of Plaintiffs' expert reports which will occur today in the absence of relief. (*See Peretz v. United States*, 501 U.S. 923, 936, 111 S. Ct. 2661, 2669, 115 L. Ed. 2d 808 (1991) citing various examples of waiver for lack of making an objection). Plaintiffs seek relief from making disclosures, today, and for whatever relief this Court deems just.

Dated: June 13, 2025　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Shannon M. McNulty*
　　　　　　　　　　　　　　　　　　　　Shannon M. McNulty (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　CLIFFORD LAW OFFICES, P.C.
　　　　　　　　　　　　　　　　　　　　120 N. LaSalle Street, 36th Floor
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　　　　(312) 899-9090
　　　　　　　　　　　　　　　　　　　　(312) 251-1160 Facsimile
　　　　　　　　　　　　　　　　　　　　SMM@cliffordlaw.com

　　　　　　　　　　　　　　　　　　　　By: /s/ *Katherine B. Riley*
　　　　　　　　　　　　　　　　　　　　Katherine Barrett Riley (TN BPR#021155)
　　　　　　　　　　　　　　　　　　　　John W. ("Don") Barrett (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Sterling Aldridge (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　BARRETT LAW GROUP, P.A.
　　　　　　　　　　　　　　　　　　　　P.O. Box 927
　　　　　　　　　　　　　　　　　　　　404 Court Square North
　　　　　　　　　　　　　　　　　　　　Lexington, MS 39095
　　　　　　　　　　　　　　　　　　　　Ph: (662) 834-2488
　　　　　　　　　　　　　　　　　　　　Fax: (662) 834-2628
　　　　　　　　　　　　　　　　　　　　kbriley@barrettlawgroup.com
　　　　　　　　　　　　　　　　　　　　dbarrett@barrettlawgroup.com
　　　　　　　　　　　　　　　　　　　　saldridge@barrettlawgroup.com

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I, Shannon M. McNulty, hereby certify that on June 13, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

　　　　　　　　　　　　　　　　　　　　/s/ *Shannon M. McNulty*
　　　　　　　　　　　　　　　　　　　　Shannon M. McNulty

3

Case 3:23-cv-00478　　Document 291　　Filed 06/13/25　　Page 3 of 3 PageID #: 5655