**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS and MARY SILLS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Case No.: 3:23-cv-00478** |
| **v.** | ) | |
| | ) | **Judge William L. Campbell, Jr.** |
| **SOUTHERN BAPTIST CONVENTION, et al.,** | ) | **Magistrate Judge Jeffery S. Frensley** |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' _RENEWED_[1] MOTION FOR AN INTERIM STAY FOR PURPOSE OF
FULFULLING OBLIGATIONS SET PURSUANT TO FRCP 25**

Plaintiffs, through their counsel and pursuant to this Court's Order (Doc. No. 290), submit their renewed motion to spread the record of death for Defendant Jennifer Lyell, and seek a short interim stay, and in support there of state as follows:

**PERTINENT FACTUAL AND PROCEDURAL HISTORY**

1.       Plaintiffs became aware of the death of Jennifer Lyell through social media reports posted on Sunday, June 8, 2025. Plaintiffs understand that Ms. Lyell passed away on or about June 7, 2025, and hereby spread the record of her death. _See_ Dkt. No. 287. Plaintiffs have requested a copy of the death certificate.

2.       Pursuant to Fed. R. Civ. P. 25, Plaintiffs intend to seek a substitution of party. To that end, Plaintiffs reached out to counsel for the decedent for the purpose of receiving additional details to facilitate appointment and substitution. Counsel for Lyell advised that he requires a few days before he can comment on the next steps for the probate proceedings. Plaintiffs note that the

---

[1] _See_ Dkt. No. 299.

matter is time sensitive, but do not oppose counsel's need for time to initiate probate proceedings. Because a deceased person cannot be a party, the opening of an estate and substitution of the party is necessary under the law. Technically, any action taken by or against the deceased party would be a nullity. *See Rogers v. Breen*, 56 Tenn. 679 (1872) (proceedings after the death of a party without a revivor of the suit are null and void).

3.     This case has several motions pending before Magistrate Judge Frensley. Some of the motions concern Defendants amending their answers and affirmative defenses (Dkt. Nos. 218, 221, 227, 233, 234, 236). Some motions concern discovery deficiencies (Dkt. Nos. 242, 246, 252, 253 - 256, 258, 260, 267-269, 271, 274). Certain pleadings relate to 30(b)(6) witnesses not yet having been proceeded for which Plaintiffs seek relief. Dkt. Nos. 262, 276, 278, 279, 280, 281, 283, and 284. Plaintiffs also moved suspend the expert disclosure date of June 11, 2025 until the outstanding disputed issues are resolved and Defendants Guidepost Solutions, Southern Baptist Convention and Executive Committee of the Southern Convention produce their 30(b)(6) witnesses. *Id.* Other motions specific to decedent are pending, too. (e.g., Dkt. Nos. 209, 257, 272, 282). The parties are waiting on rulings.

4.     Orders cannot be entered against a deceased party.  Moreover, depositions obviously still need to proceed, and the deceased party's estate would be arguably prejudiced if they are not participating, however, they presently do not have standing to participate in the Record, nor does the not-yet-opened estate.

5.     Additionally, in the past few weeks, prior to the party's death, Plaintiffs' counsel have discussed with some opposing counsel their preference to modify the protective order to de-designate materials currently marked as confidential. The parties recently met and conferred without agreement.

## LEGAL STANDARD

6.  "'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931 (N.D. Ohio 2021) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

## ARGUMENT

7.  Under Federal Rule of Civil Procedure 25(a)(1), substitution of a deceased party requires the existence of a proper party, such as the legal representative of the deceased's estate. *In re River City Resort, Inc.*, Nos. 1:14-bk-10745-SDR, 1:18-ap-01029-SDR, 1:18-ap-01044-SDR, 2022 Bankr. LEXIS 924, at *71 (Bankr. E.D. Tenn. Mar. 31, 2022). The rule provides that if a party dies and the claim is not extinguished, the court may order substitution of the proper party. *Watkins v. Hansford*, No. 3:17-CV-00069-CRS, 2017 U.S. Dist. LEXIS 151440, at *3-4 (W.D. Ky. Sep. 18, 2017). A motion for substitution may be made by any party or by the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). However, if no estate exists or no legal representative is appointed, substitution cannot occur, and the action cannot proceed against the deceased party. This principle is consistent with the Sixth Circuits interpretation of Rule 25(a)(1), which emphasizes the necessity of a proper party for substitution to ensure the orderly resolution of claims.

8.  The death of a party also has significant jurisdictional implications. As a general matter, the death of a party divests the court of jurisdiction to act concerning the deceased party until a substitution is made. Any participation by counsel for the deceased party after death is ordinarily without authority, and any subsequent determination by the court is a nullity. This aligns

3

with the purpose of Rule 25(a), which is to ensure that the affairs of deceased persons are resolved promptly and efficiently while preserving the rights of those with lawful claims against the estate.

9.     Furthermore, an attorney's authority to act on behalf of a party ceases upon the death of that party. The Sixth Circuit has recognized that an attorney is not the legal representative of a deceased party for purposes of filing a motion for substitution. *Harper v. Harris*, No. C80-97Y, 1980 U.S. Dist. LEXIS 14338, at *3 (N.D. Ohio Sep. 29, 1980) (citations omitted).

10.     In light of the very active case posture, including a number of outstanding motions pending before this court, several of which affect the deceased Defendant Lyell, as well as depositions that need to proceed, Plaintiffs propose in interim stay so as to allow for the probate matters to proceed and proper substitution of a party to be made consistent with Fed. R. Civ. P. 25, and to avoid any prejudice to any party or estate. By doing so, the Record is well-managed, and no party is prejudiced by the necessary step.

11.     Courts in this District and within the Sixth Circuit have granted motions to stay upon the death of party until a personal representative is identified and substituted. *See* Order, Dkt. No. 11, *Greene v. JPMorgan Chase Bank*, No. 3:18-cv-00509 (M.D. Tenn. Aug. 7, 2018) (attached hereto as Exhibit A); Order Grant. Mot. to Stay, Dkt. No. 84, *Vella v. Adell Broad. Corp*., No. 5:13-cv-10061 (E.D. Mich. Mar. 18, 2014) (attached hereto as Exhibit B).

12.     Upon the opening of a probate matter, Plaintiffs will submit their motion to substitute. Plaintiffs' counsel and counsel for the Estate will provide a status report in 14 days or by June 25, 2025.

13.     Moments before counsel for Lyell filed its Notice [Dkt. No. 300], Lyell's counsel informed Plaintiffs' counsel of its position concerning the claims against Lyell. Plaintiffs' counsel indicated its disagreement and offered to meet-and-confer. The unreported case of *Stockdale v.*

*Helper*, No. M2022-00846-COA-R3-CV, 2024 WL 2045341, at *5 (Tenn. Ct. App. May 8, 2024) cited by Lyell's counsel is not dispositive of all claims against Lyell. *Id.*

14.     Nonetheless, until there is a probate case with a valid representative, the matter is not yet ripe. Because there is no representative, there has not yet been a formal motion for substitution.

15.     When Plaintiffs' counsel reached out to Lyell's counsel to ascertain the status of probate, counsel indicated that they are looking for a will.  One executed will was produced by Plaintiffs in discovery, however, Plaintiffs' counsel acknowledges it is necessary for Lyell's counsel to attempt to locate any other will that supersedes the will executed in 2005.

16.     The role of Lyell in this case may rest on further briefing, however, until the current will is filed and the estate is opened (which the decedent's counsel assures Plaintiffs' counsel is underway), the entry of Orders in favor or against Lyell would be a nullity. *See Rogers v. Breen*, 56 Tenn. 679 (1872).

17.      In light of the foregoing, and until the estate is opened, Plaintiffs propose a short stay, and in the alternative, Plaintiffs seek a status hearing on experts and whatever other relief this Court deems just and fair.[2]

18.     In short, under the facts at bar, it is appropriate for the court to exercise its discretion as the law provides, and enter a short two-week stay for the purpose of establishing an estate. No party is prejudiced.

---

[2] Further compressing matters, on Friday, June 13, 2025, Plaintiffs filed an Objection [Dkt. No. 291] to serving expert reports, citing a violation of due process and irreparable prejudice under the fact of Defendants not having presented their 30(b)(6) witnesses. Plaintiffs were instructed by the Court to not serve the reports until further direction was given by the Court. This also counsels in favor of a status hearing.

19.     The Parties previously met and conferred by phone and zoom. Initially, none of the Defendants opposed the stay, however, since the Court's initial denial without prejudice, counsel for the Executive Committee and Defendant Lyell (who does not have standing by virtue of not having a client over which the court presently has jurisdiction) now oppose the stay. No other Defendant has indicated their opposition.

Dated: June 16, 2025                              Respectfully submitted,


                                    By: /s/ *Katherine B. Riley*
                                    Katherine Barrett Riley (TN BPR#021155)
                                    John W. ("Don") Barrett (admitted *pro hac vice*)
                                    Sterling Aldridge (admitted *pro hac vice*)
                                    BARRETT LAW GROUP, P.A.
                                    P.O. Box 927
                                    404 Court Square North
                                    Lexington, MS 39095
                                    Ph: (662) 834-2488
                                    Fax: (662) 834-2628
                                    kbriley@barrettlawgroup.com
                                    dbarrett@barrettlawgroup.com
                                    saldridge@barrettlawgroup.com

                                    /s/ *Shannon M. McNulty*
                                    Shannon M. McNulty (admitted *pro hac vice*)
                                    CLIFFORD LAW OFFICES, P.C.
                                    120 N. LaSalle Street, 36th Floor
                                    Chicago, Illinois 60602
                                    (312) 899-9090
                                    (312) 251-1160 Facsimile
                                    SMM@cliffordlaw.com

                                    *Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Katherine B. Riley, hereby certify that on June 16, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley