IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No.: 3:23-cv-00478 |
| v. | )<br>) Judge William L. Campbell, Jr. |
| SOUTHERN BAPTIST CONVENTION, et al., | ) Magistrate Judge Jeffery S. Frensley<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' AMENDED REPLY IN FURTHER SUPPORT OF
RENEWED MOTION TO STAY**

Plaintiffs, Michael David Sills and Mary Sills, through their counsel, respectfully submit this reply in support of their renewed motion for an interim stay pursuant to Federal Rule of Civil Procedure 25. The brief stay remains appropriate to ensure the orderly substitution of a proper party following the death of Defendant Jennifer Lyell, particularly in the face of a number of pending motions, and to prevent prejudice to any party or estate involved in this litigation.

**ARGUMENT**

**I.  Necessity of Substitution Under Rule 25 is Supported by Tennessee Law.**

As set forth in Plaintiffs' Renewed Motion [Dkt. No. 301], Federal Rule of Civil Procedure 25(a)(1) provides that the substitution of a deceased party requires the existence of a proper party, such as the legal representative of the deceased's estate. This principle is consistent with the Sixth Circuit's interpretation of Rule 25(a)(1), which emphasizes the necessity of a proper party for substitution to ensure the orderly resolution of claims. Of course, the matter of substitution is time sensitive. The Rule provides if a party dies that a motion for substitution must be made within 90 days after service of a statement noting the death, or the action must be dismissed. Fed. R. Civ. P. 25. Counsel for Lyell and counsel for Plaintiffs do not agree on whether all claims against Lyell are abated, however, they agree

that an estate must be opened. A mere handful of days ago, all Defendants agreed that the estate must be opened and that a brief stay was appropriate.[1]

Executive Committee now opposes the brief stay, suggesting without any standing that claims against Lyell are abated. That issue is deserving of briefing; however, the issue of abatement of claims cannot be decided until an estate is opened and a personal representative has been appointed so that Plaintiffs may move for substitution. Once the probate court has appointed a personal representative, Plaintiffs will set forth the bases for substitution, including the fact that several claims against Lyell survive. For example, Tennessee law permits a plaintiff to pursue a claim for intentional infliction of emotional distress, including with punitive damages, even if the defendant dies. *Moorhead v. J. C. Penney Co.*, 555 S.W.2d 713 (Tenn. 1977) (one should be liable who by means of extreme and outrageous tactics willfully or recklessly inflicts mental and emotional injury, humiliation and shock upon another and punitive damages may, in discretion of trier of facts, be awarded in cases seeking recovery for outrageous conduct). The Tennessee Supreme Court has clarified Tennessee's long history of acknowledging as an independent cause of action claims for emotional distress. *Miller v. Willbanks*, 8 S.W.3d 607, 616 (Tenn. 1999). Tennessee adopts the Restatement (Second) of Torts § 46, and the claim of intentional infliction of emotional distress is a stand-alone claim that relates to "fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea" and not one's character. *Id*. The Tennessee Supreme Court has held that claims for emotional distress may proceed against estates for actions committed by the deceased. *Lourcey v. Estate of Scarlett*, 146 S.W.3d 48 (2004). Similarly, Tennessee law provides that damages for mental suffering are recoverable in an action for civil conspiracy. *Daily v. Gusto Recs., Inc.*, 14 F. App'x 579, 590 (6th Cir. 2001). In short, the law supports the claims pending against Lyell, and it is appropriate to have a short

---

[1] *See* Dkt. No. 299. In a meet and confer on June 10, 2025, Plaintiffs proposed two weeks, however, Executive Committee thought that may not be sufficient for the opening of an estate in probate.

stay to accommodate the necessary steps. Here, Plaintiffs' claims against Lyell for intentional infliction of emotional distress, negligence and conspiracy all survive and require opening of an estate for appointment of a representative.

## II. Jurisdictional Implications of a Party's Death

As set forth in Plaintiffs' Renewed Motion [Dkt. No. 301] the death of a party has significant jurisdictional implications. As a general matter, the death of a party divests the court of jurisdiction to act concerning the deceased party until a substitution is made. Presently, several motions are pending, including several concerning Lyell, all of which remain relevant and time sensitive. Any participation by counsel for the deceased party after death is ordinarily without authority, and any subsequent determination by the court is a nullity. This aligns with the purpose of Rule 25(a), which is to ensure that the affairs of deceased persons are resolved promptly and efficiently while preserving the rights of those with lawful claims against the estate. Plaintiffs and Lyell have a number of discovery disputes pending before the Court for which rulings will be made. The abatement of one cause of action against Lyell (i.e., defamation) does not render void the discovery issues that remain relevant and necessary for the claims that survive. The court needs jurisdiction over Lyell's estate to enforce its Orders. Plaintiffs need the proper legal party to continue their personal injury claims against Lyell's estate.

The Court's authority to enter a short stay while an estate is opened is inherent in Rule 25, and it is often a deceased defendant's counsel seeking such a stay. In *Jones Inlet Marina, Inc. v. Inglima*, the court granted a stay of discovery sought by the defendant pending the appointment of an administrator for the deceased defendant's estate (*Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238 (2001)). The court recognized the necessity of allowing time for the proper substitution of parties, denying the plaintiff's request to proceed with discovery until the substitution motion was timely filed. *Id*. In *Cutsinger*, the court found that the death of a party raised procedural and substantive issues that needed resolution before the case could move forward. *Cutsinger v. Gyrus ACMI, Inc*., No. 4:18-CV-4 CAS, 2019 WL 1359281, at *1 (E.D. Mo. Mar. 26, 2019). The court granted the stay to avoid

3

prejudice to the defendants or any potential party plaintiff. *Id*. In granting the defendant's motion, the court in *Cutsinger* cited to *In re Johnson*, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009) (attorney has no authority to pursue appeal on behalf of client because the attorney-client relationship terminated upon client's death) and *Kasting v. Am. Family Mut. Ins. Co.*, 196 F.R.D. 595, 598 (D. Kan. 2000) (holding "once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all.").

In light of the number of pending motions [Dkt. Nos. 209, 218, 221, 227, 233, 234, 236, 242, 246, 252, 253 - 256, 257, 262, 267-269, 271-272, 274, and 276-284], and the nature of relief requested in the various motions, the short stay will keep intact the Record, allow for a proper representative to be appointed, and avoid the deprivation of rights of any party. A short stay as initially proposed [Dkt. Nos. 299, 300] will allow the representative to have sufficient time to be appointed, served and represented by counsel. Any disputes would then be properly placed before this Court with proper jurisdiction.

### III. Precedent Exists for Granting a Stay

Plaintiffs have provided ample authority for the entry of a short stay, including in this Circuit. Courts, including within the Sixth Circuit, routinely grant motions to stay upon the death of a party– whether plaintiff or defendant – until a personal representative is identified and substituted. For instance, in *Vella v. Adell Broadcasting Corporation*, the court granted a stay pending the identification and substitution of a personal representative for the deceased plaintiff. *See also*, *Jones Inlet Marina, Inc. v. Inglima*, 204 F.R.D. 238 (2001) (stayed for deceased defendant); *Cutsinger v. Gyrus ACMI, Inc.*, No. 4:18-CV-4 CAS, 2019 WL 1359281, at *1 (E.D. Mo. Mar. 26, 2019) (deceased defendant). The issue of a stay pending appointment of a proper administrator is generally not disputed, so the case law is minimal, however, it is clear that stays are not unusual, and typically not disputed, whether it is a plaintiff or defendant that dies.

### IV. Avoiding Prejudice and Ensuring Judicial Efficiency

An interim stay is necessary to avoid prejudice to any party or estate and to ensure judicial efficiency. There are a multitude of orders and scheduling issues that have been placed before the Court by all parties. Orders cannot be entered against a deceased party, and depositions need to proceed with the participation of the deceased party's estate, which currently lacks standing. The Executive Committee does not have any legitimate standing for the estate of Lyell. Executive Committee could not presently substitute its legal judgment for that to which the estate of Lyell is entitled. Executive Committee cannot impair the rights of the estate. The stay will allow for the probate matters to proceed and for the proper substitution of a party to be made consistent with Rule 25, thereby managing the record effectively and preventing any party from being prejudiced by the necessary procedural steps.

There is no scheme of delay by Plaintiffs.[2] Defendants Executive Committee and Southern Baptist Convention would not produce their 30(b)(6) witnesses by the deadline of April 28, 2025 [Dkt. No. 208]. That matter has been fully briefed. Plaintiffs ask for dates, and they are still refused. Resultantly, Plaintiffs cannot disclose their experts and have sought relief. There is no prejudice caused by this proposed and necessary stay. Executive Committee refused to produce their 30b6 witness(es) before the discovery deadline and should not now with unclean hands be able to cry foul. Allowing for a brief stay while the affairs of Ms. Lyell's estate are addressed promotes judicial efficiency for this court and the remaining parties.

## V. Conclusion

In light of the foregoing, Plaintiffs respectfully request that the Court grant their renewed motion for an interim stay. This stay will facilitate the substitution process, prevent prejudice, and ensure the efficient administration of justice in accordance with the principles established by the Sixth Circuit and Tennessee law.

---

[2] Defendant Executive Committee suggests that Plaintiffs are causing delay, however, Plaintiffs have timely presented their witnesses for deposition, timely responded to written discovery and, most recently, expedited responses and replies to all briefing. The Record does not support Executive Committee's meritless accusation.

Dated: June 18, 2025               Respectfully submitted,


                                   By: /s/ *Katherine B. Riley*
                                   Katherine Barrett Riley (TN BPR#021155)
                                   John W. ("Don") Barrett (admitted *pro hac vice*)
                                   Sterling Aldridge (admitted *pro hac vice*)
                                   BARRETT LAW GROUP, P.A.
                                   P.O. Box 927
                                   404 Court Square North
                                   Lexington, MS 39095
                                   Ph: (662) 834-2488
                                   Fax: (662) 834-2628
                                   kbriley@barrettlawgroup.com
                                   dbarrett@barrettlawgroup.com
                                   saldridge@barrettlawgroup.com

                                   /s/ *Shannon M. McNulty*
                                   Shannon M. McNulty (admitted *pro hac vice*)
                                   CLIFFORD LAW OFFICES, P.C.
                                   120 N. LaSalle Street, 36th Floor
                                   Chicago, Illinois 60602
                                   (312) 899-9090
                                   (312) 251-1160 Facsimile
                                   SMM@cliffordlaw.com

                                   *Counsel for Plaintiffs*


## CERTIFICATE OF SERVICE

I, Katherine B. Riley, hereby certify that on June 18, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

                                   /s/ *Katherine B. Riley*
                                   Katherine B. Riley