# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| SOUTHERN BAPTIST CONVENTION, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

Case No.: 3:23-cv-00478

Judge William L. Campbell, Jr.
Magistrate Judge Jeffery S. Frensley

## PLAINTIFFS' INITIAL NOTICE OF EXPERT WITNESS DESIGNATIONS

Pursuant to Federal Rule of Civil Procedure 26(a)(2) and the June 18, 2020, Order (Dkt. No. 305, and over the objection[1] of Plaintiffs who reserve all rights and waive none (Dkt. Nos. 262, 279, 281, 284, 291), Plaintiffs Michael David Sills and Mary Sills, through their undersigned counsel, submit the following initial disclosure of expert witnesses.

## INTRODUCTION

In providing this list, Plaintiffs reserve the right to ask opinion questions or expert witness questions of any and all witnesses who, although expert, are percipient to any issue heretofore or hereafter raised in this case. Such percipient witnesses are not necessarily included in this list.

Plaintiffs expressly reserve the right to retain additional and/or substitute other prospective expert witnesses and/or supplement these disclosures in the event that 1) Defendants produce new information, deposition testimony, and/or documents which are not available to Plaintiffs at the

---

[1] Plaintiffs state that the good cause shown for seeking relief from disclosure is the outstanding 30(b)(6) witnesses of Defendants the Southern Baptist Convention ("SBC"), the Executive Committee of the Southern Baptist Convention ("ECSBC") and Guidepost Solutions, LLC ("Guidepost"), and the outstanding written discovery, as well as the recent 1,000+ document disclosure by Guidepost made on June 16, 2025. Plaintiffs' experts are hindered by the absence of relevant evidence expected to be adduced in the testimony of the witnesses and the relevant non-privileged documents not yet produced. These issues are set forth more clearly in Dkt. Nos. 262, 279, 281, 284 and 291, all of which form the basis for Plaintiffs' objection.

time of this designation; 2) the deposition testimony from the various experts designated by other parties to this lawsuit should make such further action necessary in the interest of fairness and justice, or 3) later production of data by Defendants proves that it is not practical or economical for a designated expert to continue in his expert capacity.

Plaintiffs designate the following experts. Should new allegations, contentions, denials, or affirmative defenses be made, Plaintiffs reserve the right to nominate, and to call at the time of trial, such further experts as Plaintiffs may deem advisable or appropriate.

## I. PLAINTIFFS' RULE 26(a)(2)(B) DISCLOSURES

Plaintiffs disclose the following retained expert witnesses pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiffs have retained these persons to provide expert evidence in this matter. Plaintiffs certify that expert reports, in compliance with Rule 26(a)(2)(B), have been served for each of these persons upon counsel.

1. **Amy E. McDougal, Esq., CCEP, CLEAResources, LLC**. Ms. McDougal will testify to the investigative portion of Defendant Guidepost's Report regarding best practices for investigations, the professional standards applicable to investigations, the red flag warnings that should have been addressed by Guidepost, the consequences of using less than acceptable investigative standards, the relationships and collaboration by Defendants in relation to the steps taken in what they considered an independent investigation, and the consequences of the failures to maintain adequate, and often basic, investigatory standards. Her current opinions are based on her education, training and experience, as well as materials produced in this case. Her opinions will require supplementation if the SBC, ECSBC and Guidepost 30(b)(6) depositions proceed and if additional documents are produced. Ms. McDougal also expressly reserves the right to serve rebuttal opinions. All opinions offered by Ms. McDougal are those she holds to a reasonable degree of investigative certainty.

2. **Dr. Bernard J. Jansen, Jansen Expert Witnessing, LLC**. Dr. Jansen will offer opinions as to the online dissemination of the defaming statements made by Defendants in this litigation about Plaintiffs. Dr. Jansen's current opinions are based on his education, training and experience, as well as materials produced in this case. His opinions will require supplementation if the SBC, ECSBC and Guidepost 30(b)(6) depositions proceed and if additional documents are produced. Dr. Jansen also expressly reserves the right to serve rebuttal opinions. All opinions offered by Dr. Jansen are those he holds to a reasonable degree of search engine optimization and analytical certainty.

3. **Robert J. Fisher, Fisher & Associates**. Mr. Fisher will testify to the effect of defamatory statements, including the need to repair the reputational harm suffered by persons subjected to defamation, and the strategies used to undertake such repairs. Mr. Fisher's current opinions are based on his education, training and experience, as well as materials produced in this case. His opinions will require supplementation if the SBC, ECSBC and Guidepost 30(b)(6) depositions proceed and if additional documents are produced. Mr. Fisher also expressly reserves the right to serve rebuttal opinions. All opinions offered by Mr. Fisher are those he holds to a reasonable degree of journalistic and communications/public relations certainty.

4. **Erin S. Bailey, CRC, ABVE/D, CRC Services, LLC**. Ms. Bailey will offer opinions about the impact of sexual abuse allegations and the publication of the Guidepost Report on Plaintiff David Sills' inability to obtain suitable employment. Her current opinions are based on her education, training and experience, as well as materials acquired in this case. Her opinions will require supplementation if the SBC, ECSBC, and Guidepost 30(b)(6) depositions proceed and if additional documents are produced. Ms. Bailey also expressly reserves the right to serve rebuttal opinions. All opinions offered by Ms. Bailey are those she holds to a reasonable degree of vocational certainty.

5. **Dr. Natalie Schilling, Natalie Schilling Consulting, LLC**. Dr. Schilling offers opinions based on a forensic linguistic analysis of documents and communications produced in the case. The scope of the analysis includes identifying and interpreting linguistic evidence relevant to Plaintiffs' allegations of defamation, conspiracy, intentional infliction of emotional distress, and negligence. She will opine as to the presence and absence of presuppositions, evidentials, narrative framing, intertextuality, linguistic usage and bias. Her current opinions are based on her education, training and experience, as well as materials acquired in this case. Her opinions will require supplementation if the SBC, ECSBC and Guidepost 30(b)(6) depositions proceed and if additional documents are produced. Dr. Schilling also expressly reserves the right to serve rebuttal opinions. All opinions offered by Dr. Schilling are those she holds to a reasonable degree of forensic linguistic certainty.

6. **Dr. Ralph D. Scott, Jr., Ph.D., Hendrix College**. Dr. Scott will provide an economic analysis of damages. Dr. Scott's current opinions are based on his education, training and experience, as well as materials produced in this case. His opinions may require supplementation if the SBC, ECSBC, and Guidepost 30(b)(6) depositions proceed, and if additional documents are produced. Dr. Scott also expressly reserves the right to serve rebuttal opinions. All opinions offered by Dr. Scott are those he holds to a reasonable degree of economic certainty.

## II. PLAINTIFFS' RULE 26(a)(2)(C) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(C), Plaintiffs disclose the following list of additional persons who may testify and provide evidence pursuant to Federal Rules of Evidence 702, 703, and 705. Each of the witnesses listed below is a person who treated David Sills or Mary Sills. None are retained or specifically employed to provide expert evidence in this case; however, they are qualified to testify as to their diagnoses, treatment, patient encounters and

4

prognoses. Each is expected to testify consistently with their medical records which have been produced in this case.

7. **Denise Richardson** is a therapeutic professional who provided counseling and treatment to Mary Sills. Ms. Richardson is expected to testify consistently with the records for those encounters. Ms. Richardson is expected to opine that Mary Sills experienced stress and anxiety at a time contemporaneous with the release of the Guidepost Report and that Mary was experienced distress. Ms. Richardson will testify that she diagnosed and treated Mary for her symptoms and may offer testimony about her prognosis. Ms. Richardson will testify that she expected to be compensated for the treatment provided, and that she charged for the treatment, and that the charges were reasonable and customary for the services provided. It is expected that any opinion provided by Ms. Richardson will be an opinion offered to a reasonable degree of therapeutic certainty. Ms. Richardson may also testify as to her non-medical observations of Mary Sills.

8. **Dr. Nancy Campbell**. Dr. Campbell will testify regarding Plaintiffs' emotional distress. Dr. Campbell is a medical professional who provided treatment to David Sills and Mary Sills. Dr. Campbell is expected to testify consistently with the medical records for those encounters. Dr. Campbell is expected to opine that David Sills and Mary Sills experienced stress and anxiety at a time contemporaneous with the release of the Guidepost Report and that both David Sills and Mary Sills experienced distress. Dr. Campbell will testify that she diagnosed and treated both David Sills and Mary Sills for their symptoms and may offer testimony about their prognosis. Dr. Campbell may testify that she expected to be compensated for the treatment provided, that she charged for the treatment, and that the charges were reasonable and customary for the services provided. It is expected that any opinion provided by Dr. Campbell will be an

opinion offered to a reasonable degree of medical certainty. Dr. Campbell may also testify as to her non-medical observations of David Sills and Mary Sills.

9. **Dr. Jeffery LeDuff, Baptist Health**. Dr. LeDuff will testify regarding Plaintiff David Sills' emotional distress. Dr. LeDuff is a medical professional who provides treatment to David Sills. Dr. LeDuff is expected to testify consistently with the medical records for those encounters. Dr. LeDuff is expected to opine that David Sills experienced stress and anxiety at a time contemporaneous with the release of the Guidepost Report and that David Sills experienced distress. Dr. LeDuff will testify that he diagnosed and treated David Sills for his symptoms and may offer testimony about his prognosis. Dr. LeDuff may testify that he expected to be compensated for the treatment provided, that he charged for the treatment, and that the charges were reasonable and customary for the services provided. It is expected that any opinion provided by Dr. LeDuff will be an opinion offered to a reasonable degree of medical certainty. Dr. LeDuff may also testify to his non-medical observations of David Sills.

10. **Dr. Sydney West, Baptist Premier**. Dr. West will testify regarding Plaintiff Mary Sills' emotional distress. Dr. West is a medical professional who provided treatment to Mary Sills. Dr. West is expected to testify consistently with the medical records for those encounters. Dr. West is expected to opine that Mary Sills experienced stress and anxiety at a time contemporaneous with the release of the Guidepost Report and that Mary Sills experienced distress. Dr. West will testify that she diagnosed and treated Mary Sills for her symptoms and may offer testimony about her prognosis. Dr. West may testify that she expected to be compensated for the treatment provided, that she charged the treatment, and that the charges were reasonable and customary for the services provided. It is expected that any opinion provided by Dr. West will be an opinion offered to a reasonable degree of medical certainty. Dr. West may also testify to her non-medical observations of Mary Sills.

Plaintiffs reserve the right to designate additional experts upon production of documents being produced on any basis from Defendants or by third parties. Plaintiffs further reserve the right to call all experts disclosed and/or deposed by, or on behalf of, the other parties involved in this litigation, even if those experts are abandoned by the disclosing party Thus, Plaintiffs incorporate by reference, as though fully set forth herein, all information disclosed by all parties in connection with the other parties' anticipated expert disclosures.

Dated: June 20, 2025                              Respectfully submitted,


By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

  I, Katherine B. Riley, hereby certify that on June 20, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley
