IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, ) ) ) | |
| Plaintiffs, ) ) ) | NO. 3:23-cv-00478 |
| v. ) ) ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION, et al., ) ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. ) | |

### ORDER

The Court is in receipt of Plaintiffs' omnibus motion to compel, filed on May 6, 2025. (Doc. Nos. 244, 246).[1] Defendants oppose Plaintiffs' requested relief. (Doc. Nos. 253, 254, 255, 256, 260). In an apparent attempt to evade Local Rule 7.01(a)(4)'s five-page limit on replies, Plaintiffs filed five separate replies, a combined total of 21 pages, in support of their omnibus motion, without requesting or obtaining leave of Court. (Doc. Nos. 267, 268, 269, 271, 274). Although Judge Frensley would typically rule on such a discovery motion, the undersigned resolves this filing to conserve judicial resources. For the reasons stated herein, Plaintiffs' omnibus discovery motion (Doc. Nos. 244, 246) is **DENIED**.

First, Plaintiffs' omnibus motion is untimely. The deadline for the parties to bring discovery disputes to the Court in this matter was May 5, 2025 (*see* Order granting parties' joint motion to amend case management deadlines, Doc. No. 208 at 4), and Plaintiffs filed the pending motion on May 6, 2025, without requesting or obtaining leave of Court. This alone warrants denial of the motion. Furthermore, the motion is silent as to why it was not brought before the deadline.

---

[1] Plaintiffs filed seven purported motions to compel in a single omnibus filing.

Second, Plaintiffs' counsel did not: (1) speak with opposing counsel about their intention to file the omnibus motion to compel before filing the motion; (2) include a certification in the omnibus motion that they in good faith conferred or attempted to confer with the opposing parties in an effort to obtain the discovery without court action; or (3) state in the omnibus motion whether the relief requested is opposed, in violation of Rule 37 of the Federal Rules of Civil Procedure, Local Rule 7.01, the Initial Case Management Order, and Judge Frensley's Practice and Procedures Manual.

Under Rule 37, motions to compel discovery must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to produce discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). Local Rule 7.01 obligates counsel for the moving party to: (1) confer with all other counsel about the discovery dispute at issue before moving to compel, and (2) state in the motion to compel that they have conferred with all other counsel and whether the relief requested in the motion is opposed. L.R. 7.01. In those instances where counsel for the moving party is unable to confer with all other counsel, Local Rule 7.01 requires the motion to describe all attempts made to confer with counsel. *Id*. 7.01(a)(1). The Initial Case Management Order in this matter provides in pertinent part:

> No discovery dispute may be brought to the Court for resolution before lead counsel for that party has held an in-person discussion with lead counsel for every one of the parties adverse. No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an in-person meeting and made a good faith effort to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the judge presiding over case management by a request for a discovery conference. It will be within that judge's discretion whether to allow for the filing of discovery-related motions.

(Doc. No. 99 at 4-5).

Finally, Judge Frensley's Practice and Procedures Manual provides that motions to compel will be denied if there is any uncertainty about whether counsel have spoken to each other in an effort to resolve the dispute. Plaintiffs' counsels' failure to speak with opposing counsel about their omnibus motion to compel before filing warrants denial of the motion.

Having reviewed Plaintiffs' omnibus discovery motion and the briefing filed in connection with the same, it is apparent that the parties are not cooperating in discovery. The fact that Plaintiffs did not have any conversation with opposing counsel about their intention to file their omnibus motion to compel is, taken together with the extensive amount of motions practice devoted to discovery, a strong indicator that they have lost sight of the goal of resolving discovery disputes reasonably and without intervention of the Court and have chosen instead to litigate every issue, no matter how minor, with a view toward increasing the cost and expense of litigation rather than streamlining its resolution. Although the Court will not impose sanctions with respect to this motion, it places the parties on notice that it will not hesitate to do so in the future if it is again presented with matters which reasonable counsel would be expected to resolve without the need for court intervention.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE