IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, et al., <br><br> Defendants. | Case No.: 3:23-cv-00478 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Jeffery S. Frensley |

## PLAINTIFFS' MOTION FOR CLARIFICATION REGARDING LOCAL RULE 56.01 AMENDMENT

Plaintiffs Michael David Sills and Mary Sills, by and through counsel, respectfully move for clarification from the Court regarding the recent amendment to Local Rule 56.01 and its impact on the filing of a non-movant's Statement of Additional Facts in opposition to a motion for summary judgment. In support of this motion, Plaintiffs state as follows:

### BACKGROUND

On July 11, 2025, Plaintiffs filed their response in opposition to the Executive Committee of the Southern Baptist Convention and Rolland Slade's Motion for Summary Judgment with Respect to Plaintiff Mary Sills (Dkt. No. 328), which included (1) responses to each of Defendants'[1] asserted undisputed material facts and (2) a Statement of Additional Facts that Plaintiffs contend are material and genuinely disputed. Dkt. No. 329. Plaintiffs submitted the additional facts statement in accordance with their understanding of former Local Rule 56.01(c), which expressly permitted a non-movant to include "a concise statement of any additional facts

---

[1] References herein to "Defendants" are to the Executive Committee of the Southern Baptist Convention and Rolland Slade.

that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried." *See* L.R. 56.01(c) (Jan. 24, 2020), *available at* https://www.tnmd.uscourts.gov/sites/tnmd/files/TNM%20LOCAL%20RULES%20OF%20COURT%202020_06_09.pdf.

Effective May 15, 2025, the Court's Local Rules were amended, including a modification to Local Rule 56.01. Local Rules (May 15, 2025), *available at* https://www.tnmd.uscourts.gov/sites/tnmd/files/2025.05.15%20TNMD%20Local%20Rules%20of%20Court%20-%202025%20amendments%20_0.pdf. Under the prior version of the rule (in effect before May 15, 2025), a non-movant's summary judgment response could contain a separate statement of additional disputed facts, and the moving party was required to file a reply responding to each such additional fact. The amended Local Rule 56.01 no longer contains an explicit provision authorizing a non-movant's separate statement of additional facts. L.R. 56.01(e). Specifically, the new rule outlines the procedure for the movant's statement of undisputed facts and the non-movant's responses thereto, but it omits any mention of the non-movant filing additional facts as a separate document. *Id.* Similarly, the new rule does not expressly prohibit the non-movant's filing of a separate statement of facts. *Id.*

Neither the Amended Case Management Order (Dkt. No 170) in this case nor the Court's Individual Practice Guidelines address the procedure for submitting or responding to additional statements of fact in summary judgment practice. In the absence of any such guidance altering the default local rule procedure, Plaintiffs relied on the local rule framework as they understood it.

After Plaintiffs filed their Statement of Additional Facts, Defendants objected to this filing and requested that Plaintiffs withdraw their additional statement of facts or they would move to strike. *See* Exhibit 1, email chain from Jon Anderson to Katherine Riley (July 22, 2025).

Defendants have taken the position that, because the amended Local Rule 56.01 no longer explicitly states a separate statement of additional facts, Plaintiffs' additional facts should be withdrawn or stricken. Plaintiffs' counsel met and conferred with Defendants' counsel and proposed filing a joint motion seeking clarification from the Court on this issue (rather than litigating a motion to strike). Defendants declined to join in a request for clarification and indicated they intend to move to strike Plaintiffs' Statement of Additional Facts. Plaintiffs and Defendants met and conferred via Zoom regarding this issue on July 23, 2025, and Defendants indicated they oppose Plaintiffs' Motion for Clarification. Accordingly, Plaintiffs now bring this Motion for Clarification to obtain the Court's guidance before further motion practice ensues.

**ARGUMENT**

The discrepancy between the former and amended versions of Local Rule 56.01 has created uncertainty. The former rule explicitly stated that a non-movant's response "may contain a concise statement of any additional facts" that the non-movant believes are material and disputed. It also provided that if such additional facts were asserted, the movant "must file a reply statement responding to each of the additional disputed facts" within 14 days. In the amended rule (effective May 15, 2025), the section describing the non-movant's response no longer mentions additional facts at all. This omission of an express allowance, coupled with a remaining reference to the practice, renders the rule ambiguous. Indeed, the Court's own summary of the recent amendments notes that "Rule 56.01 was modified ... ***to clarify procedures for responding to a statement of additional disputed material facts***." *See* Amend. To Local Rules at ¶ 22 (emphasis added). This suggests that the amendment was intended to streamline or clarify the handling of additional facts, not necessarily to abolish the non-movant's ability to assert them.

In practice, the parties have now interpreted the amended rule differently. Defendants read the silence of the new rule as an implicit prohibition on filing a separate statement of additional

3

facts, and thus intend to strike Plaintiffs' additional facts as procedurally improper. Plaintiffs, on the other hand, believe that the rule (as amended) does not expressly forbid the longstanding practice of submitting additional facts – especially given the rule's continued reference to such a filing – and that they acted consistently with the purpose of summary judgment procedure, which is to identify all disputed factual issues. Litigants within this District have continued to submit separate statements of additional facts in opposition to summary judgment post-amendment without objection by the opposing party. *See e.g.*, *Baldwin v. State Farm Ins. Co.*, No. 3:24-cv-01245, Dkt. No. 40; *Trover v. Select Specialty Hosp.*, *et al.*, No. 3:23-cv-00686, Dkt. Nos. 94, 100; *Sellars v. Sumner Cnty., Tenn., et al*, No. 3:23-cv-00693, Dkt. No. 95; *Watson v. United States*, No. 23-cv-00456, Dkt. No. 158; *Bernard v. Amazon.com Servs.*, No. 3:23-cv-01341, Dkt. No. 48 at 17. Because the rule's language is not clear on this point, Plaintiffs are concerned about how to proceed correctly and efficiently. A clarifying ruling will avoid wasteful motion practice (such as motions to strike) and ensure that the summary judgment record is presented in the manner the Court expects.

Permitting Plaintiffs to submit an additional statement of facts is in the interest of fairness and judicial economy and complies with the spirit of Fed. R. Civ. P. 56, which requires a party to properly support an assertion of fact. Fed. R. Civ. P. 56(c). Plaintiffs respectfully submit that allowing a non-movant to enumerate additional material facts (with record citations) serves to assist the Court in determining the presence of genuine factual disputes, which aligns with the purpose of Rule 56. This was explicitly recognized in the prior version of L.R. 56.01, and nothing in the amended rule or related orders indicates an intent to deprive the Court of that aid. Pre-amendment case law in this District recognizes that statements of additional undisputed facts are permissible when they are helpful to the court. *Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-cv-

4

Case 3:23-cv-00478    Document 334    Filed 07/23/25    Page 4 of 6 PageID #: 8677

00400, 2019 U.S. Dist. LEXIS 180716, at *6 (M.D. Tenn. Oct. 18, 2019) (citing *Lopez v. Metro. Gov't of Nashville & Davidson Cnty.*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009)). If the Court intended to eliminate the non-movant's separate statement of facts, it would be helpful to have confirmation of that intent so that Plaintiffs (and other litigants) can adjust their summary judgment filings accordingly.[2] Conversely, if the practice remains permissible, a clarification will resolve the current dispute between the parties and allow the case to move forward without unnecessary procedural wrangling.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court clarify whether, under the Local Rule 56.01 as amended effective May 15, 2025, a non-movant is permitted to file a separate Statement of Additional Facts in connection with a summary judgment response. Specifically, Plaintiffs seek an Order confirming that their Statement of Additional Facts (Dkt. No. 329) was properly filed and will be considered by the Court, or, in the alternative, providing guidance on the proper method for Plaintiffs to present any additional material facts for the Court's consideration. Plaintiffs further request that the Court set a reasonable procedure for Defendants to respond to any such additional facts, if necessary, consistent with the intent of the amended rule.

Plaintiffs appreciate the Court's attention to this matter and stand ready to comply with whatever clarification or direction the Court provides. In sum, Plaintiffs ask that the Court resolve the ambiguity in the amended Local Rule 56.01 and either approve the existing filing of additional

---

[2] Plaintiffs note that there is a currently pending motion to strike a non-movant's statement of additional facts in front of the Court. *See* Motion to Strike Response to Statement of Facts, Response in Opposition, and Reply in Support, Dkt. Nos. 65, 67, 69, *Cortez et al v. Sterling Card Sols. Holdings, LLC*, No. 3:24-cv-00338. The Court's guidance here would assist the parties in both cases.

5

facts or instruct how such facts should be submitted, thereby avoiding needless motion practice over this procedural question.

Dated: July 23, 2025

Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Katherine B. Riley, hereby certify that on July 23, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley