IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN BAPTIST CONVENTION, et al., <br><br> Defendants. | Case No.: 3:23-cv-00478 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Jeffery S. Frensley |

## PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE STATEMENT OF ADDITIONAL UNDISPUTED FACTS

Plaintiffs respectfully oppose Defendants' Motion to Strike Plaintiffs' Statement of Additional Undisputed Facts (Dkt. No. 333). As set forth below and in Plaintiffs' concurrently filed Motion for Clarification (Dkt. No. 334), Defendants' interpretation of Local Rule 56.01 is neither supported by the plain language of the amended rule nor consistent with the purpose and structure of summary judgment practice under Federal Rule of Civil Procedure 56. As such, the motion should be denied.

### ARGUMENT

First, the amended Local Rule 56.01 does not contain any express language prohibiting a non-movant from submitting a statement of additional facts. While the rule no longer includes the prior explicit authorization for such a statement, its silence does not equate to a prohibition. In the absence of clear prohibition or directive from the Court, Plaintiffs followed longstanding practice consistent with both the prior local rule and Rule 56's requirement that factual disputes be supported with specific citations.

Second, Federal Rule of Civil Procedure 56(c)(1)(A) authorizes a party to assert that a fact is genuinely disputed by citing materials in the record. There is no requirement that the non-movant's material facts must be limited only to responses to the movant's facts. Rather, the Rule contemplates that the non-movant may bring forward additional material facts that demonstrate a genuine issue for trial.

Third, as set forth in Plaintiffs' Motion for Clarification, the amendment to Local Rule 56.01 creates ambiguity. The Court's own amendment summary refers to procedures for responding to statements of additional disputed facts, indicating that the practice has not been eliminated but perhaps streamlined. Given that context, Plaintiffs sought guidance from the Court before engaging in unnecessary briefing—but Defendants declined a joint motion for clarification.

Fourth, Defendants cite no controlling authority prohibiting a non-movant's submission of additional facts. The sole authority they rely on, *Doe v. Rausch*, No. 3:24-cv-01403, 2025 WL 57711 (M.D. Tenn. Jan. 9, 2025) has no application here. There, Judge Richardson admonished the plaintiff for failing to seek leave to file a brief longer than 25 pages but notably did not strike the filing. *Id.* at *1 n.1. The 25-page limit for motions set forth in L.R. 7.01 expressly prohibits briefs longer than 25 pages without leave of court. L.R. 7.01(a)(2). Here, there is no express prohibition on an additional statement of facts. Instead, the local rules are silent to the issue.

Fifth, courts within this District have permitted non-movants to submit additional statement of undisputed facts and denied similar motions to strike. In *Lopez v. Metro. Gov't*, 646 F. Supp. 2d 891, 906 (M.D. Tenn. 2009), Judge Echols refused to strike additional statements of undisputed facts because "[t]hose statements amplify the issues and, for the most part, were filed in an effort to contradict statements made in the opponents' statements of undisputed facts." Similarly here, Plaintiffs' additional statement of facts is critical to dispute the issues raised in the summary

2

judgment motion. A motion to strike an additional statement of undisputed facts was also denied by Judge Richardson in *Singh v. Vanderbilt Univ. Med. Ctr.*, No. 3:17-cv-00400, 2019 U.S. Dist. LEXIS 180716, at *6 (M.D. Tenn. Oct. 18, 2019). In denying the motion to strike, Judge Richardson noted the ambiguity in pre-amendment Local Rule 56.01. Because ambiguity remains in the rule post-amendment, the motion to strike here should similarly be denied.

Sixth, the facts in Plaintiffs' statement of additional facts may relate to David Sills, but they are also material to Mary Sills' conspiracy, negligence and intentional infliction of emotion claims, which Defendants have also challenged. Her claim arises not solely from statements naming her directly, but also from the public campaign of insinuation and institutional reinforcement of Defendants' false narrative —facts that are extensively documented in the disputed and additional materials.

Finally, to the extent Defendants object to Plaintiffs filing public documents under seal, that results from Defendants' own designation decisions. Defendants designated these public documents as confidential. Plaintiffs are agreeable to these documents being filed on the public docket and are willing to meet and confer with Defendants.

## CONCLUSION

For these reasons, the Court should deny Defendants' Motion to Strike. Plaintiffs' submission complies with the purpose and structure of Rule 56, presents material facts relevant to the opposition to summary judgment, and does not violate any express provision of Local Rule 56.01 as amended.

Dated: July 24, 2025                    Respectfully submitted,

                                        By: /s/ *Katherine B. Riley*
                                        Katherine Barrett Riley (TN BPR#021155)
                                        John W. ("Don") Barrett (admitted *pro hac vice*)
                                        Sterling Aldridge (admitted *pro hac vice*)

3

BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Katherine B. Riley, hereby certify that on July 24, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley

4