THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SOUTHERN BAPTIST CONVENTION, *et al.* | ) ) ) ) |
| Defendants. | ) ) |

CASE NO. 3:23-cv-00478

JUDGE WILLIAM L. CAMPBELL, JR.
Magistrate Judge Chip Frensley

JURY TRIAL DEMANDED

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

The Executive Committee of the Southern Baptist Convention and Rolland Slade (collectively the "ECSBC") respectfully submit this Memorandum of Law in Support of their Motion for Leave to File Document Under Seal.

On July 12, 2025, Plaintiffs filed their Response to the ECSBC's Statement of Undisputed Material Facts. Included with that filing was Plaintiffs' Statement of Additional Undisputed Facts.[1] No. 28 of Plaintiffs' Statement references and directly quotes from a confidential mediation statement dated April 23, 2020 that was prepared on behalf of the Executive Committee and submitted to the mediator in connection with a mediation between the Executive Committee and Jennifer Lyell.

---

[1] Plaintiffs' Statement of Additional Undisputed Facts is the subject of a pending Motion to Strike as it is not permitted under Local Rule 56.01.

1

As the 6th Circuit has stated, "[C]onfidential settlement communications are a tradition in this country" and that "the need for privacy in settlement talks outweigh[s] any First Amendment right of access to the proceedings." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). This is also reflected in the policies underlying Rule 408 of the Federal Rules of Evidence, which deems statements made during settlement negotiations admissible for even impeachment purposes. Fed. R. Evid. 408.[2] In light of the confidential nature of settlement communications, and the parties' interests in maintaining that confidentiality outweighing any public interest of access, the ECSBC requests leave to file this portion of its Response to Statement of Additional Undisputed Facts under seal.

Additionally portions of Plaintiffs' Statement of Additional Undisputed Facts were also redacted, which the ECSBC will in turn file those portions under seal as well. Those portions were based upon designations by other parties. In accordance with Local Rule 5.03(d) the designating parties retain the burden to establish the reasons as to why sealing of this document is necessary as required by Local Rule 5.03(c).

---

[2] Knowing it cannot be used as substantive evidence for summary judgment purposes, Plaintiffs filing of this document, even if under seal, was entirely inappropriate.

2

Case 3:23-cv-00478   Document 344   Filed 07/25/25   Page 2 of 3 PageID #: 8757

Respectfully submitted,

*/s/ Brigid M. Carpenter*

Thomas J. Hurney, Jr. *pro hac vice*
Gretchen M. Callas, *pro hac vice*
Jonathan Anderson, *pro hac vice*
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Fax: 304-340-1150
thurney@jacksonkelly.com
gcallas@jacksonkelly.com

and

Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
bcarpenter@bakerdonelson.com
rloofbourrow@bakerdonelson.com
Telephone: (615) 726-7341
Fax: (615) 744-7341

***Attorneys for Executive Committee of the Southern Baptist Convention and Rolland Slade***

3

Case 3:23-cv-00478  Document 344  Filed 07/25/25  Page 3 of 3 PageID #: 8758