IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SOUTHERN BAPTIST CONVENTION, et al., ) <br> ) <br> Defendants. ) | Case No. 3:23-cv-00478 <br> Judge Campbell/Frensley |

## ORDER

### I. INTRODUCTION

Plaintiffs Michael David Sills and Mary Sills brought this lawsuit against the Southern Baptist Convention ("SBC"), the Executive Committee of the Southern Baptist Convention ("EC"), Guidepost Solutions LLC ("Guidepost"), several other corporations and multiple individual Defendants, alleging "defamation, conspiracy, intentional infliction of emotional distress, and negligence concerning untrue claims of sexual abuse declared by Defendant Jennifer Lyell, and, thereafter repeated and published by remaining Defendants, as well as untrue claims that Mrs. Sills aided, abetted, facilitated, or otherwise enabled the said sexual abuse" related to a report created by Guidepost at the request of the SBC and/or the EC ("the Report"). Docket No. 1 (Complaint), p. 3. Defendants have denied the substantive allegations and asserted affirmative defenses. Docket Nos. 293-298, 321.

This matter is now before the Court upon "Plaintiffs' Motion to Compel Production of Documents," which requests that the Court compel Guidepost to produce the billing invoices that

it issued to the SBC and/or the EC for the work done on the Report. Docket No. 242. Plaintiffs have also filed a Supporting Memorandum and other supporting documents. Docket Nos. 243, 243-1 through 243-13. Guidepost has filed a Response in Opposition. Docket No. 252. For the reasons set forth below, Plaintiffs' Motion (Docket No. 242) is DENIED.

## II. LAW AND ANALYSIS

### A. Discovery Requests and Motions to Compel

Discovery in federal court is governed by the Federal Rules of Civil Procedure, which provide that a party may request production of documents or other tangible items as long as the information sought is within the scope of discovery. Fed. R. Civ. P. 34(a); *see also* Fed. R. Civ. P. 26(b)(1). In general, the scope of discovery extends to nonprivileged information that is relevant to any party's claim or defense, regardless of whether the information sought is admissible, that is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

The Rules were amended, effective December 1, 2015, in part to address the alleged costs and abuses attendant to discovery. Under Rule 26, "[t]here is now a specific duty for the court and the parties to consider discovery in the light of its 'proportional[ity] to the needs of the case . . .'" *Turner v. Chrysler Grp. LLC*, No. 3:14-1747, 2016 U.S. Dist. LEXIS 11133, at *2, (M.D. Tenn. Jan. 27, 2016), *quoting* Fed. R. Civ. P. 26(b)(1). The following factors are relevant to a consideration of whether the scope of discovery is proportional:

> (1) the importance of the issues at stake in the action,
> (2) the amount in controversy,
> (3) the parties' relative access to relevant information,
> (4) the parties' resources,
> (5) the importance of the discovery in resolving the issues, and
> (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (numbering added). "Nevertheless, the scope of discovery is, of course,

2

Case 3:23-cv-00478    Document 346    Filed 08/08/25    Page 2 of 6 PageID #: 8766

within the broad discretion of the trial court." *United States v. Carell*, No. 3:09-0445, 2011 U.S. Dist. LEXIS 57435 at *5 (M.D. Tenn. May 26, 2011), *quoting Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998) (internal quotation marks omitted).

After making a good faith effort to resolve a dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). The moving party "must demonstrate that the requests are relevant to the claims or defenses in the pending action." *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5, *quoting Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008) (internal quotation marks omitted). "Relevance for purposes of discovery is broadly construed and the information sought need not be admissible to be discoverable." *T.C. ex rel S.C. v. Metro Gov't of Nashville & Davidson Cty.*, No. 3:17-01098, 2018 WL 3348728, 2018 U.S. Dist. LEXIS 113517, at *17 (M.D. Tenn. July 9, 2018). "If relevancy is shown, the party resisting discovery bears the burden of demonstrating why the request is unduly burdensome or otherwise not discoverable under the Federal Rules." *Carrell*, 2011 U.S. Dist. LEXIS 57435, at *5 (internal quotation marks and citation omitted).

The Court has the authority under Rule 26(b)(2)(C) to limit the frequency or the extent of discovery otherwise allowed by the rules. The Sixth Circuit has observed that "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), *quoting Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996) (internal quotation marks omitted). As to the judge's role in discovery disputes, "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles,* 474 F. 3d at 305.
3

B. <u>**Plaintiffs' Motion to Compel**</u>

Plaintiffs request that the Court compel Guidepost to produce additional documents in response to Plaintiffs' Request for Production ("RFP") No. 19, which asked for "any and all invoices, bills, receipts, collections, payments, and/or ledgers for your services and/or products related, in any way, to the investigation of allegations of sexual misconduct and/or abuse within the SBC." Docket No. 243-2, p.12 (citation modified). Guidepost initially objected to RFP No. 19, but later provided a Supplemental Response that reiterated its objections but responded by providing the amount that Guidepost billed and was paid for its work on the Report. Docket Nos. 243-3, 243-5. At some point, Guidepost inadvertently produced one of the invoices. Docket No. 243-7. Plaintiffs and Guidepost engaged in email correspondence and an in-person meet-and-confer on the topic of the invoices, but have reached an impasse as to whether they must be produced.

As set forth above, the Court's threshold inquiry is whether the documents sought are relevant to the Parties' claims or defenses. *Carell*, 2011 U.S. Dist. LEXIS 57435 at *5. As the movants, Plaintiffs have the burden to demonstrate relevance. *Id.* Plaintiffs assert that "the parties agree that the invoices which relate to David Sills are relevant." Docket No. 243, p. 5 (citation modified). Plaintiffs maintain that "the amount of time and expenses billed by Guidepost is directly relevant to Plaintiffs' claims in this matter, in particular the amount of time spent on Plaintiffs' portion of the Report," because the invoices "not only provide specificity as to the date and time that billed work was completed, but also a detailed description of the work completed and included in the invoice and a record of whom Guidepost spoke to regarding Jennifer Lyell and/or Plaintiffs." *Id.* at 5-6 (citation modified).

4

Case 3:23-cv-00478   Document 346   Filed 08/08/25   Page 4 of 6 PageID #: 8768

Guidepost vigorously disputes Plaintiffs' statement that the Parties are in agreement regarding the relevance of invoices related to David Sills. Docket No. 252, p. 2-4. Guidepost contends:

> The invoices that Plaintiffs seek from Guidepost are not relevant to the claims in this case. Whether a Guidepost investigator billed .4 hours or .6 hours on a particular matter is not at all probative of whether Plaintiffs were defamed. Moreover, whether Guidepost worked on the Sills portion of the Report on a Monday or a Thursday sheds no light on the dispute. Finally, how Guidepost described the work in an invoice does nothing to further Plaintiffs' position. Rather, it is the work that was actually done, and not how it was described, that matters. The documents produced by Guidepost and the upcoming deposition of Guidepost are the proper vehicles to learn that information.

*Id.* at 4 (citation modified).

Guidepost maintains that it has produced sufficient relevant and responsive information in response to this RFP, including "the total amount it billed the SBC for the services provided to conduct its investigation and issue the Report" and "has already agreed to provide Guidepost's annual revenues for the years 2020-2022 as part of its Fed. R. Civ. P. 30(b)(6) deposition testimony, so Plaintiffs can compare the total revenues to the amount billed on this matter." *Id.* at 1-2.

Plaintiffs do not point the Court to any claim or defense in this matter to which Guidepost's invoices are relevant, and the Court has found none, despite thoroughly searching the Complaint and Guidepost's Answer. *See* Docket No. 243; Docket Nos. 1, 321. It may well be that the invoices would supply, as Plaintiffs presume, "specificity as to the date and time that billed work was completed . . . a detailed description of the work completed and included in the invoice and a record of whom Guidepost spoke to regarding Jennifer Lyell and/or Plaintiffs," but Plaintiffs do not connect that information to any claim or defense. Docket No. 243, p. 5-6.

5

Because Plaintiffs have the burden to demonstrate relevance, their failure to do so is fatal to their Motion, and the Court need not consider whether production of the invoices would impose an undue burden or is otherwise not permitted under the Federal Rules.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion (Docket No. 242) is DENIED.

**IT IS SO ORDERED.**

**Jeffery S. Frensley**
**United States Magistrate Judge**