# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, ) ) ) | |
| Plaintiffs, ) ) | NO. 3:23-cv-00478 |
| v. ) ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION, et al., ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. ) | |

## ORDER

In the present matter, Plaintiffs brought claims against Defendant Jennifer Lyell for defamation, civil conspiracy predicated on her alleged defamation, and intentional infliction of emotional distress predicated on her alleged defamation and alleged involvement in the alleged civil conspiracy. (Doc. No. 1 at ¶¶ 79-97, 114-116). Lyell passed away in June 2025, (*see* Doc. Nos. 287, 300), and Plaintiffs' claims against her for wrongs affecting their character abated upon her death. Tenn. Code Ann. § 20-5-102.[1] To the extent Plaintiffs' claim for intentional infliction of emotional distress did not abate upon her death, Plaintiffs have abandoned that claim. (*See* Doc. No. 350). Accordingly, Plaintiffs' claims against Lyell are **DISMISSED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] To the extent the civil conspiracy claim did not abate upon Lyell's death, that claim fails because the abated defamation claim is the underlying tort. See *Mynatt v. Nat'l Treasury Emps. Union, Chapter 39*, 669 S.W.3d 741, 745 (Tenn. 2023) ("a claim of conspiracy is only actionable where the underlying tort is actionable."); *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010) ("It is well settled in Tennessee that the tort of civil conspiracy requires underlying wrongful conduct, and that conspiracy, standing alone, is not sufficient to support a cause of action. If the underlying wrongful conduct is found to be not actionable then the conspiracy claim must also fail.") (internal citations omitted).