IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| SOUTHERN BAPTIST CONVENTION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

Case No.: 3:23-cv-00478

Judge William L. Campbell, Jr.
Magistrate Judge Jeffery S. Frensley

JURY TRIAL DEMANDED

## PLAINTIFFS' UNOPPOSED EMERGENCY MOTION TO SEAL OR WITHDRAW EXHIBIT

Plaintiffs, by and through their undersigned counsel, respectfully move this Court, pursuant to Local Rules 5.03 and 7.01, on an emergency basis for an order permitting the sealing of Exhibit C, the expert report of Robert J. Fisher (the "Fisher Report", Dkt. No. 390-3), filed with Plaintiffs' Memorandum in Support of their Motion for Leave to Supplement Expert Reports. In support, Plaintiffs state as follows:

On September 30, 2025, Plaintiffs filed their Motion for Leave to Supplement Expert Reports (Dkt. No. 389) and their Memorandum in Support of Motion (Dkt. No. 390).

The Fisher Report contains content from documents produced and testimony given in this litigation previously designated as Confidential under the Agreed Protective Order entered in this case (Dkt. No. 149).

Through clerical inadvertence, Plaintiffs filed the Fisher Report on the public docket without sealing.

Plaintiffs have conferred with Defendants' counsel who do not oppose the requested relief.

## ARGUMENT

"[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 474 (6th Cir. 1983). While the right of public access to judicial records is presumed, it is "not absolute." *United States v. Beckham*, 789 F.2d 401, 410 (6th Cir. 1986). One exception to the "presumption in favor of openness . . . center[s] on the content of the information to be disclosed to the public." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016). "In determining the appropriateness of sealing court records under this exception, [courts] consider, among other things, . . . the privacy rights of participants or third parties[.]" *Id.* When this exception applies, "the seal itself must be narrowly tailored to serve that reason." *Id.* at 594. (citation and quotation marks omitted).

The Fisher Report contains content from deposition testimony of Jennifer Lyell. Ms. Lyell passed away in June 2025. *See* Dkt. No. 300. Prior to her death, counsel for Ms. Lyell designated her deposition testimony and production of documents in this litigation as confidential pursuant to the Agreed Protective Order. Dkt. No. 149. Plaintiffs are not aware of a representative of Ms. Lyell who can authorize the de-designation of Ms. Lyell's document productions in this litigation at this time, therefore, the Fisher Report should be sealed. *See* Dkt. No. 350.

The Protective Order explicitly requires that materials designated as confidential be filed under seal pursuant to Local Rule 5.03. *See* Protective Order ¶¶ 5, 12. Continued public access to the Fisher Report risks the unnecessary disclosure of sensitive and confidential information.

Courts have emphasized that inadvertent disclosure does not waive the protections of confidentiality where prompt corrective action is taken. *See In re Knoxville News-Sentinel Co.*, 723 F.2d at 476 (court has discretion to remove improperly disclosed materials from the public

record). Plaintiffs acted immediately upon discovering the error, and Defendants consent to the requested relief.

## CONCLUSION

Because good cause exists and the requested relief is unopposed, Plaintiffs respectfully request the Court grant this Emergency Motion and direct the Clerk to remove Exhibit C, Dkt. No. 390-3, from the public docket. Plaintiffs will then refile Exhibit C under seal in compliance with Local Rule 5.03 and the Protective Order.

Dated: October 1, 2025

Respectfully submitted,

By: /s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

*/s/ Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Katherine B. Riley, hereby certify that on October 1, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine B. Riley*
Katherine B. Riley