# EXHIBIT 3



August 27, 2025

**Via E-Mail kbriley@barrettlawgroup.com**
Katherine Barret Riley, Esq.
Barrett Law Group, P.A.
P.O. Box 927
Lexington, MS 39095

**Via E-Mail smm@cliffordlaw.com**
Shannon M. McNulty, Esq.
Clifford Law
120 N. LaSalle Street, 36th Fl.
Chicago, IL 60602

      Re:    *Sills, et al. v. SBC, et al.*,
               Docket No. Index No. 3:23-cv-00478

Dear Katherine and Shannon:

      As you know, this firm represents Guidepost Solutions, LLC in the above-referenced action. We are in receipt of Plaintiffs' "supplemental" expert report of Ms. McDougal and were surprised to see the extent of the "supplemental" report.

      To be clear, Guidepost objects on the basis that this is not a supplement to Ms. McDougal's June 20, 2025 expert report — this is an entirely new report intended to replace the old report. Ms. McDougal states as much on page 3 of the August 26th report, "**[t]his Final Opinion supplements my previously issued Partial Expert Opinion.**" (emphasis in original.) The June 15th report had 52 ½ pages of expert opinion, the August 26th report has 69 ½ pages of expert opinion. That is an additional 17 full pages of additional expert opinion. Moreover, the "Final Expert Opinion," dated August 26, 2025, is not even clear as to what is new opinion versus what is old opinion. The August 26th submission did not include a red line of the changes between the June 15th report and the August 26th report. We have attached one hereto.

      Guidepost further objects to Ms. McDougal's submission that strikes portions of her June 15th report. (See page 3, "[p]ortions of my Partial Expert Opinion that I no longer adopt as fact or my opinion are stricken through. It is my intent to make updated opinions based on the new discovery clear in this Final Opinion.") Neither Plaintiffs nor Ms. McDougal have the right to strike portions of the June 15th submission, especially where there are linguistic changes that have nothing to do with the 30(b)(6) testimony which serves as the only cited catalyst for this "supplement." Even more, the striking was not accurate in the first instance. For example, the Tennessee law section fails to accurately strike the previous opinions in the June 15th submission, and, in lieu of accurate striking, has a single, two sentence, paragraph that refers to that June 15th

**Mintz & Gold LLP**                                                           **O** 212.696.4848 | **F** 212.696.1231
600 Third Avenue, 25th Floor, New York, NY 10016                                 mintzandgold.com
Case 3:23-cv-00478     Document 398-3     Filed 10/14/25     Page 2 of 4 PageID #: 12781



opinion. None of the 30(b)(6) testimony is relevant to the "updated opinion" in that section, as the same information was available via the Engagement letter. This is nothing more than a transparent attempt to rewrite portions of an already submitted report, including unauthorized rebuttal opinion.

Additionally, the June 15th report claimed to be a partial report on the basis that: (i) discovery was not complete, (ii) there were outstanding discovery motions, (iii) Guidepost produced approximately 1,100 or so documents on June 16, 2025, and (iv) Guidepost and EC 30(b)(6) depositions had not occurred. *First*, discovery was complete long before Plaintiffs' belatedly produced this new expert opinion of Ms. McDougal. There are not any documents relied upon by Ms. McDougal that were not already produced prior to her June 20th report. *Second*, each of the outstanding discovery motions by Plaintiffs were denied by the Court and therefore could not form the basis of a supplement. *Third*, Ms. McDougal did not rely upon any of the 1,196 documents produced by Guidepost on June 16, 2025, and therefore could not form the basis for a supplement. *Finally*, to the extent that Guidepost's 30(b)(6) or the EC 30(b)(6) deposition were a basis for a supplement, those depositions occurred on July 15, 2025 and July 29, 2025. To the extent that Ms. McDougal was intending to supplement her expert report based on those depositions, it should have happened within seven days of those depositions. Additionally, it is entirely improper for Ms. McDougal to lodge "expert" opinions on what Guidepost should or should not have testified to in its 30(b)(6) depositions and to "opine" regarding unanswered questions that were not part of the negotiated 30(b)(6) topics.

Furthermore, it appears that many of the additional pages focus on information that was available to Ms. McDougal prior to issuance of the June 15th report, and there is no excuse for her failure to include such references in her June 15th submission. As you know, information that is not new, just in a different form (such as deposition testimony), is not a proper basis to supplement an expert report. *See* Fed. R. Civ. P. 26(e); *see also TX Direct, LLC v. First Data Merch. Servs. LLC*, No. 2:22-CV-02685-TLP-TMP, 2025 WL 2073814, at *6 (W.D. Tenn. July 22, 2025). Every exhibit relied upon by Ms. McDougal in the August 26th report, including exhibits referenced in the Guidepost and EC 30(b)(6) depositions, were produced prior to Ms. McDougal's June 15th report. We also have serious concerns that Ms. McDougal took the opportunity to provide rebuttal opinion to Guidepost's expert report of Doug Leff. We are still reviewing the entirely new report for all of the improper and procedural errors.

Once again Plaintiffs' dilatory conduct has caused a strain on adhering to the current scheduling order. As you know, expert depositions were to be completed by September 5, 2025. Given that Ms. McDougal just produced a completely new report, it is not practical nor fair for Guidepost to have to depose Ms. McDougal on September 4, 2025. We will now need an additional week to prepare for Ms. McDougal's deposition and propose September 10th. Please let us know Ms. McDougal's availability on that date and please advise Ms. McDougal not to schedule anything for the afternoon as the deposition will take more than 4 hours.

Finally, please be advised that Defendants reserve their rights to move to strike the August 26, 2025 expert report of Ms. McDougal based on our further review of the facts relied on in



support of the supplemental report, and we will engage in the required meet and confer in advance of such motion. Guidepost preserves all other rights, none of which are waived.

Respectfully submitted,

MINTZ & GOLD LLP

By: /s/ *Scott Klein*
Scott Klein
Alex Otchy
600 Third Avenue, 25th Floor
New York, New York 10016
212-696-4848
klein@mintzandgold.com
otchy@mintzandgold.com

RILEY & JACOBSON PLC

Katharine R. Klein
1906 West End Ave.
Nashville, TN 37203
(615) 320-3700
kklein@rjfirm.com