IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 3:23-cv-00478<br>) |
| | ) JUDGE WILLIAM L. CAMPBELL, JR.<br>) Magistrate Judge Frensley |
| SOUTHERN BAPTIST CONVENTION, *et al.* | )<br>)<br>) |
| Defendants. | )<br>) |

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO SUPPLEMENT EXPERT REPORTS

Defendants the Executive Committee of the Southern Baptist Convention (the "ECSBC") and Rolland Slade respectfully submit this Response In Opposition to Plaintiffs' Motion for Leave of Court to Supplement Expert Reports [Doc. 390] and state as follows:

### INTRODUCTION AND FACTS

Plaintiffs' Motion to Supplement seeks leave to add new opinions for two of their six experts, Amy McDougal[1] and Dr. Bernard Jansen. This is just the latest in a line of Plaintiffs' efforts to play fast and loose with their expert disclosure obligations.[2]

---

[1] The ECSBC and Pastor Slade join in and incorporate the response in opposition filed by Guidepost Solutions [Doc. 398] as it pertains to expert Amy McDougal.

[2] In addition to seeking leave to supplement the opinions of McDougal and Jansen, Plaintiffs also "seek leave to update the reliance materials" of McDougal, Jansen, Erin Bailey, and Robert Fisher "to include the recently obtained deposition testimony." [Doc. 390 at p.2]. According to Plaintiffs, Bailey and Fisher are not supplementing their opinions based upon the 30(b)(6) deposition testimony. [*Id.*]. The ECSBC and Slade do not object to Plaintiffs updating Bailey and

1

## I. Plaintiffs Delayed Providing Their Expert Reports.

Plaintiffs' expert disclosures were originally due on June 11, 2025. On May 23, 2025, Plaintiffs filed an "emergency" motion seeking relief from that expert disclosure deadline. [Doc. 262]. Plaintiffs claimed they had a total of six experts and should not be required to disclose any aspect of any of those six experts' opinions until after the completion of the 30(b)(6) depositions of the ECSBC, the Southern Baptist Convention, and Guidepost Solutions. [*Id*.].

On June 5, 2025, the ECSBC and Pastor Slade responded, opposing Plaintiffs' emergency motion. [Doc. 276]. Plaintiffs' motion provided no details on the relevant 30(b)(6) topics or even the type of information that was lacking such that each expert could finalize his or her opinions. [*Id*. at pp.2-3]. Instead, Plaintiffs simply made a blanket assertion that they could not disclose any of their experts' opinions until the 30(b)(6) depositions were completed. [*Id*.]. The lack of specifics suggested that Plaintiffs were using the 30(b)(6) depositions as a pretense to obtain a general extension of their expert disclosure deadline. [*Id*. at p.2].

On June 13, 2025, Plaintiffs filed what they referred to as a "Time-Sensitive Formal Objection." [Doc. 291]. Plaintiffs again represented that every single one of their six experts was unable to complete their analysis without having the 30(b)(6) testimony from the ECSBC, SBC, and Guidepost. Counsel represented to the Court:

> Each expert (the economist; the search engine optimization expert; the forensic linguist, the corporate investigator; the defamation and

---

Fisher's list of materials considered. However, because the opinions of these experts have not changed, ECSBC and Slade do not agree that this is properly labeled "reliance" materials for these two experts. Specifically, Rule 26(a)(2)(B)(ii) requires an expert to disclose "the facts or data considered by the witness in forming" their opinions. Fed. R. Civ. P. 26(a)(2)(B)(ii) (2025). The disclosure obligation for facts or data "considered" is broader than reliance materials and includes materials the expert reviewed, even if not actually relied upon. *See* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment ("The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.").

2

remediation expert; and the vocational evaluation expert) has indicated in his/her respective Report an inability to complete the analysis in light of the 30(b)(6) witness testimony for Executive Committee, Southern Baptist Convention and Guidepost Solutions that remains outstanding.

[Doc. 291 at p.1]. Then, at 4:40 p.m. that day, Plaintiffs' counsel sent an email stating that they had placed a call to the Court's chambers and were instructed not to serve expert reports. Subsequently, on June 18, 2025, the Court entered an Order denying Plaintiffs' "emergency" motion and directing Plaintiffs to serve their expert reports by June 20, 2025.[3] [Doc. 305]. The Court further noted the inappropriateness of Plaintiffs' counsel's continued calls to chambers regarding the so-called "emergency" motion. [*Id.* at p.1 n.1].

## II. Once Provided, Plaintiffs' Reports Revealed That the Reason For Delay Was Pretextual.

Following service of Plaintiffs' experts' reports on June 20, 2025, it quickly became apparent that the so-called "emergency" which had taken up hours of the Court's and counsel's time was nonexistent. Plaintiffs' claims of irreparable harm and due process violations were baseless, and their representations that each of their six experts needed the 30(b)(6) testimony to complete their analysis proved to be untrue.

One obvious example is Plaintiffs' vocational expert, Erin Bailey. The transcript of the 30(b)(6) deposition of the ECSBC was available for two weeks before Ms. Bailey's deposition on

---

[3] In responding to Plaintiffs' "emergency" motion, the ECSBC and Pastor Slade were clear that if there was new information that the expert needed that was not available until after the disclosure deadline, then there would be no issue with Plaintiffs supplementing their expert reports per Rule 26(e)(2). [*See* Doc. 276 ("The defendants are not unreasonable and will have no issue with Plaintiffs supplementing their expert reports <u>to the extent there is new information that the expert reports needs that was not available until after the disclosure deadline</u>.") (emphasis added)]. The ECSBC and Pastor Slade stand by that. However, Plaintiffs have not met this burden. These experts are attempting to advance wholly new opinions to correct omissions and not based upon information that was previously unavailable.

3

August 8, 2025.[4] Yet, Ms. Bailey was not provided with a copy of the transcript before her deposition and she testified that she did not request or require any additional information since preparing her report on June 19, 2025. [Ex. A, Depo. E. Bailey 163:3-8]. In other words, Ms. Bailey testified that she did not need the corporate testimony from the ECSBC even though it was available. This clearly and obviously undercuts Plaintiffs' inflated representations of irreparable harm and due process violations. [*Id*. at 163:9-164:1]. All of this suggests that Plaintiffs had been painting the uncompleted 30(b)(6) depositions as an "emergency," so that they could obtain a general and unlimited extension of their expert disclosure deadline.[5]

Plaintiffs' Motion to Supplement is a continuation of this bad faith conduct. Plaintiffs now claim, in October, that their experts McDougal and Jansen are "supplementing" their prior reports based upon information received from the 30(b)(6) depositions. There is no legitimate link between the supposedly "new" information obtained from the 30(b)(6) depositions and the experts' late, re-worked supplemental opinions. It is clear Plaintiffs continue to use the 30(b)(6) depositions as a basis to correct and improve expert opinions, even after deposition. The information upon which the supplements are based was available to the experts before June of 2025.

---

[4] The deposition was taken on July 15, 2025 and the transcript became available on July 23, 2025.

[5] One need look no further than the Motion to Supplement itself. Plaintiffs are only seeking leave to supplement the opinions of two of their six experts. This means four of the experts did not rely upon any aspect of the depositions, at all. Thus, the extreme and dire representations that all six experts required this information was unfounded.

4

### III. Jansen Testified that He Already Viewed the Transcripts from the Rule 30(b)(6) Depositions And Would Not Need to Supplement His Report.

Jansen was deposed on August 15, 2025.[6] At that point, he admitted under oath that he had reviewed the deposition testimony of Guidepost's 30(b)(6) representative. He was clearly asked if that deposition changed or altered any of the opinions set forth in his June 13, 2025 report. He said no, which aligns with the fact that no supplementation to the report was made prior to the August 15 deposition. According to Jansen, he was not even asked to review the transcript for the purpose of updating or altering his opinions in the case:

> Q. [Y]ou have mentioned that since preparing the report dated June 13th, that you have now reviewed the transcript of the Guidepost's—I assume it was their 30(b)(6) deposition; is that right?
>
> A. I reviewed a deposition transcript that I recall from Guidepost . . . .
>
> Q. Upon reviewing that transcript, did it lead you to change or alter any of the opinions you've set forth in your June 13th, 2025 report?
>
> A. <u>I was not asked to review the transcript in that regard and it didn't change any of my opinions in this report</u>.

[Ex. B, Depo. B. Jansen 29:11-24 (emphasis added)].

Unbelievably, Plaintiffs now claim that this testimony of a seasoned expert witness was an error that will be corrected on an errata sheet. [Doc. 390 at p.4 n.2]. Jansen was deposed for nearly six hours and this purported "error" during the first hour of the deposition was not corrected that

---

[6] The deposition was noticed for this date by agreement and memorialized by a Notice of Deposition served on July 25, 2025.

day. In fact, the first time this answer was identified as a complete misstatement was in Plaintiffs' Motion to Supplement filed on September 30, 2025, forty-five days after the Jansen deposition.[7]

Now, in an errata sheet received on October 11, 2025, Jansen changes his testimony from "I was not asked to review the transcript in that regard and it didn't change any of my opinions in this report," to now testifying under oath that, "It supported my opinions and supplemented them as outlined in my supplemental report." [Ex. C, Jansen Errata]. Yet, Jansen's supplemental report was not dated until August 29, 2025, two weeks after his deposition.

### IV. Plaintiffs' Proposed Supplements Are Not Based on New Information.

While Plaintiffs claim Jansen's new opinions are based upon the 30(b)(6) testimony of Guidepost, there is no link between the deposition and the new opinions. The information underlying these opinions was available to Jansen all along. There are five categories of new information with which Plaintiffs seek to supplement Jansen's report:

1. Adding the Guidepost Report to Appendix D of the report;
2. Update his CV;
3. Supplement an opinion on Guidepost website analytics;
4. Add an additional opinion on the authenticity of Guidepost's website; and
5. Update reliance materials to include the Rule 30(b)(6) deposition transcripts.

[Doc. 390 at p.4.] The Executive Committee and Slade oppose (1), (3), and (4).

---

[7] Under Rule 26(e), supplementation must be made "in a timely manner." Fed. R. Civ. P. 26(e)(1)(A) (2025). "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2) (emphasis added). Waiting forty-five days to now claim that this testimony during Jansen's deposition was an "error" is hardly timely.

6

First, Jansen attempts to "[c]orrect[ ] a mistake in his initial report which inadvertently omitted the Guidepost Report from Appendix D to his report." [Doc. 390 at p.4]. Jansen's report was served on June 20, 2025. He was not deposed until August 15, 2025, fifty-six days later. During this fifty-six-day period the mistake should have been discovered and corrected. The list of defaming statements contained on Appendix D, ie., the entire crux of this defamation action, were provided to Jansen by Plaintiffs' counsel. [Ex. B, Depo. B. Jansen 43:12-44:15] During Jansen's deposition, Appendix D was marked as an exhibit and he was questioned extensively about his calculations of the number of "views" for each statement. [Ex. B, Depo. B. Jansen 43:12]. While Jansen testified the Guidepost report "was missing" from Exhibit D, counsel for Plaintiffs attempted to suggest there was no error and Jansen agreed, offering testimony that he had analyzed the dissemination of the Guidepost Report. [Ex. B, Depo. B. Jansen 153:13-154-6; 161:1-18]. Then, three weeks later, in complete contradiction to his deposition testimony, a "supplemental" report was provided which added twenty paragraphs to the June 13, 2025 report most of which related to the Guidepost Report.

Second, Plaintiffs explain that it took weeks to supplement Jansen's report because only now can he "[o]pine[] on the authenticity of Guidepost's website" as it existed in 2022. [Doc. 390 at p.4]. To arrive at this new opinion on authenticity, Jansen uses the Wayback Machine internet archive site. [Doc. 390-8 at p.23]. Jansen says that the Wayback Machine "is considered a credible and accepted source for viewing archived versions of webpages, including those from 2022." [*Id.*]. But, Jansen testified at his deposition that he had already used the Wayback Machine to look at the Guidepost website. [Ex. B, Depo. B. Jansen 157:1-14]. There is no good faith basis for Jansen to offer any untimely supplemental opinion based upon the Wayback Machine.

7

Third, Jansen also says he is giving a "[s]upplemented opinion to opine on Guidepost website analytics." [Doc. 390 at p.4]. The Guidepost deposition testimony is not cited by Jansen, and he does nothing to connect the deposition to his new estimates of the number of daily visitors to the Guidepost website. This is because his new opinions utilize SimilarWeb which is the very same program he relied upon and utilized in his initial report. [Doc. 380-8 at p.17]. Simply put, just like Plaintiffs' false claims that the 30(b)(6) depositions were needed by <u>all</u> of their experts, their current reliance on the Guidepost 30(b)(6) deposition as a basis for Jansen's late disclosure rings just as hollow.

## ARGUMENT

I. **JANSEN CLEARLY TESTIFIED THAT THE GUIDEPOST 30(B)(6) DEPOSITION DID NOT ALTER HIS OPINIONS AND HIS ATTEMPT TO CONTRADICT THIS AFTER THE FACT THROUGH AN ERRATA SHEET IS IMPROPER.**

According to Plaintiffs, Jansen's testimony on August 15, 2025 that the Guidepost 30(b)(6) testimony did not change any of his opinions and that he was not even asked to review it for that purpose was an "error." Instead, counsel and the witness are asserting now that this sworn testimony should in fact be the opposite or that the deposition "supported my opinions and supplemented them as outlined in my supplemental report." [Ex. C, Jansen Errata]. Far from a correction, this is an improper use of an errata sheet and is further evidence of a lack of candor by Plaintiffs.

The changed testimony proposed on Jansen's errata is improper and cannot form the basis for the expert to disclose new opinions. "Rule 30(e) does not allow one to alter what was said under oath." *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06-cv-581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)). "If that were the case, one could merely answer the questions

8

with no thought at all[], then return home and plan artful responses . . . A deposition is not a take home examination." *Id*. (quoting *Tuttle*, 2008 WL 343178, at *4); *see also A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.,* 711 F.3d 687, 702–03 (6th Cir. 2013) ("[A] party moving for summary judgment cannot extinguish a genuine issue of material fact simply by filing an errata sheet and affidavit to counteract the effect of previous deposition testimony."). "[T]he majority of recent decisions within the Sixth Circuit consistently interpret *Trout* as establishing a rule that an errata sheet may not be used for substantive changes to testimony." *Ramirez v. Bolster & Jeffries Health Care Grp., LLC*, No. 1:12-CV-00205-GNS, 2016 WL 4132294, at *3 (W.D. Ky. Aug. 3, 2016). Instead, "a deponent may correct only typographical and transcription errors or where there is clear confusion about a question." *Southall v. Usf Holland, Inc.*, No. 3:15-1266, 2017 WL 11662117, at *2 (M.D. Tenn. Nov. 8, 2017).

Jansen's deposition testimony of August 15, 2025 and his errata sheet, both of which were under oath, are completely contradictory. At the time of the deposition, one statement was true the other would have to be false. Under clear law, Jansen's use of an errata to contradict his unambiguous answer is improper. Jansen testified that the Guidepost 30(b)(6) deposition did not alter his opinions and he should be held to that. For this reason alone, the Motion to Supplement can be denied.

II. **JANSEN'S REPORT IS NOT A "SUPPLEMENT" BECAUSE HIS NEW OPINIONS ARE BASED UPON INFORMATION PREVIOUSLY AVAILABLE TO HIM AT THE TIME OF HIS INITIAL REPORT.**

Federal Rule of Civil Procedure 26(e) allows for supplementation of an expert report if the original disclosure "in some material respect . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A) (2025). However, "'the rule is not a license to freely amend expert reports to bolster a party's position.'" *TX Direct, LLC v. First Data Merchant Services, LLC*, No. 2:22-cv-02685-

9

TLP-tmp, 2025 WL 2073814, *6 (W.D. Tenn. July 22, 2025) (quoting *Bentley v. Highlands Hosp. Corp.*, No. cv 15-97-ART-EBA 2016 WL 5867496, at *4 (E.D. Ky. Oct. 6, 2016)). "[C]ourts have routinely rejected attempts to add new analyses, opinions, or theories under the guise of supplementation." *Yoe v. Crescent Sock Company*, No. 1:15-cv-3-SKL, 2017 WL 11218929, at *7 (E.D. Tenn. Aug. 31, 2017) (internal quotations and citation omitted). "Supplementation under Rule 26(e) is thus generally only appropriate when the expert learns of information that was not previously made known or available to him or her." *McLaughlin v. Langrock, Sperry & Wool, LLP*, No. 2:19-cv-00112, 2020 WL 3118646, at *5 (D. Vt. June 12, 2020); *see also Ezaki Glico Kabushiki Kaisha v. Lotte Int'l Am. Corp.*, No. 15-5477, 2019 WL 581544, at *3 (D.N.J. Feb. 13, 2019) ("Courts have repeatedly emphasized the limited scope of supplementation permitted by Rule 26(e); such supplementation is proper only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report.") (internal quotations and citation omitted); *Sibley v. Sprint Nextel Corp.*, No. 08–2063–KHV, 2013 WL 1819773, at *3 (D. Kan. Apr. 30, 2013) ("[S]upplementation may only be based upon additional or corrective information that was unavailable when the expert made his or her initial report.") (internal quotations and citation omitted); *Stuhlmacher v. Home Depot USA, Inc.,* No. 2:10 cv 467, 2012 WL 5866297, at *3 (N.D. Ind. Nov. 19, 2012) (second report was a new opinion and not a supplemental report where "[t]he information on which [the expert] based his opinions was available prior to the defendants deposing him").

This standard is not satisfied because the information Jansen now claims to rely upon in his "supplemental" report was previously available to him. As stated above, Jansen relies upon the Wayback Machine archive site to now opine as to the authenticity of Guidepost's website as of 2022. But this resource was available to Jansen long before his June 13, 2025 report was

10

submitted. Similarly, Jansen uses SimilarWeb to offer new opinions on the analytics associated with Guidepost's website, but this program has always been available to him and is the same one he used to analyze other websites in his initial report.

Lastly, Jansen's claim of "[c]orrecting a mistake in his initial report which inadvertently omitted the Guidepost Report from Appendix D to his report" is suspect. [Doc. 390 at p.4]. There was more than adequate time to correct this "mistake" following service of his report. There were sixty-one days between the June 13 report and the August 15 deposition yet this significant mistake went without correction. When the error was acknowledged by Jansen during his deposition examination by counsel for Guidepost, counsel for Plaintiffs later attempted to brush it off as nothing. [Ex. B, Depo. B. Jansen 153:13-154-6; 161:1-18]. Then, three weeks after his deposition and nearly seventy-five days after his initial report there was an effort to correct this purported mistake with a late supplement.

In sum, Plaintiffs and their expert Jansen are simply attempting to improve and bolster opinions that should have been rendered at the time of the initial disclosure deadline. These "supplemental" opinions are not based upon any new, previously unavailable information and therefore must be excluded as untimely.

## CONCLUSION

For the above reasons, the ECSBC and Pastor Slade respectfully request that Plaintiffs' Motion to Supplement be denied.

> EXECUTIVE COMMITTEE OF THE
> SOUTHERN BAPTIST CONVENTION
> AND ROLLAND SLADE
>
> By Counsel

11

Case 3:23-cv-00478    Document 399    Filed 10/14/25    Page 11 of 14 PageID #: 12875

*/s/ Gretchen M. Callas*
Thomas J. Hurney, Jr. (WVSB #1833)
(pro hac vice)
Gretchen M. Callas (WVSB #7136)
(pro hac vice)
Jonathan L. Anderson (WVSB #9628)
(pro hac vice)
JACKSON KELLY PLLC
500 Lee Street East, Suite 1600
Post Office Box 553
Charleston, West Virginia 25322
Telephone: 304-340-1000
Fax: 304-340-1150
thurney@jacksonkelly.com
gcallas@jacksonkelly.com


Brigid M. Carpenter (BPR #018134)
Ryan P. Loofbourrow (BPR #033414)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
bcarpenter@bakerdonelson.com
rloofbourrow@bakerdonelson.com
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone: (615) 726-7341
Fax: (615) 744-7341

*Attorneys for Executive Committee of the Southern Baptist Convention and Rolland Slade*

12

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2025, the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO SUPPLEMENT EXPERT REPORTS** has been served through the Court's electronic filing system on the following:

John W. Barrett
Katherine Barrett Riley
Barrett Law Group. P.A.
P.O. Box 927
404 Court Square
Lexington, Mississippi 39095
dbarrett@barrettlawgroup.com
kbriley@barrettlawgroup.com

Shannon M. McNulty
Clifford Law Offices, P.C.
120 N. LaSalle Street, Suite 3100
Chicago, Illinois 60602
smm@cliffordlaw.com
*Attorneys for Plaintiffs*

James C. Bradshaw, III
Wyatt, Tarrant & Combs, LLP
333 Commerce Street, Suite 1050
Nashville, Tennessee 37201
jbradshaw@wyattfirm.com

Byron E. Leet
Wyatt, Tarrant & Combs
400 West Market Street
Louisville, Kentucky 40202
bleet@wyattfirm.com

Thomas E. Travis
Wyatt, Tarrant & Combs
250 W. Main Street, Suite 1600
Lexington, Kentucky
ttravis@wyattfirm.com
*Attorneys for The Southern Baptist*
*Theological Seminary and Dr. R. Albert Mohler*

Alan S. Bean
Starnes, Davis, Florie LLP
3000 Meridian Blvd., Suite 350
Franklin, Tennessee 37067
Abean@starneslaw.com
***Attorneys for Willie McLaurin***

Matthew C. Pietsch
Gordon Rees Scully Mansukhani,
4031 Aspen Grove Drive
Suite 290
Franklin, Tennessee 37067
mpietsch@grm.com
***Attorneys for Southern Baptist Convention,
Dr. Ed Litton and Bart Barber***

Steven G. Mintz
Scott Klein
Alex Otchy
Mintz & Gold LLP
600 Third Avenue, 25th Floor
New York, New York 10016
mintz@mintzandgold.com
klein@mintzandgold.com
otchy@mintzandgold.com

John R. Jacobson
Katharine R. Klein
Riley & Jacobson
1906 West End Avenue
Nashville, Tennessee 37203
jjacobson@rjfirm.com
kklein@rjfirm.com
***Guidepost Solutions, LLC***

               */s/ Gretchen M. Callas*

14

Case 3:23-cv-00478   Document 399   Filed 10/14/25   Page 14 of 14 PageID #: 12878