IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, *Plaintiffs,* v. SOUTHERN BAPTIST CONVENTION, et al., *Defendants.* | Case No. 3:23-cv-00478 Chief Judge Campbell Magistrate Judge Frensley |

**PLAINTIFFS' REPLY TO DEFENDANTS THE EXECUTIVE COMMITTEE OF THE SOUTHERN BAPTIST CONVENTION AND ROLLAND SLADE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE OF COURT TO SUPPLEMENT EXPERT REPORTS**

**I.     INTRODUCTION**

Defendants the Executive Committee of the Southern Baptist Committee ("EC") and Rolland Slade oppose Plaintiffs' motion with a narrative of delay and "gamesmanship," contending that Plaintiffs' supplemental expert reports are untimely, unjustified, and based on information available all along. This opposition misses the mark. Plaintiffs' supplements for experts Amy McDougal and Dr. Bernard Jansen are precisely what Fed. R. Civ. P. 26(e) envisions: updates to incorporate new information obtained after the June 20, 2025, expert report deadline. Plaintiffs' supplements do not advance any "wholly new" theories; they simply clarify and expand upon the original opinions using material facts that emerged from Defendants' own Rule 30(b)(6) witnesses in mid-July through late August.

In short, Plaintiffs' supplemental reports are proper under Rule 26(e) and Local Rule 39.01(c)(5)(C), and they easily satisfy the Sixth Circuit's *Howe* test for harmlessness and

justification.[1] The Court should grant leave for the supplements so that the experts' opinions reflect all the pertinent facts unearthed in discovery, a result that will facilitate, not hinder, the fair resolution of this case on the merits.

II.     **ARGUMENT**[2]

   A.     **Jansen's Supplemental Report Is Proper and Necessitated by New Information**

Defendants argue that Jansen's new opinions "were previously available" to him and even point to his deposition testimony where he initially said the Guidepost deposition transcript did not change his opinions. Dkt. No. 399 at 5. These contentions do not withstand scrutiny. Jansen's supplement made two substantive additions (beyond correcting a minor omission in his reliance materials): (1) an opinion concerning Guidepost's use of website analytics, and (2) an opinion on the authenticity of Guidepost's website in 2022 (i.e., whether the Guidepost Report was accessible on the site at that time). Both topics were directly prompted by matters that crystallized during 30(b)(6) deposition discovery taken *after* Jansen's initial report, and both are closely tied to Jansen's original role as an expert in search engine optimization (SEO), web analytics, and internet reach.

   1.     Website Analytics Opinion

In his initial June 13, 2025, report, Dr. Jansen discussed various websites (such as Baptist Press, SBC.net, etc.) and analyzed their traffic and search visibility, to opine on the extent of publication and dissemination of information about Plaintiffs. He did *not* specifically analyze Guidepost's own website traffic at that time, for a very logical reason: Guidepost represented to

---

[1] Defendants to not address the *Howe* factors in their opposition, and as such Plaintiffs do not address those again herein.
[2] Defendants join in Defendant Guidepost Solutions opposition. Plaintiffs address those arguments in their Reply to Guidepost Solutions LLC's Response in Opposition to Plaintiffs' Motion for Leave to Supplement Expert Reports (Dkt. No. 398) filed concurrently herewith.

2

Plaintiffs that website analytics were unavailable. Dkt. No. 390 at 9.

Fast forward to Guidepost's deposition on July 29, 2025: Guidepost revealed it has the *capability* to monitor site analytics, undermining its prior suggestion that it could not. This prompted Jansen to opine, in his supplement, that Guidepost indeed likely uses website analytics. To form this opinion, Jansen utilized *tools* available to him, specifically the same SimilarWeb analytics program he had already used to analyze other sites in his original report. Defendants say this is improper because SimilarWeb "has always been available to him" and he "used [it] to analyze other websites" before. That argument misses the point: Jansen wasn't ignorant of SimilarWeb; he refrained from using it on Guidepost's site initially because Guidepost told Plaintiffs this information was unavailable. In the supplemental report, Jansen used the tool he had on information he previously did not have. Courts have held that supplementation is proper where it is based on information "not available at the time of the initial report." *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Guidepost's own stance deprived Jansen of information by June 20; his subsequent analysis in light of Guidepost's deposition is thus allowable. It is certainly not a "new theory," but rather a more complete analysis of the publication reach of the Guidepost Report, which was always within the scope of Jansen's assignment.

2. Website Authenticity/Accessibility Opinion

Jansen's second substantive addition was opining on the authenticity of the Guidepost website as of 2022, essentially confirming that someone could have accessed Guidepost's site to find the Guidepost Report and the so-called "List" of abusers. Defendants protest that the Wayback Machine archive "was available" to Jansen earlier. True, but Jansen could not opine that an archived webpage was genuine without confirmation from Guidepost, because websites can change and archives can be incomplete. Jansen's supplemental opinion on this point strengthens Plaintiffs' position on publication and republication of the defamatory content. It was entirely

3

appropriate for Jansen to hold off on any bold claim about Guidepost's site until he had a binding corporate admission from the 30(b)(6) witness, rather than rely solely on the Wayback Machine.

### 3. Correction of Prior Omissions

Additionally, Jansen's supplement corrects two inadvertent omissions: it adds the Guidepost Report to the list of materials considered (Appendix D) and adds three cases to the list of matters in which he testified (Appendix B). Defendants cast doubt on the timing of correcting the omission of the Guidepost Report. Dkt. No. 399 at 11. To be clear, failing to list the Guidepost Report in his Appendix was an oversight.

Jansen obviously did consider the Report (it's a central document referenced), a fact he (and Defendants) acknowledge. Dkt. No. 399 at 11. Correcting this kind of clerical inadvertence is squarely within Rule 26(e)'s purpose of fixing incomplete information. Tellingly, Defendants do not argue that adding the Guidepost Report to the reliance list causes them any harm or even surprise. They simply call it "suspect" because it came 75 days after the initial report. But, the correction came very soon after Jansen was deposed. *See id.* A minor correction to the Appendix, listing the Guidepost Report which had been contemplated by Jansen in his disclosures, and which has zero substantive effect on the opinions, cannot be a basis to exclude an expert's updated report.

### 4. Deposition Testimony and Errata

Defendants heavily criticize Dr. Jansen's deposition errata as contradictory and that that basis alone should result in the denial of his supplemental report. Dkt. No. 399 at 8-9. However, the errata is not contradictory, material, or substantive. Dr. Jansen was asked if reviewing the Guidepost 30(b)(6) transcript had led him to *change* opinions, and he answered in the negative. This is true—the Guidepost 30(b)(6) deposition transcript did not change his opinions, it "supported" and "supplemented" them. *See* Dkt. No. 399-3. This clarification is not a substantive

4

Case 3:23-cv-00478   Document 405   Filed 10/21/25   Page 4 of 6 PageID #: 13173

change prohibited by Fed. R. Civ. P. 30(e) or *Trout*. Rather, Dr. Jansen's errata is permissible because "the change is not substantive or material and therefore is not prohibited."

Further, whether the errata is permissible or not (it is), the appropriateness of Dr. Jansen's supplement is not impacted. Defendants were apprised of Jansen's supplement within a reasonable time (the parties did meet and confer) and were offered the chance to re-depose him on it. Rule 26(e) exists specifically so that an expert's final opinion is accurate and up-to-date. Holding Dr. Jansen hostage to his initial "no change" remark, when further analysis showed there were indeed points to clarify, would undermine the goal of presenting the trier of fact with the most reliable expert testimony at trial.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to serve the supplemental expert reports of Amy McDougal and Dr. Bernard Jansen (and to update the reliance materials of McDougal, Jansen, Erin Bailey, and Robert Fisher to include recent depositions). Defendants' opposition raises no persuasive reason to exclude or disallow these supplements. Plaintiffs complied with Rule 26(e) by timely correcting and adding to their experts' disclosures once new evidence was obtained, and they have met the standard of Rule 37(c)(1) by showing substantial justification and lack of harm. Accordingly, Plaintiffs respectfully request that the Court grant the motion and permit the supplemental expert reports and updated reliance lists to be served and used in this case.

Dated: October 21, 2025.    Respectfully submitted,

/s/ *Katherine B. Riley*
Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927

5

404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Katherine Barrett Riley, hereby certify that on October 21, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine Barrett Riley*
Katherine Barrett Riley
