IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS,<br><br>*Plaintiffs,*<br><br>v.<br><br>SOUTHERN BAPTIST CONVENTION, et al.,<br><br>*Defendants.* | Case No. 3:23-cv-00478<br><br>Chief Judge Campbell<br>Magistrate Judge Frensley |

**PLAINTIFFS' REPLY TO GUIDEPOST SOLUTIONS LLC'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT EXPERT REPORTS**

**I.      INTRODUCTION**

Defendant Guidepost Solutions LLC's ("Guidepost") opposition misconstrues Plaintiffs' supplemental expert reports as an improper attempt to "bolster" a belated partial disclosure. In fact, the supplements of Amy McDougal and Dr. Bernard Jansen comply with Fed. R. Civ. P. 26(e) by incorporating new deposition evidence that became available only after June 20, 2025. These reports do not proffer any new theory of liability; they provide clarification in the experts' original analyses using new information provided by Defendants during their later conducted Rule 30(b)(6) depositions.

Even if the Court deems the August 26, supplements untimely, exclusion is unwarranted. Rule 37(c)(1) permits late disclosures that are substantially justified or harmless. Guidepost cannot claim surprise or prejudice; it knew the initial expert reports were partial and that supplementation would follow corporate depositions. With trial months away and full opportunity to depose the experts on their updates, any prejudice is either cured or nonexistent. The motion to supplement should be granted.

## II. ARGUMENT[1]

### A. The Supplements Incorporate New Information Unavailable by the June 20 Deadline

Rule 26(e) permits supplementation of an expert disclosure when the original report "in some material respect… is incomplete or incorrect" in light of newly acquired information. Fed. R. Civ. P. 26(e). Plaintiffs' experts McDougal and Jansen expressly reserved the right to update their June 2025 opinions because key corporate evidence was still outstanding. After those 30(b)(6) depositions occurred (in July and August 2025), the experts promptly incorporated the new facts into supplemental reports. Unlike the situation in *TX Direct, LLC v. First Data Merchant Services, LLC*, where a party tried to "freely amend" an expert report with information that had been available all along, here the information underlying the supplemental opinions was not available prior to the deadline.[2]

It was only through Guidepost's Rule 30(b)(6) testimony that Plaintiffs learned that none of Guidepost's attorneys were acting as licensed attorneys during the investigation. *See* Dkt. No. 390-10, at 39:8-19; Dkt. No. 390-7, at 11-14. This materially affected McDougal's analysis of the investigation's legality under Tennessee law. Guidepost suggests that McDougal's August report repackages information that was "previously produced or publicly available" and thus could have been included in her June 20 report. For instance, McDougal's June report noted she lacked sufficient facts, namely the absence of binding corporate testimony, to determine if the investigation violated Tennessee's private investigator licensing laws. At that time, she did not know whether Julie Myers Wood or Krista Tongring were licensed attorneys in good standing,

---

[1] Guidepost joins in Defendants the Executive Committee of the Southern Baptist ("EC") and Rolland Slade's Opposition. Plaintiffs address those arguments in their Reply to Executive Committee and Rolland Slade's Response in Opposition to Plaintiffs' Motion for Leave to Supplement Expert Reports (Dkt. No. 399) filed concurrently herewith.

[2] And, the expert reports at issue in *TX Direct* were supplemental reports, not affirmative reports.

which could exempt them from licensure requirements. The Guidepost 30(b)(6) deposition in late July 2025 filled this gap: none of Guidepost's attorney-employees "practice as attorneys," and that she had "no idea" whether Guidepost as a firm held an investigative license in Tennessee.

Guidepost insists McDougal should have deduced that the EC, not the SATF, was Guidepost's client earlier from the engagement letter and public records, but that mischaracterizes her task. The engagement letter characterized the SATF as the client and was signed by both the Task Force chair and EC President Rolland Slade. Only the EC's deposition clarified that detail. This was new information, directly bearing on McDougal's pre-existing opinion that Guidepost's investigation lacked independence.

On the question of whether Guidepost conducted an "investigation" versus an "inspection" under the second mandate of its engagement, Guidepost admitted at its 30(b)(6) deposition that it did not consider itself to be "investigating" certain abuse allegations. Yet in that same deposition, Guidepost described undertaking tasks that squarely fit the definition of an investigation: interviewing Lyell, reviewing extensive documents and data, and questioning 300–400 individuals. These facts enabled McDougal to conclude, for the first time, that Guidepost in fact conducted an investigation. This is not an "improper rebuttal" beyond the scope of her original opinions, as Guidepost suggests. Rather, it clarifies and reinforces McDougal's original position with concrete details from Guidepost's own witness. Rule 26(e) permits such refinement of an opinion when new evidence emerges post-report. Indeed, courts recognize that "the rules anticipate experts will hone their opinions in light of new information" learned during discovery. *United States ex rel. Griffis v. Eod Tech., Inc. N/K/A/ Janus Glob. Operation, LLC*, No. 3:10-cv-204, 2024 U.S. Dist. LEXIS 217610, at *5 (E.D. Tenn. Oct. 2, 2024).

The same is true for McDougal's supplementation regarding Samantha Kilpatrick's role and other conflict-of-interest issues. In June, McDougal noted Kilpatrick's prior ties to the

3

Southern Baptist community as factors undermining Guidepost's claim of an independent investigation. During Guidepost's 30(b)(6) deposition, it was learned that Kilpatrick had prior involvement with SBC-related initiatives and individuals like Lyell and Rachael Denhollander. The significance of these facts was amplified by Guidepost's testimony confirming that Kilpatrick's past work was not in any way walled off from the investigation's findings. McDougal's August report thus elevates her opinion from saying Kilpatrick's presence created an "appearance" of bias to affirmatively stating it was a direct conflict of interest that compromised the investigation's objectivity. Guidepost points out that Plaintiffs introduced exhibits about Kilpatrick from the internet and prior discovery at the deposition. True, those were used in the examination, but the 30(b)(6) witness's binding testimony confirmed McDougal's suspicion that Kilpatrick's involvement was problematic, thereby justifying an unequivocal opinion in the supplement. Again, Rule 26(e) is meant to allow exactly this type of completion of an expert's analysis when "new information not previously made known" comes to light. The supplements "fill the interstices" of McDougal's initial opinions without altering their core thrust.

In short, each of the four "updated" areas in McDougal's report corresponds to factual revelations from the July 2025 EC and Guidepost depositions. None of these supplements inject a brand-new subject matter or theory. Courts allow such supplements where they "add specificity to [a] prior theory and [do] not fundamentally alter the original theory" of the expert. *Caruana v. Marcum*, No. 3:01-cv-1567, 2016 U.S. Dist. LEXIS 99585, at *11, 13 (M.D. Tenn. July 28, 2016).

### B. Plaintiffs Acted Diligently

Guidepost's claim that Plaintiffs "sandbagged" Defendants is wholly unfounded. The record shows diligence, not gamesmanship. When it became clear the 30(b)(6) depositions would occur after the expert deadline, Plaintiffs requested an extension. The Court denied that request, so Plaintiffs served timely but partial reports on June 20, expressly reserving the right to

supplement. Defendants prospectively proposed such supplementation and Guidepost affirmatively joined that position. Dkt. Nos. 276, 278. Guidepost cannot credibly argue that it was sandbagged.

After depositions concluded in late August, McDougal's supplement was served *before* her deposition. Defendants questioned her fully on the additions. Plaintiffs also moved for leave by September 30, showing transparency. Plaintiffs delayed McDougal's deposition to give them time to review her supplement, which came nearly five months before the pretrial disclosure deadline. Guidepost's misplaced emphasis on McDougal's supposedly late retention misses the point. Plaintiffs disclosed six experts on time and supplemented only where post-deadline discovery made it necessary. That the other expert reports were not supplemented confirms this supplementation was tailored, not abusive. The supplements do not raise new theories or cure deficient work—they simply integrate deposition testimony unavailable before June 20.

### C. The Supplements Are Substantially Justified and Harmless

Assuming, *in arguendo*, the supplements were late (which they are not), exclusion is unwarranted under rule 37(c)(1). Guidepost had notice of Plaintiffs' intent to supplement and participated in the depositions that supplied the new material. Defendants deposed McDougal on her updates and were offered a follow-up with Jansen. The supplements came months before trial and are critical to key claims. All *Howe* factors weigh against exclusion.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for leave to serve the supplemental expert reports of Amy McDougal and Dr. Bernard Jansen and to update the reliance materials of McDougal, Jansen, Erin Bailey, and Robert Fisher.

Dated: October 21, 2025.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Katherine B. Riley*

Katherine Barrett Riley (TN BPR#021155)
John W. ("Don") Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Katherine Barrett Riley, hereby certify that on October 21, 2025, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine Barrett Riley*
Katherine Barrett Riley