# Exhibit 136

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS,** *et al.* | ) | |
| | ) | Case No. 3:23-cv-00478 |
| **Plaintiffs,** | ) | |
| | ) | Judge Campbell |
| v. | ) | Magistrate Judge Frensley |
| | ) | |
| **SOUTHERN BAPTIST CONVENTION,** *et al.* | ) | JURY DEMAND |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

### RESPONSES OF DEFENDANT ED LITTON
### TO PLAINTIFFS' AMENDED FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Dr. Ed Litton ("Dr. Litton" and/or "Defendant"), through counsel, provides the following objections and responses ("Responses") to Plaintiffs' Amended First Set of Interrogatories ("Requests").

### PRELIMINARY STATEMENT

These Responses are made solely for the purpose of, and in relation to, this action. Defendant has not yet completed his investigation of the facts relating to this action, has not yet completed discovery in this action, and has not yet completed preparation for trial. Consequently, the following Responses are given without prejudicing Defendant's right to supplement and/or produce at the time of trial, subsequently discovered evidence relating to proof of any material fact, and to produce all evidence, whether or not discovered, relating to the proof of facts subsequently discovered to the material. Except for those facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. All Responses must be construed as given on the basis of present recollection. These Responses are made without waiving or

intending to waive: (1) all questions or objections as to the competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose in any subsequent proceeding in, or the trial of, this or any other action of any of the information provided herein; (2) the right to object to the use of any information provided herein and any subsequent proceeding in, or the trial of, this or any other action, on any ground; (4) objections to the extent that the Requests attempt to impose a duty upon the Defendant not contemplated by the rules or by law, (5) the right to supplement, amend, or correct any Responses contained herein as appropriate.

## INTERROGATORIES

1. DESCRIBE in detail any and all COMMUNICATIONS between YOU and any PERSON or entity RELATED TO allegations of misconduct made by JENNIFER LYELL against PLAINTIFFS MARY SILLS and/or DAVID SILLS, including the name of each PERSON/entity with whom YOU COMMUNICATED, the date and mode of such COMMUNICATION, the nature and contents of the COMMUNICATIONS, and whether such COMMUNICATIONS were recorded and/or transcribed.

**RESPONSE: Objection. Defendant objects to the foregoing Interrogatory as (1) vague and overly broad in seeking any and all communications, and without temporal or other limitation(s) to the subject matter of the defamation allegations set forth in the Complaint; and (2) the same is inherently unduly burdensome to the extent that the requested discovery is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Dr. Litton cannot recall and identify with certainty every communication he has had since 2019 regarding the allegations made by Jennifer Lyell against David Sills. Dr. Litton has no personal knowledge outside of information publicly reported pertaining to those allegations. In Dr. Litton's role as then-President of Defendant Southern Baptist Convention ("SBC") and an ex-officio member of the Executive Committee of the Southern**

Baptist Convention ("EC"), Dr. Litton can recall three communications with Jennifer Lyell between 2021 and 2022 pertaining to her contact and communications with the EC. Any additional responsive information would be contained in the information and documents produced by the EC. Dr. Litton has never, to the best of his knowledge, communicated with David or Mary Sills.

2. IDENTIFY by date, time, location, persons in attendance and subjects discussed, each and every communication, phone call, meeting, conference, correspondence, email, contract, scope of work agreement, and payments between YOU and GUIDEPOST, including its agents and/or employees, including but not limited to any such contacts concerning MARY SILLS and/or DAVID SILLS.

RESPONSE: Objection. Defendant objects to the foregoing Interrogatory as (1) vague and overly broad in seeking each and every communication, and without temporal or other limitation(s) to the subject matter of the defamation allegations set forth in the Complaint; and (2) the same is inherently unduly burdensome to the extent that the requested discovery is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, in Dr. Litton's role as then-President of the SBC and responsibility for the Committee on Cooperation, and consistent with the terms of the engagement letter with Guidepost Solutions LLC ("Guidepost"), Dr. Litton participated in a meeting with representatives from Guidepost in 2022 wherein a draft of the Guidepost Report was reviewed prior to its publication for the limited purpose of identifying errors or necessary corrections pertaining to church polity. Dr. Litton cannot recall any discussion or comments pertaining to David or Mary Sills.

3. IDENTIFY any written, audio, video, or other recordings or other evidence YOU possess or control, or of which YOU have direct knowledge, which relates in any way to MARY SILL, DAVID SILLS and/or JENNIFER LYELL, including the location of such recordings and/or other evidence, the nature and contents of such recordings and/or other evidence, and how and when YOU came to possess or control or have knowledge of any such recordings and/or other evidence.

**RESPONSE: Objection. Defendant objects to the foregoing Interrogatory as (1) vague and overly broad in seeking the identification of any form of evidence of which Defendant has knowledge "which relates in any way to Mary Sills, David Sills and/or Jennifer Lyell," and without temporal or other limitation(s) to the subject matter of the defamation allegations set forth in the Complaint; and (2) the same is inherently unduly burdensome to the extent that the requested discovery is not proportional to the needs of the case. Subject to and without waiving the foregoing objections, Dr. Litton has no responsive information.**

4. IDENTIFY the entire contents of any document YOU contend supports the allegations made by JENNIFER LYELL against MARY SILLS and/or DAVID SILLS.

**RESPONSE: Dr. Litton has no responsive information in addition to the information contained in the Guidepost Report and documents produced by the EC.**

5. List all statements YOU or YOUR members, employees, agents, or representatives have made publicly RELATED TO alleged misconduct by DAVID and/or MARY SILLS, INCLUDING but not limited to the names and contact information of each PERSON or entity involved in preparing or issuing such statement, the dates of such statements, and the specific facts of each allegation.

**RESPONSE: None.**

6. IDENTIFY by date, time, location and circumstances of the encounter, each and every instance for which YOU were in the presence of JENNIFER LYELL and DAVID SILLS. DESCRIBE the circumstances of the encounter and the details of YOUR observations or conversations.

**RESPONSE: None.**

7. Were YOU a named insured, INCLUDING as an additional insured, under any policy of liability insurance on the date(s) of the occurrence alleged in PLAINTIFFS' COMPLAINT? If the answer to this Interrogatory is in the affirmative, IDENTIFY for each such policy:

    a. The name and address of each and every insurance carrier issuing said insurance policy or policies;

    b. The policy number;

    c. The effective policy period;

    d. The maximum liability limits for each PERSON and each occurrence;

    e. The name and address of each and every insured under said policy or policies; and

    f. The name and address of each and every named additional insured or certificate holder under each policy or policies.

**RESPONSE: Objection. Defendant objects to the foregoing interrogatory as overly broad and unduly burdensome to the extent that it requests information pertaining to insurance not relevant or applicable to any insurance agreement that may be applicable to satisfy all or part of a possible judgment in this action. Subject to and without waiving these objections,**

**Dr. Litton will make available for inspection and copying any insurance agreement that may be applicable to satisfy all or part of a possible judgment in this action.**

8. IDENTIFY all of your affiliated entities and subsidiaries, INCLUDING but not limited to the structural relationship between the entities and whether YOU and any of YOUR affiliated entities share a legal department.

**RESPONSE: None.**

9. IDENTIFY all members of YOUR and YOUR affiliated entities' board of directors.

**RESPONSE: None.**

10. DESCRIBE in detail YOUR business, including but not limited to the services YOU provide, the types of clients for whom YOU perform work, and YOUR company history.

**RESPONSE: Dr. Litton is a Baptist pastor.**

11. DESCRIBE fully YOUR legal and financial relationships with each of the other DEFENDANTS to this case.

**RESPONSE: None. Dr. Litton previously served as President of the SBC and an ex-officio member of the EC.**

12. IDENTIFY by date, time, location and method of communication, each and every instance in which YOU have COMMUNICATED with Rachel Denhollander for any reason, whatsoever, including but not limited to reasons concerning sexual abuse.

**RESPONSE: Objection. Defendant objects to the foregoing Interrogatory as (1) vague and overly broad in seeking any and all communications, and without temporal or other limitation(s) to the subject matter of the defamation allegations set forth in the Complaint; and (2) the same is inherently unduly burdensome to the extent that the requested discovery is not proportional to the needs of the case. Subject to and without waiving the foregoing**

objections, Dr. Litton cannot recall and identify with certainty every communication he has had with Rachel Denhollander for any reason. In Dr. Litton's role as then-President of the SBC, Dr. Litton had multiple communications with Rachel Denhollander in her role as a member of the SBC Sexual Abuse Task Force pertaining to the SBC's response to claims of sexual abuse.

13. Provide YOUR definition of sexual abuse. Provide YOUR full and complete description of every encounter between DAVID SILLS and JENNIFER LYELL that you contend constitutes sexual abuse. Include dates, locations, times, and all details known to YOU, as well as how YOU came to learn of the encounters YOU identify in YOUR response.

RESPONSE: Objection. Defendant objects to the foregoing Interrogatory as (1) vague and overly broad in seeking the "definition of sexual abuse" without additional context or clarification. Subject to and without waiving the foregoing objections, Dr. Litton would refer to the various resolutions passed by the Messengers of the SBC at its annual meetings. Dr. Litton has no additional responsive information.

14. For the years 2000 to present, IDENTIFY with specificity each and every rule or condition of employment at SEMINARY and/or SBC that YOU contend was violated by DAVID SILLS, the date of any such violation, and the action taken by YOU.

RESPONSE: Dr. Litton has no responsive information.

15. For the years 2014 through present, IDENTIFY each and every payment transmitted to JENNIFER LYELL by YOU or any DEFENDANT, and state whether there was a Release, Stipulation, Agreement or Covenant, of any kind, made in association with the payments identified.

**RESPONSE: Dr. Litton refers to the information provided by the EC. Dr. Litton has no additional responsive information.**

16. DESCRIBE in detail YOUR role and responsibilities in relation to any statements made about, or any activity YOU contend constitutes an investigation of, the allegations of misconduct made by JENNIFER LYELL against PLAINTIFFS MARY and/or DAVID SILLS, including but not limited to YOUR review, editing, approval, and publication of THE REPORT REGARDING such.

**RESPONSE: Defendant incorporates by reference his responses to Interrogatories Nos. 1-2. Dr. Litton has no additional responsive information.**

17. For the years 2000 – present, IDENTIFY by name and dates of employment YOUR Human Resource Director; YOUR Director of Admissions; YOUR Chief Executive (or equivalent position) with final decision-making authority for YOUR organization.

**RESPONSE: None.**

18. IDENTIFY by name, title and dates of employment every individual who supervised and/or instructed JENNIFER LYELL.

**RESPONSE: Dr. Litton has no responsive information.**

19. List any and all employees, agents, officers, and/or contract employees, or third parties involved with any part of any inquiry or investigation concerning JENNIFER LYELL's allegations against MARY SILLS and/or DAVID SILLS, including but not limited in RELATED TO, the drafting, editing, and/or approving of, THE REPORT. INCLUDE their names, titles, and contact information; the nature and scope of their involvement; and their findings.

**RESPONSE: Dr. Litton refers to Guidepost, its investigation and report. Dr. Litton has no additional responsive information.**

20. Do YOU contend that there was an investigation of DAVID SILLS concerning allegations of sexual misconduct? If yes, identify by name, title and dates of employment any and all persons, including but not limited to YOUR employees, agents, officers, and/or contractors, who were involved in any way with any investigation of allegations of sexual misconduct within the SEMINARY. Include in YOUR answer a detailed description concerning YOUR handling of those allegations.

**RESPONSE: Dr. Litton refers to Guidepost, its investigation and report. Dr. Litton has no additional responsive information.**

21. Do YOU contend that there was an investigation of JENNIFER LYELL concerning allegations of sexual misconduct? If yes, identify by name, title and dates of employment any and all persons, including but not limited to YOUR employees, agents, officers, and/or contractors, who were involved in any way with any investigation of allegations of sexual misconduct within the SEMINARY. Include in YOUR answer a detailed description concerning YOUR handling of those allegations.

**RESPONSE: Dr. Litton refers to Guidepost, its investigation and report. Dr. Litton has no additional responsive information.**

22. From 1990 through present, has there ever been an allegation of sexual misconduct concerning any student or faculty member at the SEMINARY INCLUDING but not limited to any allegations of abuse made by DEFENDANT JENNIFER LYELL. For each PERSON IDENTIFIED, include in YOUR answer the names, titles, and contact information concerning those making such allegations, and those against whom such allegations were made; the date, nature and scope of their allegations; the nature and scope of YOUR handling of those allegations; the disposition and any findings concerning the allegations, including but not limited to

termination of employment, expulsion from school, and/or any other outcome; the identification of all meeting minutes, publications, broadcasts, blogs, websites, newsletters or public statements YOU made concerning each instance of such allegations and their disposition(s).

**RESPONSE: Dr. Litton has no responsive information.**

23. DESCRIBE in detail all other work performed by YOU RELATING in any way to investigating allegations of sexual abuse and/or the handling of allegations and/or investigations of sexual abuse, INCLUDING but not limited to the date such allegations were made known to YOU, the time span of any subsequent investigation, the nature and scope of the work, the employees, agents, officers, and/or contractors who performed the work, and their findings.

**RESPONSE: Dr. Litton has no responsive information.**

24. IDENTIFY each and every instance in which YOU, including through your officers, agents, employees and/or contractors, spoke and/or met with JENNIFER LYELL in relation to any issue or allegations concerning (a) DAVID SILLS and (b) MARY SILLS.

**RESPONSE: Dr. Litton incorporates by reference his responses to Interrogatory No. 1. Dr. Litton has no additional responsive information.**

25. IDENTIFY by date, time, location, name and title attendees, and topics or agenda, each and every instance YOU, Your employees, agents, officers exchanged communications, spoke and/or met with any employees, officers, agents, contractors, or other representatives of GUIDEPOST, and/or the EXECUTIVE COMMITTEE and the employee, agent, officer, contractor, or other representative whom YOU dealt with at GUIDEPOST, and/or the EXECUTIVE COMMITTEE and DESCRIBE any and all COMMUNICATIONS YOU had REGARDING the inclusion of PLAINTIFF DAVID SILLS in THE REPORT and the allegations therein.

**RESPONSE: Dr. Litton incorporates by reference his responses to Interrogatories Nos. 1 and 2. Dr. Litton has no additional responsive information.**

26. Do YOU contend that PLAINTIFF DAVID SILLS had a morally inappropriate relationship with DEFENDANT JENNIFER LYELL? If so, DESCRIBE in detail all the facts supporting YOUR contention.

**RESPONSE: Dr. Litton refers to Guidepost, its investigation and report. Dr. Litton has no additional responsive information.**

27. Do YOU contend that DEFENDANT JENNIFER LYELL did not consent to her relationship with DAVID SILLS? If so, DESCRIBE in detail all the facts supporting YOUR contention.

**RESPONSE: Dr. Litton refers to Guidepost, its investigation and report. Dr. Litton has no additional responsive information.**

28. List each PERSON with whom YOU spoke REGARDING the allegation of misconduct of PLAINTIFF DAVID SILLS and DESCRIBE in detail what was said.

**RESPONSE: Dr. Litton incorporates by reference his responses to Interrogatories Nos. 1 and 2. Dr. Litton has no additional responsive information.**

29. IDENTIFY the individual(s) responsible for YOUR SOCIAL MEDIA POSTINGS, INCLUDING authors and designers.

**RESPONSE: None.**

30. Describe YOUR relationship to DEFENDANT JENNIFER LYELL, including but not limited to, her employment history, i.e., positions held, dates employed, supervisors, duties at all relevant times, and the scope of her responsibilities and/or authority at all relevant times, any and all dates of attendance and/or courses taken, and any and all disciplinary history.

**RESPONSE: None.**

31. Describe DAVID SILLS' employment history at SEMINARY, including but not limited to positions held, dates employed, supervisors, duties at all relevant times and the scope of his responsibilities at all relevant times.

**RESPONSE: Dr. Litton refers to Guidepost, its investigation and report. Dr. Litton has no additional responsive information.**

# VERIFICATION

STATE: _____ )
                                                         )
COUNTY:_____ )

     I, **ED LITTON**, have read the foregoing responses to the Plaintiff's First Set of Interrogatories and verify that the facts set forth therein are true to the best of my information and belief.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

     Executed on June \_\_\_\_, 2024.


**ED LITTON**


**By:** _____
            **Signature**

Case 3:23-cv-00478   Document 411-66   Filed 11/03/25   Page 14 of 17 PageID #: 15418

13

**DATED: June 27, 2024.**

                            Respectfully submitted,

                            **TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**

                        By:    */s/ Matthew C. Pietsch*
                                L. Gino Marchetti, Jr., BPR No. 005562
                                Matthew C. Pietsch, BPR No. 024659
                                2908 Poston Avenue
                                Nashville, TN 37203
                                (615) 320-3225
                                (615) 320-3244 Fax
                                gmarchetti@tpmblaw.com
                                matt@tpmblaw.com
                                *Counsel for Defendant*
                                *Dr. Litton*

## CERTIFICATE OF SERVICE

      The undersigned certifies that a true and complete copy of the foregoing has been served via electronic mail to the following on **June 27, 2024**:

| | |
|---|---|
| Gary E. Brewer<br>Brewer and Terry, P.C.<br>1702 W. Andrew Johnson Hwy.<br>P.O. Box 2046<br>Morristown, TN 37816<br>robin@brewerandterry.com<br><br>John W. Barrett<br>Katherine Barrett Riley<br>Barrett Law Group, P.A.<br>404 Court Square North<br>P.O. Box 927<br>Lexington, MS 39095<br>dbarrett@barrettlawgroup.com<br>kbriley@barrettlawgroup.com | John R. Jacobson, Esq.<br>Katherine R. Klein, Esq.<br>Riley & Jacobson, PLC<br>1906 West End Avenue<br>Nashville, TN 37203<br>jjacobson@rjfirm.com<br>kklein@rjfirm.com<br><br>Steven G. Mintz, Esq.<br>Terence W. McCormick, Esq.<br>600 Third Avenue, 25th Floor<br>New York, NY 10016<br>mintz@mintzandgold.com<br>mccormick@mintzandgold.com |

| | |
|---|---|
| Shannon M. McNulty<br>Clifford Law Office, P.C.<br>120 N. LaSalle Street, 36th Floor<br>Chicago, IL 60602<br>smm@cliffordlaw.com<br><br>*Counsel for Plaintiff* | *Counsel for Defendants Guidepost Solutions, LLC and SolutionPoint International, Inc.* |
| George H. Cate, III<br>Kimberly M. Ingram-Hogan<br>Bradley Arant Boult Cummings LLP<br>1600 Division St., Suite 700<br>Nashville, TN 37203<br>gcate@bradley.com<br>kingram@bradley.com<br><br>Richard C. Mangelsdorf, Jr<br>Terri L. Bernal<br>P.O. Box 2949<br>120 Brentwood Commons Way<br>Suite 625<br>Brentwood, TN 37024<br>chuck.mangelsdorf@mgclaw.com<br>terri.bernal@mgclaw.com<br><br><br>*Counsel for Defendant LifeWay Christian Resources of the Southern Baptist Convention* | R. Bruce Barze, Jr.<br>Catherine M. Newman<br>Barze Taylor Noles Lowther LLC<br>2204 Lakeshore Dr., Suite 425<br>Birmingham, AL 35209<br>bbarze@btnllaw.com<br>cnewman@btnllaw.com<br><br>*Counsel for Defendant Eric Geiger* |
| Ronald G. Harris<br>Philip N. Elbert<br>Olivia R. Arboneaux<br>Neal & Harwell, PLC<br>1201 Demonbreun St., Suite 1000<br>Nashville, TN 37203<br>rharris@nealharwell.com<br>pelbert@nealharwell.com<br>oarboneaux@nealharwell.com<br><br>*Counsel for Defendant Jennifer Lyell* | James C. Bradshaw, III<br>Wyatt, Tarrant & Combs, LLP<br>333 Commerce Street, Suite 1050<br>Nashville, TN 37201<br>jbradshaw@wyattfirm.com<br><br>Byron E. Leet<br>Wyatt, Tarrant & Combs, LLP<br>400 West Market Street<br>Louisville, KY 40202<br>bleet@wyattfirm.com |

| | |
|---|---|
| | Thomas E. Travis<br>Wyatt, Tarrant & Combs, LLP<br>250 W. Main Street, Suite 1600<br>Lexington, KY<br>ttravis@wyattfirm.com<br><br>*Counsel for Defendant The Southern Baptist Theological Seminary and Dr. R. Albert Mohler* |
| Brigid M. Carpenter<br>Ryan P. Loofbourrow<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>1600 West End Avenue, Suite 2000<br>Nashville, Tennessee 37203<br>bcarpenter@bakerdonelson.com<br>rloofbourrow@bakerdonelson.com<br><br>*Counsel for Defendants The Executive Committee of the Southern Baptist Convention and Rolland Slade* | Alan S. Bean<br>Starnes Davis Florie, LLP<br>3000 Meridian Blvd., Suite 170<br>Franklin, TN 37067-6673<br>P: (615) 905-7200 \|<br>F: (615) 807-3554<br>abean@starneslaw.com<br><br>*Counsel for Defendant Willie McLaurin* |

                                                       /s/ Matthew C. Pietsch