# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS** and **MARY SILLS**, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **CASE NO. 3:23-cv-00478**<br>)<br>) **JUDGE WILLIAM L. CAMPBELL, JR.**<br>) **Magistrate Judge Frensley** |
| **SOUTHERN BAPTIST CONVENTION,** *et al.* | )<br>)<br>) |
| Defendants. | ) |

## DECLARATION OF ERIN BAILEY

1. I have been retained by Plaintiffs in this action to provide expert testimony. I submit this declaration to address certain of the arguments made by the moving Defendants in their motion to exclude my testimony.

2. My qualifications are described in some detail in my Report, and also in my CV, which I understand are already in the record.

3. With respect to the reliance on literature regarding the impact of sexual abuse allegations on employability, I did look for articles on this topic, but I did not find any. I was not shown any in my deposition. That is not to say they do not exist; however, a vocational expert does not need to rely on any particular article, literature or the like to render an opinion regarding employability and wage earning capacity following an incident, in this case, sexual abuse allegations. It is important that the vocational expert follows peer-reviewed, standard methodology, which was followed in this case. My education, training, and professional

experience have exposed me to substantial literature in my field, and I apply that literature in my day-to-day work, including in assessing David Sills.

4. I am aware from my factual research pertaining to this engagement that, according to the SBC, and many other denominations, after someone commits an act such as adultery, they can undergo restoration and ultimately be forgiven. This is in fact the case with Dr. Sills, as he previously had an extramarital affair, and was hired with the SBC, despite their possible "zero tolerance" for adultery.

5. It is not customary for a job applicant to receive a specific reason for not being hired in a particular position. Employers are not required to provide a specific reason for not hiring someone for a position and often use vague and generic language in their responses to applicants. Even if I were to contact the employers to whom David Sills submitted an application and speak to a representative directly, based upon my nearly 20 years of clinical experience and contacting employers, if I could in fact speak to a representative directly, it is more vocationally probable than not, they will not disclose why they decided not to hire someone. Additionally, employers will likely not have the application information from several years ago to refer back to or recall David Sills' application specifically.

6. As part of my role as a vocational consultant/expert, I analyze an individual's education, work history, avocational activities and transferable skills. The Defendants argue that I did not conduct independent research or investigation as to whether David Sills would be qualified to perform the teaching positions for which he has applied. This is not correct. As noted on page 6 of my Report, I did analyze his past work and identified transferable skills. In my review of David Sills' applications, he has transferable skills that would apply to the type of work for which he was pursuing. For example, because he was employed in the religious sector for the

2

Case 3:23-cv-00478    Document 427-2    Filed 11/13/25    Page 3 of 4 PageID #: 16829

entirety of his career, does not mean he cannot teach courses for which he is qualified to teach in secular education. With respect to the reference of the anthropology position at the University of Southern Mississippi, the job posting states, "minimum qualifications" was a master's degree in anthropology, although a Ph.D. in anthropology was preferred; often times, a job posting will state "or in a related field," which would be consistent with David Sills' background. Based upon my experience in reviewing and analyzing job postings, in addition to speaking with employers, an applicant with a degree in a "related field" is often considered for employment.

7. The motion states I did not analyze the impact of any particular statements made at any particular time on David Sills' employability and that I had not been provided with analytical data about the dissemination of any particular defamatory statement versus others. That is true because the data does not exist. As I had testified, when well respected leaders of an organization agree with and corroborate sexual abuse allegations, it is more vocationally probable than not, others will tend to believe the same, as they respect the credibility of those in leadership roles. There is no way to quantify the impact of any single defamatory statement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

Dated: November 13, 2025

_____
Erin M. Bailey

3

Case 3:23-cv-00478    Document 427-2    Filed 11/13/25    Page 4 of 4 PageID #: 16830