IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| | ) NO. 3:23-cv-00478 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION, et al., | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is the Executive Committee of the Southern Baptist Convention's motion for summary judgment with respect to Plaintiff Mary Sills (Doc. No. 310), which is fully briefed. (Doc. Nos. 328, 337). For the reasons stated herein, the motion is **GRANTED**.

### I. BACKGROUND

In May 2018, Jennifer Lyell accused Plaintiff David Sills of sexual abuse. Five years later, in May 2023, David Sills and his wife, Mary Sills, filed the present action against Defendants the Southern Baptist Convention, the Executive Committee of the Southern Baptist Convention ("Executive Committee"), the Southern Baptist Theological Seminary, Lifeway Christian Resources of the Southern Baptist Convention, Dr. Ed Litton, Jeniffer Lyell, Eric Geiger, Bart Barber, Willie McLaurin, Rolland Slade, Dr. R. Albert Mohler, SolutionPoint International, Inc., and Guidepost Solutions LLC for defamation, conspiracy, negligence, and intentional infliction of emotional distress based on diversity of citizenship and an amount in controversy exceeding $75,000.00. (Doc. No. 1).

Plaintiffs' claims against Jennifer Lyell abated upon her death in June 2025 or have otherwise been dismissed. (Doc. No. 354). Plaintiffs' claims against Defendants Eric Geiger and

SolutionPoint International, Inc. have been dismissed for lack of personal jurisdiction and their claims against Defendant Lifeway Christian Resources of the Southern Baptist Convention dismissed for failure to state claim. (*See* Doc. No. 134 at 12-17, 22-23). Plaintiffs' conspiracy claim against Defendant Guidepost Solutions LLC has also been dismissed for failure to state a claim. (*Id*. at 27, 29-30).

Mary Sills' claims against the Executive Committee are based on a tweet originally posted on Twitter by Eric Geiger in July 2022 ("Geiger's Tweet").[1] Jennifer Lyell tweeted a link to Geiger's Tweet with her own additional text stating: "For those who missed it👇". (*See* Doc. No. 311-1 at 2). Soon thereafter, then-President of the Southern Baptist Convention, Defendant Bart Barber, retweeted Lyell's tweet linking to Geiger's Tweet without adding any additional text. (*Id*.). Mary Sills claims a portion of Geiger's Tweet defamed her and that the Executive Committee is liable for Barber's retweet of the allegedly defamatory statements in Geiger's Tweet because Barber was acting on behalf of the Executive Committee and in his official capacity as SBC President at the time of his retweet.

The Executive Committee moves for summary judgment on Mary Sills' claims against it in this matter on its affirmative defense of immunity under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, or, in the alternative, on the grounds that the challenged statements are not actionable. (Doc. No. 310). For the reasons stated herein, the Court finds that the Executive Committee has shown the absence of disputes of material fact and that it is entitled to immunity under Section 230 of the Communications Decency Act with respect to Mary Sills' claims against it as a matter of law.[2]

---

[1] To the extent Mary Sills brings claims against the Executive Committee based on statements made in December 2021, such claims are barred by Tennessee's one-year statute of limitations here where she did not file the complaint until May 2023. Tenn. Code Ann. § 28-3-104(a)(1).

[2] Thus, the Court does not reach the Executive Committee's alternative basis for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate only where there is "no genuine dispute as to any material fact" and the movant shows they are "entitled to judgement as a matter of law," Fed. R. Civ. P. 56(a), "which requires showing that no 'reasonable jury could return a verdict for the nonmoving party.'" *Caudle v. Hard Drive Express, Inc.*, 91 F.4th 1233, 1237 (6th Cir. 2024) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Executive Committee, as the party bringing the present summary judgment motion, has "the initial burden of informing the district court of the basis for [its] motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts," *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003), either "by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating 'an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). To determine whether summary judgment is appropriate, the Court views the evidence and draws all reasonable inferences therefrom in a light favorable to the non-moving party. *See Anderson*, 477 U.S. at 249.

## III. LAW AND ANALYSIS

Section 230 of the Communications Decency Act states, in pertinent part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). It further provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3). "Taken together, the foregoing statutory language establishes broad immunity from any cause of action that would make [providers or users of an interactive computer service] liable for information originating with a third-party user of the service." *M.P. by & through Pinckney v. Meta Platforms Inc.*, 127 F.4th 516,

3

524 (4th Cir. 2025), *cert. denied sub nom. M. P. By & Through Pin v. Meta Platforms Inc.*, No. 24-1133, 2025 WL 2824590 (U.S. Oct. 6, 2025) (citation modified).

To establish immunity under Section 230, a defendant must show that: (1) it is a provider or user of an interactive computer service; (2) the plaintiff's claim holds it responsible as the publisher or speaker of any information; and (3) the relevant information was provided by another information content provider. *See id*. As noted above, Mary Sills claims a portion of Geiger's Tweet defamed her and that the Executive Committee is liable for Barber's retweet of the allegedly defamatory statements in Geiger's Tweet because Barber was acting on behalf of the Executive Committee and in his official capacity as SBC President at the time of the retweet.

Based on the Court's review of the record in this matter, there appears to be no genuine dispute that: (1) Barber was a user of an interactive computer service (Twitter); (2) Mary Sills' claims seek to hold the Executive Committee responsible as the publisher or speaker of the information in the Geiger Tweet; and (3) the relevant information (*i.e.*, the allegedly defamatory portion of the Geiger Tweet) was provided by another information content provider (*i.e.*, Geiger and/or Lyell). Plaintiffs' response in opposition to the Executive Committee's motion does not show otherwise. (*See* Doc. No. 328 at 8-12). As such, the Executive Committee is entitled to immunity under Section 230 of the Communications Decency Act with respect to Mary Sills' claims against it as a matter of law.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE