IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID SILLS and MARY SILLS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | NO. 3:23-cv-00478 |
| v. | ) ) | JUDGE CAMPBELL |
| SOUTHERN BAPTIST CONVENTION, et al., | ) ) | MAGISTRATE JUDGE FRENSLEY |
| Defendants. | ) ) | |

## ORDER

Pending before the Court are motions to seal filed by Plaintiffs (Doc. No. 323) and Defendant the Executive Committee of the Southern Baptist Community ("Executive Committee") (Doc. No. 341) in connection with Plaintiffs' opposition to the Executive Committee's motion for summary judgment with respect to Plaintiff Mary Sills. The Court granted the Executive Committee's motion in January 2026, finding that it was entitled to immunity under Section 230 of the Communications Decency Act. (*See* Doc. No. 481). Plaintiffs filed 40 exhibits in support of their opposition to the motion – over half of which were designated as confidential under the parties' Agreed Protective Order. Plaintiffs discussed and/or cited the designated confidential information throughout their opposition and response to statement of facts and additional statements of fact. For the reasons stated herein, the motions (Doc. Nos. 323, 341) are **GRANTED**.

"The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). Defendant Guidepost Solutions LLC and the Executive Committee argue the exhibits and portions of

Plaintiffs' filings containing information relating to sexual abuse witnesses and survivors and settlement negotiations should remain under seal to avoid invading the privacy interests of innocent third parties and because the "need for privacy in settlement talks outweighed any First Amendment right of access to the proceedings." (*See* Doc. Nos. 340, 344, 345 (citing *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 308 (6th Cir. 2016) and *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003))).

Moreover, "[t]he public has an interest in ascertaining what evidence and records the District Court relied upon in reaching its decisions." *Shane Group*, 825 F.3d at 305. And here, the Court did not rely on any of Plaintiffs' exhibits or discussions of the designated confidential information in reaching its decision that the Executive Committee was entitled to immunity under Section 230 of the Communications Decency Act. (*See* Doc. No. 481).

Given the sensitive nature of the designated confidential information and the undersigned's lack of reliance on said information in reaching its decision on the Executive Committee's motion for summary judgment, the Court finds that the legitimate interests in favor of sealing outweigh the interests of the public in accessing Plaintiffs' response and related filings. Accordingly, the Executive Committee's and Plaintiffs' motions to seal (Doc. Nos. 323, 341) are **GRANTED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE