ORDER: The motion (Doc. No. 288) is DENIED as moot.

*/s/ William L. Campbell, Jr.*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL DAVID SILLS and MARY SILLS,** | )<br>)<br>) |
| Plaintiffs, | )<br>) **Case No.: 3:23-cv-00478** |
| v. | )<br>) **Judge William L. Campbell, Jr.** |
| **SOUTHERN BAPTIST CONVENTION, et al.,** | ) **Magistrate Judge Jeffery S. Frensley**<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' UNOPPOSED MOTION FOR AN INTERIM STAY FOR PURPOSE OF FULFULLING OBLIGATIONS SET PURSUANT TO FRCP 25

Plaintiffs, through their counsel, move to spread the record of death for Defendant Jennifer Lyell, and seek a temporary stay, and in support there of state as follows:

### PERTINENT FACTUAL AND PROCEDURAL HISTORY

1. Plaintiffs became aware of the death of Jennifer Lyell through social media reports posted on Sunday, June 8, 2025. Plaintiffs understand that Ms. Lyell passed away on or about June 7, 2025, and hereby spread the record of her death. *See* Dkt. No. 287.

2. Pursuant to Fed. R. Civ. P. 25, Plaintiffs intend to seek a substitution of party. To that end, Plaintiffs reached out to counsel for the decedent for the purpose of receiving additional details to facilitate appointment and substitution. Counsel for Lyell has advised that he requires a few days before he can comment on the next steps for the probate proceedings. Plaintiffs note that the matter is time sensitive, but do not oppose counsel's need for time to initiate probate proceedings. Because a deceased person cannot be a party, the opening of an estate and substitution of the party is necessary under the law. Technically, any action taken by or against the deceased party would be a nullity.