**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS and MARY SILLS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SOUTHERN BAPTIST CONVENTION, et al.,**<br><br>**Defendants.** | ) | **NO. 3:23-cv-00478**<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |

**ORDER**

Pending before the Court are motions for leave to file Plaintiffs' privilege log under seal. (Doc. Nos. 431 and 440 (seeking to seal Doc. Nos. 432 and 441)). The motions are filed by the Executive Committee of the Southern Baptist Convention, Rolland Slade, and Guidepost Solutions, LLC. Guidepost Solutions, LLC also seeks to file under seal a Guidepost Memorandum to the Sexual Abuse Task Force. (Doc. No. 441 (seeking to seal Doc. No. 441-1)).

## I. ANALYSIS

### A. Legal Standard

"The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corr. Corp. of Am*., 134 F.4th 927, 930 (6th Cir. 2025). "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299 (6th Cir. 2016) (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The burden of overcoming that presumption is borne by the party that seeks to seal them. *Id*. (citing *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001)). "A

court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* at 306.

**B. Privilege Log**

These defendants state that they have filed the privilege log under seal because Plaintiffs have taken the position that the privilege log should not be filed with the Court. The defendants filed the privilege log under seal out of an abundance of caution. Plaintiffs have not filed a response to the motions providing reasons the privilege log should be maintained under seal. Accordingly, the motions to seal the privilege log (Doc. Nos. 431 and 440) are **DENIED**. The Clerk is directed to unseal docket entries 432 and 441.

**C. Memorandum**

Guidepost seeks leave to filed the Memorandum to the Sex Abuse Task Force because it contains names of witnesses and potential witnesses who were either interviewed or refused to be interviewed during the course of the Guidepost investigation. The engagement letter requires that Guidepost seek to maintain the anonymity of the witnesses. The Court agrees that maintaining anonymity of witnesses is justified and that the public's right to access this information is outweighed by the privacy interests of these non-party witnesses. However, sealing the entire document is not necessary to protect these witnesses' privacy. Accordingly, within 10 days, Guidepost must file a redacted version redacting only personal identifying information of witnesses. The unredacted document may be sealed.

## II. CONCLUSION

In summary, the motions to seal (Doc. Nos. 431, 440) are **DENIED** as to the privilege log and **GRANTED IN PART** as to the memorandum. Accordingly, the Clerk is directed to unseal

docket entries 432 and 441. Docket entry 441-1 shall remain under seal. However, Guidepost must file a redacted version redacting only personal identifying information of witnesses within 10 days.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE