**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS and MARY SILLS,** | ) | |
| **Plaintiffs,** | ) | **NO. 3:23-cv-00478** |
| **v.** | ) | **JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |
| **SOUTHERN BAPTIST CONVENTION, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Pending before the Court is the Seminary Defendants' Motion for Leave to File Documents Under Seal (Doc. No. 362), and Emergency Motion to Seal Document (Doc. No. 363). Through the motion, the Seminary Defendants seek to seal excerpts from the depositions of David and Mary Sills, exhibits to Mary Sills's deposition, and an email thread produced by Jennifer Lyell. The Seminary Defendants also seek to seal their motion for summary judgment, memorandum in support of the motion for summary judgment, and their statement of undisputed facts because these documents reference portions of the exhibits listed above.

"The federal courts do their business in public—which means the public is presumptively entitled to review every document that a party files with the court for purposes of influencing a judicial decision." *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025). "Only the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) (citing *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The burden of overcoming that presumption is borne by the party that seeks to seal them. *Id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "A

court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Id.* at 306.

The Seminary Defendants state that the Sillses' deposition excerpts and exhibits were designated as confidential pursuant to the Court's protective order. In accordance with Local Rule 5.03(d), the designating parties retain the burden to establish the reasons as to why the sealing of these documents are necessary. The Sillses have not filed a response to this motion to seal. Accordingly, the motion to seal is **DENIED** with respect to the Sillses' deposition testimony and exhibits. The Clerk is directed to unseal docket entries 368-3 and 368-4.

The Seminary Defendants state that the correspondence produced by Jennifer Lyell, was designated as confidential by Ms. Lyell prior to her death. The parties are unaware of a representative of Ms. Lyell who can authorize the de-designation of Ms. Lyell's documents or respond to justify the documents remaining under seal. The document at issue is email correspondence between Jennifer Lyell and Christopher Sills in June 2018. As the subject matter of the email concerns Lyell's allegations of abuse which have been publicly disclosed, the Court finds any privacy interest in this correspondence is minimal. Given the presumption of openness in public records, the interests in favor of sealing do not outweigh the interests of the public in accessing this correspondence. Accordingly, the motion is **DENIED** and docket entry 368-5 shall be unsealed.

The Seminary Defendants inadvertently filed under seal the redacted version (Doc. No. 368-1) of the memorandum in support of their motion for summary judgment and did not initially seal the unredacted memorandum (Doc. No. 360). They then filed an emergency motion to seal the unredacted memorandum. (Doc. No. 363). The Seminary Defendants also seek leave to seal the statement of material facts filed (Doc. No. 368-2). As the referenced exhibits will be unsealed,

there is no justification for sealing the memorandum. Accordingly, the motions to seal the memorandum and statement of material facts are **DENIED** and the Clerk is directed to unseal both versions of the memorandum at docket entries 360 and 368-1, and the statement of material facts at docket entry 368-2.

Docket entry 368 is merely a list of documents filed under seal. This document does not merit sealing. The clerk shall unseal docket entry 368.

In summary, the motions to seal (Doc. No. 362, 363) are **DENIED**. The Clerk shall unseal docket entries 360, 368, 368-1, 368-2, 368-3, 368-4, and 368-5.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE