**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MICHAEL DAVID SILLS and MARY SILLS,** | ) | |
| **Plaintiffs,** | ) | **Case No.: 3:23-cv-00478** |
| **v.** | ) | **Judge William L. Campbell, Jr.** |
| **SOUTHERN BAPTIST CONVENTION, *et al.*,** | ) | **Magistrate Judge Jeffery S. Frensley** |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION FOR A JUDICIAL SETTLEMENT CONFERENCE PURSUANT TO LOCAL RULE 16.04**

Pursuant to Local Rule 16.04(b) of the United States District Court for the Middle District of Tennessee, Plaintiffs, David Sills and Mary Sills, move this Court to enter an Order referring this matter to a Magistrate Judge for a structured judicial settlement conference.

In support of this Motion, Plaintiffs respectfully state as follows:

1. **Feasibility of Mediation:** On April 28, 2025, Plaintiffs participated in good faith in a private mediation. Dkt. No. 250. Since that time (in the months of June, July and September 2025), Plaintiffs' counsel have attempted to engage Defendants on the subject of possible resolution. Based on the history of the mediation and follow-up efforts, private mediation is not practical at this stage because the guidance and unique authority of a federal judicial officer is likely necessary to break any current impasse. Additionally, subsequent discovery has altered the posture of the case, and the matter is set to proceed to trial on November 10, 2026. Dkt. No. 486. Accordingly, a judicial settlement conference is the preferable and most effective means to conceivably resolve this dispute.

2. **Exchange of Information & Discovery Status:** The parties have conducted sufficient discovery, including the disclosure and depositions of experts and briefing of summary judgment motions. The parties can thoroughly evaluate their respective claims, defenses, and potential damages. No further information is required for the parties to negotiate substantively and in good faith.

3. **Proposed Timing:** Plaintiffs respectfully request that the settlement conference be scheduled to take place during early October 2026, or at such other time as fits the convenience of the appointed Magistrate Judge.

4. **Attendance:** Pursuant to court practices, lead trial counsel and representatives with full and final settlement authority are required to attend the conference in person.

5. Plaintiffs' counsel proposed re-engagement to all parties. Defendants jointly reported that they are not interested in requesting a settlement conference. Plaintiffs' counsel indicated that a motion pursuant to L.R. 16.04 would be filed.

6. Rule 16(a)(5) of the Federal Rules of Civil Procedure provides that "[i]n any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as ... facilitating the settlement of the case." *Empire, Inc. v. Wal-Mart Stores, Inc*., 188 F.R.D. 478, 480 (E.D. Ky. 1999). Moreover, the court in *Empire*, cited with "particular relevance" to *G. Heileman Brewing Co. v. Joseph Oat Corp*., 107 F.R.D. 275 (W.D.Wis.1985), aff'd en banc, 871 F.2d 648 (7th Cir.1989), which stated in pertinent part:

> By bringing their dispute to a court for resolution, the parties have invoked the use of an expensive public resource. It is a misuse of those resources for any party to refuse even to meet personally with the opposing party or its counsel to attempt to resolve their disputes prior to trial.

> It is no argument that it would have been futile for [the defendant or its insurer] to appear by representatives with full authority to settle, simply because these corporations had decided that they would not settle on any terms other than full dismissal of the claims against [the defendant]. It is always possible that exposure of the decisionmakers to the realities of a case will bring about a reevaluation of settlement posture on the part of those persons. Thus it is appropriate for a judicial officer to require that, particularly in complex and protracted litigation, the decisionmakers be made aware of all aspects of the case and the anticipated costs of its prosecution and defense by being personally present before the court.

*Empire, Inc. v. Wal-Mart Stores, Inc.*, 188 F.R.D. 478, 481 (E.D. Ky. 1999).

7. Given the current posture of the case, a settlement conference with an appointed Magistrate Judge at this time, with the parties present, may prove useful, particularly when the SBC has recently expressed positions about the Guidepost Report that are consistent with Plaintiffs' allegations and evidence in relation to David Sills. Specifically, newly elected SBC President Willy Rice characterized the 2022 Guidepost Report as a "snipe hunt," explaining that "some people with political motives 'weaponized' the issue against the large, conservative denomination."[1]

8. He also publicly stated that some within the Southern Baptist movement who sought to address sexual abuse claims did so for their own benefit:

> We did have problems in this movement. It absolutely was weaponized, just like the Me Too movement in the secular culture. … That's what tends to happen in social justice movements. They tend to overreach and then come back to a kind of tempered middle. I think that did happen in the Southern Baptist Convention. … I think there were some political vendettas. I think there was some personal ambition at stake. I think there were people who were angry and wanted to take out their anger out on the Southern Baptist Convention.[2]

---

[1] Smith, Peter. "Southern Baptist Leadership Downplays Extent of Sexual Abuse." AP News, 25 June 2026, apnews.com/article/southern-baptists-sbc-clergy-sex-abuse-3725c718933fdfdf60a24e2997e0dae5.

[2] Barkley, Scott. "Rice speaks on Southern Baptists' past, present, future at press conference." Baptist Press, 10 June 2026, https://www.baptistpress.com/resource-library/news/rice-speaks-on-southern-baptists-past-present-future-at-press-conference/

9. Substantial federal authority addresses a party's obligation to attempt to resolve a case short of trial. The framework rests on three interlocking pillars: (1) the Alternative Dispute Resolution Act of 1998 (ADR Act), which requires every federal district court to mandate that litigants consider ADR in all civil cases; (2) Fed. R. Civ. P, 16, which authorizes courts to order parties to attend settlement conferences and participate in good faith, backed by a robust sanctions regime; and (3) the inherent power of federal courts to manage their dockets, which independently supports orders compelling participation in settlement-related proceedings. No federal authority requires a party to actually settle; however, a judge may order a pretrial conference to facilitate settlement, premised on participation in good faith. *In re Univ. of Michigan*, 936 F.3d 460, 464 (6th Cir. 2019); *see also*, *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc*., 332 F.3d 976, 980 (6th Cir. 2003) (The ability to negotiate and settle a case without trial fosters a more efficient, more cost-effective, and significantly less burdened judicial system.).

WHEREFORE, Plaintiffs request that the Court grant this Motion and refer this case to an available Magistrate Judge for the purpose of conducting a judicial settlement conference under Local Rule 16.04.

Dated: September 11, 2026

Respectfully submitted,

<u>/s/ *Katherine B. Riley*</u>

Katherine Barrett Riley (TN BPR#021155)
John W. (“Don”) Barrett (admitted *pro hac vice*)
Sterling Aldridge (admitted *pro hac vice*)
BARRETT LAW GROUP, P.A.
P.O. Box 927
404 Court Square North
Lexington, MS 39095
Ph: (662) 834-2488
Fax: (662) 834-2628
kbriley@barrettlawgroup.com
dbarrett@barrettlawgroup.com
saldridge@barrettlawgroup.com

/s/ *Shannon M. McNulty*
Shannon M. McNulty (admitted *pro hac vice*)
Kristofer S. Riddle
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle Street, 36th Floor
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160 Facsimile
SMM@cliffordlaw.com
KSR@cliffordlaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Katherine Barrett Riley, hereby certify that on September 11, 2026, I served the above and foregoing on all counsel of record via the Court's CM/ECF filing system.

/s/ *Katherine Barrett Riley*
Katherine Barrett Riley